THOMAS F. CASEY III, COUNTY COUNSEL (SBN 47562)
By: V. Raymond Swope III, Deputy (SBN 135909)
Hall of Justice and Records
400 County Center, 6th Floor
Redwood City, CA  94063
Telephone: (650) 363-4759
Facsimile:  (650) 363-4034
E-mail:  rswope@co.sanmateo.ca.us

Attorneys for Defendants
COUNTY OF SAN MATEO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL TOSCHI, AND TRACY TOSCHI<br><br>Plaintiffs,<br><br>vs.<br><br>COUNTY OF SAN MATEO, DON DALLIMONTI, RHONDA DALLIMONTI, NEIL CULLEN, BRIAN LEE, DAVID WEIDNER, and DOES ONE through FIFTY, inclusive<br><br>Defendants. | Case No. C-07-3625<br><br>**DEFENDANT COUNTY OF SAN MATEO'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF; DEMAND FOR JURY TRIAL** |

COMES NOW Defendant COUNTY OF SAN MATEO and, in response to the complaint for

Damages and Injunctive Relief, denies, admits, and alleges as follows:

1.  Answering paragraph 1, this defendant denies each and every allegation contained therein.

2.  Answering paragraph 2, this defendant denies each and every allegation contained therein.

3.  Answering paragraph 3, this defendant admits the allegations contained therein.

4.  Answering paragraph 4, this defendant admits each and every allegation contained therein.

5.  Answering paragraph 5, this defendant admits each and every allegation contained therein.

6.  Answering paragraph 6, this defendant admits each and every allegation contained therein.

7.  Answering paragraph 7, this defendant admits each and every allegation contained therein.

8.  Answering paragraph 8, this defendant admits each and every allegation contained therein.

1    9.    Answering paragraph 9, this defendant admits each and every allegation contained therein.

2    10.    Answering paragraph 10, this defendant admits each and every allegation contained

3    therein.

4    11.    Answering paragraph 11, this defendant does not have sufficient information or belief to

5    admit or deny the allegations contained therein, and on that basis, this defendant denies said allegation.

6    12.    Answering paragraph 12, this defendant denies each and every allegation contained

7    therein.

8    13.    Answering paragraph 13, this defendant denies each and every allegation that "[t]he

9    County designed Park Road (and in the past has maintained it) to prevent rain water from accumulating

10    and draining on to the upper portion of Plaintiffs' property. This defendant admits the remaining

11    allegations of paragraph 13.

12    14.    Answering paragraph 14, this defendant denies each and every allegation contained

13    therein.

14    15.    Answering paragraph 15, this defendant denies each and every allegation contained

15    therein.

16    16.    Answering paragraph 16, this defendant does not have sufficient information or belief to

17    admit or deny the allegations contained therein, and on that basis, denies said allegations.

18    17.    Answering paragraph 17, this defendant does not have sufficient information or belief to

19    admit or deny the allegations contained therein, and on that basis, denies said allegations.

20    18.    Answering paragraph 18, this defendant does not have sufficient information or belief to

21    admit or deny the allegations contained therein, and on that basis, denies said allegations.

22    19.    Answering paragraph 19, this defendant does not have sufficient information or belief to

23    admit or deny the allegations contained therein, and on that basis, denies said allegations.

24    20.    Answering paragraph 20, this defendant denies each and every allegation contained

25    therein.

26    21.    Answering paragraph 21, this defendant does not have sufficient information or belief to

27    admit or deny the allegations contained therein, and on that basis, denies said allegations.

28    22.    Answering paragraph 22, this defendant denies each and every allegation contained

1    therein.

2        23.    Answering paragraph 23, this defendant does not have sufficient information or belief to

3    admit or deny the allegations contained therein, and on that basis, denies said allegations.

4        24.    Answering paragraph 24, this defendant does not have sufficient information or belief to

5    admit or deny the allegations contained therein, and on that basis, denies said allegations.

6        25.    Answering paragraph 25, this defendant does not have sufficient information or belief to

7    admit or deny the allegations contained therein, and on that basis, denies said allegations.

8        26.    Answering paragraph 26, this defendant admits the allegation that "[o]n or about August

9    10, 2006, Plaintiff Michael Toschi met with Lisa Ekers, the Road Operations Manager of the County

10   Department of Public Works." This defendant denies the remaining allegations of paragraph 26.

11       27.    Answering paragraph 27, this defendant denies the allegation that "[o]n April 27, 2006,

12   the County issued to plaintiffs an "Encroachment Permit" dated August 23, 2006 that was valid through

13   September 15, 2006 for Plaintiffs' erosion mediation plans." This defendant admits the remaining

14   allegations contained therein.

15       28.    Answering 28, this defendant does not have sufficient information or belief to admit or

16   deny the allegations contained therein, and on that basis denies said allegations.

17       29.    Answering paragraph 29, this defendant does not have sufficient information or belief to

18   admit or deny the allegations contained therein, and on that basis, denies said allegations.

19       30.    Answering paragraph 30, this defendant does not have sufficient information or belief to

20   admit or deny the allegations contained therein, and on that basis, denies said allegations.

21       31.    Answering paragraph 31, this defendant admits the allegations that "Defendant David

22   Weidner responded to a call from the Dallimontis." Defendant does not have sufficient information or

23   belief to admit or deny the allegation that "Deputy Weidner approached plaintiff Michael Toschi on his

24   own property," and on that basis, denies the aforesaid allegation. As to the remaining allegation that

25   "Weidner demanded that Michael Toschi produce a County permit for work being done on Plaintiffs'

26   property," defendant denies the aforesaid allegation.

27       32.    Answering paragraph 32, this defendant admits each and every allegation contained

28   therein.

1    33.    Answering paragraph 33, this defendant denies each and every allegation contained

2  therein.

3    34.    Answering paragraph 34, this defendant does not have sufficient information or belief to

4  admit or deny the allegations contained therein, and on that basis, denies said allegations.

5    35.    Answering paragraph 35, this defendant admits the allegations that "[o]n October 20,

6  2006, Defendant Neil Cullen, Director of the Department of Public Works, wrote a letter to Michael

7  Toschi directing him to remove the plants and the berm for allegedly being done in violation of the

8  Encroachment Permit." Defendant denies the remaining allegations contained therein.

9    36.    Answering paragraph 36, this defendant denies each and every allegation contained

10  therein.

11    37.    Answering paragraph 37, this defendant admits the allegation that "[o]n November 6,

12  2006, Plaintiffs met with Lisa Ekers." Defendant denies the remaining allegations contained therein."

13    38.    Answering paragraph 38, this defendant admits each and every allegation contained

14  therein.

15    39.    Answering paragraph 39, this defendant admits each and every allegation contained

16  therein.

17    40.    Answering paragraph 40, this defendant admits each and every allegation contained

18  therein.

19    41.    Answering paragraph 41, this defendant does not have sufficient information or belief to

20  admit or deny the allegations contained therein, and on that basis, denies said allegations.

21    42.    Answering paragraph 42, this defendant does not have sufficient information or belief to

22  admit or deny the allegations contained therein, and on that basis, denies said allegations.

23    43.    Answering paragraph 43, this defendant denies each and every allegation contained

24  therein.

25    44.    Answering paragraph 44, this defendant denies each and every allegation contained

26  therein.

27    45.    Answering paragraph 45, this defendant denies the allegation that "County employee

28  Steve Ballisteri told Michael Toschi that he had been instructed not to respond to emergency calls at

1  Plaintiffs' property due to 'some lawsuit.'" As to the remaining allegations, this defendant does not have

2  sufficient information or belief to admit or deny the allegations contained therein, and on that basis,

3  denies said allegations.

4        46.    Answering paragraph 46, this defendant admits each and every allegation contained

5  therein.

6        47.    Answering paragraph 47, this defendant admits each and every allegation contained

7  therein.

8        48.    Answering paragraph 48, this defendant denies the allegation that "Plaintiffs must apply

9  for and receive a permit prior to performing any further work intended to remedy the hazardous condition

10  on Plaintiffs' property." As to the remaining allegations, this defendant admits each and every allegation

11  contained therein.

12        49.    Answering paragraph 49, this defendant admits each and every allegation contained

13  therein.

14        50.    Answering paragraph 50, this defendant admits each and every allegation contained

15  therein.

16        51.    Answering paragraph 51, this defendant admits each and every allegation contained

17  therein.

18        52.    Answering paragraph 52, this defendant admits each and every allegation contained

19  therein.

20        53.    Answering paragraph 53, this defendant admits each and every allegation contained

21  therein.

22        54.    Answering paragraph 54, this defendant admits the allegations that "Plaintiff Tracy Toschi

23  applied for a fence permit at the San Mateo County Planning and Building Department' and that

24  "Plaintiff Tracy Toschi was informed that no permit could be issued. . . ." Defendant denies the

25  remaining allegations of paragraph 54.

26        55.    Answering paragraph 55, this defendant admits each and every allegation contained

27  therein.

28        56.    Answering paragraph 56, this defendant denies each and every allegation contained

DEFENDANT COUNTY OF SAN MATEO'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES
AND INJUNCTIVE RELIEF; DEMAND FOR JURY TRIAL

1  therein.

2  <u>**CLAIMS FOR RELIEF**</u>

3  **FIRST CLAIM FOR RELIEF FOR VIOLATION OF 42. U.S.C. § 1983 – RETALIATION IN**

4  **VIOLATION OF THE FIRST AMENDMENT**

5  **(Against Defendant County of San Mateo, Neil Cullen, Brian Lee, and David Weidner**

6  **and Does One through Fifty)**

7  57.    Answering paragraph 57, this defendant incorporates by reference their response to

8  paragraph 1-56 as if fully set forth here. Further answering paragraph 57, this defendant denies each and

9  every allegation contained therein.

10  58.    Answering paragraph 58, this defendant denies each and every allegation contained

11  therein.

12  **SECOND CLAIM FOR RELIEF**

13  **FOR VIOLATION OF 42 U.S.C. § 1983 – CONSPIRACY TO RETALIATE IN**

14  **VIOLATION OF THE FIRST AMENDMENT**

15  59.    Answering paragraph 59, this defendant incorporates by reference their response to

16  paragraph 1-56 as if fully set forth here. Further answering paragraph 59, this defendant denies each and

17  every allegation contained therein.

18  60.    Answering paragraph 60, this defendant denies each and every allegation contained

19  therein.

20  **THIRD CLAIM FOR RELIEF**

21  **FOR VIOLATION OF 42 U.S.C. § 1983 – FOR DEPRIVATION OF LIBERTY IN VIOLATION**

22  **OF THE FOURTH AND FOURTEENTH AMENDMENTS**

23  **(Against Defendant David Weidner and Does One through Fifty)**

24  61.    Answering paragraph 61, this defendant incorporates by reference their response to

25  paragraph 1-56 as if fully set forth here. Further answering paragraph 61, this defendant denies each and

26  every allegation contained therein.

27  62.    Answering paragraph 62, this defendant denies each and every allegation contained

28  therein.

1

**FOURTH CLAIM FOR RELIEF**

**FOR VIOLATION OF 42 U.S.C. § 1983 – MUNICIPAL LIABILITY FOR UNLAWFUL**

**DETENTION IN VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENTS**

**(Against Defendant the County of San Mateo)**

63.    Answering paragraph 63, this defendant incorporates by reference their response to paragraph 1-56 as if fully set forth here. Further answering paragraph 63, this defendant denies each and every allegation contained therein.

64.    Answering paragraph 64, this defendant denies each and every allegation contained therein.

**FIFTH CLAIM FOR RELIEF**

**FOR VIOLATION OF 42 U.S.C. §1983- FOR CONSPIRACY TO CAUSE UNLAWFUL**

**DETENTION IN VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENTS**

**(Against Defendants The County of San Mateo, David Weidner, Don Dallimonti, Rhonda**

**Dallimonti and Does One through Fifty)**

65.    Answering paragraph 65, this defendant incorporates by reference their response to paragraph 1-56 as if fully set forth here. Further answering paragraph 65, this defendant denies each and every allegation contained therein.

66.    Answering paragraph 66, this defendant denies each and every allegation contained therein.

67.    Answering paragraph 67, this defendant denies each and every allegation contained therein.

68.    Answering paragraph 68, this defendant denies each and every allegation contained therein.

**SUPPLEMENTAL STATE CLAIMS**

**SIXTH CLAIM FOR RELIEF**

**FOR FALSE IMPRISONMENT AND UNNECESSARY DELAY IN RELEASING**

**(Against Defendants The County of San Mateo, David Weidner and Does One through Fifty)**

DEFENDANT COUNTY OF SAN MATEO'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES
AND INJUNCTIVE RELIEF; DEMAND FOR JURY TRIAL

69.    Answering paragraph 69, this defendant incorporates by reference their response to paragraph 1-56 as if fully set forth here. Further answering paragraph 69, this defendant denies each and every allegation contained therein.

70.    Answering paragraph 70, this defendant denies each and every allegation contained therein.

71.    Answering paragraph 71, this defendant denies each and every allegation contained therein.

72.    Answering paragraph 72, this defendant denies each and every allegation contained therein.

73.    Answering paragraph 73, this defendant denies each and every allegation contained therein.

74.    Answering paragraph 74, this defendant denies each and every allegation contained therein.

**SEVENTH CLAIM FOR RELIEF**

**FOR INTERFERENCE WITH RIGHTS IN VIOLATION OF CALIFORNIA CIVIL CODE**

**SECTION 52.1**

**(Against Defendants The County of San Mateo, David Weidner and Does One through Fifty)**

75.    Answering paragraph 75, this defendant incorporates by reference their response to paragraph 1-56 as if fully set forth here. Further answering paragraph 75, this defendant denies each and every allegation contained therein.

76.    Answering paragraph 76, this defendant denies each and every allegation contained therein.

77.    Answering paragraph 77, this defendant denies each and every allegation contained therein.

78.    Answering paragraph 78, this defendant denies each and every allegation contained therein.

79.    Answering paragraph 79, this defendant denies each and every allegation contained therein.

80.    Answering paragraph 80, this defendant denies each and every allegation contained therein.

### EIGTH CLAIM FOR RELIEF

### FOR TRESPASS FOR ENTRY ONTO PROPERTY WITHOUT PERMISSION

**(Against Defendant The County of San Mateo and Does One through Fifty)**

81.    Answering paragraph 81, this defendant incorporates by reference their response to paragraph 1-56 as if fully set forth here. Further answering paragraph 81, this defendant denies each and every allegation contained therein.

82.    Answering paragraph 82, this defendant denies each and every allegation contained therein.

83.    Answering paragraph 83, this defendant denies each and every allegation contained therein.

84.    Answering paragraph 84, this defendant denies each and every allegation contained therein.

85.    Answering paragraph 85, this defendant denies each and every allegation contained therein.

86.    Answering paragraph 86, this defendant denies each and every allegation contained therein.

### NINTH CLAIM FOR RELIEF

### DANGEROUS CONDITION OF PUBLIC PROPERTY – CREATING AND NOTICE OF

### DANGEROUS CONDITION

**(Against Defendant The County of San Mateo)**

87.    Answering paragraph 87, this defendant incorporates by reference their response to paragraph 1-56 as if fully set forth here. Further answering paragraph 87, this defendant denies each and every allegation contained therein.

88.    Answering paragraph 88, this defendant denies each and every allegation contained therein.

89.    Answering paragraph 89, this defendant denies each and every allegation contained

1  therein.

2      90.     Answering paragraph 90, this defendant denies each and every allegation contained

3  therein.

4      91.     Answering paragraph 91, this defendant denies each and every allegation contained

5  therein.

6      92.     Answering paragraph 92, this defendant denies each and every allegation contained

7  therein.

8      93.     Answering paragraph 93, this defendant denies each and every allegation contained

9  therein.

10     94.     Answering paragraph 94, this defendant denies each and every allegation contained

11  therein.

12     95.     Answering paragraph 95, this defendant denies each and every allegation contained

13  therein.

### TENTH CLAIM FOR NUISANCE – HARM TO HEALTH AND

### OBSTRUCTION TO FREE USE OF PROPERTY

### (Against Defendant the County)

17     96.     Answering paragraph 96, this defendant incorporates by reference their response to

18  paragraph 1-56 as if fully set forth here. Further answering paragraph 96, this defendant denies each and

19  every allegation contained therein.

20     97.     Answering paragraph 97, this defendant denies each and every allegation contained

21  therein.

22     98.     Answering paragraph 98, this defendant denies each and every allegation contained

23  therein.

24     99.     Answering paragraph 99, this defendant denies each and every allegation contained

25  therein.

26     100.    Answering paragraph 100, this defendant denies each and every allegation contained

27  therein.

28     101.    Answering paragraph 101, this defendant denies each and every allegation contained

1  therein.

2      102.    Answering paragraph 102, this defendant denies each and every allegation contained

3  therein.

4      103.    Answering paragraph 103, this defendant denies each and every allegation contained

5  therein.

6      104.    Answering paragraph 104, this defendant denies each and every allegation contained

7  therein.

8  **ELEVENTH CLAIM FOR RELIEF FOR INVERSE CONDEMNATION – THE OPERATION**

9  **OF A PUBLIC DRAINAGE SYSTEM**

10  **(Against Defendant the County)**

11      105.    Answering paragraph 105, this defendant incorporates by reference their response to

12  paragraph 1-56 as if fully set forth here. Further answering paragraph 105, this defendant denies each and

13  every allegation contained therein.

14      106.    Answering paragraph 106, this defendant denies each and every allegation contained

15  therein.

16      107.    Answering paragraph 107, this defendant denies each and every allegation contained

17  therein.

18      108.    Answering paragraph 108, this defendant denies each and every allegation contained

19  therein.

20      109.    Answering paragraph 109, this defendant admits each and every, this defendant admits

21  each and every allegation contained therein.

22      110.    Answering paragraph 110, this defendant denies each and every allegation contained

23  therein.

24  **TWELFTH CLAIM FOR RELIEF FOR DECLATORY RELIEF – PUBLIC EASEMENT**

25  **VERSUS PRIVATE EASEMENT**

26  **(Against Defendant The County)**

27      111.    Answering paragraph 111, this defendant incorporates by reference their response to

28  paragraph 1-56 as if fully set forth here. Further answering paragraph 111, this defendant denies each and

DEFENDANT COUNTY OF SAN MATEO'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES
AND INJUNCTIVE RELIEF; DEMAND FOR JURY TRIAL

1    every allegation contained therein.

2        112.    Answering paragraph 112, this defendant denies each and every allegation contained

3    therein.

4        113.    Answering paragraph 113, this defendant denies each and every allegation contained

5    therein.

6        114.    Answering paragraph 114, this defendant denies each and every allegation contained

7    therein.

8        115.    Answering paragraph 115, this defendant denies each and every allegation contained

9    therein.

10    **THIRTEENTH CLAIM FOR RELIEF FOR INJUNCTIVE RELIEF – IRREPARABLE HARM**

11    **AND INADEQUATE LEGAL REMEDY**

12    **(Against Defendant The County)**

13        116.    Answering paragraph 116, this defendant incorporates by reference their response to

14    paragraph 1-56 as if fully set forth here. Further answering paragraph 116, this defendant denies each and

15    every allegation contained therein.

16        117.    Answering paragraph 117, this defendant denies each and every allegation contained

17    therein.

18        118.    Answering paragraph 118, this defendant denies each and every allegation contained

19    therein.

20        119.    Answering paragraph 119, this defendant denies each and every allegation contained

21    therein.

22        120.    Answering paragraph 120, this defendant denies each and every allegation contained

23    therein.

24        121.    Answering paragraph 121, this defendant denies each and every allegation contained

25    therein.

26    **FOURTEENTH CLAIM FOR RELIEF FOR NEGLIGENT INFLICTION OF EMOTIONAL**

27    **DISTRESS**

28    **(Against Defendant Don Dillamonti, Rhonda Dillamonti, and Does One through Fifty)**

DEFENDANT COUNTY OF SAN MATEO'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES
AND INJUNCTIVE RELIEF; DEMAND FOR JURY TRIAL

1

2    122.    Answering paragraph 122, this defendant incorporates by reference their response to

3  paragraph 1-56 as if fully set forth here. Further answering paragraph 122, this defendant denies each and

4  every allegation contained therein.

5    123.    Answering paragraph 123, this defendant does not have sufficient information or belief to

6  admit or deny the allegations contained therein, and on that basis denies said allegations.

7    124.    Answering paragraph 124, this defendant denies each and every allegation contained

8  therein.

9    125.    Answering paragraph 125, this defendant denies each and every allegation contained

10  therein.

11    126.    Answering paragraph 126, this defendant denies each and every allegation contained

12  therein.

13                              **AFFIRMATIVE DEFENSES**

14    As separate and distinct affirmative defenses to said complaint, as to each cause of action

15  contained in it, defendant alleges the following:

16  **FIRST AFFIRMATIVE DEFENSE**

17    This defendant alleges that the complaint and each cause of action fails to state a claim upon

18  which relief can be granted.

19  **SECOND AFFIRMATIVE DEFENSE**

20    This answering defendant alleges that this defendant acted at all relevant times with a reasonable,

21  good faith belief in the validity and constitutionality of its conduct, and it is qualifiedly immune from this

22  action.

23  **THIRD AFFIRMATIVE DEFENSE**

24    This answering defendant alleges that plaintiffs failed to mitigate their damages, if any there

25  were.

26  **FOURTH AFFIRMATIVE DEFENSE**

27    This answering defendant alleges that to the extent plaintiff's claims for violation of civil rights

28  are based upon a theory of *respondeat superior*, this answering defendant is not liable.

**FIFTH AFFIRMATIVE DEFENSE**

This answering defendant alleges that plaintiffs themselves were careless and negligent or engaged in willful misconduct in and about the matters alleged in the complaint and that said carelessness and negligence or willful misconduct on plaintiffs' own part proximately caused or substantially contributed to the happening of the incident and to the injuries, loss and damages complained of, if any there were.

**SIXTH AFFIRMATIVE DEFENSE**

This answering defendant alleges that at the time and place of the incidents alleged in the complaint, the plaintiffs knew of the danger and risk incident to their activity, but nevertheless freely and voluntarily exposed themselves to all risk of harm and therefore assumed all risk of harm incidental thereto.

**SEVENTH AFFIRMATIVE DEFENSE**

This answering defendant alleges that plaintiffs' own conduct estops plaintiffs from claiming the damages alleged in the complaint.

**EIGHTH AFFIRMATIVE DEFENSE**

This answering defendant alleges on information and belief that the sole and proximate cause of the injuries complained of by plaintiffs in their complaint was due to the act and/or omissions of persons and entities other than this answering defendant.

**NINTH AFFIRMATIVE DEFENSE**

This answering defendant alleges that to the extent that if any force was used in detaining plaintiffs, it was reasonable, and was privileged as necessary for valid law enforcement purposes.

**TENTH AFFIRMATIVE DEFENSE**

This answering defendant allege that at no time relevant to this litigation was the Due Process Clause of the United States Constitution implicated, because the conduct of this defendant was, at most, a mere negligent act of an official (and negligence is expressly hereby denied), and the plaintiffs are therefore precluded from maintaining causes of action for violation of civil rights.

**ELEVENTH AFFIRMATIVE DEFENSE**

1    This answering defendant alleges that plaintiffs' action is barred by the doctrine of unclean hands.

2    **TWELFTH AFFIRMATIVE DEFENSE**

3    This answering defendant alleges that the acts complained of by plaintiffs, if they occurred at all

4    (which defendants expressly deny), were provoked by plaintiffs' unlawful and wrongful conduct.

5    Plaintiffs are, therefore, not entitled to an award of punitive damages.

6    **THIRTEENTH AFFIRMATIVE DEFENSE**

7    These answering defendants allege that at all relevant times alleged in plaintiffs' complaint,

8    defendant acted under a legal right or in a good faith belief in the existence of a legal right, including the

9    authority to act pursuant to California Streets and Highways Code § 1480.5(a)&(c).

10   **FOURTEENTH AFFIRMATIVE DEFENSE**

11   This answering defendant alleges that plaintiffs themselves were engaged in willful misconduct in

12   and about the matters alleged in the complaint by failing to comply with applicable county ordinances ,

13   specifically San Mateo County Ordinance Code section 2.50.030 (formerly 3.76.010) and that said

14   willful misconduct on plaintiffs' own part proximately caused or substantially contributed to the

15   happening of the incidents and to the injuries, loss and damages complained of, if any there were.

16   **FIFTEENTH AFFIRMATIVE DEFENSE**

17   This answering defendant alleges that at no time relevant to this litigation did plaintiffs sustain

18   any violation of their civil rights pursuant to a governmental policy, habit or custom, thereby precluding

19   plaintiffs from maintaining claims for relief for violation of civil rights against Defendant County of San

20   Mateo.

21   **SIXTEENTH AFFIRMATIVE DEFENSE**

22   This answering defendant alleges that Plaintiffs assumed the risk of any injury or damage alleged

23   in the Complaint.

24   **SEVENTEENTH AFFIRMATIVE DEFENSE**

25   This answering defendant alleges that all acts by the County or its employees related to the facts

26   alleged in the Complaint, including but not limited to those related to the design, construction and

27   maintenance of the public improvements at issue, were reasonable pursuant to California Government

28   Code § 835.4.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

This answering defendant alleges that the County is immune from liability for damages related to the facts alleged in the Complaint to the extent that Plaintiff alleges that their injuries were caused by a condition that presented no substantial risk of harm to foreseeable users exercising due care.

**NINETEENTH AFFIRMATIVE DEFENSE**

This answering defendant alleges that County is immune from liability for damages related to the facts alleged in the Complaint by the design immunity provided by California Government Code Section 830.6. To the extent that Plaintiff alleges that their injuries were caused by a defective design, the County is informed and believes that, that design or designs were based upon a reasonable plan approved by an authorized public body or official.

**TWENTIETH AFFIRMATIVE DEFENSE**

This answering defendant alleges that the County is immune from liability for damages related to the facts alleged in the Complaint to the extent that the alleged damages resulted from weather conditions, or other acts of God or nature, or other conditions over which this answering defendant had no control.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

This answering defendant alleges that the County is immune from liability pursuant to California Government Code § 830.2 for damages related to the facts alleged in the Complaint, in that no substantial risk of injury was created by the condition of the property, and the risk created by the condition was of such a minor, trivial or insignificant risk in view of the surrounding circumstances that a substantial risk of injury was not created.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

This answering defendant alleges that pursuant to applicable statutory immunities and provisions, including but not limited to section 3482 of the California Civil Code, and California Government Code sections 815, 815.2, 815.6, 818, 818.2, 818.4, 818.6, 818.8, 820, 820.2, 820.4, 820.8, 821, 821.4, 830.2, 830.6, 831, 831.2, 831.4, 835, 835.2, 835.4, 840.2, 840.4, and 840.6, the County is not liable for any of the damages alleged in the complaint.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

This answering defendant alleges that the plaintiffs are barred by Section 3333.4 of the California Civil Code from collecting non-economic damages.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

This answering defendant alleges that the plaintiffs themselves were careless, negligent and at fault in and about the matters complained of, and that such carelessness, negligence and fault proximately and concurrently caused the alleged damages sustained by plaintiffs. Under principles of comparative fault, the plaintiffs must bear sole or partial responsibility for their alleged injuries, damages or other alleged loss, if any, using a percentage allocation of the plaintiffs' fault or negligence.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

This answering defendant alleges that defendant County of San Mateo is not liable for punitive damages pursuant to California Government Code § 818 and *City of Newport v. Fact Concerts, Inc.*, 461 U.S. 247. (1981).

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

This answering defendant alleges that Plaintiffs' complaint is barred by the doctrine of laches.

**PRAYER**

**WHEREFORE**, this answering defendant prays that plaintiff takes nothing by reason of the instant complaint; that this answering defendant be dismissed from this action that this answering defendant be awarded its costs of suit incurred in this action; and for such other and further relief as the court may deem just and proper in this action.

1  Dated:

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Respectfully submitted,

THOMAS F. CASEY III, COUNTY COUNSEL


By: _____
        V. Raymond Swope III, Deputy

Attorneys for Defendants
COUNTY OF SAN MATEO


## DEMAND FOR JURY TRIAL

This defendant hereby demands trial by jury.


Dated:  August 14, 2007

Respectfully submitted,

THOMAS F. CASEY III, COUNTY COUNSEL
                                              /s/
By:_____
        V. Raymond Swope III, Deputy

Attorneys for Defendant
COUNTY OF SAN MATEO

L:\LITIGATE\T_CASES\Toschi\Pleadings\Answer to Complaint.doc

DEFENDANT COUNTY OF SAN MATEO'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES
AND INJUNCTIVE RELIEF; DEMAND FOR JURY TRIAL