J. Michael Fitzsimmons - SBN 132343
jfitzsimmons@campbellwarburton.com
Lisa Jeong Cummins - SBN 118087
lcummins@campbellwarburton.com
**CAMPBELL, WARBURTON, FITZSIMMONS,**
        **SMITH, MENDELL & PASTORE**
64 West Santa Clara Street
San Jose, California  95113-1806
Telephone:     408-295-7701
Facsimile:     408-295-1423

Attorneys for Defendants
DON DALLIMONTI and RHONDA DALLIMONTI

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL TOSCHI, and TRACY TOSCHI, <br><br> Plaintiffs, <br><br> vs. <br><br> COUNTY OF SAN MATEO, DON DALLIMONTI, RHONDA DALLIMONTI, NEIL CULLEN, BRIAN LEE, DAVID WEIDNER, and DOES ONE through FIFTY, inclusive, <br><br> Defendants. | Case No.   C-07-3625 JL <br><br> **ANSWER OF DEFENDANTS DON DALLIMONTI AND RHONDA DALLIMONTI TO PLAINTIFFS' COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF** <br><br> **DEMAND FOR JURY TRIAL** |

Pursuant to Rule 8 of the <u>Federal Rules of Civil Procedure</u>, defendants DON DALLIMONTI and RHONDA DALLIMONTI ("DALLIMONTIS" unless otherwise specified), hereby answer the Complaint for Damages and Injunctive Relief (42 USC §1983) ("Complaint") filed by plaintiffs MICHAEL TOSCHI and TRACY TOSCHI. ("TOSCHIS" unless otherwise specified), by admitting,

denying or stating as being without knowledge or information sufficient to form a belief as to the truth of, each and every averment contained in the Complaint and the whole thereof, as follows:

1. Answering the opening two paragraphs of the Complaint, under the heading "Introduction," DALLIMONTIS deny generally each and every allegation contained therein, except for the following: DON DALLIMONTI admits that he is employed as a sergeant with the San Mateo County Sheriff's Department. DALLIMONTIS also specifically deny that any act or omission on either or both of their parts caused or contributed to any damages of which the TOSCHIS complain. TOSCHIS' allegations are more specifically addressed in the numbered paragraphs below.

2. The allegations of paragraph 2 constitute legal conclusions to which no response is required. To the extent any response is required, DALLIMONTIS deny each and every allegation set forth in paragraph 2 of the Complaint.

3. DALLIMONTIS admit that they both reside within this judicial district; admit that certain events are alleged by Plaintiffs to have occurred in this judicial district (without admitting that they occurred at all or in the manner alleged by Plaintiffs); and admit that certain real property to which Plaintiffs refer in their Complaint is situated in this judicial district. Whether "venue is proper in this judicial district" constitutes a legal determination to which no response is required. To the extent that a response is otherwise required, DALLIMONTIS deny the remaining allegations set forth in paragraph 3 of the Complaint.

4. DALLIMONTIS admit, based upon their knowledge and belief, the allegations set forth in paragraph 4 of the Complaint.

5. DALLIMONTIS admit, based upon their knowledge and belief, the allegations set forth in paragraph 5 of the Complaint.

6. DALLIMONTIS admit the allegations set forth in paragraph 6 of the Complaint.

7. DALLIMONTIS admit the allegations set forth in paragraph 7 of the Complaint.

8. DALLIMONTIS are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 8 of the Complaint.

9. DALLIMONTIS are without knowledge or information sufficient to form a belief as to

1    the truth of the allegations set forth in paragraph 9 of the Complaint.

2        10.   DALLIMONTIS admit, based upon their knowledge and belief, that defendant Deputy

3    David Weidner is/was employed as a Deputy Sheriff in the County Sheriff's Office.

4    DALLIMONTIS are without knowledge or information sufficient to form a belief as to the truth of

5    the remaining allegations set forth in paragraph 10 of the Complaint.

6        11.   DALLIMONTIS deny each and every allegation set forth in paragraph 11 of the

7    Complaint.

8        12.   DALLIMONTIS deny each and every allegation set forth in paragraph 12 of the

9    Complaint.

10       13.   DALLIMONTIS admit that Plaintiffs reside at 2511 Park Road, Redwood City,

11   California. DALLIMONTIS are without knowledge or information sufficient to form a belief as to

12   the truth of the remaining allegations set forth in paragraph 13 of the Complaint.

13       14.   DALLIMONTIS deny each and every allegation set forth in paragraph 14 of the

14   Complaint.

15       15.   DALLIMONTIS admit that they are neighbors of Plaintiffs. DALLIMONTIS deny

16   each and every one of the remaining allegations set forth in paragraph 15 of the Complaint.

17       16.   DALLIMONTIS are without knowledge or information sufficient to form a belief as

18   to the truth of the allegations set forth in paragraph 16 of the Complaint.

19       17.   DALLIMONTIS deny each and every allegation set forth in paragraph 17 of the

20   Complaint.

21       18.   DALLIMONTIS deny each and every allegation set forth in paragraph 18 of the

22   Complaint.

23       19.   DALLIMONTIS deny each and every allegation set forth in paragraph 19 of the

24   Complaint.

25       20.   DALLIMONTIS deny each and every allegation set forth in paragraph 20 of the

26   Complaint.

27       21.   DALLIMONTIS are without knowledge or information sufficient to form a belief as

28

1   to the truth of the allegations set forth in paragraph 21 of the Complaint.

2       22.   DALLIMONTIS deny each and every allegation set forth in paragraph 22 of the

3   Complaint.

4       23.   DALLIMONTIS deny each and every allegation set forth in paragraph 23 of the

5   Complaint.

6       24.   DALLIMONTIS are without knowledge or information sufficient to form a belief as

7   to the truth of the allegations set forth in paragraph 24 of the Complaint.

8       25.   DALLIMONTIS are without knowledge or information sufficient to form a belief as

9   to the truth of the allegations set forth in paragraph 25 of the Complaint.

10      26.   DALLIMONTIS are without knowledge or information sufficient to form a belief as

11  to the truth of the allegations set forth in paragraph 26 of the Complaint.

12      27.   DALLIMONTIS admit that Plaintiffs have attached as Exhibit A to their Complaint

13  a document entitled "Encroachment Permit" and dated 08-23-06.  That document speaks for itself.

14  DALLIMONTIS are without knowledge or information sufficient to form a belief as to the truth of

15  the remaining allegations set forth in paragraph 27 of the Complaint.

16      28.   DALLIMONTIS deny the allegation of "threats from Don Dallimonti."

17  DALLIMONTIS are without knowledge or information sufficient to form a belief as to the truth of

18  the remaining allegations set forth in paragraph 28 of the Complaint.

19      29.   DALLIMONTIS admit that Plaintiffs have attached as Exhibit B to their Complaint

20  a document entitled "Citizen's Commendation/Complaint Form" and dated "16 Sept 6."  That

21  document speaks for itself.  DALLIMONTIS are without knowledge or information sufficient to

22  form a belief as to the truth of the remaining allegations set forth in paragraph 29 of the Complaint.

23      30.   DALLIMONTIS deny that September 24, 2006 was a Saturday.  In fact, it was a

24  Sunday. DALLLIMONTIS admit that on Sunday, September 24, 2006, DON DALLIMONTI had

25  a conversation with a individual who was planting medium-sized trees on top of the concrete and

26  dirt berm across from the DALLIMONTIS residence.   DALLIMONTIS deny that DON

27  DALLIMONTI "commanded" that individual "to stop working."  DALLIMONTIS are without

28

1  knowledge or information sufficient to form a belief as to the truth of the remaining allegations set

2  forth in paragraph 30 of the Complaint.

3      31.    DALLIMONTIS admit that on September 24, 2006, RHONDA DALLIMONTI

4  telephoned the Sheriff's Department.  DALLIMONTIS are without knowledge or information

5  sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 31 of the

6  Complaint.

7      32.    DALLIMONTIS are without knowledge or information sufficient to form a belief as

8  to the truth of the allegations set forth in paragraph 32 of the Complaint.

9      33.    DALLIMONTIS are without knowledge or information sufficient to form a belief as

10  to the truth of the allegations set forth in paragraph 33 of the Complaint.

11      34.    DALLIMONTIS are without knowledge or information sufficient to form a belief as

12  to the truth of the allegations set forth in paragraph 34 of the Complaint.

13      35.    DALLIMONTIS are without knowledge or information sufficient to form a belief as

14  to the truth of the allegations set forth in paragraph 35 of the Complaint.

15      36.    DALLIMONTIS are without knowledge or information sufficient to form a belief as

16  to the truth of the allegations set forth in paragraph 36 of the Complaint.

17      37.    DALLIMONTIS are without knowledge or information sufficient to form a belief as

18  to the truth of the allegations set forth in paragraph 37 of the Complaint.

19      38.    DALLIMONTIS admit that Plaintiffs have attached certain documents as Exhibit C

20  to their Complaint.    Those documents speak for themselves.    DALLIMONTIS are without

21  knowledge or information sufficient to form a belief as to the truth of the remaining allegations set

22  forth in paragraph 38 of the Complaint.

23      39.    DALLIMONTIS admit that Plaintiffs have attached as Exhibit D to their Complaint

24  a document which appears to be a letter from Neil R. Cullen to Michael Toschi dated November 15,

25  2006.    That document speaks for itself.  DALLIMONTIS are without knowledge or information

26  sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 39 of the

27  Complaint.

28

1    40.    DALLIMONTIS admit the allegations set forth in paragraph 40 of the Complaint.

2    41.    DALLIMONTIS admit that on October 24, 2006, the Superior Court held a hearing on

3    Plaintiffs' application for a temporary restraining order.  DALLIMONTIS further admit that, at the

4    hearing, the Superior Court continued the temporary orders, but deny that the Court "issued the

5    Restraining Order."

6    42.    DALLIMONTIS deny that a "Restraining Order against Don Dallimonti was served

7    on the County Sheriff's Office."  DALLIMONTIS admit that the Superior Court continued the

8    hearing, pending the completion of the County Sheriff's Office Internal Affairs investigation of

9    Plaintiffs' complaints.

10    43.    DALLIMONTIS are without knowledge or information sufficient to form a belief as

11    to the truth of the allegations set forth in paragraph 43 of the Complaint.

12    44.    DALLIMONTIS are without knowledge or information sufficient to form a belief as

13    to the truth of the allegations set forth in paragraph 44 of the Complaint.

14    45.    DALLIMONTIS are without knowledge or information sufficient to form a belief as

15    to the truth of the allegations set forth in paragraph 45 of the Complaint.

16    46.    DALLIMONTIS are without knowledge or information sufficient to form a belief as

17    to the truth of the allegations set forth in paragraph 46 of the Complaint.

18    47.    DALLIMONTIS admit that Plaintiffs have attached certain documents as Exhibit E to

19    their Complaint.  Those documents speak for themselves.  DALLIMONTIS are without knowledge

20    or information sufficient to form a belief as to the truth of the remaining allegations set forth in

21    paragraph 47 of the Complaint.

22    48.    DALLIMONTIS admit that Plaintiffs have attached as Exhibit F to their Complaint a

23    document which appears to be a letter from Neil R. Cullen to Michael Toschi dated December 29,

24    2006.   That document speaks for itself.  DALLIMONTIS are without knowledge or information

25    sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 48 of the

26    Complaint.

27    49.    DALLIMONTIS admit that Plaintiffs have attached as Exhibit G to their Complaint

28

a document which appears to be a letter from Michael and Tracy Toschi to Neil R. Cullen dated 8 January 2007. That document speaks for itself. DALLIMONTIS are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 40 of the Complaint.

50. DALLIMONTIS are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 50 of the Complaint.

51. DALLIMONTIS are without knowledge or information sufficient to form a belief as to the truth of the allegation that the County Sheriff's Office letter was sent on January 10, 2007. However, DALLIMONTIS admit the remaining allegations set forth in paragraph 51 of the Complaint.

52. DALLIMONTIS are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 52 of the Complaint.

53. DALLIMONTIS admit that on February 6, 2007 a "Restraining Order After Hearing to Stop Harassment" was filed by the Clerk of the Superior Court, a copy of which is attached to Plaintiff's Complaint as Exhibit H. That document speaks for itself. DALLIMONTIS deny any allegations of paragraph 53 which are inconsistent with, or not supported by, the face of said document.

54. DALLIMONTIS are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 54 of the Complaint.

55. DALLIMONTIS are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 55 of the Complaint.

56. DALLIMONTIS deny each and every allegation set forth in paragraph 56 of the Complaint.

//

//

//

//

1    <u>**CLAIMS FOR RELIEF**</u>

2    **FIRST CLAIM FOR RELIEF FOR VIOLATION OF 42 U.S.C. §1983 – RETALIATION**

3    **IN VIOLATION OF THE FIRST AMENDMENT**

4    **(Against Defendant County of San Mateo, Neil Cullen, Brian Lee,**

5    **David Weidner and Does One through Fifty)**

6        57.    DALLIMONTIS  incorporate herein by reference their responses above to the

7    allegations set forth in paragraphs 1 through 56 of the Complaint.  Since this Claim for Relief is not

8    directed against the DALLIMONTIS, no response is required.  However, to the extent that any

9    response is required, DALLIMONTIS deny each and every allegation set forth in paragraph 57 of

10   the Complaint.

11       58.    DALLIMONTIS deny the allegations set forth in paragraph 58 of the Complaint, and

12   deny that Plaintiffs are entitled to any relief sought.

13   **SECOND CLAIM FOR RELIEF**

14   **FOR VIOLATION OF 42 U.S.C. §1983 – CONSPIRACY TO RETALIATE IN**

15   **VIOLATION OF THE FIRST AMENDMENT**

16   **(Against Defendants The County of San Mateo, Neil Cullen, Brian Lee,**

17   **David Weidner, Don Dallimonti, Rhonda Dallimonti and Does One through Fifty)**

18       59.    DALLIMONTIS  incorporate herein by reference their responses above to the

19   allegations set forth in paragraphs 1 through 58 of the Complaint.  DALLIMONTIS further deny

20   each and every allegation set forth in paragraph 59 of the Complaint.

21       60.    DALLIMONTIS deny the allegations set forth in paragraph 60 of the Complaint, and

22   deny that Plaintiffs are entitled to any relief sought.

23   **THIRD CLAIM FOR RELIEF**

24   **FOR VIOLATION OF 42 U.S.C. §1983 – FOR DEPRIVATION OF LIBERTY IN**

25   **VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENTS**

26   **(Against Defendant David Weidner and Does One through Fifty)**

27       61.    DALLIMONTIS  incorporate herein by reference their responses above to the

28

1  allegations set forth in paragraphs 1 through 60 of the Complaint.  Since this Claim for Relief is not

2  directed against the DALLIMONTIS, no response is required.  However, to the extent that any

3  response is required, DALLIMONTIS deny each and every allegation set forth in paragraph 61 of

4  the Complaint.

5      62.   DALLIMONTIS deny the allegations set forth in paragraph 62 of the Complaint, and

6  deny that Plaintiffs are entitled to any relief sought.

7  **FOURTH CLAIM FOR RELIEF**

8  **FOR VIOLATION OF 42 U.S.C. §1983 – MUNICIPAL LIABILITY FOR UNLAWFUL**

9  **DETENTION IN VIOLATION OF THE FOURTH AND**

10  **FOURTEENTH AMENDMENTS**

11  **(Against Defendant The County of San Mateo)**

12      63.   DALLIMONTIS  incorporate herein by reference their responses above to the

13  allegations set forth in paragraphs 1 through 62 of the Complaint.  Since this Claim for Relief is not

14  directed against the DALLIMONTIS, no response is required.  However, to the extent that any

15  response is required, DALLIMONTIS deny each and every allegation set forth in paragraph 63 of

16  the Complaint.

17      64.   DALLIMONTIS deny the allegations set forth in paragraph 64 of the Complaint, and

18  deny that Plaintiffs are entitled to any relief sought.

19  **FIFTH CLAIM FOR RELIEF**

20  **FOR VIOLATION OF 42 U.S.C. §1983 – FOR CONSPIRACY TO CAUSE UNLAWFUL**

21  **DETENTION IN VIOLATION OF THE FOURTH AND**

22  **FOURTEENTH AMENDMENTS**

23  **(Against Defendants The County of San Mateo, David Weidner, Don Dallimonti, Rhonda**

24  **Dallimonti and Does One through Fifty)**

25      65.   DALLIMONTIS  incorporate herein by reference their responses above to the

26  allegations set forth in paragraphs 1 through 64 of the Complaint.

27      66.   DALLIMONTIS deny each and every allegation set forth in paragraph 66 of the

28

1  Complaint.

2      67.    DALLIMONTIS deny each and every allegation set forth in paragraph 67 of the

3  Complaint.

4      68.    DALLIMONTIS deny the allegations set forth in paragraph 68 of the Complaint, and

5  deny that Plaintiffs are entitled to any relief sought.

6                        **SUPPLEMENTAL STATE CLAIMS**

7                           **SIXTH CLAIM FOR RELIEF**

8      **FOR FALSE IMPRISONMENT AND UNNECESSARY DELAY IN RELEASING**

9            **(Against Defendants The County of San Mateo, David Weidner**

10                       **and Does One through Fifty)**

11     69.    DALLIMONTIS   incorporate herein by reference their responses above to the

12  allegations set forth in paragraphs 1 through 68 of the Complaint.

13     70.    Since this Claim for Relief is not directed against the DALLIMONTIS, no response

14  is required.  However, to the extent that any response is required, DALLIMONTIS deny each and

15  every allegation set forth in paragraph 70 of the Complaint.

16     71.    Since this Claim for Relief is not directed against the DALLIMONTIS, no response

17  is required.  However, to the extent that any response is required, DALLIMONTIS deny each and

18  every allegation set forth in paragraph 71 of the Complaint.

19     72.    Since this Claim for Relief is not directed against the DALLIMONTIS, no response

20  is required.  However, to the extent that any response is required, DALLIMONTIS deny each and

21  every allegation set forth in paragraph 72 of the Complaint.

22     73.    Since this Claim for Relief is not directed against the DALLIMONTIS, no response

23  is required.  However, to the extent that any response is required, DALLIMONTIS deny each and

24  every allegation set forth in paragraph 73 of the Complaint.

25     74.    DALLIMONTIS deny the allegations set forth in paragraph 74 of the Complaint, and

26  deny that Plaintiffs are entitled to any relief sought.

27  //

28

1

**SEVENTH CLAIM FOR RELIEF**

2

**FOR INTERFERENCE WITH RIGHTS IN VIOLATION OF CALIFORNIA CIVIL**

3

**CODE SECTION 52.1**

4

**(Against Defendants The County of San Mateo, David Weidner**

5

**and Does One through Fifty)**

6    75.    DALLIMONTIS   incorporate herein by reference their responses above to the

7 allegations set forth in paragraphs 1 through 74 of the Complaint.

8    76.    Since this Claim for Relief is not directed against the DALLIMONTIS, no response

9 is required.  However, to the extent that any response is required, DALLIMONTIS deny each and

10 every allegation set forth in paragraph 76 of the Complaint.

11    77.    Since this Claim for Relief is not directed against the DALLIMONTIS, no response

12 is required.  However, to the extent that any response is required, DALLIMONTIS deny each and

13 every allegation set forth in paragraph 77 of the Complaint.

14    78.    Since this Claim for Relief is not directed against the DALLIMONTIS, no response

15 is required.  However, to the extent that any response is required, DALLIMONTIS deny each and

16 every allegation set forth in paragraph 78 of the Complaint.

17    79.    Since this Claim for Relief is not directed against the DALLIMONTIS, no response

18 is required.  However, to the extent that any response is required, DALLIMONTIS deny each and

19 every allegation set forth in paragraph 79 of the Complaint.

20    80.    DALLIMONTIS deny the allegations set forth in paragraph 80 of the Complaint, and

21 deny that Plaintiffs are entitled to any relief sought.

22

**EIGHTH CLAIM FOR RELIEF**

23

**FOR TRESPASS FOR ENTRY ONTO PROPERTY WITHOUT PERMISSION**

24

**(Against Defendant The County of San Mateo and Does One through Fifty)**

25    81.    DALLIMONTIS   incorporate herein by reference their responses above to the

26 allegations set forth in paragraphs 1 through 80 of the Complaint.

27    82.    Since this Claim for Relief is not directed against the DALLIMONTIS, no response

28

1 | is required. However, to the extent that any response is required, DALLIMONTIS deny each and
2 | every allegation set forth in paragraph 82 of the Complaint.

3 |      83.   Since this Claim for Relief is not directed against the DALLIMONTIS, no response
4 | is required. However, to the extent that any response is required, DALLIMONTIS deny each and
5 | every allegation set forth in paragraph 83 of the Complaint.

6 |      84.   Since this Claim for Relief is not directed against the DALLIMONTIS, no response
7 | is required. However, to the extent that any response is required, DALLIMONTIS deny each and
8 | every allegation set forth in paragraph 84 of the Complaint.

9 |      85.   Since this Claim for Relief is not directed against the DALLIMONTIS, no response
10 | is required. However, to the extent that any response is required, DALLIMONTIS deny each and
11 | every allegation set forth in paragraph 85 of the Complaint.

12 |      86.  DALLIMONTIS deny the allegations set forth in paragraph 86 of the Complaint, and
13 | deny that Plaintiffs are entitled to any relief sought.

### NINTH CLAIM FOR RELIEF

### FOR DANGEROUS CONDITION OF PUBLIC PROPERTY – CREATION AND

### NOTICE OF DANGEROUS CONDITION

**(Against Defendant The County of San Mateo)**

18 |      87.   DALLIMONTIS incorporate herein by reference their responses above to the
19 | allegations set forth in paragraphs 1 through 86 of the Complaint.

20 |      88.   Since this Claim for Relief is not directed against the DALLIMONTIS, no response
21 | is required. However, to the extent that any response is required, DALLIMONTIS deny each and
22 | every allegation set forth in paragraph 88 of the Complaint.

23 |      89.   Since this Claim for Relief is not directed against the DALLIMONTIS, no response
24 | is required. However, to the extent that any response is required, DALLIMONTIS deny each and
25 | every allegation set forth in paragraph 89 of the Complaint.

26 |      90.   Since this Claim for Relief is not directed against the DALLIMONTIS, no response
27 | is required. However, to the extent that any response is required, DALLIMONTIS deny each and

28

1    every allegation set forth in paragraph 90 of the Complaint.

2        91.    Since this Claim for Relief is not directed against the DALLIMONTIS, no response

3    is required.  However, to the extent that any response is required, DALLIMONTIS deny each and

4    every allegation set forth in paragraph 91 of the Complaint.

5        92.    Since this Claim for Relief is not directed against the DALLIMONTIS, no response

6    is required.  However, to the extent that any response is required, DALLIMONTIS deny each and

7    every allegation set forth in paragraph 92 of the Complaint.

8        93.    Since this Claim for Relief is not directed against the DALLIMONTIS, no response

9    is required.  However, to the extent that any response is required, DALLIMONTIS deny each and

10   every allegation set forth in paragraph 93 of the Complaint.

11       94.    Since this Claim for Relief is not directed against the DALLIMONTIS, no response

12   is required.  However, to the extent that any response is required, DALLIMONTIS deny each and

13   every allegation set forth in paragraph 94 of the Complaint.

14       95.    DALLIMONTIS deny the allegations set forth in paragraph 95 of the Complaint, and

15   deny that Plaintiffs are entitled to any relief sought.

16       **TENTH CLAIM FOR RELIEF FOR NUISANCE – HARM TO HEALTH**

17       **AND OBSTRUCTION TO FREE USE OF PROPERTY**

18       **(Against Defendant The County)**

19       96.    DALLIMONTIS  incorporate herein by reference their responses above to the

20   allegations set forth in paragraphs 1 through 95 of the Complaint.

21       97.    Since this Claim for Relief is not directed against the DALLIMONTIS, no response

22   is required.  However, to the extent that any response is required, DALLIMONTIS deny each and

23   every allegation set forth in paragraph 97 of the Complaint.

24       98.    Since this Claim for Relief is not directed against the DALLIMONTIS, no response

25   is required.  However, to the extent that any response is required, DALLIMONTIS deny each and

26   every allegation set forth in paragraph 98 of the Complaint.

27       99.    Since this Claim for Relief is not directed against the DALLIMONTIS, no response

28

1    is required.  However, to the extent that any response is required, DALLIMONTIS deny each and

2    every allegation set forth in paragraph 99 of the Complaint.

3        100.    Since this Claim for Relief is not directed against the DALLIMONTIS, no response

4    is required.  However, to the extent that any response is required, DALLIMONTIS deny each and

5    every allegation set forth in paragraph 100 of the Complaint.

6        101.    Since this Claim for Relief is not directed against the DALLIMONTIS, no response

7    is required.  However, to the extent that any response is required, DALLIMONTIS deny each and

8    every allegation set forth in paragraph 101 of the Complaint.

9        102.    Since this Claim for Relief is not directed against the DALLIMONTIS, no response

10    is required.  However, to the extent that any response is required, DALLIMONTIS deny each and

11    every allegation set forth in paragraph 102 of the Complaint.

12        103.    Since this Claim for Relief is not directed against the DALLIMONTIS, no response

13    is required.  However, to the extent that any response is required, DALLIMONTIS deny each and

14    every allegation set forth in paragraph 103 of the Complaint.

15        104.  DALLIMONTIS deny the allegations set forth in paragraph 104 of the Complaint, and

16    deny that Plaintiffs are entitled to any relief sought.

17    **ELEVENTH CLAIM FOR RELIEF FOR INVERSE CONDEMNATION – THE**

18    **OPERATION OF A PUBLIC DRAINAGE SYSTEM**

19    **(Against Defendant The County)**

20        105.    DALLIMONTIS  incorporate herein by reference their responses above to the

21    allegations set forth in paragraphs 1 through 104 of the Complaint.

22        106.    Since this Claim for Relief is not directed against the DALLIMONTIS, no response

23    is required.  However, to the extent that any response is required, DALLIMONTIS deny each and

24    every allegation set forth in paragraph 106 of the Complaint.

25        107.    Since this Claim for Relief is not directed against the DALLIMONTIS, no response

26    is required.  However, to the extent that any response is required, DALLIMONTIS deny each and

27    every allegation set forth in paragraph 107 of the Complaint.

28

1        108.   Since this Claim for Relief is not directed against the DALLIMONTIS, no response

2  is required.  However, to the extent that any response is required, DALLIMONTIS deny each and

3  every allegation set forth in paragraph 108 of the Complaint.

4        109.   Since this Claim for Relief is not directed against the DALLIMONTIS, no response

5  is required.  However, to the extent that any response is required, DALLIMONTIS deny each and

6  every allegation set forth in paragraph 109 of the Complaint.

7        110.  DALLIMONTIS deny the allegations set forth in paragraph 110 of the Complaint, and

8  deny that Plaintiffs are entitled to any relief sought.

9      **TWELFTH CLAIM FOR RELIEF FOR DECLARATORY RELIEF – PUBLIC**

10      **EASEMENT VERSUS PRIVATE EASEMENT**

11      **(Against Defendant The County)**

12        111.  DALLIMONTIS   incorporate herein by reference their responses above to the

13  allegations set forth in paragraphs 1 through 110 of the Complaint.

14        112.   Since this Claim for Relief is not directed against the DALLIMONTIS, no response

15  is required.  However, to the extent that any response is required, DALLIMONTIS deny each and

16  every allegation set forth in paragraph 112 of the Complaint.

17        113.   Since this Claim for Relief is not directed against the DALLIMONTIS, no response

18  is required.  However, to the extent that any response is required, DALLIMONTIS deny each and

19  every allegation set forth in paragraph 113 of the Complaint.

20        114.   Since this Claim for Relief is not directed against the DALLIMONTIS, no response

21  is required.  However, to the extent that any response is required, DALLIMONTIS deny each and

22  every allegation set forth in paragraph 114 of the Complaint.

23        115.  DALLIMONTIS deny the allegations set forth in paragraph 115 of the Complaint, and

24  deny that Plaintiffs are entitled to any relief sought.

25  //

26  //

27  //

28

1  **THIRTEENTH CLAIM FOR RELIEF FOR INJUNCTIVE RELIEF – IRREPARABLE**

2  **HARM AND INADEQUATE LEGAL REMEDY**

3  **(Against Defendant The County)**

4      116.    DALLIMONTIS  incorporate herein by reference their responses above to the

5  allegations set forth in paragraphs 1 through 115 of the Complaint.

6      117.    Since this Claim for Relief is not directed against the DALLIMONTIS, no response

7  is required.  However, to the extent that any response is required, DALLIMONTIS deny each and

8  every allegation set forth in paragraph 117 of the Complaint.

9      118.    Since this Claim for Relief is not directed against the DALLIMONTIS, no response

10  is required.  However, to the extent that any response is required, DALLIMONTIS deny each and

11  every allegation set forth in paragraph 118 of the Complaint.

12      119.    Since this Claim for Relief is not directed against the DALLIMONTIS, no response

13  is required.  However, to the extent that any response is required, DALLIMONTIS deny each and

14  every allegation set forth in paragraph 119 of the Complaint.

15      120.    Since this Claim for Relief is not directed against the DALLIMONTIS, no response

16  is required.  However, to the extent that any response is required, DALLIMONTIS deny each and

17  every allegation set forth in paragraph 120 of the Complaint.

18      121. DALLIMONTIS deny the allegations set forth in paragraph 121 of the Complaint, and

19  deny that Plaintiffs are entitled to any relief sought.

20  **FOURTEENTH CLAIM FOR RELIEF FOR NEGLIGENT INFLICTION OF**

21  **EMOTIONAL DISTRESS**

22  **(Against Defendant Don Dallimonti, Rhonda Dallimonti and Does One through Fifty)**

23      122.    DALLIMONTIS  incorporate herein by reference their responses above to the

24  allegations set forth in paragraphs 1 through 121 of the Complaint.

25      123.    DALLIMONTIS deny each and every allegation set forth in paragraph 123 of the

26  Complaint.

27      124.    DALLIMONTIS deny each and every allegation set forth in paragraph 124 of the

28

1   Complaint.

2       125.    DALLIMONTIS deny each and every allegation set forth in paragraph 125 of the

3   Complaint.

4       126.    DALLIMONTIS deny the allegations set forth in paragraph 126 of the Complaint, and

5   deny that Plaintiffs are entitled to any relief sought.

6                              **AFFIRMATIVE DEFENSES**

7       As separate and distinct affirmative defenses to Plaintiffs' Complaint, as to each cause of

8   action and claim for relief contained therein, DALLIMONTIS allege the following:

9                            **FIRST AFFIRMATIVE DEFENSE**

10      Plaintiffs' Complaint, as a whole, and each alleged cause of action therein, fails to state a

11  claim or cause of action upon which relief can be granted against these answering Defendants.

12                          **SECOND AFFIRMATIVE DEFENSE**

13      As and for a separate and distinct answer and affirmative defense, these answering

14  Defendants allege that Plaintiffs' Complaint and/or each cause of action contained therein is barred

15  by the applicable statute(s) of limitations, to be set forth with more particularity and specificity as

16  discovery and investigation develops.

17                          **THIRD AFFIRMATIVE DEFENSE**

18      As and for a separate and distinct answer and affirmative defense, these answering

19  Defendants allege that Plaintiffs are estopped, equitably or otherwise, from asserting the claims set

20  forth in their Complaint and from obtaining the relief and/or declarations requested therein.

21                          **FOURTH AFFIRMATIVE DEFENSE**

22      As and for a separate and distinct answer and affirmative defense, these answering

23  Defendants allege that Plaintiffs have waived any rights they may have to maintain the action set

24  forth in their Complaint and to obtain the relief and/or declarations requested therein.

25                           **FIFTH AFFIRMATIVE DEFENSE**

26      As and for a separate and distinct answer and affirmative defense, these answering

27  Defendants allege that Plaintiffs are barred by the doctrine of laches from maintaining the action set

28

forth in their Complaint, including but not limited to claims for equitable relief, and from obtaining any other relief and/or declarations requested therein.

## SIXTH AFFIRMATIVE DEFENSE

As and for a separate and distinct answer and affirmative defense, these answering Defendants allege that Plaintiffs are barred by the doctrine of unclean hands from maintaining the action set forth in their Complaint, including but not limited to claims for equitable relief, and from obtaining any other relief and/or declarations requested therein.

## SEVENTH AFFIRMATIVE DEFENSE

As and for a separate and distinct answer and affirmative defense, these answering Defendants allege that Plaintiffs have failed to mitigate any damages they have allegedly sustained.

## EIGHTH AFFIRMATIVE DEFENSE

As and for a separate and distinct answer and affirmative defense, these answering Defendants allege that any injury to Plaintiffs is due to a superseding or intervening cause, namely, Plaintiffs' own negligence.

## NINTH AFFIRMATIVE DEFENSE

As and for a separate and distinct answer and affirmative defense, these answering Defendants allege that Plaintiffs' Complaint, and each claim for relief contained therein, violates the provisions of California Code of Civil Procedure §425.16 (anti-SLAPP statute), thereby entitling Defendants to recover their attorney's fees and costs.

## TENTH AFFIRMATIVE DEFENSE

As and for a separate and distinct answer and affirmative defense, these answering Defendants allege that they acted at all relevant times with a reasonable and good faith belief in the validity and constitutionality of their conduct including, but not limited to, their efforts to require Plaintiffs to comply with the law and to utilize appropriate available governmental channels and remedies to enforce such compliance.

//

//

1

## ELEVENTH AFFIRMATIVE DEFENSE

2        As and for a separate and distinct answer and affirmative defense, these answering

3   Defendants allege that Plaintiffs' declaratory relief action should be dismissed as being premature

4   and/or not ripe for adjudication.

5

## TWELFTH AFFIRMATIVE DEFENSE

6        As and for a separate and distinct answer and affirmative defense, these answering

7   Defendants allege that the acts complained of by Plaintiffs, if they occurred at all (which Defendants

8   expressly deny), were provoked by Plaintiffs' unlawful and wrongful conduct.

9

## THIRTEENTH AFFIRMATIVE DEFENSE

10        As and for a separate and distinct answer and affirmative defense, these answering

11   Defendants allege that some or all of Plaintiffs' claims and/or damages are speculative in nature and

12   too indefinite upon which to base the relief requested by Plaintiffs in their Complaint.

13

## FOURTEENTH AFFIRMATIVE DEFENSE

14        As and for a separate and distinct answer and affirmative defense, these answering

15   Defendants allege that Plaintiffs were guilty of  negligence in and about the matters and things

16   complained of in the Complaint, that such negligence on the part of Plaintiffs contributed directly

17   and proximately to the happenings of the injury and damages, if any, sustained by Plaintiffs.

18   Further, it is prayed that if Plaintiffs, or either of them, recover a verdict in this case, that the same

19   shall be reduced proportionately by the percentage of negligence attributed to each Plaintiff.

20

## FIFTEENTH AFFIRMATIVE DEFENSE

21        As and for a separate and distinct answer and affirmative defense, these answering

22   Defendants allege and contend that the sole proximate and/or partial proximate cause of the injuries

23   and/or damages claimed by Plaintiffs was due to the negligence and/or wrongful acts of other

24   persons or parties, and these answering Defendants are not responsible for the acts of said other

25   persons and parties.

26   //

27   //

28

1

**SIXTEENTH AFFIRMATIVE DEFENSE**

2    As and for a separate and distinct answer and affirmative defense, these answering

3    Defendants allege that their conduct was not the cause in fact or the proximate cause of any of the

4    injuries, losses, or damages alleged by Plaintiffs in their Complaint.

5

**SEVENTEENTH AFFIRMATIVE DEFENSE**

6    As and for a separate and distinct answer and affirmative defense, these answering

7    Defendants allege that Plaintiffs assumed the risk of any damages they allegedly have sustained.

8

**EIGHTEENTH AFFIRMATIVE DEFENSE**

9    As and for a separate and distinct answer and affirmative defense, these answering

10    Defendants allege that Plaintiffs' claims are barred or waived by their own unreasonable behavior

11    in response to Defendants' reasonable and justifiable conduct.

12

**NINETEENTH AFFIRMATIVE DEFENSE**

13    As and for a separate and distinct answer and affirmative defense, these answering

14    Defendants allege that Plaintiffs' Complaint fails to state a claim for punitive damages upon which

15    relief can be granted.

16

**TWENTIETH AFFIRMATIVE DEFENSE**

17    As and for a separate and distinct answer and affirmative defense, these answering

18    Defendants allege that imposition of punitive damages in this case would violate their rights under

19    the U.S. Constitution.

20

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

21    These answering Defendants expressly reserve their right to amend this Answer to allege

22    additional or other affirmative defenses which may come to light or become evident during the

23    course of discovery herein, or otherwise.

24    //

25    //

26    //

27    //

28

1    **WHEREFORE,** these answering defendants DON DALLIMONTI and RHONDA

2    DALLIMONTI pray:

3        1.   That Plaintiffs take nothing by way of their Complaint on file herein;

4        2.   That this Court dismiss Plaintiffs' Complaint in its entirety or dismiss these answering

5    Defendants from the suit;

6        3.    That this Court deny the damages, relief and/or declarations requested by Plaintiffs

7    herein;

8        4.   For reasonable attorneys' fees as allowed by statute or applicable law;

9        4.   For costs and expenses of suit herein incurred; and

10       5.   For such other and further relief as the Court may deem just and proper.

11

12   DATED: September 5, 2007          CAMPBELL, WARBURTON, FITZSIMMONS,
                                        SMITH, MENDELL & PASTORE
13

14

15                                     By: _____/s/_____
                                            LISA JEONG CUMMINS
16                                          Attorneys for Defendants DON DALLIMONTI
                                            and RHONDA DALLIMONTI

17                          **<u>DEMAND FOR JURY TRIAL</u>**

18       Defendants DON DALLIMONTI and RHONDA DALLIMONTI, and each of them, hereby

19   request a jury trial, pursuant to Federal Rules of Civil Procedure, Rules 38, 39 and 57, of all issues

20   in this matter which are triable of right by a jury.

21

22

23   DATED: September 5, 2007          CAMPBELL, WARBURTON, FITZSIMMONS,
                                        SMITH, MENDELL & PASTORE

24

25                                     By:_____/s/_____
                                            LISA JEONG CUMMINS
26                                          Attorneys for Defendants DON DALLIMONTI
                                            and RHONDA DALLIMONTI

27

28   _____