MICHAEL P. MURPHY, COUNTY COUNSEL (SBN 83887)
By: V. Raymond Swope III, Deputy (SBN 135909)
Hall of Justice and Records
400 County Center, 6th Floor
Redwood City, CA 94063
Telephone: (650) 363-4759
Facsimile: (650) 363-4034
E-mail: rswope@co.sanmateo.ca.us

Attorneys for Defendants
COUNTY OF SAN MATEO, NEIL CULLEN,
BRIAN LEE, and DAVID WEIDNER

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MICHAEL TOSCHI, AND TRACY TOSCHI

Plaintiffs,

vs.

COUNTY OF SAN MATEO, DON DALLIMONTI, RHONDA DALLIMONTI, NEIL CULLEN, BRIAN LEE, DAVID WEIDNER, and DOES ONE through FIFTY, inclusive

Defendants.

Case No. C-07-3625 MMC

**DEFENDANTS NEIL CULLEN, BRIAN LEE, AND DAVID WEIDNER'S ANSWER TO PLAINTIFFS' COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF; DEMAND FOR JURY TRIAL**

COME NOW Defendants NEIL CULLEN, BRIAN LEE and DAVID WEIDNER, and, in response to the complaint for Damages and Injunctive Relief, deny, admit, and allege as follows:

1. Answering paragraph 1, these defendants deny each and every allegation contained therein.

2. Answering paragraph 2, these defendants deny each and every allegation contained therein.

3. Answering paragraph 3, these defendants admit each and every allegations contained therein.

4. Answering paragraph 4, these defendants admit each and every allegation contained therein.

5. Answering paragraph 5, these defendants admit each and every allegation contained

therein.

6. Answering paragraph 6, these defendants admit each and every allegation contained therein.

7. Answering paragraph 7, these defendants admit each and every allegation contained therein.

8. Answering paragraph 8, these defendants admit each and every allegation contained therein.

9. Answering paragraph 9, these defendants admit each and every allegation contained therein.

10. Answering paragraph 10, these defendants admit each and every allegation contained therein.

11. Answering paragraph 11, these defendants do not have sufficient information or belief to admit or deny the allegations contained therein, and on that basis, these defendants deny said allegation.

12. Answering paragraph 12, these defendants deny each and every allegation contained therein.

13. Answering paragraph 13, these defendants deny each and every allegation that "[t]he County designed Park Road (and in the past has maintained it) to prevent rain water from accumulating and draining on to the upper portion of Plaintiffs' property." These defendants admit the remaining allegations of paragraph 13.

14. Answering paragraph 14, these defendant deny each and every allegation contained therein.

15. Answering paragraph 15, these defendants deny each and every allegation contained therein.

16. Answering paragraph 16, these defendants do not have sufficient information or belief to admit or deny the allegations contained therein, and on that basis, deny said allegations.

17. Answering paragraph 17, these defendants do not have sufficient information or belief to admit or deny the allegations contained therein, and on that basis, deny said allegations.

18. Answering paragraph 18, these defendants do not have sufficient information or belief to

admit or deny the allegations contained therein, and on that basis, deny said allegations.

19. Answering paragraph 19, these defendants do not have sufficient information or belief to admit or deny the allegations contained therein, and on that basis, deny said allegations.

20. Answering paragraph 20, these defendants deny each and every allegation contained therein.

21. Answering paragraph 21, these defendants do not have sufficient information or belief to admit or deny the allegations contained therein, and on that basis, deny said allegations.

22. Answering paragraph 22, these defendants deny each and every allegation contained therein.

23. Answering paragraph 23, these defendants do not have sufficient information or belief to admit or deny the allegations contained therein, and on that basis, deny said allegations.

24. Answering paragraph 24, these defendants do not have sufficient information or belief to admit or deny the allegations contained therein, and on that basis, deny said allegations.

25. Answering paragraph 25, these defendants do not have sufficient information or belief to admit or deny the allegations contained therein, and on that basis, deny said allegations.

26. Answering paragraph 26, these defendants admit the allegation that "[o]n or about August 10, 2006, Plaintiff Michael Toschi met with Lisa Ekers, the Road Operations Manager of the County Department of Public Works." These defendants deny the remaining allegations of paragraph 26.

27. Answering paragraph 27, these defendants deny the allegation that "[o]n August 27, 2006, the County issued to plaintiffs an "Encroachment Permit" dated August 23, 2006 that was valid through September 15, 2006 for Plaintiffs' erosion mediation plans." These defendants admit the remaining allegations contained therein.

28. Answering 28, these defendants do not have sufficient information or belief to admit or deny the allegations contained therein, and on that basis, deny said allegations.

29. Answering paragraph 29, these defendants do not have sufficient information or belief to admit or deny the allegations contained therein, and on that basis, deny said allegations.

30. Answering paragraph 30, these defendants do not have sufficient information or belief to admit or deny the allegations contained therein, and on that basis, deny said allegations.

31. Answering paragraph 31, these defendants admit the allegations that "Defendant David Weidner responded to a call from the Dallimontis." Defendants do not have sufficient information or belief to admit or deny the allegation that "Deputy Weidner approached plaintiff Michael Toschi on his own property," and on that basis, deny the aforesaid allegation. As to the remaining allegation that "Weidner demanded that Michael Toschi produce a County permit for work being done on Plaintiffs' property," defendants deny the aforesaid allegation.

32. Answering paragraph 32, these defendants admit each and every allegation contained therein.

33. Answering paragraph 33, these defendants deny each and every allegation contained therein.

34. Answering paragraph 34, these defendants do not have sufficient information or belief to admit or deny the allegations contained therein, and on that basis, deny said allegations.

35. Answering paragraph 35, these defendants admit the allegations that "[o]n October 20, 2006, Defendant Neil Cullen, Director of the Department of Public Works, wrote a letter to Michael Toschi directing him to remove the plants and the berm for allegedly being done in violation of the Encroachment Permit." Defendants deny the remaining allegations contained therein.

36. Answering paragraph 36, these defendants deny each and every allegation contained therein.

37. Answering paragraph 37, these defendants admit the allegation that "[o]n November 6, 2006, Plaintiffs met with Lisa Ekers." Defendants deny the remaining allegations contained therein."

38. Answering paragraph 38, these defendants admit each and every allegation contained therein.

39. Answering paragraph 39, these defendants admit each and every allegation contained therein.

40. Answering paragraph 40, these defendants admit each and every allegation contained therein.

41. Answering paragraph 41, these defendants do not have sufficient information or belief to admit or deny the allegations contained therein, and on that basis, deny said allegations.

42. Answering paragraph 42, these defendants do not have sufficient information or belief to admit or deny the allegations contained therein, and on that basis, deny said allegations.

43. Answering paragraph 43, these defendants deny each and every allegation contained therein.

44. Answering paragraph 44, these defendants deny each and every allegation contained therein.

45. Answering paragraph 45, these defendants deny the allegation that "County employee Steve Ballisteri told Michael Toschi that he had been instructed not to respond to emergency calls at Plaintiffs' property due to 'some lawsuit.'" As to the remaining allegations, these defendants do not have sufficient information or belief to admit or deny the allegations contained therein, and on that basis, deny said allegations.

46. Answering paragraph 46, these defendants admit each and every allegation contained therein.

47. Answering paragraph 47, these defendants admit each and every allegation contained therein.

48. Answering paragraph 48, these defendants deny the allegation that "Plaintiffs must apply for and receive a permit prior to performing any further work intended to remedy the hazardous condition on Plaintiffs' property." As to the remaining allegations, these defendants admit each and every allegation contained therein.

49. Answering paragraph 49, these defendants admit each and every allegation contained therein.

50. Answering paragraph 50, these defendants admit each and every allegation contained therein.

51. Answering paragraph 51, these defendants admit each and every allegation contained therein.

52. Answering paragraph 52, these defendants admit each and every allegation contained therein.

53. Answering paragraph 53, these defendants admit each and every allegation contained

therein.

54. Answering paragraph 54, these defendants admit the allegations that "Plaintiff Tracy Toschi applied for a fence permit at the San Mateo County Planning and Building Department" and that "Plaintiff Tracy Toschi was informed that no permit could be issued. . . ." Defendants deny the remaining allegations of paragraph 54.

55. Answering paragraph 55, these defendants admit each and every allegation contained therein.

56. Answering paragraph 56, these defendants deny each and every allegation contained therein.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF FOR VIOLATION OF 42. U.S.C. § 1983 – RETALIATION IN VIOLATION OF THE FIRST AMENDMENT

**(Against Defendant County of San Mateo, Neil Cullen, Brian Lee, and David Weidner and Does One through Fifty)**

57. Answering paragraph 57, these defendants incorporate by reference their responses to paragraphs 1-56 as if fully set forth here. Further answering paragraph 57, these defendants deny each and every allegation contained therein.

58. Answering paragraph 58, these defendants deny each and every allegation contained therein.

### SECOND CLAIM FOR RELIEF

### FOR VIOLATION OF 42 U.S.C. § 1983 – CONSPIRACY TO RETALIATE IN VIOLATION OF THE FIRST AMENDMENT

59. Answering paragraph 59, these defendants incorporate by reference their responses to paragraphs 1-56 as if fully set forth here. Further answering paragraph 59, these defendants deny each and every allegation contained therein.

60. Answering paragraph 60, these defendants deny each and every allegation contained therein.

**THIRD CLAIM FOR RELIEF**

**FOR VIOLATION OF 42 U.S.C. § 1983 – FOR DEPRIVATION OF LIBERTY IN VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENTS**

**(Against Defendant David Weidner and Does One through Fifty)**

61. Answering paragraph 61, these defendants incorporate by reference their responses to paragraphs 1-56 as if fully set forth here. Further answering paragraph 61, these defendants deny each and every allegation contained therein.

62. Answering paragraph 62, these defendants deny each and every allegation contained therein.

**FOURTH CLAIM FOR RELIEF**

**FOR VIOLATION OF 42 U.S.C. § 1983 – MUNICIPAL LIABILITY FOR UNLAWFUL DETENTION IN VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENTS**

**(Against Defendant the County of San Mateo)**

63. Answering paragraph 63, these defendants incorporate by reference their responses to paragraphs 1-56 as if fully set forth here. Further answering paragraph 63, these defendants deny each and every allegation contained therein.

64. Answering paragraph 64, these defendants deny each and every allegation contained therein.

**FIFTH CLAIM FOR RELIEF**

**FOR VIOLATION OF 42 U.S.C. §1983 – FOR CONSPIRACY TO CAUSE UNLAWFUL DETENTION IN VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENTS**

**(Against Defendants The County of San Mateo, David Weidner, Don Dallimonti, Rhonda Dallimonti and Does One through Fifty)**

65. Answering paragraph 65, these defendants incorporate by reference their responses to paragraphs 1-56 as if fully set forth here. Further answering paragraph 65, these defendants deny each and every allegation contained therein.

66. Answering paragraph 66, these defendants deny each and every allegation contained therein.

67. Answering paragraph 67, these defendants deny each and every allegation contained therein.

68. Answering paragraph 68, these defendants deny each and every allegation contained therein.

**SUPPLEMENTAL STATE CLAIMS**

**SIXTH CLAIM FOR RELIEF**

**FOR FALSE IMPRISONMENT AND UNNECESSARY DELAY IN RELEASING**

**(Against Defendants The County of San Mateo, David Weidner and Does One through Fifty)**

69. Answering paragraph 69, these defendants incorporate by reference their responses to paragraphs 1-56 as if fully set forth here. Further answering paragraph 69, these defendants deny each and every allegation contained therein.

70. Answering paragraph 70, these defendants deny each and every allegation contained therein.

71. Answering paragraph 71, these defendants deny each and every allegation contained therein.

72. Answering paragraph 72, these defendants deny each and every allegation contained therein.

73. Answering paragraph 73, these defendants deny each and every allegation contained therein.

74. Answering paragraph 74, these defendants deny each and every allegation contained therein.

**SEVENTH CLAIM FOR RELIEF**

**FOR INTERFERENCE WITH RIGHTS IN VIOLATION OF CALIFORNIA CIVIL CODE SECTION 52.1**

**(Against Defendants The County of San Mateo, David Weidner and Does One through Fifty)**

75. Answering paragraph 75, these defendants incorporates by reference their responses to paragraphs 1-56 as if fully set forth here. Further answering paragraph 75, this defendant denies each and every allegation contained therein.

76. Answering paragraph 76, these defendants deny each and every allegation contained therein.

77. Answering paragraph 77, these defendants deny each and every allegation contained therein.

78. Answering paragraph 78, these defendants deny each and every allegation contained therein.

79. Answering paragraph 79, these defendants deny each and every allegation contained therein.

80. Answering paragraph 80, these defendants deny each and every allegation contained therein.

**EIGHTH CLAIM FOR RELIEF**

**FOR TRESPASS FOR ENTRY ONTO PROPERTY WITHOUT PERMISSION**

**(Against Defendant The County of San Mateo and Does One through Fifty)**

81. Answering paragraph 81, these defendants incorporate by reference their responses to paragraphs 1-56 as if fully set forth here. Further answering paragraph 81, these defendants deny each and every allegation contained therein.

82. Answering paragraph 82, these defendants deny each and every allegation contained therein.

83. Answering paragraph 83, these defendants deny each and every allegation contained therein.

84. Answering paragraph 84, these defendants deniy each and every allegation contained therein.

85. Answering paragraph 85, these defendants deny each and every allegation contained therein.

86. Answering paragraph 86, these defendants deny each and every allegation contained therein.

**NINTH CLAIM FOR RELIEF**

**DANGEROUS CONDITION OF PUBLIC PROPERTY – CREATING AND NOTICE OF DANGEROUS CONDITION**

**(Against Defendant The County of San Mateo)**

87. Answering paragraph 87, these defendants incorporate by reference their responses to paragraphs 1-56 as if fully set forth here. Further answering paragraph 87, these defendants deny each and every allegation contained therein.

88. Answering paragraph 88, these defendants deny each and every allegation contained therein.

89. Answering paragraph 89, these defendants deny each and every allegation contained therein.

90. Answering paragraph 90, these defendants deny each and every allegation contained therein.

91. Answering paragraph 91, these defendants deny each and every allegation contained therein.

92. Answering paragraph 92, these defendants deny each and every allegation contained therein.

93. Answering paragraph 93, these defendants deny each and every allegation contained therein.

94. Answering paragraph 94, these defendants deny each and every allegation contained therein.

95. Answering paragraph 95, these defendants deny each and every allegation contained therein.

**TENTH CLAIM FOR NUISANCE – HARM TO HEALTH AND OBSTRUCTION TO FREE USE OF PROPERTY**

**(Against Defendant the County)**

96. Answering paragraph 96, these defendants incorporate by reference their responses to paragraphs 1-56 as if fully set forth here. Further answering paragraph 96, these defendants deny each

and every allegation contained therein.

97. Answering paragraph 97, these defendants deny each and every allegation contained therein.

98. Answering paragraph 98, these defendants deny each and every allegation contained therein.

99. Answering paragraph 99, these defendants deny each and every allegation contained therein.

100. Answering paragraph 100, these defendants deny each and every allegation contained therein.

101. Answering paragraph 101, these defendants deny each and every allegation contained therein.

102. Answering paragraph 102, these defendants deny each and every allegation contained therein.

103. Answering paragraph 103, these defendants deny each and every allegation contained therein.

104. Answering paragraph 104, these defendants deny each and every allegation contained therein.

**ELEVENTH CLAIM FOR RELIEF FOR INVERSE CONDEMNATION – THE OPERATION OF A PUBLIC DRAINAGE SYSTEM**

**(Against Defendant the County)**

105. Answering paragraph 105, these defendants incorporate by reference their responses to paragraphs 1-56 as if fully set forth here. Further answering paragraph 105, these defendants deny each and every allegation contained therein.

106. Answering paragraph 106, these defendants deny each and every allegation contained therein.

107. Answering paragraph 107, these defendants deny each and every allegation contained therein.

108. Answering paragraph 108, these defendants deny each and every allegation contained

therein.

109. Answering paragraph 109, these defendants admit each and every allegation contained therein.

110. Answering paragraph 110, these defendants deny each and every allegation contained therein.

**TWELFTH CLAIM FOR RELIEF FOR DECLATORY RELIEF – PUBLIC EASEMENT VERSUS PRIVATE EASEMENT**

**(Against Defendant The County)**

111. Answering paragraph 111, these defendants incorporate by reference their responses to paragraphs 1-56 as if fully set forth here. Further answering paragraph 111, these defendants deny each and every allegation contained therein.

112. Answering paragraph 112, these defendants deny each and every allegation contained therein.

113. Answering paragraph 113, these defendants deny each and every allegation contained therein.

114. Answering paragraph 114, these defendants deny each and every allegation contained therein.

115. Answering paragraph 115, these defendants deny each and every allegation contained therein.

**THIRTEENTH CLAIM FOR RELIEF FOR INJUNCTIVE RELIEF – IRREPARABLE HARM AND INADEQUATE LEGAL REMEDY**

**(Against Defendant The County)**

116. Answering paragraph 116, these defendants incorporate by reference their responses to paragraphs 1-56 as if fully set forth here. Further answering paragraph 116, these defendants deny each and every allegation contained therein.

117. Answering paragraph 117, these defendants deny each and every allegation contained therein.

118. Answering paragraph 118, these defendants deny each and every allegation contained

therein.

119. Answering paragraph 119, these defendants deny each and every allegation contained therein.

120. Answering paragraph 120, these defendants deny each and every allegation contained therein.

121. Answering paragraph 121, these defendants deny each and every allegation contained therein.

**FOURTEENTH CLAIM FOR RELIEF FOR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

**(Against Defendant Don Dallimonti, Rhonda Dallimonti, and Does One through Fifty)**

122. Answering paragraph 122, these defendants incorporate by reference their responses to paragraphs 1-56 as if fully set forth here. Further answering paragraph 122, these defendants deny each and every allegation contained therein.

123. Answering paragraph 123, these defendants do not have sufficient information or belief to admit or deny the allegations contained therein, and on that basis deny said allegations.

124. Answering paragraph 124, these defendants deny each and every allegation contained therein.

125. Answering paragraph 125, these defendants deny each and every allegation contained therein.

126. Answering paragraph 126, these defendants deny each and every allegation contained therein.

**AFFIRMATIVE DEFENSES**

As separate and distinct affirmative defenses to said complaint, as to each cause of action contained in it, defendants allege the following:

**FIRST AFFIRMATIVE DEFENSE**

These answering defendants allege that the complaint and each cause of action fails to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

These answering defendants allege that these defendants acted at all relevant times with a reasonable, good faith belief in the validity and constitutionality of their conduct, and they are qualifiedly immune from this action.

**THIRD AFFIRMATIVE DEFENSE**

These answering defendants allege that plaintiffs failed to mitigate their damages, if any there were.

**FOURTH AFFIRMATIVE DEFENSE**

These answering defendants allege that to the extent plaintiffs' claims for violation of civil rights are based upon a theory of *respondeat superior*, these answering defendants are not liable.

**FIFTH AFFIRMATIVE DEFENSE**

These answering defendants allege that plaintiffs themselves were careless and negligent or engaged in willful misconduct in and about the matters alleged in the complaint and that said carelessness and negligence or willful misconduct on plaintiffs' own part proximately caused or substantially contributed to the happening of the incident and to the injuries, loss and damages complained of, if any there were.

**SIXTH AFFIRMATIVE DEFENSE**

These answering defendants allege that at the time and place of the incidents alleged in the complaint, the plaintiffs knew of the danger and risk incident to their activity, but nevertheless freely and voluntarily exposed themselves to all risk of harm and therefore assumed all risk of harm incidental thereto.

**SEVENTH AFFIRMATIVE DEFENSE**

These answering defendants allege that plaintiffs' own conduct estops plaintiffs from claiming the damages alleged in the complaint.

**EIGHTH AFFIRMATIVE DEFENSE**

These answering defendants allege on information and belief that the sole and proximate cause of the injuries complained of by plaintiffs in their complaint was due to the act and/or omissions of persons and entities other than these answering defendants.

**NINTH AFFIRMATIVE DEFENSE**

These answering defendants allege that to the extent that if any force was used in detaining plaintiffs, it was reasonable, and was privileged as necessary for valid law enforcement purposes.

**TENTH AFFIRMATIVE DEFENSE**

These answering defendants allege that at no time relevant to this litigation was the Due Process Clause of the United States Constitution implicated, because the conduct of these defendants was, at most, mere negligent acts of officials (and negligence is expressly hereby denied), and the plaintiffs are therefore precluded from maintaining causes of action for violation of civil rights.

**ELEVENTH AFFIRMATIVE DEFENSE**

These answering defendants allege that plaintiffs' action is barred by the doctrine of unclean hands.

**TWELFTH AFFIRMATIVE DEFENSE**

These answering defendants allege that the acts complained of by plaintiffs, if they occurred at all (which defendants expressly deny), were provoked by plaintiffs' unlawful and wrongful conduct. Plaintiffs are, therefore, not entitled to an award of punitive damages.

**THIRTEENTH AFFIRMATIVE DEFENSE**

These answering defendants allege that at all relevant times alleged in plaintiffs' complaint, defendant acted under a legal right or in a good faith belief in the existence of a legal right, including the authority to act pursuant to California Streets and Highways Code § 1480.5(a)&(c).

**FOURTEENTH AFFIRMATIVE DEFENSE**

These answering defendants allege that plaintiffs themselves were engaged in willful misconduct in and about the matters alleged in the complaint by failing to comply with applicable county ordinances , specifically San Mateo County Ordinance Code section 2.50.030 (formerly 3.76.010) and that said willful misconduct on plaintiffs' own part proximately caused or substantially contributed to the happening of the incidents and to the injuries, loss and damages complained of, if any there were.

**FIFTEENTH AFFIRMATIVE DEFENSE**

These answering defendants allege that at no time relevant to this litigation did plaintiffs sustain any violation of their civil rights pursuant to a governmental policy, habit or custom, thereby precluding

plaintiffs from maintaining claims for relief for violation of civil rights against Defendants, and each of them.

**SIXTEENTH AFFIRMATIVE DEFENSE**

These answering defendants allege that Plaintiffs assumed the risk of any injury or damage alleged in the Complaint.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

These answering defendants allege that all acts by these answering defendants, the County and its employees related to the facts alleged in the Complaint, including but not limited to those related to the design, construction and maintenance of the public improvements at issue, were reasonable pursuant to California Government Code § 835.4.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

These answering defendants allege that these defendants are immune from liability for damages related to the facts alleged in the Complaint to the extent that Plaintiff alleges that their injuries were caused by a condition that presented no substantial risk of harm to foreseeable users exercising due care.

**NINETEENTH AFFIRMATIVE DEFENSE**

These answering defendants allege these defendants are County is immune from liability for damages related to the facts alleged in the Complaint by the design immunity provided by California Government Code Section 830.6. To the extent that Plaintiffs' allege that their injuries were caused by a defective design, these defendants are informed and believe that, the design or designs were based upon a reasonable plan approved by an authorized public body or official.

**TWENTIETH AFFIRMATIVE DEFENSE**

These answering defendants allege that these defendants are immune from liability for damages related to the facts alleged in the Complaint to the extent that the alleged damages resulted from weather conditions, or other acts of God or nature, or other conditions over which these answering defendants had no control.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

These answering defendants allege that these defendants are immune from liability pursuant to California Government Code § 830.2 for damages related to the facts alleged in the Complaint, in that no

substantial risk of injury was created by the condition of the property, and the risk created by the condition was of such a minor, trivial or insignificant risk in view of the surrounding circumstances that a substantial risk of injury was not created.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

These answering defendants allege that pursuant to applicable statutory immunities and provisions, including but not limited to section 3482 of the California Civil Code, and California Government Code sections 815, 815.2, 815.6, 818, 818.2, 818.4, 818.6, 818.8, 820, 820.2, 820.4, 820.6, 820.8, 821, 821.2, 821.4, 830.2, 830.6, 831, 831.2, 831.4, 831.8, 835, 835.2, 835.4, 840, 840.2, 840.4, and 840.6, these answering defendants are not liable for any of the damages alleged in the complaint.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

These answering defendants allege that the plaintiffs themselves were careless, negligent and at fault in and about the matters complained of, and that such carelessness, negligence and fault proximately and concurrently caused the alleged damages sustained by plaintiffs. Under principles of comparative fault, the plaintiffs must bear sole or partial responsibility for their alleged injuries, damages or other alleged loss, if any, using a percentage allocation of the plaintiffs' fault or negligence.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

These answering defendants allege that plaintiffs have failed to state a claim for punitive damages against these answering defendants.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

These answering defendants allege that Plaintiffs' complaint is barred by the doctrine of laches.

**PRAYER**

**WHEREFORE**, these answering defendants pray that plaintiffs takes nothing by reason of the instant complaint; that these answering defendants be dismissed from this action; that these answering defendants be awarded its costs of suit incurred in this action; and for such other and further relief as the court may deem just and proper in this action.

Dated: 9/12/07

Respectfully submitted,

MICHAEL P. MURPHY, COUNTY COUNSEL

By: [signature]
V. Raymond Swope III, Deputy

Attorneys for Defendants
NEIL CULLEN, BRIAN LEE, and DAVID WEIDNER

**DEMAND FOR JURY TRIAL**

These answering defendants hereby demand trial by jury.

Dated: 9/12/07

Respectfully submitted,

MICHAEL P. MURPHY, COUNTY COUNSEL

By: [signature]
V. Raymond Swope III, Deputy

Attorneys for Defendants
NEIL CULLEN, BRIAN LEE, and DAVID WEIDNER

L:\LITIGATE\T_CASES\Toschi\Pleadings\Ans to Complaint Cullen Lee Weidner.doc