MICHAEL P. MURPHY, COUNTY COUNSEL (SBN 83887)
By: V. Raymond Swope III, Deputy (SBN 135909)
Hall of Justice and Records
400 County Center, 6th Floor
Redwood City, CA 94063
Telephone: (650) 363-4759
Facsimile: (650) 363-4034
E-mail: rswope@co.sanmateo.ca.us

Attorneys for Defendants
COUNTY OF SAN MATEO, NEIL CULLEN,
BRIAN LEE, and DAVID WEIDNER


J. Michael Fitzsimmons (SBN 132343)
Lisa Jeong Cummins (SBN 118087)
CAMPBELL, WARBURTON, FITZSIMMONS,
    SMITH, MENDELL & PASTORE
64 West Santa Clara Street
San Jose, California 95113-1806
Telephone: (408)295-7701
Facsimile: (408)295-1423
E-mail: jfitzsimmons@campbellwarburton.com
E-mail: lcummins@campbellwarburton.com

Attorneys for Defendants
DON DALLIMONTI and RHONDA DALLIMONTI

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL TOSCHI, AND TRACY TOSCHI<br><br>        Plaintiffs,<br><br>        vs.<br><br>COUNTY OF SAN MATEO, DON DALLIMONTI, RHONDA DALLIMONTI, NEIL CULLEN, BRIAN LEE, DAVID WEIDNER, and DOES ONE through FIFTY, inclusive<br><br>        Defendants. | Case No. C-07-3625 MMC<br><br>**JOINT DEFENSE CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>[CIVIL L.R. 16-9] |

Pursuant to Civil L.R. 16.9, and the Standing Order for all judges of the Northern District of California, dated March 1, 2007, the Defendants in the above captioned action, through their respective

counsel of record, hereby provide the court with the following Joint Defense Case Management Statement, and respectfully request that the court adopt it as the Case Management Order for this matter.

Despite reasonable efforts, Defendants were unable to obtain the concurrence of Plaintiffs with respect to the contents of this Statement.  An October 19, 2007 email from Plaintiffs' counsel John H. Scott described why he could not join in the proposed contents of the Case Management Conference Statement.[1]

**Joint Defense Case Management Conference Statement**

1.  Jurisdiction and Service

This case is before this court pursuant to allegations of violations of civil rights pursuant to 42 U.S.C.§1983.  Plaintiffs have served all named parties in the action.

---

[1]  Quoted verbatim:

```
>>> "John H. Scott" <john@scottlawfirm.net> 10/19/2007 4:39 PM >>>
Raymond,

I was hoping to get something from you yesterday or first thing this morning. I just
got back to my office from a court appearance.  I don't see any way we are going to
be able to agree on a "joint" statement of the facts today, if ever.  I appreciate
that as an advocate you have drafted the facts from your clients' point of view, but
I can not "sign-on" as this being a joint or "agreed" stratement of the facts.  I
think you could call it Defendants' view of the facts. We can agree to disagree
about the facts and legal issues.

I propose that you go ahead and file this as your "seperate" statement. Mr.
Gearinger and I will try to get something filed early next week that puts forth our
view of the "facts" and the legal issues we believe are raised by the complaint.  I
will be in Riverside on Monday, but Mr. Gearinger should be available to consult or
confer with.

I did not agree to suspend discovery unless we went promptly to mediation. I also
informed you that we plan on filing a motion for a preliminary injunction in the
near future - possibly as early as next week.  I also informed you that we would
like a trial date in October or early Novmember 2008 - to get the case tried before
another rainy season.

Sincerely,

John Scott
```

2.   Facts

This matter is a civil rights action for alleged conspiracy to retaliate, deprivation of liberty and a claim for inverse condemnation arising from a neighborhood dispute over the construction of a drainage berm by plaintiffs, and the removal of the berm by the San Mateo County Department of Public Works.

Plaintiffs previously complained of an alleged damaged drainage swale adjacent to the rear of plaintiffs' property. This damaged swale allegedly "re-directed storm water runoff, causing severe erosion" to plaintiffs' property, and the alleged loss of a tree. On or about June 30, 2006, Plaintiffs Michael and Tracy Toschi constructed a large dirt and concrete berm on the north side of Park Road along the Toschi property, allegedly intended to prevent soil erosion from rainfall runoff. The berm was constructed by plaintiffs without a permit. Thereafter, defendants Rhonda and Don Dallimonti claimed that the berm, constructed within a county right-of-way, across the street from the Dallimonti residence, interfered with the ingress to, and egress from, their driveway. Defendant County of San Mateo, through the Department of Public Works, posted a Notice to Remove Encroachment on plaintiffs' property on July 15, 2006. Nevertheless, the berm remained in place.

On August 23, 2006, the San Mateo County Department of Public Works ("DPW") issued an encroachment permit to plaintiffs for the removal of a dead and fallen oak tree, filling of the hole from where the tree was removed, removal of the soil and concrete berm, and planting of bushes. The permit expired September 24, 2006. On or about September 24, 2006, plaintiffs began planting bushes on top of the existing dirt berm. Defendant Rhonda Dallimonti called the Sheriff's Office, informing them of her belief that the bushes were being planted in a non-permitted location. Defendant Deputy Weidner responded to the scene and asked plaintiff Michael Toschi to produce a copy of the permit. Plaintiff stated that he indeed had a permit and that it was in his home.

When Mr. Toschi was unable to find the permit at his house, he advised Deputy Weidner that it must be in his San Carlos office, and also that he was running late for a wedding. He asked Deputy Weidner to drive him to his San Carlos office, stated that his wife would meet them at the office, and that he would depart to the wedding from his office. Upon arrival at the office in San Carlos, plaintiff Michael Toschi and defendant Deputy Weidner met plaintiff Mrs. Toschi. Mr. Toschi located the permit, which had expired on September 15, 2006. When Deputy Weidner asked why plaintiff Toschi was

1  working on an expired permit, plaintiff advised him that Lisa A. Ekers, County Road Operations

2  Manager, provided a verbal extension.  Lisa Ekers denies that any such extension was ever given.  In a

3  letter dated October 9. 2006, plaintiff Michael Toschi declared that he "removed the berm and concrete

4  pieces, as well as planted the English Laurel shrubs accurately as stated in the permit . . . ."  Defendants

5  dispute this representation.

6      On September 27, 2006, plaintiffs served both Dallimontis with "Notice of Hearing and

7  Temporary Restraining Order.  Hearing was set for October 24, 2006, which resulted in the modified

8  temporary order being continued pending the results of a Sheriff's Department Internal Affairs

9  investigation regarding the Toschis' complaints against Don Dallimonti.  A hearing for final disposition

10  of the Toschis' request for a restraining order was held on February 6, 2007.  The parties were ordered to

11  keep their distance from each other.

12      On October 24, 2006, a Notice to Remove Encroachment dated October 20, 2006 was served on

13  plaintiffs, which required the removal of the concrete and dirt berm and plantings from the county right-

14  of-way.  The notice stated that the concrete and dirt berm was placed "without permit; and landscaping

15  planted after expiration of the permit and planted beyond the limits allowed by the permit."

16      The Notice to Remove Encroachment also advised plaintiffs that the County would pursue the

17  recovery of all costs associated with the removal of the encroaching berm, and penalties of $350.00 each

18  day the encroachment remained in place.

19      On December 4, 2006, the County Department of Public Works removed the plants and the soil

20  and concrete berm from the public right-of-way adjacent to Plaintiffs' parcel, backfilled the planting

21  holes, and placed asphalt concrete pavement in the drainage swale.  The County advised that the drainage

22  swale would not eliminate the storm water runoff on plaintiffs' property, and further state that the runoff

23  would likely continue its historic drainage pattern.  Removal costs and penalties against plaintiffs totaled

24  $15,853.24, including 40 days at $350.00 per day.  Plaintiff disagreed with these facts.  Plaintiffs allege

25  that they are compelled to protect their property against further erosion damage and, as such, have filed

26  the instant action.

27  3.    <u>Legal Issues</u>

28      a.    Whether Plaintiffs have the legal right to alter a natural watercourse.

    b.    Whether Plaintiffs have the legal right to alter/redirect natural drainage patterns.

    c.    Whether Plaintiffs have the legal right to alter/redirect natural drainage patterns on a county right-of-way.

    d.    Plaintiffs contend that defendant David Weidner conducted an unlawful detention, which defendant denies. Defendants County and Deputy Weidner claim alternatively that defendants are entitled to qualified immunity from suit.

    e.    Whether Defendants conspired to violate the civil rights of plaintiff pursuant to 42 U.S.C §1983.

    f.    Additional legal issues to be identified as discovery progresses.

4.    <u>Motions</u>

Defendants County of San Mateo, Neil Cullen, Brian Lee and David Weidner anticipate filing a Motion for Summary Judgment.

Defendants Don and Rhonda Dallimonti anticipate filing a Motion for Summary Judgment.

5.    <u>Amendment of Pleadings</u>

Not at this time.

6.    <u>Evidence Preservation</u>

Parties are making all efforts to preserve evidence.

7.    <u>Disclosures</u>

Timely as to the County defendants, including production of documents. Defendants Don and Rhonda Dallimonti intend to submit their disclosure before the date of the Case Management Conference. Plaintiffs served their initial disclosure on the County defendants on October 16, 2007, without producing the documents referenced therein. Plaintiffs have not yet served their initial disclosures on the Dallimonti defendants.

8.    <u>Discovery</u>

Defendants propose a limited discovery plan initially. Pursuant to the limited discovery, defendants will take each plaintiff's deposition, and plaintiffs will take each defendant's deposition. Each of the depositions will be a maximum seven hours in length, unless otherwise stipulated. Specifically, the following is proposed by Defendants:

  a. Initial disclosures will satisfy the essential facts necessary for further discovery planning and alternative dispute resolution.

  b. The parties will agree to suspend further discovery until the case is mediated.

  c. Defendants propose depositions of plaintiffs, defendants and percipient witnesses will be taken between February 2008 and January 2009.

  d. Defendants propose written discovery to be conducted between February 2008 and January 2009.

  e. Defendants propose expert discovery.

9. <u>Class Actions</u>

 Not Applicable.

10. <u>Related Cases</u>

 Not Applicable.

11. <u>Relief</u>

 Set forth in Plaintiffs' prayer contained in the Complaint. Defendants deny any claim that Plaintiffs are entitled to relief or damages of any kind.

12. <u>Settlement and ADR</u>

 Mediation has been discussed with all counsel, and the parties have agreed to an early mediation. Counsel are in the process of selecting a mediator and scheduling an early mediation date.

13. <u>Consent to Magistrate Judge for All Purposes</u>

 No, except for discovery matters.

14. <u>Other References</u>

 Not Applicable.

15. <u>Narrowing of Issues</u>

 Any narrowing of issues will be accomplished by the mediation, or through discovery, or by Motion for Summary Judgment.

16. <u>Expedited Schedule</u>

 No.

17. <u>Scheduling</u>

<u>Defendants</u> propose a jury trial date of March or April 2009. Defendants suggest the following proposed dates for:

    a. Expert disclosures and opinions shall be exchanged on or before January 5, 2009.

    b. Factual discovery cutoff shall be January 5, 2009.

    c. Expert discovery cutoff shall be March 2, 2009.

    d. The deadline for hearing dispositive motions on the merits of the action shall be February 6, 2009 at 9:00 a.m.

    e. The Joint Pretrial Statement shall be due February 27, 2009.

    f. The Pretrial Conference shall be set for March 9, 2009.

    g. The jury trial date shall be March 23, 2009.

    h. The parties are to have a settlement conference with a magistrate judge prior to the pretrial conference.

18. <u>Trial</u>

Estimated 10 day Jury Trial.

19. <u>Disclosures of Non-party Interested Entities or Persons</u>

All defendants to whom Civil L.R. 3-16 applies will file their Certification of Interested Entities or Persons prior to the Case Management Conference. Rule 3-16 does not apply to defendant County of San Mateo.

20. <u>Such Other Matters as May Facilitate the Just, Speedy and Inexpensive Disposition of this Matter.</u>

None at this time.

Dated:                                    Respectfully submitted,

                                          MICHAEL P. MURPHY, COUNTY COUNSEL


                                          By:_____/s/_____
                                                V. Raymond Swope III, Deputy
                                          Attorneys for Defendants
                                          COUNTY OF SAN MATEO, NEIL CULLEN,
                                          BRIAN LEE, and DAVID WEIDNER


Dated:                                    CAMPBELL, WARBURTON, FITZSIMMONS,
                                               SMITH, MENDELL & PASTORE


                                          By:_____/s/_____
                                             ___  Lisa Jeong  Cummins
                                          _____
                                          Attorneys for Defendants
                                          DON DALLIMONTI and RHONDA
                                          DALLIMONTI


PURSUANT TO GENERAL ORDER 45,

   I, Lisa Jeong Cummins, the ECF User transmitting and filing this **JOINT DEFENSE CASE MANAGEMENT CONFERENCE STATEMENT**, attest that I have obtained the concurrence of V. Raymond Swope III on this filing.  I declare the foregoing under the penalty of perjury.

DATED: October 19, 2007                   CAMPBELL, WARBURTON, FITZSIMMONS,
                                               SMITH, MENDELL & PASTORE


                                          By:_____/s/_____
                                               Lisa Jeong Cummins
                                          Attorneys for Defendants
                                          DON DALLIMONTI and RHONDA DALLIMONTI