**SCOTT LAW FIRM**

1375 Sutter Street, Suite 222
SAN FRANCISCO, CALIFORNIA
94109-7837
(415) 561-9601

JOHN HOUSTON SCOTT (State Bar #72578)
LIZABETH N. de VRIES (State Bar #227215)

**MOSLEY & GEARINGER LLP**

825 VAN NESS AVENUE, 4TH FLOOR
SAN FRANCISCO, CALIFORNIA
94109-7837
(415) 440-3102

MARK L. MOSLEY (State Bar #136449)
BRIAN GEARINGER (State Bar #146125)
STEPHEN F. HENRY (State Bar #142336)

Attorneys for Plaintiff MICHAEL TOSCHI and TRACY TOSCHI

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| MICHAEL TOSCHI, and TRACY TOSCHI,<br><br>Plaintiffs,<br><br>vs.<br><br>COUNTY OF SAN MATEO, DON DALLIMONTI, RHONDA DALLIMONTI, NEIL CULLEN, BRIAN LEE, DAVID WEIDNER, and DOES ONE through FIFTY, inclusive,<br><br>Defendants. | Case No. C-07-3625 MMC<br><br>**DECLARATION OF JOHN H. SCOTT IN SUPPORT OF PLAINTIFFS' CASE MANAGEMENT CONFERENCE STATEMENT [Civ. L.R. 16-9]**<br><br>Date:   October 26, 2007<br>Time:  10:30 a.m.<br>Place:  Courtroom 7 |
|---|---|

I, John Houston Scott, declare as follows:

1. I am one of the attorneys for the plaintiffs herein, and I make this declaration in support of Plaintiffs' Case Management Conference Statement.

DECLARATION OF JOHN H. SCOTT           1

2. On the week of October 1, 2007, I attempted to contact defendants' counsel, V. Raymond Swope, III, to meet and confer for purposes of preparing a Case Management Conference Statement. I was informed that he was out of the office and would be returning the following week. We traded phone messages during the week of October 8, 2007 and finally met and conferred regarding preparation of a Joint Case Management Conference Statement on Friday, October 12, 2007. That phone conversation lasted well over a half-hour. We discussed the entire list of issues to be addressed in a Joint Case Management Conference Statement. At the end of that conversation Mr. Swope agreed to coordinate with Mr. Dallimonti's attorneys to get their input. He also agreed to prepare an initial draft of a Joint Case Management Conference Statement for my review by the middle of the following week.

3. During that October 12th phone conversation I told Mr. Swope that he should attempt to complete the "facts" and "issues" part of the statement in a neutral fashion. He told me that he would. He also told me that he would try to get something to me by the middle of the following week so that I would have opportunity to review the document and make any necessary changes or modifications before the filing deadline of Friday, October 19, 2007.

4. I had not received a draft of a Joint Case Management Conference Statement from Mr. Swope as of Thursday afternoon, October 18, 2007. I called him at that time to inquire regarding the delay. He informed me that he was "working on it" and would have something to me by the following morning.

5. I did not receive a draft of a Joint Case Management Conference Statement from Mr. Swope during the morning of Friday, October 19, 2007. I had a court appearance that afternoon before the Honorable Jeffrey White and I did not return to my office until approximately 3:00 p.m. When I returned to my office that afternoon I discovered that Mr. Swope had forwarded a proposed Joint Case Management Conference Statement for my review and approval. Mr. Swope had prepared a lengthy statement of facts that was one-sided and which characterized the "Facts" in a way that was **not** neutral. Rather, his statement of facts was a disputed version of the facts in a light favorable to the defendants. I also reviewed his characterization of the "Legal Issues" in this case. Again, this characterization of the issues was not accurate or neutral. Rather, it was one-sided in favor of the defendants. There was not sufficient time for me to try to reach an agreement regarding a more neutral and balanced statement of the facts and issues in this case. I also had a family commitment that required me to leave the office by 5:00 p.m. that afternoon. For that reason, I told Mr. Swope that he should go ahead and file his Case Management Conference Statement on his own.

6. As a result of my reliance on Mr. Swope's representation to me that he would provide me with a "neutral" statement of the facts by mid-week I did not spend time during the week of October 15th preparing a Joint Case Management Conference Statement. I do not know why Mr. Swope waited until the last minute to provide me with a draft that obviously would not be acceptable to plaintiffs based on the allegations in the Complaint and our conversation of October 12, 2007.

DECLARATION OF JOHN H. SCOTT                     3

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed this 23rd day of October, 2007, at San Francisco, California.

/s/
John Houston Scott