1

**SCOTT LAW FIRM**

2

1375 Sutter Street, Suite 222
SAN FRANCISCO, CALIFORNIA
94109-7837
(415) 561-9601

3

4

JOHN HOUSTON SCOTT (State Bar #72578)

5

LIZABETH N. de VRIES (State Bar #227215)

6

**MOSLEY & GEARINGER LLP**

7

825 VAN NESS AVENUE, 4TH FLOOR
SAN FRANCISCO, CALIFORNIA
94109-7837
(415) 440-3102

8

9

MARK L. MOSLEY (State Bar #136449)

10

BRIAN GEARINGER (State Bar #146125)
STEPHEN F. HENRY (State Bar #142336)

11

12

Attorneys for Plaintiff MICHAEL TOSCHI and TRACY TOSCHI

13

UNITED STATES DISTRICT COURT

14

NORTHERN DISTRICT OF CALIFORNIA

15

| | |
|---|---|
| MICHAEL TOSCHI, and TRACY TOSCHI, | Case No. C 07-3625 MMC |
| Plaintiffs, | **DECLARATION OF MICHAEL TOSCHI IN SUPPORT OF PLAINTIFFS' MOTION FOR INJUNCTIVE RELIEF** |
| vs. | |
| COUNTY OF SAN MATEO, DON DALLIMONTI, RHONDA DALLIMONTI, NEIL CULLEN, BRIAN LEE, DAVID WEIDNER, and DOES ONE through FIFTY, inclusive, | **Date: January 4, 2008**<br>**Time: 9:00 a.m.**<br>**Place: Courtroom 7, 19th Floor** |
| Defendants. | |

16

17

18

19

20

21

22

23

24

25

I, MICHAEL TOSCHI, have personal knowledge of the following and, if so called up,

26

would and could competently testify as to the following:

27

28

1.    My wife and I reside at 2511 Park Road, Redwood City, California. I purchased this property and have lived at this address since 1991. We live in an unincorporated area of Redwood City that is within the jurisdiction of the County Sheriff's Office and the County Department of Public Works ("DPW"). Our property has a steep hill that is wooded and includes several mature heritage oak trees. The County maintains Park Road that runs next to our property. Historically, the County maintained Park Road to prevent rainwater from accumulating and draining on to the upper portion of our property.

2.    Don Dallimonti and Rhonda Dallimonti are our neighbors. Don Dallimonti and Rhonda Dallimonti often drove their vehicles onto our property when entering and exiting the driveway of their residence. The driving of vehicles by Don Dallimonti and Rhonda Dallimonti damaged our property by causing subsidence and altering adversely the pattern of storm drainage from Park Road onto our property, causing substantial erosion.

3.    During the spring of 2004, we hired gardeners to repair the damaged property adjacent to Park Road. We intended that the repairs would prevent further erosion on our property, stabilize the soil and protect the heritage oak trees on the property.

4.    As the repair work was underway, Don Dallimonti confronted the gardeners we hired and threatened them with arrest and/or immigration investigation and deportation if they did not stop working.

5.    During the spring of 2006, as a result of erosion and subsidence problems on our property emanating from Park Road, a large heritage oak tree on our property fell, damaging the property of two of our neighbors, tearing down utility lines, and blocking vehicular traffic on Park Road.

6.    In July 2006, I met with Mark Marelich, a county employee, to discuss creating a berm adjacent to Park Road and on our property as a remedy to the erosion caused by the water run-off from Park Road onto our property. Don Dallimonti interrupted this meeting and demanded that I not create a berm on the property to prevent further erosion. In July 2006 (soon after Don Dallimonti interrupted the meeting between Mark Marelich and I), the County of San Mateo sent a notice to us demanding that we remove the berm on our property.

7.    On or about August 10, 2006, I met with Lisa Ekers, the Road Operations Manager of the County Department of Public Works ("DPW"), to discuss a remedy for the erosion. Lisa Ekers and I agreed on a proposed plan to construct a rainwater run-off swale to prevent further erosion.

8.    I also agreed to submit a permit application to remove the berm, repair erosion, remove a fallen oak tree, and install new plantings. On August 27, 2006, the County issued us an "Encroachment Permit" dated August 23, 2006 that was valid through September 15, 2006 for our erosion remediation plans. A true and correct copy of the Encroachment Permit is attached here to as **Exhibit A**.

9.    Beginning on September 5, 2006, my wife and I started to do the work of removing the berm, removing the fallen tree and other work identified in the County's August 23, 2006 Encroachment Permit. We, however, did not complete this work by September 15, 2006 due to interruption because of threats from Don Dallimonti.

10.    On September 26, 2006, Neil Cullen, Director of the DPW, wrote a letter directing me to remove the plants and the berm for allegedly being done in violation of the Encroachment Permit. A true and correct copy of the September 26, 2006 letter is attached hereto as **Exhibit B**. I responded to Defendant Cullen by letter on September 29, 2006 in which addressed Defendant Cullen's allegations and explained my efforts to prevent future

erosion to the property. A true and correct copy of the September 29, 2006 letter is attached hereto as **Exhibit C**.

11.    On October 20, 2006, Neil Cullen sent a Notice to Remove Encroachment to our home. A true and correct copy of the Notice is attached hereto as **Exhibit D**. The Notice to Remove Encroachment directed me to remove the berm and plantings that remain in the "right-of-way" on our property because the Encroachment Permit, which the County issued on August 23, 2006, had expired on September 15, 2006.

12.    On November 6, 2006, I met with Lisa Ekers to discuss our attempt to perform work on our property in accordance with the Encroachment Permit. After inspecting our property, Lisa Ekers informed me that it appeared that I had complied with the requirements of the Encroachment Permit. Specifically, Lisa Ekers observed that I had removed the berm and planted the English Laurel shrubs as approved by the Encroachment Permit. Lisa Ekers also stated that the County would repair the swale along the edge of Park Road adjacent to our property to prevent water run-off and further erosion.

13.    I confirmed the November 6th meeting with Lisa Ekers in my November 9, 2006 letter to Neil Cullen. I enclosed with my November 10, 2006 letter the October 30, 2006 report of Bruce Matheson, P.E., President of Foundation Technologies, Inc. Mr. Matheson concluded in his report:

> It is our opinion, based on our visual observations, that it would be imprudent to remove the swale and berm constructed by you, unless the County is prepared to construct a more permanent asphalt or concrete lined swale. Removal of the existing could, and probably would, create further instability on the upper slope of your property. This could result in undercutting of the roadbed, the loss of more Heritage oak trees, as well as landsliding on your property, and present a serious safety hazard to you and your neighbor.

True and correct copies of the November 9, 2006 letter and enclosed October 30, 2006 report of Mr. Matheson are attached as **Exhibit E**.

14.    On November 15, 2006, Neil Cullen sent a letter to me claiming that I had not complied with the conditions of the County permit and that the "Notice to Remove Encroachment" remains in effect. A true and correct copy of Neil Cullen's November 15, 2006 letter is attached as **Exhibit F**.

15.    On or about December 7, 2006, employees of the County entered onto our property and among other things:  (1) removed all 12 of the English Laurel shrubs that we planted pursuant to the Encroachment Permit; (2) cut trees and greenery (which exposed our home to viewing from the home of Don Dallimonti and Rhonda Dallimonti) on our property; and (3) constructed and paved a crude asphalt swale along our property line along Park Road, intentionally designed to direct water run-off from Park Road onto our property rather than continuing down Park Road to a County catch basin.  Swale construction was significantly poorer in quality, compared to similar swales along neighborhood streets.

16.    On several occasions since December 7, 2006, we placed sandbags on our property to divert water run-off away from the property.  On each occasion that we placed sandbags on our property, employees of the County removed the sand bags, apparently after Don and/or Rhonda Dallimonti called the County.

17.    On December 16, 2006, we called the DPW and requested that it not remove sandbags we placed near the asphalt swale recently constructed by the County.  County employee Steve Ballisteri told me that he had been instructed not to respond to emergency calls at our property due to "some lawsuit."

18.    On December 13, 2006, our engineer Bruce Matheson did a second site inspection of our property.  In a report dated December 14, 2006, Mr. Matheson concluded: "It is our opinion, based on our most recent observations, that the newly installed asphalt swale is incomplete and should be extended to the property line to eliminate the gap.  If this is not

done, it could result in undercutting of the roadbed, the loss of more heritage oak trees, as well as landsliding on your property, and present a serious safety hazard to you and your neighbor."

19.    On December 19, 2006, I sent another letter to Neil Cullen in which I expressed my concern about the hazard "that is potentially life threatening to our neighbor" created by the recently constructed swale. We enclosed with the December 19, 2006 letter a copy of Mr. Matheson's December 14, 2006 report. True and correct copies of the December 19, 2006 letter and enclosed December 14, 2006 report of Mr. Matheson are attached as **Exhibit G**.

20.    On December 29, 2006, Neil Cullen wrote a letter to me in which he stated in pertinent part: "[T]he recent paving of the drainage swale was not intended to and will not eliminate the issue of storm water runoff on your property, and the runoff is likely to continue its historic pattern of draining onto your property." Neil Cullen stated that the County continues to "maintain the drainage paths as they existed prior to the encroachments" and that we must apply for and receive a permit prior to performing any further work intended to remedy the hazardous condition on our property. A true and correct copy of Neil Cullen's December 29, 2006 letter is attached as **Exhibit H**.

21.    On January 8, 2007, I wrote a letter to Neil Cullen in which I stated in pertinent part: "I have owned the home at 2511 Park Road since 1991. Since then, including periods of historically heavy rainfall, runoff has never drained onto my property in the manner characterized in your letter. Several of my neighbors will attest to this fact ...." A true and correct copy of the January 8, 2007 letter is attached as **Exhibit I**.

22.    On February 1, 2007, Brian Lee, Acting Director of the DPW, replacing retired Neil Cullen, responded to my January 8, 2007 letter in which I stated in pertinent part: "The placement of berms along the roadway, sandbags in the drainage swale, or any other measures or devices that may result in diverting storm water runoff into the public right-of-way or onto

1  any private properties downhill from you is not allowed without first performing a drainage

2  analysis and obtaining an encroachment permit." A true and correct copy of the February 1,

3  2007 letter is attached as **Exhibit J**.

4        23.    I recently had an arborist inspect the trees on my property. I am particularly

5  concerned about three large Oak trees because another large Oak tree on my property fell in

6  the Spring of 2006 because of erosion and subsidence problems. A true and correct copy of

7  the letter I received from Henry Kramer, Certified Arborist, dated October 18, 2007, is

8  attached hereto as **Exhibit K**.

9        24.    I have taken photographs of the area before and after the County removed 12

10  English Laurel shrubs, cut trees and greenery, and constructed and paved a crude asphalt swale

11  along our property line directing run-off onto our property instead of continuing down Park

12  Road to a catch basin. True and correct copies of photographs I took depicting this area before

13  and after the County removed my plants and constructed a swale are attached hereto as

14  **Exhibits L** and **M** respectively. A visual inspection of the site would give a much better

15  appreciation and understanding of how the County has intentionally redirected and diverted

16  water onto our property.

17        25.    Our property is still in a dangerous condition as a result of the defendants' acts

18  and omissions. If this condition is not immediately remedied, it is likely that irreparable harm

19  will occur to our property and to our neighbors'. The legal remedy for damages is inadequate

20  and this condition, if not remedied, will foreseeably cause irreparable harm to me and our

21  neighbors' property as well as threaten lives.

1    I declare under penalty of perjury under the laws of the State of California that the

2    foregoing is true and correct and that this declaration was executed on November 23, 2007 at

3    Redwood City, California.

4

5                                                    Michael Toschi

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A



Road Operations - Permits
455 County Center, 2/Fl.
Redwood City, CA 94063
(650) 363-1822

NEIL R. CULLEN
Director of Public Works

**FOR OFFICE USE ONLY**

Date Completed: _____

By: _____

# ENCROACHMENT PERMIT

__Michael Toschi__
Permittee Name

__2511 Park Road__
Address

__Redwood City, CA 94062__
City, State Zip

__(650) 367-9025__
Area Code & Phone No.

__08-23-06__
Date

As requested by the above addressee, hereinafter known as the "**PERMITTEE**," the County of San Mateo, hereinafter known as the County, HEREBY GRANTS AN **ENCROACHMENT PERMIT** TO:

**Project Description**:   __Remove soil and concrete material bermed at top of slope to location outside the road right of way; remove dead and fallen oak tree at property line; fill hole resulting from tree removal with native soil; plant creeping daisy and English laurel behind line of existing trees as shown on attached drawing. Notify Inspector prior to starting work.__

**Project Location**:   __2511 Park Road, Redwood City, CA__

The work authorized by this **Permit**, hereinafter known as the "**ENCROACHMENT**," shall be subject to all the terms, conditions, and restrictions set forth herein. This permit consists of the **Special Provisions** attached and made a part hereof and the Drawings referenced above. The project, as specifically described, is to be strictly construed and no other activity shall be permitted. **Notify County Road Inspector 48 hrs prior to starting work**.

The Permittee and/or his contractor shall indemnify and save harmless the **County**, its officers, agents, employees and servants from all claims, suits or actions of every name, kind and description, brought for, or on account of, injuries to or death of any person or damage to property of any kind whatsoever and to whomever belonging, including but not limited to the concurrent active or passive negligence of the County, officers, agents, or employees and servants, resulting from the performance of any work authorized or required by this Permit of Permittee and/or his contractor, their officers, agents, employees and/or servants, provided that this shall not apply to injuries or damage for which County has been found in a court of competent jurisdiction to be solely liable by reason of its own negligence or willful misconduct.

The duty of Permittee to indemnify and save harmless as set forth herein, shall include the duty to defend as set forth in Section 2778 of the California Civil Code.

A SURETY DEPOSIT OF $ -0-_____ or INSPECTION DEPOSIT OF $  -0-  , and INSURANCE for P/L of $ Legal Min. and P/D of $ Legal Min. IS A CONDITION OF THIS PERMIT.

THIS PERMIT IS VALID FOR THE PERIOD    8-24-2006 _____ to ____ 9-15-2006 _____

"USA" Inquiry (Applicant Complete):

Neil R. Cullen
Director of Public Works

_____    _____
Date              Number

Lisa A. Ekers
Road Operations Manager

Encl:  Permittee Request/Sketch __Yes__          Special Provisions __Yes__

CONTACT ROAD DIVISION INSPECTOR 48 HRS, Mark Marelich at (650) 599-7273 TO SCHEDULE INSPECTION

EXHIBIT B

**Department of Public Works**



BOARD OF SUPERVISORS
MARK CHURCH
RICHARD S. GORDON
JERRY HILL
ROSE JACOBS GIBSON
ADRIENNE TISSIER

NEIL R. CULLEN
DIRECTOR

# COUNTY OF SAN MATEO

555 COUNTY CENTER, 5TH FLOOR · REDWOOD CITY · CALIFORNIA 94063-1665 · PHONE (650) 363-4100 · FAX (650) 361-8220

September 26, 2006

Mr. Michael Toschi
2511 Park Road
Redwood City, CA 94062

Dear Mr. Toschi:

**Re:** *Final Notice Pending Action to Remove Non-Permitted Encroachment in the Public Right-of-Way –
2511 Park Road, Redwood City*

You received notices from this Department that the non-permitted berm placed in the public right-of-way adjacent to your property was to be removed by you no later than July 31, 2006. You subsequently agreed to remove the non-permitted encroachments no later than August 21, 2006, and this office issued an encroachment permit for that work along with removal of a dead tree and limited landscape planting behind (to the property side) of the berm. That permit expired on September 15, 2006.

Recently, we have become aware of planting on top of the berm, which is in violation of your permit. Pursuant to the applicable provisions of the California Streets and Highways Code, §1480 *et seq.*, please be advised that this Department intends to take action to enforce the conditions of the permit, which would involve the removal of the berm and any other non-permitted structures or materials inappropriately placed in the right-of-way.

Your parcel number has been flagged in the County's permit tracking software so that no future permits may be issued until the encroachment has been removed to this Department's satisfaction, and any costs associated with the removal have been reimbursed by you.

A Mr. Martenelli, who identified himself as your investigator, called the Department of Public Works on Monday, September 25, 2006, and stated that the planting of plants on the berm was an issue between you and an a property owner on the opposite side of the street, and that the Department should not become involved in this issue or we could be involved in a civil lawsuit. Mr. Martenelli's call is perceived as an attempt to intimidate our employees, which will not be tolerated.

Very truly yours,

Neil R. Cullen
Director of Public Works

RC:LAE:sdd
r:\USERS\ADMIN\P&S\PERMITS\2006\Toschi Final Notice Letter September 2006 DPB.doc
F:\users\LISAE\Roads\Encroachment\Park Road\Toschi Final Notice Letter September 2006.doc

cc:    David J. Clarke, P.E., Deputy Director, Road Services Division
       Lisa Ekers, P.E., Road Operations Manager, Maintenance Division

EXHIBIT C

VIA CERTIFIED MAIL

29, September, 2006

Neil R. Cullen
Director of Public Works
555 County Center 5th floor
Redwood City, CA 94063

Dear Director Cullen:

I am in receipt of your letter of 26, September, 2006 regarding my permit, the work I have done on my private property and your allegations that I am in violation of the conditions on which my permit was issued. I take offense at both the tone of your letter to me and the obvious circumstances upon which it was authored.

So that we can be clear as to the history leading up to my application for such a permit and my need to repair my property, I will remind you of the following chronology:

- I first contacted the County Department of Public Works in 2003 to advise of and request that the county repair the swale that abuts the rear of my property following damage to the swale. This swale allows rain and other water run-off to flow into a storm drain which was designed to trap run-off so that large volumes of water did not enter my property and create an erosion problem.

  Your department denied my repeated requests and notices to repair the damaged swale and eventually the problem worsened. As anticipated, due to the damage to the swale, water run-off from storms was re-directed onto my property causing an erosion problem.

- I notified your employee Mark Maralich on several occasions that the re-directed water run-off had worsened, causing serious erosion to my property and that the root system of my heritage oak trees was being damaged, causing a potential for my trees to be uprooted. However, even though it is the County's and your department's clear responsibility to repair and maintain the swale, roadway and all County fixtures on County or easement lands, your department continued to ignore my notices and requests.

- This Spring, one of the aforementioned heritage oak trees which had been damaged by water erosion directly caused by your department's custom and practice of inaction in repairing and maintaining the swale, was uprooted, fell and damaged my and my neighbor's properties.

- As a result of this damage and my concern for future damage, injuries and liability, I took action to mitigate any additional damage by restoring the terrain by removing the fallen tree and creating a small earthen berm to re-direct water run-off back to the County storm drain.

- Directly following my action to protect my property from further damage, my neighbor Don Dallimonte, who is a San Mateo County Sheriff's Department supervisor with apparent influence over your employees made a complaint to your department's supervisor Mark Maralich, who is a personal friend of Mr. Dallimonte and I was immediately served with a notice to remove the berm.

- It is important that you know that Mr. Dallimonte has complained to your department and the Sheriff's Department (who has no jurisdiction in these civil matters) because his private driveway is directly adjacent to and across the street from my property and the damaged swale. Mr. Dallimonte and his wife apparently find it too inconvenient to drive in and out of their driveway without driving up onto and over the County's swale and my property. It has been their trespass onto my property and the County's easement that has damaged the swale.

- During the past two years, I have repeatedly tried to repair the damage to my property and the berm adjacent to the County's swale without success. On each occasion I have been stopped by Mr. Dallimonte's protests, Supervisor. Maralich's directives and by the directives of your office. Yet, to date, your office has done <u>nothing</u> to repair or maintain the damage to the County's swale.

- Recently, I attempted to obtain a permit to repair and mitigate future erosion damage to my property by planting shrubs and small tress on my side of the County's easement, consistent with the visual historic line of demarcation between neighboring private properties and the County's easement. This line is indicated by the presence of neighboring fences, shrubs and landscaping. I initially spoke with your employee Stomo Imamura who advised me that the permit would not be any problem and to return the following day for the approved paperwork. However, my permit application was apparently intercepted and denied for unknown reasons by supervisor Maralich.

- Following the denial of my permit, I then met with you and later your employee Lisa Ekers. This meeting resulted in an approval of my permit allowing me to repair erosion damage , plant shrubbery and to remove the fallen oak tree. Ms. Ekers also agreed to repair the County's swale and I agreed to resolve the berm issue.

Your letter now threatens to hold me to the permit window which expired on 15, September. I have not completed my work and the direct reasons for this have been your department's unreasonable previous failures to respond in a timely manner to repair the County's swale, the additional erosion and tree damage your inactivity caused, your department's previous denials of my permit and the obvious conflict of interest of your supervisor Mark Maralich who has repeatedly obstructed my attempts to repair my property.

You, your department and employees, by your actions, have clearly established a custom and practice of inactivity, negligence, obstruction of my administrative remedies

*Letter to Director Cullen*
*S.MCO Dept. Works*

and most recently overt harassment as to constitute a deliberate indifference to the health and safety of my family and neighbors by exacerbating the damage to my property.

Your actions following my complaints and most recently the notice to you by my consultant that you and your employees cease and desist from any further conflict of interest in your relationship with county employee Don Dallimonte, and that your department's actions towards me be consistent with those you have historically had with other residents in my neighborhood, further demonstrate your deliberate indifference to my civil rights.

Your are on notice that I will not tolerate any civil actions on your department's part that would be inconsistent with the level of service, investigation, or enforcement actions your department has conducted with other neighbors in the Emerald Hills neighborhood.

Any further undue official contacts, obstructions, denials of reasonable permit applications, red-tagging of my personal property, or civil citations will be seen by me and perhaps the Court as harassment, in consideration of the complaints I have made with you and the San Mateo County Sheriff's Department.

At this time, I have consulted with counsel and am fully prepared to defend my civil rights and hold the County and its employees fully responsible for all injuries I have sustained and continue to sustain.

Sincerely,

Michael Toschi
2511 Park Road
Redwood City, CA 94062

cc. John Scott, Esq.
    Dr. Ron Martinelli
    Thomas F. Casey III, County Counsel
    Vicky O'Brian, Internal Affairs

*Letter to Director Cullen*
*SMCO Dept. Works*

EXHIBIT D

BOARD OF SUPERVISORS
MARK CHURCH
RICHARD S. GORDON
JERRY HILL
ROSE JACOBS GIBSON
ADRIENNE TISSIER

NEIL R. CULLEN
DIRECTOR



# COUNTY OF SAN MATEO

555 COUNTY CENTER, 5™ FLOOR • REDWOOD CITY • CALIFORNIA 94063-1665 • PHONE (650) 363-4100 • FAX (650) 361-8220

## NOTICE TO REMOVE ENCROACHMENT
### (California Streets & Highways Code §§ 1480 *et seq.*)

**************************

**To:**      Michael Toschi and Tracy Toschi, Trustees, Toschi Family Trust

**Address:**   2511 Park Road
Redwood City, CA 94062

Please take notice that you are required to remove the following encroachment from the County right-of-way within ten (10) days of service of this notice on you pursuant to Section 1485 of the State of California Streets and Highways Code. If you do not remove it, the County of San Mateo will remove it or cause it to be removed, and the County may pursue the recovery of all costs associated with the removal of said encroachment including penalties of $350 for each day the encroachment continues unremoved after the posting or service of this notice.

The encroachment consists of a concrete and dirt berm and plantings that remain in the right-of-way after the expiration of the encroachment permit for which you applied on August 13, 2006, and which permit was issued on August 15, 2006, and which expired on September 15, 2006.

The place of the encroachment is in the Public Right-of-Way along the southwesterly property line of Lots 3 and 4 of Emerald Lake Park No. 3, which, together with Lot 5 comprise Assessor's Parcel No. 057-163-200 and are commonly known as 2511 Park Road, Redwood City, California, said line bearing South 84 degrees 33 minutes East.

The breadth of the highway at such place of encroachment is forty feet (40').

The nature and extent of the encroachment are a soil and broken concrete berm approximately ninety feet (90') in length placed without permit; and landscaping planted after expiration of the permit and planted beyond the limits allowed by the permit.

Dated:      October 20, 2006

Signed:   _____

Neil R. Cullen
Director of Public Works/Ex-Officio County Road Commissioner

# EXHIBIT E

# FOUNDATION
## TECHNOLOGIES, INC.

October 30, 2006

Mr. Michael Toschi
2511 Park Road
Redwood City, CA 94062

**Fax:**

**Re: Inspection Report on Runoff from Park Road**
**2511 Park Road**
**San Mateo County, CA**

Dear Mr. Toschi:

As requested, we have made a visual inspection at the above referenced property in regards to reported water runoff from the street onto the upper section of your property. Our inspection was made on: Friday, October 27, at 3:30 pm. At that time, you walked us through your property and pointed out your concerns regarding this runoff from the street above, and the subsequent impact to your property.

At that time, we noted the following:

- Along the upslope side of your property, Park Road (the street) is severely crowned near its center such that runoff from the street is directed onto your property. It was apparent that originally, the street was pitched toward the inboard edge, or the side away from your property, as the existing drainage facilities are located on that side of the street. It appeared that through the years, the street has settled on the downslope side such that it no longer slopes inboard.

- There were obvious signs of distress and instability on the slope on your property below this section of the street. We noted active downslope creep as well as leaning Oak trees. You pointed out the stump of a large Oak which had fallen last winter.

- There were signs of erosion at the base of the slope, in your backyard. There was a sinkhole noted at this location. There were signs of significant runoff into the backyard area.

- To mitigate the problem of the runoff, you have recently constructed a shallow swale and berm along your side of the street. This prevents runoff onto your property and directs the flow to its previous destination further down the street where it discharges into an existing County maintained culvert.

- We understand that the County of San Mateo, Public Works Department, has requested that you remove this swale and berm in response to a complaint from the neighbor on the opposite side of the street.

# FOUNDATION
## TECHNOLOGIES, INC.

10/30/06
page 2

## DISCUSSION / CONCLUSION

It is our opinion, based on our visual observations, that it would be imprudent to remove the swale and berm constructed by you, unless the County is prepared to construct a more permanent asphalt or concrete lined swale. Removal of the existing could, and probably would, create further instability on the upper slope of your property. This could result in, undercutting of the roadbed, the loss of more heritage Oak trees, as well as landsliding on your property, and present a serious safety hazard to you and your neighbor.

## LIMITATIONS

Our services consist of professional opinion, conclusions, and recommendations, based on visual observations only. These are made in accordance with generally accepted engineering practice. THIS REPORT SHOULD NOT BE CONSTRUED AS A GUARANTEE FOR FUTURE PERFORMANCE, EITHER WRITTEN OR IMPLIED.

It has been a pleasure to be of service to you on this project. If you should have further questions regarding this report, please do not hesitate to call.

Very truly yours,
FOUNDATION TECHNOLOGIES, INC.
A California Corporation

Bruce Matheson, P.E.
President

VIA CERTIFIED MAIL

9, October, 2006

Neil R. Cullen
Director of Public Works
555 County Center 5th floor
Redwood City, CA 94063

Dear Director Cullen:

On Monday morning, 6 October, 2006 I met with Lisa Ekers from your department at my home to discuss our pending encroachment permit issue. Other than the final placement of two shrubs, I have complied with my obligation of our original agreement and requirements of the issued permit.

I have removed the berm and concrete pieces, as well as planted the English Laurel shrubs accurately as stated in the permit (See attached photographs). The final two shrubs will be placed after the completion of a fence repair which was damaged by the fallen heritage oak tree which I expect to complete in less than a week.

In addition to my obligations of our agreement, your department agreed to repair the swale along the road edge which extends along the length of both my property and my neighbors property. Please find attached an inspection report which confirms the looming safety hazards posed to my property, my neighbor's property and our family's which is caused by the lack of repair to the swale and road condition.

Please send me your current position regarding your NOTICE TO REMOVE ENCROACHMENT as well as upholding your commitment to complete the swale repair. The rainy season is upon us, and I look forward to your reply.

Sincerely,

Michael Toschi
2511 Park Road
Redwood City, CA 94062

(Domestic Mail Only; No Insurance Coverage Provided)

REDWOOD CITY, CA 94063

| Postage | $ | $4.05 |
| Certified Fee | | $2.40 |
| Return Receipt Fee (Endorsement Required) | | $0.00 |
| Restricted Delivery Fee (Endorsement Required) | | $0.00 |
| Total Postage & Fees | $ | $6.55 | 11/10/2006 |

Sent To

Street, Apt. No.;
or PO Box No.

City, State, ZIP+4

PS Form 3800, June 2002              See Reverse for Instructions

# EXHIBIT F

BOARD OF SUPERVISORS

MARK CHURCH
RICHARD S. GORDON
JERRY HILL
ROSE JACOBS GIBSON
ADRIENNE TISSIER

NEIL R. CULLEN
DIRECTOR



# COUNTY OF SAN MATEO

555 COUNTY CENTER, 5ᵀᴴ FLOOR • REDWOOD CITY • CALIFORNIA 94063-1665 • PHONE (650) 363-4100 • FAX (650) 361-8220

November 15, 2006

Mr. Michael Toschi
2511 Park Road
Redwood City, CA 94062

Dear Mr. Toschi:

**Re:**   *Removal of Non-Permitted Encroachment in the Public Right-of-Way –*
*2511 Park Road, Redwood City*

I extended the courtesy of having County staff meet with you after you received the "Notice to Remove Encroachment" and after you came to the office and stated that you had complied with the conditions of the encroachment permit that was issued to you. The permit requires that you "remove soil and concrete material bermed at top of slope to location outside the road right-of-way" and plant "English Laurel behind line of existing trees as shown on attached drawing." Your August 23rd and September 13th e-mails to Lisa Ekers stated that you would move the berm and locate the trees per the permit, but that the work might be delayed due to your travel schedule and the unavailability of your gardener.

Staff met with you on November 6, 2006, and reaffirmed that the soil and concrete material bermed at the top of the slope is still within the right-of-way, and that your recently planted English Laurel is not located behind the line of existing trees as shown on the drawing that was attached to your permit. You have not complied with the conditions of the encroachment permit and the items as listed in the "Notice to Remove Encroachment" are still in place. Therefore, the "Notice to Remove Encroachment" remains in effect.

Very truly yours,

Neil R. Cullen
Director of Public Works

NRC:sdd
F:\USERS\ADMIN\P&S\PERMITS\2006 Toschi Letter Nov 15.doc

# EXHIBIT G

TECHNOLOGIES, INC.

December 14, 2006

Mr. Michael Toschi
2511 Park Road
Redwood City, CA  94062

    **Fax:**

    **Re: Re-Inspection Report**
    **2511 Park Road**
    **San Mateo County, CA**

Dear Mr. Toschi:

As requested, we have re-inspected the runoff problem on Park Road, which runs along the upslope side of your residence. We had previously issued a letter report outlining our findings. Since that time, we understand that the County of San Mateo Public Works Department has made certain repairs to the road. We were asked to inspect these repairs and issue an opinion on their effectiveness.

Pursuant to that request, we visited the site on Wednesday, December 13. At that time, we noted the following:

- An asphalt swale has recently been constructed along the edge of the roadway, for approx. 40 ft. However, this swale ends approx. 5 ft. from the downslope property line and as a result, the collected water in the swale is now directly discharged onto your property and rear slope. Runoff does not flow to its previous destination further down the street where it could discharge into an existing County maintained culvert.

CONCLUSION

It is our opinion, based on our most recent observations, that the newly installed asphalt swale is incomplete and should be extended to the property line to eliminate the gap. If this is not done, it could result in undercutting of the roadbed, the loss of more heritage Oak trees, as well as landsliding on your property, and present a serious safety hazard to you and your neighbor.

LIMITATIONS

Our services consist of professional opinion, conclusions, and recommendations, based on visual observations only. These are made in accordance with generally accepted engineering practice. THIS REPORT SHOULD NOT BE CONSTRUED AS A GUARANTEE FOR FUTURE PERFORMANCE, EITHER WRITTEN OR IMPLIED.

# FOUNDATION
## TECHNOLOGIES, INC.

12/19/06
page 2

It has been a pleasure to be of service to you on this project. If you should have further questions regarding this report, please do not hesitate to call.

Very truly yours,
FOUNDATION TECHNOLOGIES, INC.
A California Corporation

Bruce Matheson, P.E.
President

# EXHIBIT H

**Department of Public Works**



**COUNTY OF SAN MATEO**

555 COUNTY CENTER, 5ᵀᴴ FLOOR · REDWOOD CITY · CALIFORNIA 94063-1665 · PHONE (650) 363-4100 · FAX (650) 361-8220

BOARD OF SUPERVISORS
MARK CHURCH
RICHARD S. GORDON
JERRY HILL
ROSE JACOBS GIBSON
ADRIENNE TISSIER

NEIL R. CULLEN
DIRECTOR

December 29, 2006

Mr. Michael Toschi
2511 Park Road
Redwood City, CA  94062

Dear Mr. Toschi:

*Re:*    *Removal of Non-Permitted Encroachment in the Public Right-of-Way – 2511 Park Road,*
         *Redwood City*

The encroachment permit that was issued to you on August 23, 2006, permitted your removal of a dead and fallen oak tree, filling of the hole resulting from removal of the tree, planting of creeping daisy and English laurel behind the line of existing trees, and required the removal of your non-permitted soil and concrete berm by September 15, 2006.  In applying for the permit, you agreed to comply with all of its terms and conditions. We agreed to pave the drainage swale that would serve to channel stormwater down Park Road to the location between your and your neighbor's property, where stormwater has historically been allowed to run down the slope to the creek that is located on your and your neighbor's property.  When you did not comply with the terms of the permit in a timely manner, we notified you that the County would remove the encroachments, including the English Laurel trees, if you did not have them removed.

Lisa Ekers met with you on November 6, 2006, and reaffirmed that the soil and concrete material bermed at the top of the slope was still within the right-of-way, and that your recently planted English Laurels were not located behind the line of existing trees as shown on the drawing that was attached to your permit. She did not offer any additional or alternative recommendations since you had not yet complied with the conditions of the encroachment permit and the items listed in the "Notice to Remove Encroachment" were still in place.  At no time did you comply with the conditions of the permit.

Therefore, per our notice to you, on December 4, 2006, the Department of Public Works removed twelve (12) plants and the soil and concrete berm from the public right-of-way adjacent to your parcel, backfilled the resulting planting holes, applied straw mulch to the area where the plants and berm were removed, and placed asphalt concrete pavement in the swale as we had previously indicated would be done. Staff then tested the swale by running water from the uphill end and confirmed that water ran in the swale and not over the edge, to the point where the swale had previously allowed water to run down the slope to the creek, in lieu of running in front of the adjoining properties to the intersection of Park Road and Woodland Way.  The opening is near the common property line between you and your neighbor's property.

The recent paving of the drainage swale was not intended to and will not eliminate the issue of stormwater runoff on your property, and the runoff is likely to continue its historic pattern of draining onto your property. Your recent letter received on December 22, 2006, included a brief report from your Civil Engineer recommending that the swale be continued past your property to discharge down to the culvert at the

Mr. Michael Toschi
Re:     *Removal of Non-Permitted Encroachment in the Public Right-of-Way –*
          *2511 Park Road, Redwood City*
December 29, 2006

Page 2

intersection of Woodland Way and Park Road. However, the Engineer did not provide any discussion of the potential impacts that this may have on the adjoining properties if the water is redirected, or any supporting calculations. You and your Engineer may want to evaluate different options that you, or you and your neighbors may want to pursue. We will, in the interim, maintain the drainage paths as they existed prior to the encroachments and the subsequent removal of the encroachments, that you had installed in the public right-of-way. You must apply for and receive an encroachment permit prior to performing any further work in the public right-of-way.

You asked about the involvement of Mr. Dallimonti in my conduct and the conduct of Public Work's staff. Mr. Dallimonti has not had any contact with me, or to my knowledge with any Public Works' staff, since I wrote to him on August 15, 2006, explaining that staff had met with you, and you had agreed to remove the encroachments by August 21, 2006. I previously sent you a copy of my letter to Mr. Dallimonti.

You also stated that Mr. Balestieri of Public Works had advised you that Public Works would not respond to an emergency related to your property. This mischaracterizes your conversation with Mr. Balestieri, in which you requested that he bring sand bags out to your property, and he advised you that Public Works does not provide that service. Mr. Balestieri did advise you that sand bags are available at our maintenance yard in Redwood City. However, we will remove sand bags that are placed inappropriately in the public right-of-way or if their lacement diverts the historic course of storm water that has not been approved through the encroachment permit process, which was the case in the recent removal of sandbags that were placed on the Park Road side of your property.

Very truly yours,

Neil R. Cullen
Director of Public Works

NRC:sdd
F:\USERS\ADMIN\P&S\PERMITS\2006\toschiREVcountycounseldec28afternoonfinaldec28versioin.doc
F-36 (P)

cc with enclosures:     Ms. Hannah Sowerwine, 603 Park Road, Redwood City, CA 94062
                        Ms. Grace Whipps, 607 Park Road, Redwood City, CA 94062
                        Mr. Bruce Matheson, Foundation Technologies, Inc.
                            P.O. 620401 Woodside, CA 94062

# EXHIBIT I

U.S. Postal Service
CERTIFIED MAIL RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com

REDWOOD CITY CA 94063

| Postage | $ | $0.39 | 0230 |
| Certified Fee | | $2.40 | 08 |
| Return Receipt Fee (Endorsement Required) | | $0.00 | |
| Restricted Delivery Fee (Endorsement Required) | | $0.00 | |
| Total Postage & Fees | $ | $2.79 | |

Sent To

Street, Apt. No.;
or PO Box No.

City, State, ZIP+4

PS Form 3800, June 2002          See Reverse for Instructions

VIA CERTIFIED MAIL

8 January 2007

Neil R. Cullen
Director of Public Works
555 County Center 5th floor
Redwood City, CA 94063

Dear Director Cullen:

Per your letter December 9, 2006, though we disagree with numerous factual claims in your letter, for the purpose of this letter, we are responding directly to paragraph four, sentence one of your above mentioned letter.

I have owned the home at 2511 Park Road since 1991. Since then, including periods of historically heavy rainfall, runoff has never drained onto my property in the manner characterized in your letter. Several of my neighbors will attest to this fact including Grace Whipps and Pam Schnur.

Please provide all information of any type which you relied upon in your determination of the so called historical pattern of drainage onto my property.

Sincerely,

Michael and Tracy Toschi
2511 Park Road
Redwood City, CA 94062

Cc:     Grace Whipps
        Pam Schnur

EXHIBIT J

**Department of Public Works**

BOARD OF SUPERVISORS
MARK CHURCH
RICHARD S. GORDON
JERRY HILL
ROSE JACOBS GIBSON
ADRIENNE TISSIER

NEIL R. CULLEN
DIRECTOR



# COUNTY OF SAN MATEO

555 COUNTY CENTER, 5ᵀᴴ FLOOR • REDWOOD CITY • CALIFORNIA 94063-1665 • PHONE (650) 363-4100 • FAX (650) 361-8220

February 1, 2007

Mr. Michael Toschi
2511 Park Road
Redwood City, CA 94062

Dear Mr. Toschi:

**Re:    *Non-Permitted Encroachment in the Public Right-of-Way – 2511 Park Road, Redwood City***

I am responding to your letter to Neil Cullen dated January 8, 2007. Mr. Cullen has retired from County service.

The historic path of runoff is from higher elevation to lower elevation, i.e. in the downhill direction. Your property is at a lower elevation than the roadside, and is thus downhill from the road. The road also slopes along its centerline so that the roadside is at a lower elevation adjacent to your neighbor's (Ms. Whipps') property than it is adjacent to your property.

As stated in Mr. Cullen's letter dated December 29, 2006, the paving of the existing drainage swale was performed at your request, and was not intended to and will not eliminate the issue of stormwater runoff onto your property. There was no grading or any alteration of the existing roadside topography performed by Department forces during the removal of your non-permitted encroachments or paving of the swale. The placement of berms along the roadway, sandbags in the drainage swale, or any other measures or devices that may result in diverting stormwater runoff into the public right-of-way or onto any private properties downhill from you is not allowed without first performing a drainage analysis and obtaining an encroachment permit.

You may wish to retain the services of a civil engineer to develop plans to address stormwater runoff or any erosion or stability problems you believe may exist on your property. You must apply for an encroachment permit prior to performing any work in the public right-of-way, and that work will only be permitted if it complies with County standards. A copy of the County's Drainage Guidelines is enclosed for your use.

Very truly yours,

Brian C. Lee
Acting Director of Public Works

BCL:LE:sdd
F:\users\admin\P&S PERMITS 2007 Toschi Letter BCL 012307.doc
F-36 (P)

cc    Ms. Grace Whipps, 607 Park Road, Redwood City, CA 94062

# EXHIBIT K

ARBORISTS  CONTRACTORS

1914 Spring St.  Redwood City, CA 94063
650 367-4900
www.econotree.com
fax 650 367-4901

October 18th, 2007

Michael Toschi
2511 Park Rd
Redwood City, CA 94062

Re:    Tree survey at 2511 Park Rd, Redwood City

Dear Mr. Toschi,

Thank you for the time today to walk the rear western slope.  It was easy to determine the critical nature of the three Oak trees.  The concern and the cause is the effect that the runoff has had on these trees stability.  The trees overhang neighboring homes, so therefore any compromise in the anchoring would endanger those houses.  A soils report revealed that there is sloughing of the hill, which is a direct result of the runoff.  Any such movement of the upper 24" of soil under the drip line of the trees would critically affect the trees integrity and stability in the ground.

Our suggestion is that further investigation be done by examining the root collar by method of "air spade excavation".  At that time, further evaluation maybe required.  The trees will then need to be removed or properly pruned.

As the trees appear presently, pruning is required to reduce excessive weight and sail. If the situation is deemed severe, one or all the trees may need to be removed.

Please contact us for any further elaborations.  All the above-mentioned work needs to preformed by a suitable tree service contractor.  Econo Tree Service may be contacted for this project.

Sincerely,

Henry Kramer
Certified Arborist, WE1559A
henryk@econotree.com



**Econo Tree Service inc**

www.econotree.com
**650 367 4900**
**1914 Spring St**
**Redwood City,CA 94063**
fax 650 367 4901

**Job Site:**

| | |
|---|---|
| Name: | Michael Toschi |
| Address: | 2511 Park Rd |
| Cross Street: | Lake Blvd |
| City, St., Zip: | Redwood City      CA |
| Phone-Home   Phone-Work   Phone-Fax | |
| 415-271-9025 | |

**Bill To:**

| | |
|---|---|
| Name: | Michael Toschi |
| Address: | 2511 Park Rd |
| | Redwood City      CA |
| Phone: | |

**Contracted Work:**

| Item | Tree Type | Qty. | Location | Work Catagory | Description |
|---|---|---|---|---|---|
| 1 | Oak | 3 | Right Rear | Tech Work | excavate root collars for evaluation |
| | | | | | treatment if needed @$90/man hour |
| 2 | Oak | 3 | Right Rear | Pruning | clean crowns, raise by branch removal, reduce wieght |
| | | | | | |
| | | | | | |
| | | | | | arbor visit, $180;  arbor letter $240 |
| | | | | | |
| | | | | | |

**Clean Up:**
☒ Brush Hauled  ☒ Wood Hauled  ☐ Piled in Rounds (at tree)

**Stump:**
☐ Remove to Grade  ☐ Ground Below Grade w/mulch at stump

**Permits**

**Special Equipment**

**FULL PAYMENT DUE ON COMPLETION**
**I authorize the above work to be completed.**  *Customer Signature:* ▬
20% deposit needed to schedule job

We are not responsible for underground pipes, wires, utility or property.        Estimate is good
Any permit costs or utility charges will be paid by the customer if not quoted. Any unforeseen fact
conditions may cause incremental price increases.  Any additional work not quoted above is to be b
Econo Tree Service's work is of the finest quality and done professionally.  We are fully insured an
Thank you.

# EXHIBIT L



EXHIBIT M





