**SCOTT LAW FIRM**

1375 Sutter Street, Suite 222
SAN FRANCISCO, CALIFORNIA
94109-7837
(415) 561-9601

JOHN HOUSTON SCOTT (State Bar #72578)
LIZABETH N. de VRIES (State Bar #227215)

**MOSLEY & GEARINGER LLP**

825 VAN NESS AVENUE, 4TH FLOOR
SAN FRANCISCO, CALIFORNIA
94109-7837
(415) 440-3102

BRIAN GEARINGER (State Bar #146125)

Attorneys for Plaintiff MICHAEL TOSCHI and TRACY TOSCHI

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| MICHAEL TOSCHI, and TRACY TOSCHI, | Case No. C-07-3625 MMC |
|---|---|
| Plaintiffs, | **[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR INJUNCTIVE RELIEF AGAINST DEFENDANT COUNTY OF SAN MATEO** |
| vs. | |
| COUNTY OF SAN MATEO, DON DALLIMONTI, RHONDA DALLIMONTI, NEIL CULLEN, BRIAN LEE, DAVID WEIDNER, and DOES ONE through FIFTY, inclusive, | Date Action Filed:  July 13, 2007<br>Trial Date:  **November 3, 2008** |
| Defendants. | |

The motion for injunctive relief of plaintiffs Michael and Tracy Toschi ("Plaintiffs") against defendant County of San Mateo (the "County") came on regularly for hearing at 9:00 a.m. on Friday, January 4, 2008, in Courtroom Seven of the above-captioned Court before the Honorable Maxine M. Chesney, presiding. John H. Scott of the Scott Law Firm and Brian Gearinger of Mosley & Gearinger LLP appeared on behalf of Plaintiffs. V. Raymond Swope III appeared on behalf of the County.

The Court, having considered the papers submitted by the parties and the arguments of counsel, and good cause appearing therefore, hereby GRANTS Plaintiffs' motion for injunctive relief in its entirety. Specifically, the Court finds the following undisputed facts:

1. The County's newly constructed swale (December 7, 2006) redirected surface water, which historically had run down the side of the road to a catch basin, onto Plaintiffs' property. (See Exhibit I to Toschi Decl., ¶ 21; Declarations of Tom Linebarger, Lilya Vorobey, Age Lyssand, Jack Purcell and Grace Whipps in Support of Motion for Injunctive Relief, ¶ 2.)

2. On several occasions since December 7, 2006, Plaintiffs placed sandbags on their property to divert water run-off away from Plaintiffs' property. On each occasion that Plaintiffs placed sandbags on their property, employees of the County removed the sand bags, apparently after the Dallimontis called the County. (See Toschi Declaration, ¶ 16.) Therefore, Plaintiffs have no ability to mitigate their ongoing damages between now and the November 3, 2008 trial date.

3. The continued presence of the County's asphalt swale is causing irreparable harm to Plaintiffs' property and the property of Plaintiffs' neighbors. (See Toschi Declaration, ¶ 25.) Further, according to Plaintiffs' soils engineer, who inspected the County's asphalt swale and Plaintiffs' property on December 13, 2006: "It is our opinion, based on our most recent observations, that the newly installed asphalt swale is incomplete and should be extended to the property line to eliminate the gap. If this is not done, it could result in undercutting of the roadbed, the loss of more Heritage Oak trees, as well as landsliding on your property, and present a serious safety hazard to you and your neighbor." (See Exhibit B to Declaration of Bruce Matheson in Support of Motion for Injunctive Relief, ¶ 3.)

///
///
///
///
///
///

1 | The County is directed to consult with Plaintiffs' soils engineer and propose a plan to
2 | remove or redesign the asphalt swale within 20 days of this Order. If Plaintiffs' agree with the
3 | County's proposed plan to remove or redesign the asphalt swale, then the plan shall be
4 | implemented within 30 days of this Order. If the County and Plaintiffs cannot agree on a plan to
5 | remove or redesign the asphalt swale, then the parties are directed to reappear before this court
6 | on Friday, February 8 at ___ for a further hearing.
7 | Dated: January ___, 2008

By:_____
The Honorable Maxine M. Chesney
JUDGE OF THE DISTRICT COURT