MICHAEL P. MURPHY, COUNTY COUNSEL (SBN 83887)
By: V. Raymond Swope III, Deputy (SBN 135909)
Hall of Justice and Records
400 County Center, 6th Floor
Redwood City, CA 94063
Telephone: (650) 363-4759
Facsimile: (650) 363-4034
E-mail: rswope@co.sanmateo.ca.us

Attorneys for Defendants
COUNTY OF SAN MATEO, NEIL CULLEN,
BRIAN LEE, and DAVID WEIDNER

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL TOSCHI, AND TRACY TOSCHI<br><br>Plaintiffs,<br><br>vs.<br><br>COUNTY OF SAN MATEO, DON DALLIMONTI, RHONDA DALLIMONTI, NEIL CULLEN, BRIAN LEE, DAVID WEIDNER, and DOES ONE through FIFTY, inclusive<br><br>Defendants. | Case No. C-07-3625 MMC<br><br>**DECLARATION OF MARK MARELICH IN SUPPORT OF COUNTY OF SAN MATEO'S OPPOSITION TO PLAINTIFFS' MOTION FOR INJUNCTIVE RELIEF**<br><br>Date: January 4, 2008<br>Time: 9:00 a.m.<br>Dept.: Courtroom 7, 19th Floor |

I, Mark Marelich, declare as follows:

1. I am employed by the COUNTY OF SAN MATEO's Department of Public Works as a Road Construction Inspector II. I have personal knowledge of the following facts, and if called as a witness, I would and could competently testify thereto.

2. I have been employed by the County of San Mateo Department of Public Works since August 1987. For the last nearly fifteen years, since February 1993, I have been responsible for construction inspections in the Emerald Hills area, an unincorporated community adjacent to the city of Redwood City. This region includes plaintiffs Michael Toschi and Tracy Toschi's property situated at 2511 Park Road. My inspection responsibilities also include unincorporated districts from San Mateo to Menlo Park to Skyline Boulevard.

Case No. C-07-3625 MMC
DECLARATION OF MARK MARELICH IN SUPPORT OF COUNTY OF SAN MATEO'S OPPOSITION
TO PLAINTIFFS' MOTION FOR INJUNCTIVE RELIEF

3. Emerald Lake Hills, the unincorporated region of the County, has very hilly terrain. Defendants Don and Rhonda Dallimonti reside at 606 Park Road, approximately sixty to eighty feet upslope from plaintiffs' residence. Plaintiffs Michael and Tracy Toschi live across and on the opposite side of Park Road, north and downslope from the Dallimonti residence. (See Color Topographical map titled "Emerald Lake Hills Area of Park Road and Woodland Place," a true and correct copy of which is attached hereto as Exhibit "A.") Based upon the elevations, plaintiffs reside in a very low-lying gully, which lends itself to the possibility of flooding with torrential rains. The Toschis' property receives stormwater runoff on its northerly, westerly and southerly sides, and discharges it to the neighboring property to its easterly side.

4. Historically, the excess rainwater/stormwater runoff flows downhill from the peak of the hill beyond (farther south of) the Dallimonti residence, and flows across plaintiffs' property. (See Exhibit "A.") In addition, stormwater collects on both sides of Park Road, and drains into a catch basin at the southerly side of the intersection of Park Road and Woodland Place, and a small inlet at the northerly side of the intersection of Park Road and Woodland Place near 603 Park Road.

5. Sometime in the mid-1990s, Plaintiffs filled and landscaped a dry creek bed traversing the center of their property and downslope from Park Road and the Dallimontis. A rock lined ditch and pipe inlet was constructed at one end of the property along the creek site. This work was done without a permit. I believe that the installation of the pipe, and the landscaping over the pipe on this dry creek bed could possibly interfere with this natural watercourse by constricting storm water runoff, and may cause flooding in the areas as water flows down hill to 2511 Park Road. Plaintiffs' property includes the low-lying portion of the valley and will collect water. Any mitigation which directs water from the public right-of-way away from his property will likely reduce the roadway drainage onto his lot. However, directing the water away from plaintiffs' property will subject neighboring property owners to heavy storm water runoff, overburden the inlet at the bottom of the hill at Park and Woodland Place, and cause flooding of neighboring properties.

6. Unlike some incorporated cities with municipal storm drain systems or drainage districts, with similar improved drainage facilities, the County does not have such a system in the Emerald Hills region. The County's function in unincorporated areas is merely to facilitate the flow of water along

natural drainage courses and to facilitate drainage of storm water runoff off of or across County maintained roadways. When the Department of Public Works addresses surface water drainage issues, it must consider the interests of the general public, including all the neighboring properties, not just one individual property owner.

7. In 2006, Plaintiffs approached the Department of Public Works to inquire about permits to install drainage works along Park Road in the area upslope and adjacent to the rear of plaintiffs' property to serve their property. The proposed work was allegedly intended to mitigate damage to the slope area adjacent to 607 Park Road caused by a fallen oak tree. I met with plaintiff at the subject location on April 27, 2006. Plaintiff agreed during that meeting to install storm drainage facilities to convey runoff from Park Road down the slope to the creek on his property. Having inspected this area and the tree after it fell, it is my opinion that the tree died because ivy around the entire tree choked off the oxygen to the tree, placing it in distress. In addition, I believe it is possible that the distressed tree may have allowed fungus and insect infestation, contributing to its collapse.

8. On or about June 30, 2006, Plaintiffs Michael and Tracy Toschi constructed a large dirt and concrete berm on the north side of Park Road along the Toschi property, allegedly intended to prevent soil erosion from rainfall runoff. The berm was constructed by plaintiffs within a county right-of-way without a permit. A complaint by the uphill neighbors called our attention to the existence of the non-permitted berm within the county right-of-way. Later, on behalf of the Department of Public Works, I prepared and posted a Notice to Remove Encroachment on the front door of plaintiffs' residence on July 5, 2006. (A true and correct copy of the Notice to Remove Encroachment is attached hereto and incorporated herein by reference as Exhibit B.) In spite of our posting, the Toschis ignored the notice, and did not remove the berm.

9. On August 23, 2006, the San Mateo County Department of Public Works ("DPW") issued an encroachment permit to plaintiffs for the removal of a dead and fallen oak tree, filling of the hole from where the tree was removed, removal of the soil and concrete berm, and planting of bushes. (A true and correct copy of the Encroachment Permit is attached hereto and incorporated herein by reference as Exhibit C.) The permit expired on September 15, 2006. On or about September 24, 2006, plaintiffs began planting bushes on top of the existing dirt berm. Toschi was working on an expired permit, and no

1 | extension of this permit was ever granted by the county.

2 |     10.    In a letter dated October 9. 2006, plaintiff Michael Toschi declared that he "removed the berm and concrete pieces, as well as planted the English Laurel shrubs accurately as stated in the permit . . . ." (A true and correct copy of the letter dated October 9, 2006, is attached hereto and incorporated herein by reference as Exhibit D.) Having inspected this area later, it was clear to me that the berm had not been removed, and that plaintiffs had planted the shrubs on top of the berm.

    11.    On October 24, 2006, a Notice to Remove Encroachment dated October 20, 2006 was served on plaintiffs, which required the removal of the concrete and dirt berm and plantings from the county right-of-way. The notice stated that the concrete and dirt berm was placed "without permit; and landscaping planted after expiration of the permit and planted beyond the limits allowed by the permit." (A true and correct copy of the Notice dated October 20, 2006 is attached hereto and incorporated herein by reference as Exhibit E.) The Notice to Remove Encroachment also advised plaintiffs that the County would pursue the recovery of all costs associated with the removal of the encroaching berm, and penalties of $350.00 each day the encroachment remained in place.

    12.    I have reviewed the Declaration of Bruce Matheson, P.E. In Support of Plaintiffs' Motion for Injunctive Relief. Specifically, Mr. Matheson states that "[w]hen I inspected this site in October 2006, the area along the side of the road was maintained so that runoff would continue further down the street where it could discharge into an existing County maintained covert [sic]." Mr. Matheson appearas to be referring to the non-permitted berm constructed by the plaintiffs along side the road. The subject area was not maintained in such a manner by the County Department of Public Works. The subject area was maintained by the County Department of Public Works to facilitate drainage along its historic pathways, which might include small quantities of runoff toward the drainage inlet on the northerly side of the intersection of Park Road and Woodland Place, but did not historically contain runoff from large storm events.

    13.    On December 4, 2006, the County Department of Public Works removed the plants and the soil and concrete berm from the public right-of-way adjacent to plaintiffs' parcel, backfilled the planting holes, and placed asphalt concrete pavement in the drainage swale which appears to be the subject of the plaintiffs' motion. The newly paved asphalt swale ended approximately four feet from the

edge of plaintiffs' property line and that of 607 Park Road. This gap was left in order not to alter the historic flow of surface water downhill to plaintiffs' property. This condition (the gap or washed-out area) has existed for at least the last fifteen years I have worked in this area, and likely existed long before plaintiffs purchased the property. The new asphalt swale was constructed to replicate the condition that existed prior to plaintiffs' construction of the non-permitted berm.

14. When the swale was paved, Public Works also advised plaintiffs that the drainage swale would not eliminate the storm water runoff onto plaintiffs' property, and further advised that the runoff would likely continue its historic drainage pattern. Based upon my experience, the historic drainage pattern includes the drainage of surface water across Park Road, down the slope to plaintiffs' creek bed, which has been landscaped and altered without a permit from the county.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 14th_day of December, 2007 at Redwood City, California.

*Mark Marelich*
MARK MARELICH

L:\LITIGATE\T_CASES\Toschi\Pleadings\Declaration of Mark Marelich.doc

Exhibit A

**Emerald Lake Hills**
**Area of Park Road and Woodland Place**

Legend

Contour Line (20 ft. interval)

Parcel Line

Street Centerline

This is not a survey product. The information is derived from the San Mateo County GIS Databases, which databases are frequently updated or changed. County does not assume any liability for damages arising from errors, omissions, or use of this information. Users of this data are advised to be aware of the locational accuracy, compilation dates, compilation methods, and cartographic format. Users are advised to use this data appropriately.

Miles
0.00  0.01  0.02  0.03  0.04  0.05

# Exhibit B

**Department of Public Works**



# COUNTY OF SAN MATEO

555 COUNTY CENTER, 5TH FLOOR • REDWOOD CITY • CALIFORNIA 94063-1665 • PHONE (650) 363-4100 • FAX (650) 361-8220

BOARD OF SUPERVISORS
MARK CHURCH
RICHARD S. GORDON
JERRY HILL
ROSE JACOBS GIBSON
ADRIENNE TISSIER

NEIL R. CULLEN
DIRECTOR

## NOTICE TO REMOVE ENCROACHMENT

TO: Michael Toschi
2511 Park Rd
Redwood City

Please take notice that you are hereby requested to remove the hereinafter described encroachment from the hereinafter specified County Highway at the point hereinafter specified within ten (10) days after the service of this notice upon you.

YOU ARE FURTHER NOTIFIED:

- ☐ Tree(s) or shrubs planted in right-of-way without permit
- ☐ Root Barrier is required for tree(s)
- ☐ Improper planting within restricted area (see comments)
- ☐ Tree obstructs traffic sign(s)
- ☐ Tree(s) and/or shrubs in question marked with yellow ribbon
- ☑ Structure(s) in right-of-way without permit (see comments)   Dirt & concrete
- ☑ Improper placing of structure(s) within restricted area (see comments)   Berm

You are further notified that if the said encroachment is not removed, or its removal not commenced and diligently prosecuted, prior to the expiration of ten (10) days from and after the 7/5/06 (service or posting) of this notice, you will forfeit ten dollars ($10) for each day the encroachment continues unremoved.

You are further notified that if the encroachment is denied, and you refuse either to remove it or permit its removal, the undersigned will commence, in a court of competent jurisdiction, an action in the name of the County of San Mateo to abate the encroachment as a nuisance. If the undersigned recovers judgment he may, in addition to having the nuisance abated, recover a penalty of ten dollars ($10) for each day such nuisance remains after service or posting of this notice, and also the costs in the action, as provided in Section 1496 of the Streets and Highways Code.

You are further notified that if the encroachment is not denied, but is not removed within five days from and after service or posting of this notice, the undersigned may recover from you, in an action brought in the name of the County of San Mateo for that purpose, the undersigned's court costs and the expense of removal and also a penalty of ten dollars ($10) for each day the encroachment remained after service or posting of the notice, as provided in Section 1496 of the Streets and Highways Code.

Dated: 7/5/06

**021**
COUNTY OF SAN MATEO

Exhibit C

CASE # 06-SS76

# DEPARTMENT OF PUBLIC WORKS



Road Operations - Permits
455 County Center, 2/Fl.
Redwood City, CA 94063
(650) 363-1822

NEIL R. CULLEN
Director of Public Works

**FOR OFFICE USE ONLY**

Date Completed: _____

By: _____

## ENCROACHMENT PERMIT

Michael Toschi
Permittee Name

2511 Park Road
Address

Redwood City, CA 94062
City, State Zip

(650) 367-9025
Area Code & Phone No.

08-23-06
Date

As requested by the above addressee, hereinafter known as the "PERMITTEE," the County of San Mateo, hereinafter known as the County, HEREBY GRANTS AN ENCROACHMENT PERMIT TO:

**Project Description:** Remove soil and concrete material bermed at top of slope to location outside the road right of way; remove dead and fallen oak tree at property line; fill hole resulting from tree removal with native soil; plant creeping daisy and English laurel behind line of existing trees as shown on attached drawing. Notify Inspector prior to starting work.

**Project Location:** 2511 Park Road, Redwood City, CA

The work authorized by this Permit, hereinafter known as the "ENCROACHMENT," shall be subject to all the terms, conditions, and restrictions set forth herein. This permit consists of the Special Provisions attached and made a part hereof and the Drawings referenced above. The project, as specifically described, is to be strictly construed and no other activity shall be permitted. **Notify County Road Inspector 48 hrs prior to starting work.**

The Permittee and/or his contractor shall indemnify and save harmless the County, its officers, agents, employees and servants from all claims, suits or actions of every name, kind and description, brought for, or on account of, injuries to or death of any person or damage to property of any kind whatsoever and to whomever belonging, including but not limited to the concurrent active or passive negligence of the County, officers, agents, or employees and servants, resulting from the performance of any work authorized or required by this Permit of Permittee and/or his contractor, their officers, agents, employees and/or servants, provided that this shall not apply to injuries or damage for which County has been found in a court of competent jurisdiction to be solely liable by reason of its own negligence or willful misconduct.

The duty of Permittee to indemnify and save harmless as set forth herein, shall include the duty to defend as set forth in Section 2778 of the California Civil Code.

A SURETY DEPOSIT OF $ -0-_____ or INSPECTION DEPOSIT OF $ -0- , and INSURANCE for P/L of $ Legal Min. and P/D of $ Legal Min. IS A CONDITION OF THIS PERMIT.

THIS PERMIT IS VALID FOR THE PERIOD   8-24-2006   to   9-15-2006

"USA" Inquiry (Applicant Complete):

Neil R. Cullen
Director of Public Works

_____  _____
Date            Number

Lisa A. Ekers
Road Operations Manager

Encl: Permittee Request/Sketch  Yes          Special Provisions  Yes

044
COUNTY OF SAN MATEO

CONTACT ROAD DIVISION INSPECTOR 48 HRS, Mark Marelich at (650) 599-7273 TO SCHEDULE INSPECTION

Exhibit D

VIA CERTIFIED MAIL

9, October, 2006

Neil R. Cullen
Director of Public Works
555 County Center 5th floor
Redwood City, CA 94063

Dear Director Cullen:

On Monday morning, 6 October, 2006 I met with Lisa Ekers from your department at my home to discuss our pending encroachment permit issue. Other than the final placement of two shrubs, I have complied with my obligation of our original agreement and requirements of the issued permit.

I have removed the berm and concrete pieces, as well as planted the English Laurel shrubs accurately as stated in the permit (See attached photographs). The final two shrubs will be placed after the completion of a fence repair which was damaged by the fallen heritage oak tree which I expect to complete in less than a week.

In addition to my obligations of our agreement, your department agreed to repair the swale along the road edge which extends along the length of both my property and my neighbors property. Please find attached an inspection report which confirms the looming safety hazards posed to my property, my neighbor's property and our family's which is caused by the lack of repair to the swale and road condition.

Please send me your current position regarding your NOTICE TO REMOVE ENCROACHMENT as well as upholding your commitment to complete the swale repair. The rainy season is upon us, and I look forward to your reply.

Sincerely,

Michael Toschi
2511 Park Road
Redwood City, CA 94062

RECEIVED
NOV 13 2006
DEPARTMENT OF PUBLIC WORKS
COUNTY OF SAN MATEO

*[handwritten annotations in margins: "Seems to have his ... date confirm confused ... well"]*

# Exhibit E

Department of Public Works



BOARD OF SUPERVISORS
MARK CHURCH
RICHARD S. GORDON
JERRY HILL
ROSE JACOBS GIBSON
ADRIENNE TISSIER

NEIL R. CULLEN
DIRECTOR

# COUNTY OF SAN MATEO
555 COUNTY CENTER, 5TH FLOOR • REDWOOD CITY • CALIFORNIA 94063-1665 • PHONE (650) 363-4100 • FAX (650) 361-8220

## NOTICE TO REMOVE ENCROACHMENT
(California Streets & Highways Code §§ 1480 et seq.)

************************

To:      Michael Toschi and Tracy Toschi, Trustees, Toschi Family Trust

Address: 2511 Park Road
         Redwood City, CA 94062

Please take notice that you are required to remove the following encroachment from the County right-of-way within ten (10) days of service of this notice on you pursuant to Section 1485 of the State of California Streets and Highways Code. If you do not remove it, the County of San Mateo will remove it or cause it to be removed, and the County may pursue the recovery of all costs associated with the removal of said encroachment including penalties of $350 for each day the encroachment continues unremoved after the posting or service of this notice.

The encroachment consists of a concrete and dirt berm and plantings that remain in the right-of-way after the expiration of the encroachment permit for which you applied on August 13, 2006, and which permit was issued on August 15, 2006, and which expired on September 15, 2006.

The place of the encroachment is in the Public Right-of-Way along the southwesterly property line of Lots 3 and 4 of Emerald Lake Park No. 3, which, together with Lot 5 comprise Assessor's Parcel No. 057-163-200 and are commonly known as 2511 Park Road, Redwood City, California, said line bearing South 84 degrees 33 minutes East.

The breadth of the highway at such place of encroachment is forty feet (40').

The nature and extent of the encroachment are a soil and broken concrete berm approximately ninety feet (90') in length placed without permit; and landscaping planted after expiration of the permit and planted beyond the limits allowed by the permit.

Dated:   October 20, 2006

Signed:  *[signature]*

091
COUNTY OF SAN MATEO

Neil R. Cullen

## PROOF OF PERSONAL SERVICE

I do hereby declare that I am a citizen of the United States employed in the County of San Mateo, over 18 years old and that my business address is 400 County Center, Redwood City, California. I am not a party to the within action.

On October 24, 2006, at 7:45 p.m., I served the following document(s):

**NOTICE TO REMOVE ENCROACHMENT**
(California Streets & Highways Code §§ 1480 et seq.)

by personal service to the addressee shown below

Michael Toschi
2511 Park Road
Redwood City, CA 94062

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed this 26th day of October, 2006, in Redwood City, California.

_____
JOEY MOSS

L:\CLIENT\P_DEPTS\PUBWORKS\2006\Proof of Service.toschi.doc

**092**
COUNTY OF SAN MATEO