SCOTT LAW FIRM
1375 Sutter Street, Suite 222
SAN FRANCISCO, CALIFORNIA
94109-7837
(415) 561-9601

JOHN HOUSTON SCOTT (State Bar #72578)
LIZABETH N. de VRIES (State Bar #227215)

**MOSLEY & GEARINGER LLP**

825 VAN NESS AVENUE, 4TH FLOOR
SAN FRANCISCO, CALIFORNIA
94109-7837
(415) 440-3102

BRIAN GEARINGER (State Bar #146125)

Attorneys for Plaintiff MICHAEL TOSCHI and TRACY TOSCHI

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL TOSCHI, and TRACY TOSCHI,<br><br>Plaintiffs,<br><br>vs.<br><br>COUNTY OF SAN MATEO, DON DALLIMONTI, RHONDA DALLIMONTI, NEIL CULLEN, BRIAN LEE, DAVID WEIDNER, and DOES ONE through FIFTY, inclusive,<br><br>Defendants. | Case No. C-07-3625 MMC<br><br>**PLAINTIFFS' OBJECTIONS TO EVIDENCE SUBMITTED BY DEFENDANTS IN OPPOSITION TO MOTION FOR INJUNCTIVE RELIEF**<br><br>Date:   January 4, 2008<br>Time:  9:00 a.m.<br>Place:  Courtroom 7, 19th Floor<br>Judge: The Honorable Maxine M. Chesney, presiding<br><br>Date Action Filed:   July 13, 2007<br>Trial Date:   November 3, 2008 |

## I.   INTRODUCTION

Plaintiffs' motion for injunctive relief raises a relatively narrow issue – whether the asphalt swale was "negligently constructed, or constructed in a manner unnecessary to the public improvement."

Defendant County of San Mateo (the "County") has submitted four declarations which do not directly respond to that issue with one notable exception. Mark Marelich is a Road Construction Inspector II for the County of San Mateo's Department of Public Works. He declares that on December 4, 2006, when the County Department of Public Works removed the plants and the berm from the public right of way along Park Road and on the Plaintiffs' property, he supervised or directed the placement of asphalt pavement in the drainage swale. He states in pertinent part, "The newly paved asphalt swale ended approximately four feet from the edge of the Plaintiffs' property line and that of 607 Park Road. **This gap was left in order not to alter the historic flow of surface water downhill to Plaintiffs' property**. This condition (the gap or washed out area) has existed for at least the last 15 years I have worked in this area, and likely existed long before Plaintiffs purchased the property. The new asphalt swale was constructed to replicate the condition that existed prior to Plaintiffs construction of the non-permitted berm." (See Marelich Declaration, ¶ 13; emphasis added).

Of the four declarations submitted by the Defendants, Mark Marelich is the only declarant who claims to have personal knowledge of the "historic flow of surface water downhill to Plaintiffs' property."

For the reasons set forth below, plaintiffs Michael and Tracy Toschi ("Plaintiffs") object to portions of the four declarations submitted in the County's Opposition to Plaintiffs' Motion for Injunctive Relief. Generally, these declarations contain information or opinions that are (1) irrelevant, (2) based on unreliable or inadmissible hearsay, or (3) speculative. These declarations appear designed to confuse this Court and obfuscate the narrow issue raised in Plaintiffs' motion.

## II.    OBJECTIONS TO DECLARATIONS

### A.    Declaration Of Roger G. Fry

Mr. Fry is a professional engineer with experience in all aspects of drainage, storm water management, and flood control projects. His opinions are based on a site inspection that occurred on December 12, 2007, over one year after the County constructed the asphalt swale. Based on this one-day "site inspection" he has opined, at ¶ 4 of his declaration, that:

"Historically, the excess rain water/stormwater runoff flows downhill from the peak of the hill beyond (farther south of) the Dallimonti residence, and flows across plaintiffs' property falling toward the creek at the bottom of the gully." His opinion is based entirely on speculation and/or hearsay. He does not define what he means by "historically". While it is true that downhill water from Park Road has been diverted onto Plaintiffs' property since December 4, 2006, this declarant has no personal knowledge or reliable evidence to base an opinion whether the asphalt swale constructed by the County on December 4, 2006 was consistent with the "historical" path of the water prior to that time.

Mr. Fry's declaration at ¶ 8, makes it clear that his opinion is based entirely on information he got from Mark Marelich. This opinion is based on hearsay. His declaration is merely a weak attempt to add "credibility" or "weight" to Mr. Marelich's declaration.

**B.    Declaration Of R. Rexford Upp**

Mr. Upp is a certified Engineering Geologist, certified Hydrologist and a registered Soils Engineer. His declaration is similarly based on admissible hearsay or speculation. He declares that he has "viewed and inspected" the area which is the subject of this lawsuit. However, he does not declare when he viewed and inspected the area, nor does he provide any factual basis for forming an opinion regarding the "historic" flow of stormwater down Park Road adjacent to the Plaintiffs' property. The only factual basis for his opinion regarding the "historical" flow of rainwater/stormwater runoff was an undated inspection of the area together with inspection of topographical maps and photographs taken in July 2006. Accordingly, his declaration lacks any foundation upon which to form or express an opinion. Notably, he did not talk to any individuals who lived in the area. It also appears that he was not shown the declarations of the five neighbors filed in support of Plaintiffs' motion. He has no personal knowledge or factual basis upon which to rebut the declarations of the five neighbors submitted in support of Plaintiffs' motion.

Mr. Upp attempts to disagree with the Declaration of Bruce Matheson filed in support of the Plaintiffs' motion. Notably, Mr. Matheson's Declaration is based on personal knowledge. Mr. Matheson observed the area in question in October 2006 (**before** Mr. Marelich directed the

construction of the asphalt swale) and again in late December 2006 (**after** Mr. Marelich directed the construction of the asphalt swale). Mr. Matheson had personal knowledge upon which to express an opinion. On the other hand, Mr. Upp's opinion appears to be based primarily on speculation regarding how water drained onto Plaintiffs' property before Park Road was built in the late teens or early 1920s.

In addition, Mr. Upp's opinion expressed in ¶ 7 of his Declaration is based on speculation. Mr. Upp has failed to provide evidence or "facts" to support his speculative opinion that Mr. Toschi's "problem is a condition that predates his purchase of the house." Further, Mr. Upp fails to state when he believes Plaintiffs purchased their home.

In addition, the opinions expressed by Mr. Upp in ¶¶ 8, 9 and 10 of his Declaration also are based on speculation. He opines that if the newly constructed swale was extended across "the five foot gap" that it **may** cause an overflow in flooding into the downhill neighboring properties. Notably, he did not interview neighbors to get information regarding the flow of water down Park Road before and after December 4, 2006 and whether there ever had been any "overflow." His opinion in ¶ 9, that the degree to which Park Road was crowned near its center "pre-dates purchase of plaintiffs' home" is pure speculation. Once again, Mr. Upp fails to state when he believes Plaintiffs purchased their home. In addition, his opinion at ¶ 10 the he observed no evidence of "slope instability" is entirely based on speculation. He did not do an inspection or conduct any tests upon which to base such an opinion.

C.  **Declaration of James Porter**

Mr. Porter is the current Director of the Department of Public Works. He has been employed by the County of San Mateo since April of 2007 – **after** the County constructed the asphalt swale on December 4, 2006. Most of his declaration is devoted to authenticating documents previously authenticated by the Plaintiff.

At ¶¶ 6 and 7 of his declaration, he attempts to provide information that is not based on his personal knowledge, but is speculation based on hearsay. In short, Mr. Porter has no personal knowledge of any facts that are relevant to Plaintiffs' motion.

### D. Declaration of Mark Marelich

Mr. Marelich has been employed with the San Mateo Department of Public Works since August 1987. Since February 1993, he has been responsible for construction inspections in the Emerald Hills area. He does not live in the area where Plaintiffs reside, nor has he established a foundation upon which to offer an expert opinion.

In ¶ 3 he talks about "the possibility" of flooding. At ¶ 4, Mr. Marelich refers to the historical flow of water from the residence of the Defendants Don and Rhonda Dallimonti to the Plaintiffs' property. (Notably, the County has not offered the declaration of their co-defendants, the Dallimontis, to support this claim.)

At ¶ 5, Mr. Marelich opines that certain landscaping "could possibly" interfere with a natural water course. This again is pure speculation.

At ¶ 7, Mr. Marelich opines that an old Heritage Oak tree died because ivy around the tree choked off oxygen. This is speculation. He does not provide the basis for an expert opinion in this regard. Specifically, Mr. Marelich offers no description of his training, expertise or special knowledge of trees.

At ¶13, Mr. Marelich speculates that the so-called historic flow of surface water to the Plaintiffs' property "likely" existed long before Plaintiffs purchased the property. This is based on speculation. Further, Mr. Marelich fails to state when he believes Plaintiffs purchased their home.

Finally, at ¶ 14, Mr. Marelich declares that "when the swale was paved, Public Works also advised plaintiffs that the drainage swale would not eliminate the storm water runoff onto their property." This is hearsay. The County has not submitted a declaration from anyone in Public Works who claims to have so advised Plaintiffs.

//
//
//
//
//

## III. CONCLUSION

When the hearsay and speculation contained in the declarations submitted by the County is removed, very little information remains that is based upon "personal knowledge." Therefore, Plaintiffs request that this Court strike the objectionable portions of the County's declarations, as set forth above.

Dated: December 21, 2007

**SCOTT LAW FIRM**

By: /s/ John H. Scott
JOHN HOUSTON SCOTT
Attorneys for Plaintiffs MICHAEL TOSCHI and TRACY TOSCHI