**United States District Court**

For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL TOSCHI, et al.,<br><br>    Plaintiffs,<br><br>  v.<br><br>COUNTY OF SAN MATEO, et al.,<br><br>    Defendants.<br>_____ / | No. C-07-3625 MMC<br><br>**ORDER DENYING PLAINTIFFS' MOTION FOR INJUNCTIVE RELIEF; VACATING HEARING** |

    Before the Court is plaintiffs' motion, filed November 30, 2007, for a preliminary injunction directing defendant County of San Mateo ("the County") to remove or redesign an asphalt swale, built by the County in December 2006, which runs parallel to plaintiff's property line. The County, with individual defendants Neil Cullen, Brian Lee, and David Weidner, has filed opposition, to which plaintiffs have replied. Having considered the papers filed in support of and in opposition to the motion, the Court finds the matter appropriate for resolution without oral argument, see Civil L.R. 7-1(b), hereby VACATES the January 4, 2008 hearing on the matter, and rules as follows.

    Injunctive relief is a potential remedy where, as alleged in the instant action, a public entity's improvement diverts surface water onto a plaintiff's property. See, e.g., Sheffet v. County of Los Angeles, 3 Cal.App.3d 720, 743 (1970) (holding injunctive relief proper where design of county road caused surface water to drain across plaintiff's property). In a

diversity case, such as this, federal law provides the standard for obtaining injunctive relief.[1] See Certified Restoration Dry Cleaning Network v. Tenke Corp., — F.3d —, 2007 WL 4372888 at *4 (6th Cir. 2007) (holding, in diversity case, federal law applies "regarding the factors to consider in granting a preliminary injunction").  Under the federal standard, a party, to obtain injunctive relief, must show either:

> "(1) a combination of probable success on the merits and the possibility of irreparable injury if relief is not granted; or (2) the existence of serious questions going to the merits and that the balance of hardships tips sharply in its favor."

See Int'l Jensen, Inc. v. Metrosound U.S.A., Inc., 4 F.3d 819, 822 (9th Cir. 1993).  As set forth below, the Court finds plaintiffs have not made a sufficient showing under either formulation.

With respect to the first formulation, plaintiffs have failed to demonstrate a probability of success on the merits of plaintiffs' inverse condemnation claim.  "[A] public entity may be liable in an inverse condemnation action for any physical injury to real property proximately caused by a public improvement as deliberately designed and constructed, whether or not that injury was foreseeable, and in the absence of fault by the public entity."  Souza v. Silver Development Co., 164 Cal.App.3d 165, 170 (1985).  Here, plaintiffs have not shown the requisite causal connection between the County's actions and the alleged injury to plaintiffs' property.[2]

In particular, plaintiffs have failed to show the condition alleged to be causing plaintiffs' injury, specifically, the gap between the asphalt swale and plaintiffs' property, (see Pls.' Mot. at 2:3-10), was introduced when the County built the asphalt swale in December 2006.  Rather, the record contains undisputed evidence that such condition pre-existed the

---

[1] Plaintiffs have not cited to the California standard for injunctive relief, let alone shown that such standard conflicts with the Ninth Circuit standard.

[2] Contrary to plaintiff's assertion, the issue in this instance is not one of strict liability, but of causation.  See Souza, 164 Cal.App.3d at 171 (holding claim for inverse condemnation requires "a showing of a substantial cause-and-effect relationship") (internal quotation and citation omitted).

construction of the swale.  (See Declaration of Mark Marelich ("Marelich Decl.") at 5:2-3.)[3] Further, there is undisputed evidence that the condition at issue was not caused by a "public improvement."  See Souza, 164 Cal.App.3d at 170; (Marelich Decl. at 2:26-28) ("Unlike some incorporated cities with municipal storm drain systems . . . , the County does not have such a system in the Emerald Hills region."); see also Locklin v. City of Lafayette, 7 Cal.4th 327, 370 (1994) ("Utilizing an existing natural watercourse for drainage of surface waters runoff . . . does not transform the watercourse into a public storm drainage system.")[4]

With respect to the second formulation, assuming plaintiffs have raised a serious question, plaintiffs make no showing as to the balance of hardships, nor does the record indicate such a balance would tip sharply in plaintiffs' favor.

**CONCLUSION**

Accordingly, plaintiffs' motion for a preliminary injunction is hereby DENIED.

**IT IS SO ORDERED.**

Dated: January 15, 2008
MAXINE M. CHESNEY
United States District Judge

---

[3] Although plaintiffs object to several portions of the Marelich declaration, (see Pls.' Objs. to Evidence at 5:1-23), plaintiffs do not object to his statement that the subject condition "has existed for at least the last fifteen years," (see Marelich Decl. at 5:2-3).  The declarations provided by plaintiffs' neighbors do not address the issue of whether the gap existed prior to construction of the swale.  (See Declarations of Age Lyssand, Grace Whipps, Lilya Vorobey, Jack Purcell, and Tom Linebarger.)

[4] "Plaintiffs' Request for Judicial Notice of Asphalt Swale," is hereby DENIED; plaintiffs have failed to show that any facts derived from the Court's inspection of the swale would be suitable for judicial notice, (see Fed. R. Ev. 201(b) (providing judicially noticed fact must be fact either "(1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned"), or that such inspection would, if otherwise appropriate, assist the Court.