MICHAEL P. MURPHY, COUNTY COUNSEL (SBN 83887)
By: V. Raymond Swope III, Deputy (SBN 135909)
Hall of Justice and Records
400 County Center, 6th Floor
Redwood City, CA 94063
Telephone: (650) 363-4759
Facsimile: (650) 363-4034
E-mail: rswope@co.sanmateo.ca.us

Attorneys for Defendants
COUNTY OF SAN MATEO, NEIL CULLEN,
BRIAN LEE, and DAVID WEIDNER


J. Michael Fitzsimmons (SBN 132343)
Lisa Jeong Cummins (SBN 118087)
CAMPBELL, WARBURTON, FITZSIMMONS,
    SMITH, MENDELL & PASTORE
64 West Santa Clara Street
San Jose, California 95113-1806
Telephone: (408)295-7701
Facsimile: (408)295-1423
E-mail: jfitzsimmons@campbellwarburton.com
E-mail: lcummins@campbellwarburton.com

Attorneys for Defendants
DON DALLIMONTI and RHONDA DALLIMONTI

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL TOSCHI, AND TRACY TOSCHI<br><br>    Plaintiffs,<br><br>    vs.<br><br>COUNTY OF SAN MATEO, DON DALLIMONTI, RHONDA DALLIMONTI, NEIL CULLEN, BRIAN LEE, DAVID WEIDNER, and DOES ONE through FIFTY, inclusive<br><br>    Defendants. | Case No. C-07-3625 MMC<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>[CIVIL L.R. 16-9]<br><br>Date:    April 25, 2008<br>Time:   10:30 am<br>Court:   Hon. Maxine M. Chesney |

Pursuant to Civil L.R. 16.9, and the Standing Order for all judges of the Northern District of California, dated March 1, 2007, the parties in the above captioned action, through their respective

Case No. C-07-3625 MMC

JOINT CASE MANAGEMENT CONFERENCE STATEMENT

counsel of record, hereby provide the court with the following Joint Case Management Statement, and respectfully request that the court adopt it as the Case Management Order for this matter.

1. **JURISDICTION AND SERVICE**

This case is before this court pursuant to allegations of violations of civil rights pursuant to 42 U.S.C.§1983. Plaintiffs have served all named parties in the action.

2. **FACTS**

   A.   Plaintiffs' Version

The principal factual issue to be determined at the outset is the historical surface water drainage pattern down the drainage swale on the edge of Park Road above Plaintiffs' property. Plaintiffs contend that the historical pattern was that the surface water ran down the drainage swale on the edge of Park Road, past Plaintiffs' property, to a County catch basin at the bottom of the hill.

The overall factual background comprises three interrelated fact patterns: (1) the interaction between Plaintiffs and Defendants Don Dallimonti and Rhonda Dallimonti; (2) the interaction between Plaintiffs and Defendants County of San Mateo, Neil Cullen and Brian Lee; and (3) the interaction between Plaintiffs and Defendant David Weidner. In their CMC statement filed October 23, 2007, the Plaintiffs addressed the relevant facts pertaining to the defendants separately according to the above grouping. At the same time, however, Plaintiffs contend that the facts overlap, particularly as pertaining to Plaintiffs' conspiracy claims.

   B.   Defendants' Version

This matter is a civil rights action for alleged conspiracy to retaliate, deprivation of liberty and a claim for inverse condemnation arising from a neighborhood dispute over the construction of a drainage berm by Plaintiffs, and the removal of the berm by the San Mateo County Department of Public Works. Plaintiffs previously complained of an alleged damaged drainage swale adjacent to the rear of Plaintiffs' property. This damaged swale allegedly "re-directed storm water runoff, causing severe

erosion" to Plaintiffs' property, and the alleged loss of a tree. However, a four foot to five foot gap facilitating natural runoff had existed on the property line between the plaintiffs and the property owned by a neighbor, Grace Whipps. This gap is historical drainage, and has existed for at least 16 years or more. On or about June 30, 2006, plaintiffs Michael and Tracy Toschi constructed a large dirt and concrete berm on the north side of Park Road along the Toschi property, allegedly intended to prevent soil erosion from rainfall runoff.  The berm was constructed by Plaintiffs without a permit.  Thereafter, defendants Don and Rhonda Dallimonti claimed that the berm, constructed within a county right-of-way, across the street from the Dallimonti residence, interfered with the ingress to, and egress from, their driveway.  Defendant County of San Mateo, through the Department of Public Works, posted a Notice to Remove Encroachment on plaintiffs' property on July 15, 2006.  Nevertheless, the berm remained in place.

On August 23, 2006, the San Mateo County Department of Public Works ("DPW") issued an encroachment permit to Plaintiffs for the removal of a dead and fallen oak tree, filling of the hole from where the tree was removed, removal of the soil and concrete berm, and planting of bushes.  The permit expired September 24, 2006.  On or about September 24, 2006, Plaintiffs began planting bushes on top of the existing dirt berm.  Defendant Rhonda Dallimonti called the Sheriff's Office, informing them of her belief that the bushes were being planted in a non-permitted location.  Defendant Deputy Weidner responded to the scene and asked plaintiff Michael Toschi to produce a copy of the permit.  Plaintiff stated that he indeed had a permit and that it was in his home.

When Mr. Toschi was unable to find the permit at his house, he advised Deputy Weidner that it must be in his San Carlos office, and also that he was running late for a wedding.  He asked Deputy Weidner to drive him to his San Carlos office, stated that his wife would meet them at the office, and that he would depart to the wedding from his office. Upon arrival at the office in San Carlos, plaintiff Michael Toschi and defendant Deputy Weidner met plaintiff Mrs. Toschi.  Mr. Toschi located the permit, which had expired on September 15, 2006.  When Deputy Weidner asked why plaintiff Toschi was working on an expired permit, Plaintiff advised him that Lisa A. Ekers, County Road Operations Manager, provided a verbal extension.  Lisa Ekers denies that any such extension was ever given.  In a letter dated October 9. 2006, plaintiff Michael Toschi declared that he "removed the berm and concrete

1  pieces, as well as planted the English Laurel shrubs accurately as stated in the permit . . . ." Defendants
2  dispute this representation.
3       On September 27, 2006, Plaintiffs served both Dallimontis with "Notice of Hearing and
4  Temporary Restraining Order. Hearing was set for October 24, 2006, which resulted in the modified
5  temporary order being continued pending the results of a Sheriff's Department Internal Affairs
6  investigation regarding the Toschis' complaints against Don Dallimonti. Don Dallimonti was
7  exonerated. A hearing for final disposition of the Toschis' request for a restraining order was held on
8  February 6, 2007. A one year restraining order was issued against Don Dallimonti, dropped as against
9  Rhonda Dallimonti, and the parties were admonished by the Commissioner that the dispute was to end
10 there.
11      On October 24, 2006, a Notice to Remove Encroachment dated October 20, 2006 was served on
12 Plaintiffs, which required the removal of the concrete and dirt berm and plantings from the county right-
13 of-way. The notice stated that the concrete and dirt berm was placed "without permit; and landscaping
14 planted after expiration of the permit and planted beyond the limits allowed by the permit."
15      The Notice to Remove Encroachment also advised Plaintiffs that the County would pursue the
16 recovery of all costs associated with the removal of the encroaching berm, and penalties of $350.00 each
17 day the encroachment remained in place.
18      On December 4, 2006, the County Department of Public Works removed the plants and the soil
19 and concrete berm from the public right-of-way adjacent to Plaintiffs' parcel, backfilled the planting
20 holes, and placed asphalt concrete pavement in the drainage swale. The County advised that the drainage
21 swale would not eliminate the storm water runoff on Plaintiffs' property, and further state that the runoff
22 would likely continue its historic drainage pattern. Removal costs and penalties against Plaintiffs totaled
23 $15,853.24, including 40 days at $350.00 per day. Plaintiff disagreed with these facts. Plaintiffs allege
24 that they are compelled to protect their property against further erosion damage and, as such, have filed
25 the instant action.
26 //
27 //
28 //

3. **Legal Issues**

Plaintiffs' Version:

A. Whether Defendants retaliated against Plaintiffs for exercising their right to complain to government officials, which is protected by the guarantee of freedom of speech in the First Amendment to the Constitution of the United States, in violation of 42 U.S.C § 1983.

B. Whether Defendants conspired to retaliate against Plaintiffs for exercising their right to complain to government officials, which is protected by the guarantee of freedom of speech in the First Amendment to the Constitution of the United States, in violation of 42 U.S.C § 1983.

C. Whether Defendants County of San Mateo and David Weidner deprived Plaintiffs of their right to be protected from having one's freedom of movement restrained, which is protected by the guarantee of freedom from unreasonable seizures in the Fourth Amendment to the Constitution of the United States, in violation of 42 U.S.C § 1983.

D. Whether Defendants County of San Mateo, David Weidner, Don Dallimonti and Rhonda Dallimonti conspired to deprive Plaintiffs of their right to be protected from having one's freedom of movement restrained, which is protected by the guarantee of freedom from unreasonable seizures in the Fourth Amendment to the Constitution of the United States, in violation of 42 U.S.C § 1983.

E. Whether Defendant David Weidner falsely imprisoned and unnecessarily delayed in releasing Plaintiff Michael Toschi from his custody.

F. Defendant David Weidner interfered with Plaintiff Michael Toschi's Fourth Amendment right under the United States Constitution to be free from unreasonable seizures by threatening or committing violent act in violation of California Civil Code Section 52.1.

G. Whether Defendant County of San Mateo trespassed upon Plaintiffs' real property.

H. Whether Defendant County of San Mateo is liable for creating a dangerous condition of

public property because during periods of rainfall the County's Properties discharge excessive amounts of water runoff onto Plaintiffs' real property.

I. Whether Defendant County of San Mateo is liable for creating and maintaining upon the County's Properties a condition that is harmful to health and/or was an obstruction to the free use of property, so as to interfere with Plaintiffs' comfortable enjoyment of life and/or property.

J. Whether Defendant County of San Mateo is liable for inverse condemnation because the County's Properties have caused the County's Properties to discharge excessive amounts of water runoff onto Plaintiffs' real property during periods of rainfall.

K. Whether Plaintiffs are entitled to a judicial declaration that Defendant County of San Mateo does not have the right to discharge rainwater runoff that accumulates upon or travels across the County's Properties onto Plaintiffs' real property.

L Whether Plaintiffs are entitled to injunctive relief in that an economically viable and practical engineering solution exists that, if adopted by Defendant County of San Mateo, would eliminate all of the erosion and other damage being caused by the discharge of rainwater runoff from County's Properties onto Plaintiffs' real property, and eliminate the risk of personal injury to Plaintiffs and Plaintiffs' neighbors.

M. Whether Defendants Don Dallimonti and Rhonda Dallimonti are liable to Plaintiff for negligent infliction of emotional distress.

Defendants' Version:

A. Whether Plaintiffs have the legal right to alter a natural watercourse.

B. Whether Plaintiffs have the legal right to alter/redirect natural drainage patterns.

C. Whether Plaintiffs have the legal right to alter/redirect natural drainage patterns on a county right-of-way.

D. Plaintiffs contend that defendant David Weidner conducted an unlawful detention, which

defendant County denies. Defendants County and Deputy Weidner claim alternatively that Defendants are entitled to qualified immunity from suit.

E. Whether Defendants conspired to violate the civil rights of Plaintiffs pursuant to 42 U.S.C §1983.

F. Additional legal issues to be identified as discovery progresses.

**4. Motions**

Defendants County of San Mateo, Neil Cullen, Brian Lee and David Weidner anticipate filing a Motion for Summary Judgment.

Defendants Don and Rhonda Dallimonti also anticipate filing a Motion for Summary Judgment or for Partial Summary Judgment.

**5. Amendment of Pleadings**

Plaintiffs anticipate amending their Complaint, according to proof, to allege a claim for relief against Defendants for violating Plaintiffs' equal protection rights under the 14th Amendment of the Constitution to be free from "irrational and wholly arbitrary" actions and to add Mark Marelich and Joe Costa as defendants.

Defendants County of San Mateo, Neil Cullen, Brian Lee and David Weidner plan on moving to amend their Answer.

At this time, Defendants Don Dallimonti and Rhonda Dallimonti do not anticipate any amendments to their Answer or the affirmative defenses contained therein, but reserve their right to make such a motion if necessary.

**6. Evidence Preservation**

Parties are making all efforts to preserve evidence.

//
//

7.   **Disclosures**

All parties have complied with their Initial Disclosure requirements.

8.   **Discovery**

The parties have been engaged in significant discovery thus far, including depositions of plaintiffs MICHAEL TOSCHI (to be completed) and TRACY TOSCHI (to be completed) and defendants DON DALLIMONTI (to be completed), RHONDA DALLIMONTI (to be completed), NEIL CULLEN, and DAVID WEIDNER.  Depositions of various County employees have also been taken, one of which is yet to be completed.  In addition, depositions of neighbors and other percipient witnesses have been subpoenaed.  The parties anticipate that a few more witnesses will be subpoenaed for deposition in the near future.  Several sets of written discovery have been exchanged between Plaintiffs and Defendants.  Two site inspections have taken place.  Due to the vacation and trial schedules of all counsel during the next few months, the parties are in agreement that an extension of the current fact discovery and expert discovery cut-off dates would be appropriate.

Plaintiffs agree to extending the current schedule regarding discovery, expert disclosures and expert discovery.  However, the plaintiffs do not agree to moving or extending the pretrial and trial dates previously set.  The plaintiffs have offered to stipulate to extend the date for nonexpert discovery from May 23, 2008, to July 15, 2008; to extend the date for designation of experts to July 15, 2008 and rebuttal to July 29, 2008; and expert discovery cutoff to September 15, 2008.  If the defendants will not agree to this proposed extension, the plaintiffs are willing to consider other dates so long as the trial date is **not** continued.

Defendants' proposed dates (as set forth in Paragraph 17 "Scheduling" below) do entail continuing the trial date, as well as other dates dependent upon it.  Defendants assert that such a continuance is necessary to ensure adequate time for this case to be thoroughly litigated, especially given the number of issues interjected by Plaintiffs and their stated intent to add new parties to the case, as well as the complexities of the case which have necessitated taking additional depositions beyond the current discovery cut-off date.

//

**9.    Class Actions**

Not Applicable.

**10.   Related Cases**

Not Applicable.

**11.   Relief**

Set forth in Plaintiffs' prayer contained in the Complaint. Defendants deny any claim that Plaintiffs are entitled to relief or damages of any kind.

**12.   Settlement and ADR**

A mediation session was held with Justice Walter Capaccioli, Ret. (JAMS), in December 2007. The mediation was unsuccessful. Defendant County has communicated a settlement offer to Plaintiffs, without response as of this date.

**13.   Consent to Magistrate Judge for All Purposes**

No, except for discovery matters.

**14.   Other References**

Not Applicable.

**15.   Narrowing of Issues**

Any narrowing of issues will be accomplished by the mediation, or through discovery, or by Motion for Summary Judgment or Partial Summary Judgment.

**16.   Expedited Schedule**

No.

17. **Scheduling**

Due to the vacation and trial schedules of all counsel during the next few months, the parties have stipulated in principle to an extension of the current fact discovery and expert discovery cut-off dates. However, Plaintiffs and Defendants are not in agreement on the specific dates. In addition, Plaintiffs do not agree to a continuance of the trial date or to any other dates that would jeopardize the current trial date. Defendants assert that <u>all</u> of the pretrial dates should be amended, including the trial date, in order to allow adequate time for all discovery and trial preparation to be completed in line with the extra time needed for fact and expert discovery. Accordingly, the parties propose their respective amended Pretrial Schedules as set forth below:

**Plaintiffs' Proposed Amended Pretrial Schedule:**

A. Factual discovery cutoff shall be **July 15, 2008**.

B. Expert disclosures and opinions shall be exchanged on or before **July 15, 2008**.

C. Rebuttal expert disclosures shall be exchanged on or before **July 29, 2008**.

D. Expert discovery cutoff shall be **September 15, 2008**.

E. The deadline for filing dispositive motions shall be **August 1, 2008**.

F. The parties shall meet and confer on or before **September 30, 2008**.

G. The Pretrial Conference shall be held on **October 21, 2008**.

H. The jury trial date shall be **November 3, 2008**.

**Joint Defense Proposed Amended Pretrial Schedule:**

A. Factual discovery cutoff shall be **September 5, 2008**.

B. Expert disclosures and opinions shall be exchanged on or before **October 3, 2008**.

C. Rebuttal expert disclosures shall be exchanged on or before **October 17, 2008**.

D. Expert discovery cutoff shall be **November 7, 2008**.

E. The deadline for filing dispositive motions shall be **December 5, 2008**.

F. The parties shall meet and confer on or before **February 23, 2009**.

G. The Pretrial Conference shall be held on **April 7, 2009**.

H. The jury trial date shall be **April 20, 2009**.

**18.    Trial**

Estimated 10 day Jury Trial.

**19.    Disclosures of Non-party Interested Entities or Persons**

All parties to whom Civil L.R. 3-16 applies have filed their Certification of Interested Entities or Persons. Rule 3-16 does not apply to defendant County of San Mateo.

**20.    Such Other Matters as May Facilitate the Just, Speedy and Inexpensive Disposition of this Matter.**

None at this time.

//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//

1 | DATED: April 21, 2008

Respectfully submitted,

MICHAEL P. MURPHY, COUNTY COUNSEL

By:_____/s/_____
        V. Raymond Swope III, Deputy
Attorneys for Defendants
COUNTY OF SAN MATEO, NEIL CULLEN,
BRIAN LEE, and DAVID WEIDNER

9 | DATED: April 21, 2008

CAMPBELL, WARBURTON, FITZSIMMONS,
    SMITH, MENDELL & PASTORE

By:_____/s/_____
   Lisa Jeong Cummins
Attorneys for Defendants
DON DALLIMONTI and RHONDA
DALLIMONTI

15 | DATED: April 21, 2008

SCOTT LAW FIRM

By:_____/s/_____
        John Houston Scott
Attorneys for Plaintiffs
MICHAEL TOSCHI and TRACY TOSCHI

21 | DATED: April 21, 2008

GEARINGER LAW GROUP

By:_____/s/_____
        Brian Gearinger
Attorneys for Plaintiffs
MICHAEL TOSCHI and TRACY TOSCHI

1 | PURSUANT TO GENERAL ORDER 45,

2 |     I, Lisa Jeong Cummins, the ECF User transmitting and filing this **JOINT CASE**

3 | **MANAGEMENT CONFERENCE STATEMENT**, attest that I have obtained the concurrences of V.

4 | Raymond Swope III, John Houston Scott and Brian Gearinger on this filing. I declare the foregoing

5 | under the penalty of perjury.

7 | DATED: April 21, 2008            CAMPBELL, WARBURTON, FITZSIMMONS,
8 |                                                                          SMITH, MENDELL & PASTORE

10 |                                                      By:_____/s/_____
11 |                                                            Lisa Jeong Cummins
                                                           Attorneys for Defendants
                                                           DON DALLIMONTI and RHONDA DALLIMONTI