## SCOTT LAW FIRM

1375 Sutter Street, Suite 222
SAN FRANCISCO, CALIFORNIA
94109-7837
(415) 561-9601

JOHN HOUSTON SCOTT (State Bar #72578)
LIZABETH N. de VRIES (State Bar #227215)

## GEARINGER LAW GROUP

825 VAN NESS AVENUE, 4TH FLOOR
SAN FRANCISCO, CALIFORNIA
94109-7837
(415) 440-3102

BRIAN GEARINGER (State Bar #146125)

Attorneys for Plaintiffs MICHAEL TOSCHI and TRACY TOSCHI

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL TOSCHI, and TRACY TOSCHI,<br><br>Plaintiffs,<br><br>vs.<br><br>COUNTY OF SAN MATEO, DON DALLIMONTI, RHONDA DALLIMONTI, NEIL CULLEN, BRIAN LEE, DAVID WEIDNER, and DOES ONE through FIFTY, inclusive,<br><br>Defendants. | Case No. C-07-3625<br><br>**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**<br><br>[F.R.C.P. 15(a)]<br><br>**Date:** June 27, 2008<br>**Time:** 9:00 a.m.<br>**Place:** Courtroom 2, 17th Floor<br>**Judge:** Hon. Maxine M. Chesney<br><br>**Action Filed:** July 13, 2007 |

## I. STATEMENT OF FACTS

This case was filed on July 13, 2007. The proposed First Amended Complaint was sent to defendants' counsel on May 13, 2008 and is attached to the Declaration of John Houston Scott as **Exhibit A**.

The plaintiffs allege that in the course of ongoing discovery in the instant case, the plaintiff discovered that the Complaint as filed required amendments in the interest of justice. Plaintiff requested a stipulation from Deputy County Counsel for defendant of San Mateo. However, defendants' Counsel would only agree to stipulate to allowing a first amended complaint on the condition that trial (and related deadlines) were continued. See Declaration of John Houston Scott, Ex. B. Plaintiffs will not stipulate to continue trial because:

"My clients can not agree to continue the trial date unless the County will agree to allow them to place sandbags in the area of the swale during the next rainy season to divert rain run-off from their property. They have a duty to mitigate their damages and there is a genuine risk that more erosion and saturation caused by the runoff will cause the hill to slide. This issue was raised and rejected by Mr. Swope at the last CMC. Hopefully your client will reconsider its position." *See*, Decl. of John Houston Scott, Exhibit B.

The matter is on schedule to complete discovery and proceed to trial as scheduled in November 2008.

The requested amendments are as follows: First, Defendants Neil Cullen and Brian Lee were not necessary parties to the action, and thus, Plaintiff now seeks to substitute in their place two different defendants, Mark Marelich and Joe Costa.[1] Second, Plaintiff also seeks to add an Equal Protection/14th Amendment claim that is now the sixth claim for relief. Finally, plaintiff adds reference to the January 14, 2008 fall of a large Heritage Oak tree that caused damage to plaintiffs' property and one of their neighbors. See, Declaration of John H. Scott, Ex. A.

//

---

[1] Of note, the Rule 15(c) relation-back doctrine is inapplicable because the primary act involving these two new defendants occurred on December 4, 2006.

## I. STATEMENT OF FACTS

This case was filed on July 13, 2007. The purposed First Amended Complaint was sent to defendants' counsel on May 13, 2008 and is attached to the Declaration of John Houston Scott as **Exhibit A**.

The plaintiffs allege that in the course of ongoing discovery in the instant case, the plaintiff discovered that the Complaint as filed required amendments in the interest of justice. Plaintiff requested a stipulation from Deputy County Counsel for defendant of San Mateo. However, defendants' Counsel would only agree to stipulate to allowing a first amended complaint on the condition that trial (and related deadlines) were continued. See Declaration of John Houston Scott, Ex. B. Plaintiffs will not stipulate to continue trial because:

"My clients can not agree to continue the trial date unless the County will agree to allow them to place sandbags in the area of the swale during the next rainy season to divert rain run-off from their property. They have a duty to mitigate their damages and there is a genuine risk that more erosion and saturation caused by the runoff will cause the hill to slide. This issue was raised and rejected by Mr. Swope at the last CMC. Hopefully your client will reconsider its position." *See*, Decl. of John Houston Scott, Exhibit B.

The matter is on schedule to complete discovery and proceed to trial as scheduled in November 2008.

The requested amendments are as follows: First, Defendants Neil Cullen and Brian Lee were not necessary parties to the action, and thus, Plaintiff now seeks to substitute in their place two different defendants, Mark Marelich and Joe Costa.[1] Second, Plaintiff also seeks to add an Equal Protection/14th Amendment claim that is now the sixth claim for relief. Finally, plaintiff adds reference to the January 14, 2008 fall of a large Heritage Oak tree that caused damage to plaintiffs' property and one of their neighbors. See, Declaration of John H. Scott, Ex. A.

//

---

[1] Of note, the Rule 15(c) relation-back doctrine is inapplicable because the primary act involving these two new defendants occurred on December 4, 2006.

## III. ARGUMENT

This motion is made under Rule 15(a), which provides, in pertinent part:

> A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served. Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and **leave shall be freely given** when justice so requires.

Fed. Rule Civ. Proc. 15.

Leave to amend should be granted, even if not requested, unless a district court determines that such amendment is futile. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000). In practice, the burden is usually on the party opposing the amendment to demonstrate why the amendment should not be permitted. *Foman v. Davis*, 371 U.S. 178 (1962). Generally, leave to amend is granted unless a weighing of several factors suggests that leave would be inappropriate. *DCD Programs, Ltd. V. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987). In particular, if leave to amend is denied, it will often occur because an amendment would create unfair prejudice to another party. *See, e.g., Eminence Capital, L.L.C. v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003)("[I]t is the consideration of prejudice that carries the greatest weight.") In fact, "undue delay by itself . . . is insufficient to justify denying a motion to amend." *Bowles v. Reade*, 198 F.3d 752, 758 (9th Cir. 1999).

Here, defendants cannot rightly assert that amendment should not be permitted. There would be no danger of unfair prejudice to defendants. The trial is still approximately 6 months away in November 2008.

First, the substitution of additional defendants Mark Marelich and Joe Costa will not unduly prejudice defendants. They have been deposed and they do not raise new issues. Plaintiffs' right to relief as to these additional defendants arise out of the same transactions or occurrences and questions of law in the original complaint.

Second, the addition of the Equal Protection/14th Amendment claim that is now the sixth claim for relief is not prejudicial. It is another related theory based on evidence obtained during discovery.

Finally, plaintiffs' reference to the January 14, 2008 fall of a large Heritage Oak tree that caused damage to plaintiffs' property and one of their neighbors is not prejudicial. The defendants were aware of it when it occurred and have had an opportunity to conduct discovery and inspect the property since then.

Further, there is no undue delay because plaintiffs brought their request for leave to amend because of recently-acquired knowledge in the course of ongoing discovery and investigation.

## IV. CONCLUSION

In conformity with Rule 15(a) and with all authority set forth above, the plaintiff has a substantive right to make the amendments provided for above.

Dated: May 23, 2008

**SCOTT LAW FIRM**

By: /s/ John Houston Scott
JOHN HOUSTON SCOTT,
Attorneys for Plaintiffs MICHAEL TOSCHI and TRACY TOSCHI

F:\Cases\Cases - Active\Toschi, Michael\Pleadings\Rule 15 Mtn to Amend.DOC

**[PROPOSED] ORDER**

The Court having considered the arguments of the parties, and good cause appearing therefore:

IT IS HEREBY ORDERED that the plaintiff may file a First Amended Complaint to: (1) eliminate defendants Neil Cullen and Brian Lee and substitute in their place as defendants Mark Marelich and Jose Costa; (2) amend their complaint to add an Equal Protection/14th Amendment claim as their sixth claim for relief; and (3) add reference to the January 14, 2007 fall of a Heritage Oak tree that cause damage to plaintiffs' property and one of their neighbors.

DATED:

By: _____
U.S. District Court Judge Maxine M. Chesney