1

## SCOTT LAW FIRM

2

1375 Sutter Street, Suite 222
SAN FRANCISCO, CALIFORNIA
94109-7837
(415) 561-9601

3

4

JOHN HOUSTON SCOTT (State Bar #72578)
LIZABETH N. de VRIES (State Bar #227215)

5

6

## GEARINGER LAW GROUP

7

825 VAN NESS AVENUE, 4TH FLOOR
SAN FRANCISCO, CALIFORNIA
94109-7837
(415) 440-3102

8

9

BRIAN GEARINGER (State Bar #146125)

10

Attorneys for Plaintiffs MICHAEL TOSCHI and TRACY TOSCHI

11

12

UNITED STATES DISTRICT COURT

13

NORTHERN DISTRICT OF CALIFORNIA

14

| MICHAEL TOSCHI, and TRACY TOSCHI, | Case No. C-07-3625 |
|---|---|
| Plaintiffs, | **DECLARATION OF JOHN H. SCOTT IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT** |
| vs. | |
| COUNTY OF SAN MATEO, DON DALLIMONTI, RHONDA DALLIMONTI, NEIL CULLEN, BRIAN LEE, DAVID WEIDNER, and DOES ONE through FIFTY, inclusive, | **Date:** June 27, 2008<br>**Time:** 9:00 a.m.<br>**Place:** Courtroom 2, 17th Floor<br>**Judge:** Hon. Maxine M. Chesney |
| Defendants. | **Action Filed:** July 13, 2007 |

15

16

17

18

19

20

21

22

23

24

I, JOHN HOUSTON SCOTT, declare as follows:

25

1.    I am one of the attorneys of record for the plaintiffs herein and I make this

26

declaration in support of plaintiff's motion for leave to file first amended complaint.

27

28

DECL. OF JOHN H. SCOTT IN SUPPORT OF MOTION FOR          1          U.S. DISTRICT COURT CASE NO. C-07-3625
LEAVE TO FILE 1ST AMENDED COMPLAINT

2.     A true and correct copy of the Proposed First Amended Complaint and plaintiffs' letter dated May 13, 2008 to defendants counsel requesting to file a first amended complaint by stipulation is attached hereto as **Exhibit A**.

3.     A true and correct copy of defendants' counsel email dated May 21, 2008 in response to plaintiffs' request for a stipulation, and plaintiffs' counsels response, is attached hereto as **Exhibit B**.

I declare under penalty of perjury the foregoing is true and correct executed this 23rd day of May 2008, in San Francisco, California.

By:   _____

JOHN HOUSTON SCOTT
Attorneys for Plaintiff

F:\Cases\Cases - Active\Toschi, Michael\Pleadings\Decl. of JHS in support of Rule 15 Mtn to Amend.05.23.08.DOC

DECL. OF JOHN H. SCOTT IN SUPPORT OF MOTION FOR          2          U.S. DISTRICT COURT CASE NO. C-07-3625
LEAVE TO FILE 1ST AMENDED COMPLAINT

EXHIBIT A

# SCOTT LAW FIRM

1375 Sutter Street, Suite 222
San Francisco, California 94109
www.scottlawfirm.net

**John Houston Scott**
john@scottlawfirm.net

**Lizabeth N. de Vries**
liza@scottlawfirm.net

Telephone
(415) 561-9600

Facsimile
(415) 561-9609

May 13, 2008

*VIA E-MAIL ONLY*

Carol Woodward
Hall of Justice and Records
400 County Center, 6th Floor
Redwood City, CA 94063

Re:    *Toschi  v. County of San Mateo, et al.*
       USDC – Northern District, Case No. C-07-3625

Dear Ms. Woodward:

Attached is a proposed First Amended Complaint we would like to file by stipulation. Otherwise, we will file a motion under Rule 15. This amended complaint is virtually identical to the original complaint with the following changes:

1.   We have eliminated defendants Neil Cullen and Brian Lee and substituted in their place as defendants Mark Marelich and Joe Costa (and we have revised ¶ 45 in that regard);
2.   We have added an equal protection/ 14th Amendment claim that is now the sixth claim for relief; and
3.   We have added reference to the January 14, 2008 fall of a large Heritage Oak tree that caused damage to plaintiffs' property and one of their neighbors (¶ 58).

Please let me know as soon as possible what objections you have to this amended complaint being filed by stipulation.

Sincerely,

SCOTT LAW FIRM

John Houston Scott

JHS/tsp
Encl.
cc: Brian Gearinger
    Lisa Cummins

F:\Cases\Cases - Active\Toschi, Michael\Correspondence\Woodward.05.13.08.doc

**SCOTT LAW FIRM**

1375 Sutter Street, Suite 222
SAN FRANCISCO, CALIFORNIA
94109-7837
(415) 561-9601

JOHN HOUSTON SCOTT (State Bar #72578)
LIZABETH N. de VRIES (State Bar #227215)

**GEARINGER LAW GROUP**

825 VAN NESS AVENUE, 4TH FLOOR
SAN FRANCISCO, CALIFORNIA
94109-7837
(415) 440-3102

BRIAN GEARINGER (State Bar #146125)

Attorneys for Plaintiffs MICHAEL TOSCHI and TRACY TOSCHI

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL TOSCHI, and TRACY TOSCHI,<br><br>     Plaintiffs,<br><br>     vs.<br><br>COUNTY OF SAN MATEO, DON DALLIMONTI, RHONDA DALLIMONTI, NEIL CULLEN, BRIAN LEE, DAVID WEIDNER, and DOES ONE through FIFTY, inclusive,<br><br>     Defendants. | Case No. C-07-3625<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br>**(42 USC § 1983)**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Michael Toschi and Tracy Toschi ("Plaintiffs") complain and allege as follows:

## I. INTRODUCTION

1.    This case began as a dispute between neighbors – plaintiffs, Michael and Tracy Toschi and defendants, Don and Rhonda Dallimonti. Don Dallimonti happens to be a sergeant with the San Mateo County Sheriff's Department. However, he is not sued herein for on-duty conduct or for conduct where he acted "under color of state law." Rather, Don and Rhonda Dallimonti are sued herein as being part of a conspiracy involving employees of the County of

1   San Mateo who, while acting under color of law, violated the plaintiff's constitutional rights in

2   violation of 42 USC § 1983.

3       2.   This case raises essentially three categories of claims: (1) constitutional claims for

4   violations of section 1983 against the County of San Mateo and defendants Neil Cullen, Brian

5   Lee, and David Weidner; (2) conspiracy claims against Don and Rhonda Dallimonti, as private

6   actors, and County agents and employees who acted to deprive the plaintiffs' of their

7   constitutional rights; and (3) supplemental state claims that relate to the events or omissions that

8   give rise to the constitutional claims or relate to the property that is the subject of this action

9   situated in San Mateo County.

## II. JURISDICTION AND VENUE

11       3.   This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. § 1331

12   in that this action arises under "the Constitution, laws, or treaties of the United States." This

13   Court also has jurisdiction over state claims in that the additional claims for relief "are so related

14   to claims in the action within such original jurisdiction that they form part of the same case or

15   controversy under Article III of the United States Constitution." 28 U.S.C. § 1367.

16       4.   Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(1) and

17   founded on (1) Plaintiffs' information and belief that some or all of the defendants reside in this

18   judicial district; (2) "a substantial part of the events or omissions giving rise to the claim

19   occurred" in this judicial district; and (3) "a substantial part of property that is the subject of the

20   action is situated" in this judicial district.

## III. THE PARTIES

22       5.   Plaintiffs Michael Toschi and Tracy Toschi ("Plaintiffs") are and at all relevant

23   times to this litigation have resided at 2511 Park Road, Redwood City, California located in San

24   Mateo County.

25       6.   Defendant County of San Mateo (the "County") is a public entity and municipal

26   corporation organized and existing pursuant to the laws of the State of California.

27

28

FIRST AMENDED COMPLAINT FOR DAMAGES        2     U.S. DISTRICT COURT CASE NO. C-07-3625

7.    Defendant Don Dallimonti is a neighbor of the plaintiffs and at all times relevant resided in San Mateo County.

8.    Defendant Rhonda Dallimonti is and at all times relevant was the wife of Don Dallimonti and resided in San Mateo County.

9.    Defendant Deputy David Weidner is and at all times relevant to this litigation was employed as a Deputy Sheriff in the County Sheriff's Office and acted under color of law.

10.    Defendant Mark Marelich is and was at all times relevant to this litigation was a Road Construction Inspector II of the County Department of Public Works and acted under color of state law.

11.    Defendant Joe Costa is and was at all times relevant to this litigation was a Road Maintenance Supervisor of the County Department of Public Works and acted under color of state law.

12.    Plaintiffs are ignorant of the true names and capacities of the defendants sued in this litigation as Does One through Fifty, inclusive and, as a result, sues these defendants by these fictitious names.  Plaintiffs will amend this Complaint to allege the true names and capacities of these defendants once they have been ascertained.  Plaintiffs are informed and believe and thereupon allege that each of the fictitiously named defendants is in some manner responsible for the injuries and damages to Plaintiffs alleged in this litigation.

13.    Plaintiffs are informed and believe and thereupon allege that at all times relevant to this litigation, defendants and each of them, acted in concert and/or conspired to cause the harm and damages alleged herein.

## IV.  FACTUAL ALLEGATIONS

### A.    Plaintiffs Warn DPW Of Erosion Caused By Water Run-Off From Park Road Onto Plaintiffs' Property

14.    Plaintiffs reside at 2511 Park Road, Redwood City, California.  They live in an unincorporated area of Redwood City that is within the jurisdiction of the County Sheriff's Office and the County Department of Public Works ("DPW").  Plaintiffs' property has a steep hill that is wooded and includes several mature heritage oak trees.  The County maintains Park

1    Road that runs next to Plaintiffs' property. The County designed Park Road (and in the past has

2    maintained it) to prevent rainwater from accumulating and draining on to the upper portion of

3    Plaintiffs' property.

4        15. Beginning in the fall of 2003, if not sooner, Plaintiffs reported to County employees

5    erosion issues relating to water being diverted onto their property from Park Road. Plaintiff

6    Michael Toschi spoke with the DPW employees Joe Costa and Mark Marelich to express his

7    concerns that the erosion caused by the water run-off from Park Road was creating a safety

8    hazard on his property. Plaintiff Michael Toschi advised Joe Costa and Mark Marelich that trees

9    on his property were being threatened by the water run-off from Park Road. Specifically,

10   Plaintiff Michael Toschi warned Joe Costa and Mark Marelich that the heritage oak trees on his

11   property could fall and cause serious property damage, physical injury and even death,

12   particularly to an elderly neighbor whose home is close to some of the trees on his property.

   **B.    Defendant Don Dallimonti and Mark Marelich Interfere With Plaintiffs'**
13       **Attempts To Repair Their Property And Prevent Further Erosion Damage**
14       **From Park Road**

15       16. Defendant Don Dallimonti and Rhonda Dallimonti are neighbors of Plaintiffs.

16   Defendants Don Dallimonti and Rhonda Dallimonti often drove their vehicles onto Plaintiffs'

17   property when entering and exiting the driveway of their residence. The driving of vehicles by

18   Don Dallimonti and Rhonda Dallimonti damaged Plaintiffs' property by causing subsidence and

19   altering adversely the pattern of storm drainage from Park Road onto Plaintiffs' property,

20   causing substantial erosion to Plaintiffs' property.

21       17. During the spring of 2004, Plaintiffs hired gardeners to repair their damaged

22   property adjacent to Park Road. Plaintiffs intended that the repairs would prevent further erosion

23   on Plaintiffs' property, stabilize the soil and protect the heritage oak trees on Plaintiffs' property.

24       18. As the repair work was underway, Defendant Don Dallimonti confronted the

25   gardeners hired by Plaintiffs and threatened them with arrest and/or immigration investigation

26   and deportation if they did not stop working.

27

28

FIRST AMENDED COMPLAINT FOR DAMAGES        4        U.S. DISTRICT COURT CASE NO. C-07-3625

1    19.   That same afternoon, Defendant Don Dallimonti entered the private, gated entryway

2    of Plaintiffs' home and loudly threatened Plaintiff Tracy Toschi.  Defendant Don Dallimonti

3    refused to leave immediately when Plaintiff Tracy Toschi requested that he leave her property.

4    20.   Approximately two days later, Plaintiff Michael Toschi, who had been away on

5    business, telephoned Don Dallimonti regarding his threatening behavior towards Tracy Toschi.

6    Don Dallimonti responded by threatening Plaintiff Michael Toschi with his police powers as a

7    peace officer for the County Sheriff's Office and his possession of guns.

8    21.   During the fall of 2005, Don Dallimonti, in concert with Mark Marelich, forced

9    gardeners hired by Plaintiffs to stop work on Plaintiffs' property.

10   ### C.   Loss of Plaintiffs' Heritage Oak Tree Due To Erosion Damage On Plaintiffs'
11   Property From Park Road

12   22.   Sometime prior to the spring of 2006, Redwood City altered the drainage culvert(s)

13   that boarder Park Road in the vicinity of the Dallimontis' property and the uphill neighbors from

14   the Dallimontis' property along Park Road.  As a result of Redwood City's actions, the volume

15   of storm water runoff that came across Park Road onto the Plaintiffs' property from the

16   Dallimontis' property and the uphill neighbors from the Dallimontis' property along Park Road

17   increased such that it damaged the Plaintiffs' property.

18   23.   During the spring of 2006, as a result of erosion and subsidence problems on

19   Plaintiffs' property emanating from Park Road, a large heritage oak tree on Plaintiffs' property

20   fell, damaging the property of two of Plaintiffs' neighbors, tearing down utility lines, and

21   blocking vehicular traffic on Park Road.

22   24.   In July 2006, Plaintiff Michael Toschi met with Mark Marelich to discuss creating a

23   berm adjacent to Park Road and on Plaintiffs' property as a remedy to the erosion caused by the

24   water run-off from Park Road onto Plaintiffs' property.  Don Dallimonti interrupted this meeting

25   and demanded that Michael Toschi not create a berm on the property to prevent further erosion.

26   In July 2006 (soon after Don Dallimonti interrupted the meeting between Plaintiff Michael

27

28

1    Toschi and Mark Marelich), Defendant County sent a notice to Plaintiffs demanding that they

2    remove the berm on their property.

3          **D.**    **Plaintiffs' Report The Threatening Behavior Of Defendant Don Dallimonti**

4                   **and Defendant Rhonda Dallimonti**

5         25.  On August 14, 2006, Defendants Don Dallimonti and Rhonda Dallimonti

6    approached Plaintiff Tracy Toschi and her four year-old daughter in a threatening manner, using

7    loud, violent language and demeaning commands.  Soon thereafter, Plaintiffs contacted the

8    County Sheriff's Office to file a report of the threats and harassment made that day by the

9    Dallimontis.

10         26.  Deputy Jason Gamble of the County Sheriff's Office's responded to Plaintiffs'

11    residence; however, Deputy Gamble refused to make a report against Don Dallimonti because of

12    Dallimonti's position with the County Sheriff's Office.  Instead, Deputy Gamble advised

13    Plaintiffs that they could attempt to obtain a Temporary Restraining Order against Defendants

14    Don Dallimonti and Rhonda Dallimonti.

15         27.  On August 28, 2006, Plaintiffs sent a letter to the County Sheriff's Lieutenant Ken

16    Jones concerning Deputy Gamble's refusal to make a formal report of the threats made by Don

17    Dallimonti and Rhonda Dallimonti on August 14, 2006.

18          **E.**    **Plaintiffs Meet With Lisa Ekers And She Issues An Encroachment Permit To**

19                   **Plaintiffs For Erosion Remediation Work**

20         28.  On or about August 10, 2006, Plaintiff Michael Toschi met with Lisa Ekers, the

21    Road Operations Manager of the County Department of Public Works ("DPW"), to discuss a

22    remedy for the erosion on Plaintiffs' property.  Lisa Ekers agreed with Plaintiff Michael Toschi's

23    proposed plan to construct a rainwater run-off swale to prevent further erosion to Plaintiffs'

24    property.

25         29.  Plaintiff Michael Toschi agreed to submit a permit application to remove the berm,

26    repair erosion, remove a fallen oak tree, and install new plantings.  On August 27, 2006, the

27    County issued to Plaintiffs an "Encroachment Permit" dated August 23, 2006 that was valid

28

1  through September 15, 2006 for Plaintiffs' erosion remediation plans.  A correct copy of the

2  Encroachment Permit is attached as Exhibit A.

3     30.  Beginning on September 5, 2006, Plaintiffs started to do the work of removing the

4  berm, removing the fallen tree and other work identified in the County's August 23, 2006

5  Encroachment Permit.  Plaintiffs, however, did not complete this work by September 15, 2006

6  due to interruption because of threats from Don Dallimonti.

7  **F.**   **Plaintiff Michael Toschi Files a Citizen's Complaint Against Defendant Don**
8         **Dallimonti**

9     31.  On September 16, 2006, Plaintiff Michael Toschi filled out a "Citizen's Complaint"

10  form on behalf of Plaintiffs against Defendant Don Dallimonti which alleged in pertinent part:

11  "Several counts of verbal assault, threats and physically unstable and aggressive behavior.  Also

12  abuse of power and manipulation in County business, violent and reckless driving in both

13  personal vehicles and County Sheriff patrol vehicle."  A correct copy of the September 16, 2006

14  Citizen's Complaint is attached as Exhibit B.

15  **G.**   **Defendant Don Dallimonti Reports Plaintiff Michael Toschi To Defendant**
16         **Deputy Weidner Who In Turn Takes Plaintiff Michael Toschi Into Custody**

17     32.  On Saturday, September 24, 2006, Defendant Don Dallimonti approached Pete

18  Pearson, a friend of Plaintiff Michael Toschi, who was planting permitted English Laurel shrubs

19  on Plaintiffs' property.  Defendant Don Dallimonti commanded Mr. Pearson to stop working.

20     33.  Shortly thereafter, Defendant David Weidner responded to a call from the

21  Dallimontis.  Deputy Weidner approached Plaintiff Michael Toschi on his own property.

22  Weidner demanded that Michael Toschi produce a County permit for the work being done on

23  Plaintiffs' property.

24     34.  Michael Toschi explained that the Encroachment Permit was at his business office in

25  San Carlos.  Michael Toschi further explained that he and his family were about to leave to

26  attend a wedding.

27     35.  Deputy Weidner refused to allow Michael Toschi to leave to attend the wedding.

28  Instead, Deputy Weidner detained Michael Toschi and drove him in his patrol vehicle to Michael

FIRST AMENDED COMPLAINT FOR DAMAGES        7        U.S. DISTRICT COURT CASE NO. C-07-3625

1  Toschi's business office in San Carlos in order to have him produce the Encroachment Permit.

2  By the time Deputy Weidner released Michael Toschi from his custody, the Toschi family had

3  missed the wedding.

4      36.  On September 28, 2006, County Sheriff's Lieutenant Marc Alcantara and Detective

5  Sergeant Gil Rodriguez interviewed Plaintiffs at their residence regarding their complaints

6  against Defendant Don Dallimonti, Deputy Gamble and the recent incident involving Deputy

7  Weidner.  Plaintiffs also provided the County Sheriff's Office investigators with the names,

8  addresses and phone numbers of witnesses to other incidents involving Defendant Don

9  Dallimonti.

10     **H.    The County Refuses To Allow The Work Previously Approved In The
            Encroachment Permit**

11

12     37.  On September 26, 2006, Neil Cullen, Director of the DPW, wrote a letter to Michael

13  Toschi directing him to remove the plants and the berm for allegedly being done in violation of

14  the Encroachment Permit.  Plaintiff Michael Toschi responded to Neil Cullen by letter on

15  September 29, 2006 in which he addressed Neil Cullen's allegations and explained his efforts to

16  prevent future erosion to his property.

17     38.  On October 20, 2006, Neil Cullen sent a Notice to Remove Encroachment to

18  Plaintiffs.  The Notice to Remove Encroachment directed Plaintiffs to remove the berm and

19  plantings that remain in the "right-of-way" on Plaintiffs' property because the Encroachment

20  Permit, which the County issued on August 23, 2006, had expired on September 15, 2006.

21     39.  On November 6, 2006, Plaintiffs met with Lisa Ekers to discuss the Plaintiffs

22  attempt to perform work on their property in accordance with the Encroachment Permit.  After

23  inspecting Plaintiffs' property, Lisa Ekers informed Plaintiffs that it appeared that Plaintiffs had

24  complied with the requirements of the Encroachment Permit.  Specifically, Lisa Ekers observed

25  that Plaintiffs had removed the berm and planted the English Laurel shrubs as approved by the

26  Encroachment Permit.  Lisa Ekers also stated that the County would repair the swale along the

27  edge of Park Road adjacent to Plaintiffs' property to prevent water run-off and further erosion on

28  Plaintiffs' property.

40.   Plaintiff Michael Toschi confirmed his November 6 meeting with Lisa Ekers in his November 9, 2006 letter to Neil Cullen.  Plaintiff Michael Toschi enclosed with his November 10, 2006 letter the October 30, 2006 report of Bruce Matheson, P.E., President of Foundation Technologies, Inc.  Mr. Matheson concluded in his report:

> It is our opinion, based on our visual observations, that it would be imprudent to remove the swale and berm constructed by you, unless the County is prepared to construct a more permanent asphalt or concrete lined swale.  Removal of the existing could, and probably would, create further instability on the upper slope of your property.  This could result in undercutting of the roadbed, the loss of more Heritage oak trees, as well as landsliding on your property, and present a serious safety hazard to you and your neighbor.

Correct copies of Plaintiff Michael Toschi's November 9, 2006 letter and enclosed October 30, 2006 report of Mr. Matheson are attached as Exhibit C.

41.   On November 15, 2006, Neil Cullen sent a letter to Plaintiff Michael Toschi claiming that he had not complied with the conditions of the County permit and that the "Notice to Remove Encroachment" remains in effect.  A correct copy of Neil Cullen's November 15, 2006 letter is attached as Exhibit D.

### I.    Plaintiffs Seek And Obtain Restraining Order Against Don Dallimonti

42.   On September 27, 2006, Plaintiffs filed papers in the Superior Court for San Mateo County, No. CIV 457966, seeking a Temporary Restraining Order against Defendants Don and Rhonda Dallimonti.  The Superior Court scheduled a hearing on Plaintiffs application for a Temporary Restraining Order for October 24, 2006.

43.   On October 24, 2006, the Superior Court held a hearing on Plaintiffs' application for a Temporary Restraining Order.  At the hearing, the Superior Court issued the Restraining Order against both Defendants Don and Rhonda Dallimonti

44.   The Restraining Order against Don Dallimonti was served on the County Sheriff's Office.  The Superior Court then continued the hearing in order to allow the County Sheriff's Office Internal Affairs investigation of Don Dallimonti to be completed.

### J.    Employees Of The County Remove Plaintiffs' Landscaping, Aggravate Erosion Damage To Plaintiffs' Property By Redirecting Water Run-off Onto

**Plaintiffs' Property And Prevent Plaintiffs From Protecting Their Property From Water Run-off By Using Sandbags On Plaintiffs' Property**

45.   On or about December 4, 2006, employees of the County under the direction and supervision of Mark Marelich and Joe Costa entered onto Plaintiffs' property and among other things:  (1) removed all 12 of the English Laurel shrubs that Plaintiffs planted on Plaintiffs' property pursuant to the Encroachment Permit; (2) cut trees and greenery (which exposed the claimants' house to viewing from the home of Don Dallimonti and Rhonda Dallimonti) on Plaintiffs' property; and (3) constructed and paved a crude asphalt swale along Plaintiffs' property line along Park Road, intentionally designed to direct water run-off from Park Road onto Plaintiffs' property rather than continuing down Park Road to a County catch basin.  Swale construction was significantly poorer in quality, compared to similar swales along neighborhood streets.

46.   On several occasions since December 4, 2006, Plaintiffs placed sandbags on their property to divert water run-off away from Plaintiffs' property.  On each occasion that Plaintiffs placed sandbags on their property, employees of the County removed the sand bags, apparently after Don and/or Rhonda Dallimonti called the County.

47.   On December 16, 2006, Plaintiff Michael Toschi called the DPW and requested that it not remove sandbags placed by Plaintiffs near the asphalt swale recently constructed by the County.  County employee Steve Ballisteri told Michael Toschi that he had been instructed not to respond to emergency calls at Plaintiffs' property due to "some lawsuit."

**K.   Plaintiff Michael Toschi Warns Defendant Neil Cullen A Second Time About The "Serious Safety Hazard" Created By The County's Actions**

48.   On December 13, 2006, Plaintiffs' engineer Bruce Matheson did a second site inspection of Plaintiffs' property.  In a report dated December 14, 2006, Mr. Matheson concluded: "It is our opinion, based on our most recent observations, that the newly installed asphalt swale is incomplete and should be extended to the property line to eliminate the gap.  If this is not done, it could result in undercutting of the roadbed, the loss of more heritage oak trees,

1   as well as landsliding on your property, and present a serious safety hazard to you and your

2   neighbor."

3       49. On December 19, 2006, Plaintiffs sent another letter to Neil Cullen in which they

4   expressed their concerns about the hazard "that is potentially life threatening to our neighbor"

5   created by the recently constructed swale. Plaintiffs' enclosed with their December 19, 2006

6   letter a copy of Mr. Matheson's December 14, 2006 report. Correct copies of Plaintiffs'

7   December 19, 2006 letter and enclosed December 14, 2006 report of Mr. Matheson are attached

8   as Exhibit E.

9       50. On December 29, 2006, Neil Cullen wrote a letter to Plaintiff Michael Toschi in

10  which he stated in pertinent part: "[T]he recent paving of the drainage swale was not intended to

11  and will not eliminate the issue of storm water runoff on your property, and the runoff is likely to

12  continue its historic pattern of draining onto your property." Neil Cullen stated that the County

13  continues to "maintain the drainage paths as they existed prior to the encroachments" and that

14  Plaintiffs must apply for and receive a permit prior to performing any further work intended to

15  remedy the hazardous condition on Plaintiffs' property. A correct copy of Defendant Neil

16  Cullen's December 29, 2006 letter is attached as Exhibit F.

17      51. On January 8, 2007, Michael Toschi wrote a letter to Neil Cullen in which he stated

18  in pertinent part: "I have owned the home at 2511 Park Road since 1991. Since then, including

19  periods of historically heavy rainfall, runoff has never drained onto my property in the manner

20  characterized in your letter. Several of my neighbors will attest to this fact ...." A correct copy

21  of Plaintiffs' January 8, 2007 letter is attached as Exhibit G.

22      52. On February 1, 2007, Brian Lee, Acting Director of the DPW, replacing retired Neil

23  Cullen, responded to Plaintiff Michael Toschi's January 8, 2007 letter in which he stated in

24  pertinent part: "The placement of berms along the roadway, sandbags in the drainage swale, or

25  any other measures or devices that may result in diverting storm water runoff into the public

26  right-of-way or onto any private properties downhill from you is not allowed without first

27  performing a drainage analysis and obtaining an encroachment permit."

28

**L.    The County Sheriff's Office Ratifies the Conduct of Defendant Don Dallimonti and Defendant David Weidner**

53.    On January 10, 2007, the County Sheriff's Office sent Plaintiffs' a letter informing them that as a result of the investigation of their complaint regarding Don Dallimonti, the allegations are "Not Sustained" because the actions of Don Dallimonti "have been determined to be within Sheriff's Office policies and procedures."

54.    On January 11, 2007, the County Sheriff's Office sent a letter to Plaintiff Michael Toschi informing him that his complaint regarding David Weidner also resulted in a determination that the allegations are "Not Sustained" because the actions of Deputy Weidner were proper "and within Sheriff's Office policies and procedures."

**M.    The Superior Court Issues A One-Year Restraining Order Against Don Dallimonti**

55.    On February 6, 2007, the Superior Court reissued a Restraining Order to Stop Harassment against Don Dallimonti directing him to stay away from Plaintiffs, their home and vehicles. The Restraining Order is effective for one year. The Superior Court further ordered that Don Dallimonti must turn over all of his weapons, with the exception of his Sheriff's Office service revolver, to the custody of the County. A correct copy of the February 6, 2007 Restraining Order to Stop Harassment is attached as Exhibit H.

**N.    The County Refuses To Issue A Deer Fence Permit To Plaintiffs Pending Review Of The Application By County Counsel**

56.    On or about May 24, 2007, Plaintiff Tracy Toschi applied for a fence permit at the San Mateo County Planning and Building Department. After several visits, and conflicting information from different County employees, Plaintiff Tracy Toschi was informed that no permit could be issued, although she had complied with all requirements, pending advice from County Counsel for Defendant County of San Mateo.

**O.  Plaintiffs' Complied With California Tort Claims Statute**

57.    Plaintiffs filed a six-month claim with the County of San Mateo on March 21, 2007. On May 1, 2007 Plaintiffs' claim was rejected.

**P.    Loss Of Another Of One of Plaintiffs' Heritage Oak Trees Due To Erosion Damage On Plaintiffs' Property From Park Road**

58.   On January 14, 2008, another large heritage oak tree on Plaintiffs' property fell, damaging Plaintiffs' property and the property of one of Plaintiffs' neighbors.

**Q.    Necessity For Injunctive Relief**

59.   The plaintiff's property is still in a dangerous condition as a result of the defendants' acts and omissions.   If this condition is not remedied before the next rainy season, it is likely that irreparable harm will occur to Plaintiffs' property and to their neighbors.  The legal remedy for damages is inadequate and this condition, if not remedied, will foreseeably cause irreparable harm to Plaintiffs and their neighbors' property as well as threaten lives.

## V. CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF FOR VIOLATION OF 42 U.S.C § 1983 – RETALIATION IN VIOLATION OF THE FIRST AMENDMENT

### (Against Defendant County of San Mateo, David Weidner, Mark Marelich, Joe Costa and Does One through Fifty)

60.   Plaintiffs incorporate by reference each of the preceding paragraphs as though fully set forth herein, and further allege as follows:  The right to complain to government officials is protected by the guarantee of freedom of speech in the First Amendment to the Constitution of the United States.  Plaintiffs allege that Defendants, and each of them, violated their constitutional rights by taking adverse actions against them in retaliation for the exercise of their free speech rights.  Defendants, and each of them, took these actions because Plaintiffs had complained about the conduct of certain employees of the County of San Mateo.  The acts and/ or omissions of Defendants as alleged herein, (1) were caused by customs or policies of the County of San Mateo; (2) were caused by inadequate training, supervision, and/or discipline of employees of the County of San Mateo; (3) were caused by deliberate indifference of the County of San Mateo; and/or (4) were ratified by final decision-makers of the County of San Mateo.

61.   Wherefore, Plaintiffs pray for damages against defendants, and each of them, as set forth below.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### SECOND CLAIM FOR RELIEF

### FOR VIOLATION OF 42 U.S.C § 1983 – CONSPIRACY TO RETALIATE IN

### VIOLATION OF THE FIRST AMENDMENT

**(Against Defendants The County of San Mateo, David Weidner, Don Dallimonti, Rhonda Dallimonti, Mark Marelich, Joe Costa and Does One through Fifty)**

62.   Plaintiffs incorporate by reference each of the preceding paragraphs as though fully set forth herein, and further allege as follows:  The retaliation against the Plaintiffs for complaining to government officials was the result of a conspiracy to deprive Plaintiffs of their constitutional rights.  One or more of the Defendants agreed with each other, or with one or more other persons, to accomplish the alleged violation of the Plaintiff's constitutional rights.  The acts and/ or omissions of Defendants as alleged herein, (1) were caused by customs or policies of the County of San Mateo; (2) were caused by inadequate training, supervision, and/or discipline of employees of the County of San Mateo; (3) were caused by deliberate indifference of the County of San Mateo; and/or (4) were ratified by final decision-makers of the County of San Mateo.

63.   Wherefore, Plaintiffs pray for damages against defendants, and each of them, as set forth below.

### THIRD CLAIM FOR RELIEF

### FOR VIOLATION OF 42 U.S.C § 1983 – FOR DEPRIVATION OF LIBERTY IN

### VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENTS

**(Against Defendant David Weidner and Does One through Fifty)**

64.   Plaintiff Michael Toschi incorporate by reference each of the preceding paragraphs as though fully set forth herein, and further allege as follows:  The right to be protected from having one's freedom of movement restrained is protected by the guarantee of freedom from unreasonable seizures in the Fourth Amendment to the Constitution of the United States. Plaintiff Michael Toschi alleges that Defendant David Weidner and Does One through Fifty, and each of them, violated Plaintiff Michael Toschi's right to be free from unreasonable seizures.

65.   Wherefore, Plaintiff Michael Toschi prays for damages against defendants, and each of them, as set forth below.

**FOURTH CLAIM FOR RELIEF**

**FOR VIOLATION OF 42 U.S.C § 1983 – MUNICIPAL LIABILITY FOR UNLAWFUL**

**DETENTION IN VIOLATION OF THE FOURTH AND FOURTEENTH**

**AMENDMENTS**

**(Against Defendant The County of San Mateo)**

66.   Plaintiff Michael Toschi incorporate by reference each of the preceding paragraphs as though fully set forth herein, and further allege as follows:  Defendant David Weidner and Does One through Fifty, and each of them, violated Plaintiff Michael Toschi's right to be free from unreasonable seizures.  The violation of Plaintiff Michael Toschi's right to be free from unreasonable seizures was pursuant to a long-standing custom or practice of The County of permitting its personnel to unreasonably seize citizens of the County of San Mateo.  The policymakers of The County approved, ratified or were deliberately indifferent to the custom or practice.

67.   Wherefore, Michael Toschi prays for damages against defendants, and each of them, as set forth below.

**FIFTH CLAIM FOR RELIEF**

**FOR VIOLATION OF 42 U.S.C § 1983 – FOR CONSPIRACY TO CAUSE UNLAWFUL**

**DETENTION IN VIOLATION OF THE FOURTH AND FOURTEENTH**

**AMENDMENTS**

**(Against Defendants The County of San Mateo, David Weidner, Don Dallimonti,**

**Rhonda Dallimonti and Does One through Fifty)**

68.   Plaintiff Michael Toschi incorporate by reference each of the preceding paragraphs as though fully set forth herein, and further allege as follows:

69.   Plaintiff Michael Toschi complained to the County Sheriff's Office regarding Defendants Don Dallimonti and David Weidner.  In retaliation, Defendants The County, David Weidner, Don Dallimonti, Rhonda Dallimonti and Does One through Fifty, and each of them, conspired to deprive Plaintiff Michael Toschi of his constitutional rights.

70.   One or more of the Defendants agreed with each other, or with one or more other

1   persons, to accomplish the alleged violation of the Plaintiff Michael Toschi's constitutional

2   rights.  The acts and/ or omissions of Defendants as alleged herein, (1) were caused by customs

3   or policies of the County of San Mateo; (2) were caused by inadequate training, supervision,

4   and/or discipline of employees of the County of San Mateo; (3) were caused by deliberate

5   indifference of the County of San Mateo; and/or (4) were ratified by final decision-makers of the

6   County of San Mateo.

7       71.   Wherefore, Plaintiff Michael Toschi prays for damages against defendants, and each

8   of them, as set forth below.

### SIXTH CLAIM FOR RELIEF

### FOR VIOLATION OF 42 U.S.C § 1983 – INTENTIONAL AND ARBITRARY

### DISCRIMINATION IN VIOLATION OF THE FOURTEENTH AMENDMENT

### (Against Defendants The County, Mark Marelich, Joe Costa and Does One through Fifty)

13      72.   Plaintiffs incorporate by reference each of the preceding paragraphs as though fully

14  set forth herein, and further allege as follows:  The acts and/or omissions of Defendants as

15  alleged herein resulted in intentional and arbitrary discrimination against Plaintiffs in violation of

16  the Equal Protection Clause of the Fourteenth Amendment.

17      73.   Wherefore, Plaintiffs pray for damages against defendants, and each of them, as set

18  forth below.

### SUPPLEMENTAL STATE CLAIMS

### SEVENTH CLAIM FOR RELIEF

### FOR FALSE IMPRISONMENT AND UNNECESSARY DELAY IN RELEASING

### (Against Defendants The County of San Mateo, David Weidner

### and Does One through Fifty)

24      74.   Plaintiffs incorporate by reference each of the preceding paragraphs as though fully

25  set forth herein, and further allege as follows:

26      75.   Defendant David Weidner and Does One through Fifty, and each of them,

27  intentionally deprived Plaintiff Michael Toschi of his freedom of movement by use of threats of

28  force and held him in custody;

76. There was an unnecessary delay in releasing Plaintiff Michael Toschi from custody;

77. Plaintiff Michael Toschi did not consent to the loss of his freedom of movement or the delay in releasing him from custody;

78. Plaintiff Michael Toschi was harmed; and

79. The conduct of Defendant David Weidner and Does One through Fifty, and each of them, was a substantial factor causing Plaintiff Michael Toschi's harm;

80. Wherefore, Plaintiffs pray for damages against defendants, and each of them, as set forth below.

## EIGHTH CLAIM FOR RELIEF

### FOR INTERFERENCE WITH RIGHTS IN VIOLATION OF CALIFORNIA CIVIL CODE SECTION 52.1

### (Against Defendants The County of San Mateo, David Weidner and Does One through Fifty)

81. Plaintiffs incorporate by reference each of the preceding paragraphs as though fully set forth herein, and further allege as follows:

82. Defendant David Weidner and Does One through Fifty, and each of them, interfered with Plaintiff Michael Toschi's Fourth Amendment right under the United States Constitution to be free from unreasonable seizures by threatening or committing violent acts;

83. Plaintiff Michael Toschi believed that if he exercised his Fourth Amendment right under the United States Constitution to be free from unreasonable seizures Defendant David Weidner and Does One through Fifty, and each of them, would commit violence against him;

84. Plaintiff Michael Toschi was harmed;

85. The conduct of Defendant David Weidner and Does One through Fifty, and each of them, was a substantial factor causing Plaintiff Michael Toschi's harm;

86. Wherefore, Plaintiffs pray for damages against defendants, and each of them, as set forth below.

## NINTH CLAIM FOR RELIEF

## FOR TRESPASS FOR ENTRY ONTO PROPERTY WITHOUT PERMISSION

### (Against Defendant The County of San Mateo and Does One through Fifty)

87.  Plaintiffs incorporate by reference each of the preceding paragraphs as though fully set forth herein, and further allege as follows:

88.  By performing the acts described above, defendants County of San Mateo and Does One through Fifty, and each of them, have intentionally, recklessly and/or negligently entered upon Plaintiffs' real property.

89.  Plaintiffs did not give defendants County of San Mateo and Does One through Fifty, and each of them, permission to enter upon Plaintiffs' real property.

90.  Plaintiffs have been harmed, and will in the future continue to be harmed, by the entry of defendants County of San Mateo and Does One through Fifty, and each of them, onto Plaintiffs' real property, in that their property has been damaged or destroyed, the fair market value of Plaintiffs' real property has been diminished, and their personal safety has been and is continuing to be threatened.

91.  The entry of defendants County of San Mateo and Does One through Fifty, and each of them, upon Plaintiffs' real property was a substantial factor in causing Plaintiffs' harm.

92.  Wherefore, Plaintiffs pray for damages against defendants, and each of them, as set forth below.

## TENNTH CLAIM FOR RELIEF

## FOR DANGEROUS CONDITION OF PUBLIC PROPERTY – CREATION AND

## NOTICE OF DANGEROUS CONDITION

### (Against Defendant The County)

93.  Plaintiffs incorporate by reference each of the preceding paragraphs as though fully set forth herein, and further allege as follows:

94.  At all times relevant hereto, the County has owned and/or controlled and/or had rights to or interests in certain parcels of real property and certain improvements thereon, including but not limited to the hillsides, roads, culverts, ravines, and various easements upon

1   private property, all of which are located upon the hillside above Plaintiffs' real property

2   (hereinafter "the County's Properties").

3       95.  At all times relevant hereto, the County's Properties were and are today in a

4   dangerous condition because during periods of rainfall the County's Properties discharge

5   excessive amounts of water runoff onto Plaintiffs' real property.

6       96.  This dangerous condition created a reasonably foreseeable risk of the damage that

7   has occurred and is continuing to occur to Plaintiffs' real property.

8       97.  The conduct of employees of the County, acting within the scope of their

9   employment, created the dangerous condition.

10      98.  The County had actual and constructive notice of the dangerous condition for a long

11  enough time to have protected against it but the County failed and refused to do so.

12      99.  Plaintiffs have been harmed and are continuing to be harmed by the dangerous

13  condition of public property describe above.

14      100. The dangerous condition was and is a substantial factor in causing Plaintiffs' harm.

15      101. Wherefore, Plaintiffs pray for damages against defendants, and each of them, as set

16  forth below.

17  **ELEVENTH CLAIM FOR RELIEF FOR NUISANCE – HARM TO HEALTH AND**

18  **OBSTRUCTION TO FREE USE OF PROPERTY**

19  **(Against Defendant The County)**

20      102. Plaintiffs incorporate by reference each of the preceding paragraphs as though fully

21  set forth herein, and further allege as follows:

22      103. The County has created and is maintaining upon the County's Properties a condition

23  that is harmful to health and/or was an obstruction to the free use of property, so as to interfere

24  with the comfortable enjoyment of life and/or property.

25      104. The condition has affected a substantial number of people at the same time.

26      105. An ordinary person would be reasonably annoyed or disturbed by the condition.

27      106. The seriousness of the harm outweighs the social utility of The County's conduct.

28      107. Plaintiffs did not consent to The County's conduct.

1    108. Plaintiffs have suffered harm that is different from the type of harm suffered by the

2    general public.

3    109. The County's conduct was a substantial factor in causing Plaintiffs' harm.

4    110. Wherefore, Plaintiffs pray for damages against defendants, and each of them, as set

5    forth below.

6    **TWELVTH CLAIM FOR RELIEF FOR INVERSE CONDEMNATION – THE**

7    **OPERATION OF A PUBLIC DRAINAGE SYSTEM**

8    **(Against Defendant The County)**

9    111. Plaintiffs incorporate by reference each of the preceding paragraphs as though fully

10    set forth herein, and further allege as follows:

11    112. The County's actions and/or inactions regarding the County's Properties have

12    caused the County's Properties to discharge excessive amounts of water runoff onto Plaintiffs'

13    real property during periods of rainfall.

14    113. Plaintiffs have been damaged in that they have been forced to expend considerable

15    sums of money to repair damage to Plaintiffs' real property and to prevent additional damage to

16    Plaintiffs' real property.

17    114. In addition, Plaintiffs have been damaged in that the fair market value of Plaintiffs'

18    real property has been diminished as a result of the burden placed upon Plaintiffs' real property

19    by the discharge of excessive amounts of water runoff from the County's Properties onto

20    Plaintiffs' real property during periods of rainfall.

21    115. Pursuant to Government Code section 905.1, Plaintiffs are excused from the

22    requirement of presenting a government tort claim to The County in order to proceed with this

23    action.

24    116. Wherefore, Plaintiffs pray for damages against defendants, and each of them, as set

25    forth below.

26

27

28

## THIRTEENTH CLAIM FOR RELIEF FOR DECLARATORY RELIEF – PUBLIC EASEMENT VERSUS PRIVATE EASEMENT

### (Against Defendant The County)

117. Plaintiffs incorporate by reference each of the preceding paragraphs as though fully set forth herein, and further allege as follows:

118. An actual controversy has arisen and now exists between Plaintiffs and The County regarding whether The County has the right to discharge rainwater runoff that accumulates upon or travels across the County's Properties onto Plaintiffs' real property. The County contends that it has a right to do so, whereas Plaintiffs contend that The County has no such right.

119. Plaintiffs desire a judicial determination and declaration of the rights and duties of the parties with respect to the discharge of rainwater runoff from County's Properties onto Plaintiffs' real property.

120. A judicial declaration is necessary and appropriate at this time under the existing circumstances so that Plaintiffs may determine their rights and duties regarding the discharge of rainwater runoff from County's Properties onto Plaintiffs' real property.

121. Wherefore, Plaintiffs pray for damages against defendants, and each of them, as set forth below.

## FOURTEENTH CLAIM FOR RELIEF FOR INJUNCTIVE RELIEF – IRREPARABLE HARM AND INADEQUATE LEGAL REMEDY

### (Against Defendant The County)

122. Plaintiffs incorporate by reference each of the preceding paragraphs as though fully set forth herein, and further allege as follows:

123. An economically viable and practical engineering solution exists that, if adopted by defendants, would eliminate all of the erosion and other damage being caused by the discharge of rainwater runoff from County's Properties onto Plaintiffs' real property, and eliminate the risk of personal injury to Plaintiffs and Plaintiffs' neighbors.

124. The County's failure and refusal to install this economically viable and practical engineering solution to handle the storm water runoff that is currently being directed onto

1   Plaintiffs' real property not only is damaging Plaintiffs' real property but also is exposing

2   Plaintiffs and Plaintiffs' neighbors to an unreasonable risk of personal injury.

3          125.  Plaintiffs should not be driven off of Plaintiffs' real property or otherwise deprived

4   of the use and enjoyment of their real property as a result of The County's refusal to install this

5   economically viable and practical engineering solution.

6          126.  Plaintiffs do not have an adequate remedy at law in that Plaintiffs' real property is

7   unique, and the damage being caused to Plaintiffs' real property, and the risk of physical injury

8   being posed to Plaintiffs and Plaintiffs' neighbors by the discharge of rainwater runoff from

9   County's Properties onto Plaintiffs' real property, is unreasonably interfering with Plaintiffs'

10  quiet enjoyment of Plaintiffs' real property.

11         127.  Wherefore, Plaintiffs pray for damages against defendants, and each of them, as set

12  forth below.

13                **FIFTEENTH CLAIM FOR RELIEF FOR NEGLIGENT INFLICTION**

14                                **OF EMOTIONAL DISTRESS**

15      **(Against Defendant Don Dallimonti, Rhonda Dallimonti and Does One through Fifty)**

16         128.  Plaintiffs incorporate by reference each of the preceding paragraphs as though fully

17  set forth herein, and further allege as follows:

18         129.  Defendants Don Dallimonti and Rhonda Dallimonti, and Does One through Fifty

19  and each of them, were negligent.

20         130.  Plaintiffs suffered serious emotional distress.

21         131.  The negligence of Defendants Don Dallimonti and Rhonda Dallimonti, and Does

22  One through Fifty and each of them, was a substantial factor in causing Plaintiffs' serious

23  emotional distress.

24         132.  Wherefore, Plaintiffs pray for damages against defendants, and each of them, as set

25  forth below.

26                                      **PRAYER**

27         WHEREFORE, Plaintiffs pray for judgment against defendants, and each of them, as

28  follows:

FIRST AMENDED COMPLAINT FOR DAMAGES          22      U.S. DISTRICT COURT CASE NO. C-07-3625

1

## ON THE FIRST CLAIM FOR RELIEF

2        1.    For monetary damages against defendants, and each of them, in an amount

3    sufficient to compensate Plaintiffs for their injuries and damages and for their emotional distress;

4        2.    For punitive damages against defendants David Weidner, Mark Marelich, Joe

5    Costa and Does One through Fifty, inclusive, in an amount sufficient to deter them from

6    engaging in similar misconduct toward other citizens, and to make an example of them to other

7    public officials who may otherwise be inclined to engage in such wrongful conduct;

8        3.    For costs of suit incurred herein, including Plaintiffs' reasonable attorneys' fees,

9    expert witness expenses and fees, and other costs and expenses that Plaintiffs been forced to

10   incur to prosecute this action under all applicable statutory bases;

11

## ON THE SECOND CLAIM FOR RELIEF

12       4.    For monetary damages against defendants, and each of them, in an amount

13   sufficient to compensate Plaintiffs for their injuries and damages and for their emotional distress;

14       5.    For punitive damages against defendants David Weidner, Don Dallimonti,

15   Rhonda Dallimonti, Mark Marelich, Joe Costa and Does One through Fifty, inclusive, in an

16   amount sufficient to deter them from engaging in similar misconduct toward other citizens, and

17   to make an example of them to other public officials who may otherwise be inclined to engage in

18   such wrongful conduct;

19       6.    For costs of suit incurred herein, including Plaintiffs' reasonable attorneys' fees,

20   expert witness expenses and fees, and other costs and expenses that Plaintiffs been forced to

21   incur to prosecute this action under all applicable statutory bases;

22

## ON THE THIRD CLAIM FOR RELIEF

23       7.    For monetary damages against defendants, and each of them, in an amount

24   sufficient to compensate Plaintiffs for their injuries and damages and for their emotional distress;

25       8.    For punitive damages against defendants David Weidner and Does One through

26   Fifty, inclusive, in an amount sufficient to deter them from engaging in similar misconduct

27   toward other citizens, and to make an example of them to other public officials who may

28   otherwise be inclined to engage in such wrongful conduct;

9.    For costs of suit incurred herein, including Plaintiffs' reasonable attorneys' fees, expert witness expenses and fees, and other costs and expenses that Plaintiffs been forced to incur to prosecute this action under all applicable statutory bases;

## ON THE FOURTH CLAIM FOR RELIEF

10.    For monetary damages against defendants, and each of them, in an amount sufficient to compensate Plaintiffs for their injuries and damages and for their emotional distress;

11.    For costs of suit incurred herein, including Plaintiffs' reasonable attorneys' fees, expert witness expenses and fees, and other costs and expenses that Plaintiffs been forced to incur to prosecute this action under all applicable statutory bases;

## ON THE FIFTH CLAIM FOR RELIEF

12.    For monetary damages against defendants, and each of them, in an amount sufficient to compensate Plaintiffs for their injuries and damages and for their emotional distress;

13.    For punitive damages against defendants David Weidner, Don Dallimonti, Rhonda Dallimonti and Does One through Fifty, inclusive, in an amount sufficient to deter them from engaging in similar misconduct toward other citizens, and to make an example of them to other public officials who may otherwise be inclined to engage in such wrongful conduct;

14.    For costs of suit incurred herein, including Plaintiffs' reasonable attorneys' fees, expert witness expenses and fees, and other costs and expenses that Plaintiffs been forced to incur to prosecute this action under all applicable statutory bases;

## ON THE SIXTH CLAIM FOR RELIEF

15.    For monetary damages against defendants, and each of them, in an amount sufficient to compensate Plaintiffs for their injuries and damages and for their emotional distress;

16.    For punitive damages against defendants Mark Marelich, Joe Costa and Does One through Fifty, inclusive, in an amount sufficient to deter them from engaging in similar misconduct toward other citizens, and to make an example of them to other public officials who may otherwise be inclined to engage in such wrongful conduct;

17.    For costs of suit incurred herein, including Plaintiffs' reasonable attorneys' fees, expert witness expenses and fees, and other costs and expenses that Plaintiffs been forced to

incur to prosecute this action under all applicable statutory bases;

**ON THE SEVENTH CLAIM FOR RELIEF**

18.     For monetary damages against defendants, and each of them, in an amount sufficient to compensate Plaintiff for his injuries and damages and for his emotional distress;

19.     For punitive damages against defendants David Weidner and Does One through Fifty, inclusive, in an amount sufficient to deter them from engaging in similar misconduct toward other citizens, and to make an example of them to other public officials who may otherwise be inclined to engage in such wrongful conduct;

20.     For costs of suit incurred herein;

**ON THE EIGHTH CLAIM FOR RELIEF**

21.     For monetary damages against defendants, and each of them, in an amount sufficient to compensate Plaintiffs for their injuries and damages and for their emotional distress;

22.     For punitive damages against defendants David Weidner and Does One through Fifty, inclusive, in an amount sufficient to deter them from engaging in similar misconduct toward other citizens, and to make an example of them to other public officials who may otherwise be inclined to engage in such wrongful conduct;

23.     For costs of suit incurred herein, including Plaintiffs' reasonable attorneys' fees, expert witness expenses and fees, and other costs and expenses that Plaintiffs been forced to incur to prosecute this action under all applicable statutory bases;

**ON THE NINTH CLAIM FOR RELIEF**

24.     For monetary damages against defendants, and each of them, in an amount sufficient to compensate Plaintiffs for their injuries and damages;

**ON THE TENTH CLAIM FOR RELIEF**

25.     For monetary damages against defendants, and each of them, in an amount sufficient to compensate Plaintiffs for their injuries and damages;

**ON THE ELEVENTH CLAIM FOR RELIEF**

26.     For monetary damages against defendants, and each of them, in an amount sufficient to compensate Plaintiffs for their injuries and damages;

**ON THE TWELVTH CLAIM FOR RELIEF**

27.     For monetary damages against defendants, and each of them, in an amount sufficient to compensate Plaintiffs for their injuries and damages;

**ON THE THIRTEENTH CLAIM FOR RELIEF**

28.     For a judicial declaration as to the rights and duties of the parties with respect to the discharge of rainwater runoff from the County's Properties onto Plaintiffs' real property;

**ON THE FOURTEENTH CLAIM FOR RELIEF**

29.     For an affirmative injunction ordering The County to install an economically viable and practical engineering solution that will direct rainwater runoff away from Plaintiffs' real property;

30.     For a proscriptive injunction ordering The County to refrain from directing any rainwater runoff from the County's Properties onto Plaintiffs' real property;

**ON THE FIFTEENTH CLAIM FOR RELIEF**

31.     For monetary damages against Defendants Don Dallimonti and Rhonda Dallimonti, and Does One through Fifty and each of them, in an amount sufficient to compensate Plaintiffs for their serious emotional distress;

**ON ALL CAUSES OF ACTION**

32.     For costs of suit incurred herein,

33.     For such other, further relief as the Court may deem proper.

Dated: May ___, 2008

SCOTT LAW FIRM


By:_____
JOHN HOUSTON SCOTT,
Attorneys for Plaintiffs MICHAEL TOSCHI and
TRACY TOSCHI

1

**DEMAND FOR JURY TRIAL**

2

Plaintiffs Michael Toschi and Tracy Toschi demand trial by jury in this action.

3

Dated: May ___, 2008

4

SCOTT LAW FIRM

5

6

By:_____

7

JOHN HOUSTON SCOTT,
Attorneys for Plaintiffs MICHAEL TOSCHI and
TRACY TOSCHI

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT B

## John H. Scott

| | |
|---|---|
| **From:** | John H. Scott [john@scottlawfirm.net] |
| **Sent:** | Wednesday, May 21, 2008 12:05 PM |
| **To:** | 'Carol Woodward' |
| **Cc:** | 'brian@gearingerlaw.com' |
| **Subject:** | RE: Stipulation in the Toschi case |

Dear Carol,

My clients can not agree to continue the trial date unless the County will agree to allow them to place sandbags in the area of the "swale" during the next rainy season to divert rain run-off from their property. They have a duty to mitigate their damages and there is a genuine risk that more erosion and saturation caused by the runoff will cause the hill to slide. This issue was raised and rejected by Mr. Swope at the last CMC. Hopefully your client will reconsider its position.

In addition, a continuance will not give me breathing room since I have four other trials scheduled from late November 2008 through April 2009. In my view, we are on schedule to complete discovery and try the case in November.

I will proceed with a Rule 15 motion to amend. You can certainly bring a motion to continue the trial. We will oppose it. We do not believe that the amendments to the complaint require additional discovery. To the extent you believe it does, we will accomodate you so that you can immediately complete that discovery.

Sincerely, John

> -----Original Message-----
> **From:** Carol Woodward [mailto:cwoodward@co.sanmateo.ca.us]
> **Sent:** Tuesday, May 20, 2008 3:54 PM
> **To:** john@scottlawfirm.net
> **Cc:** Raymond Swope
> **Subject:** Stipulation in the Toschi case
>
> Hi, John, in the interest of promptness, I wanted to confirm the message I left on your voicemail.
>
> Yes, we would be willing to stipulate to your filing a first amended complaint on the condition that you stipulate in turn to move the trial date and related deadlines back a few months to the spring. I understand Judge Chesney was inclined to move the trial when you or Ray brought up the possibility of your amending the complaint. Contemplating the new parties and issues in your complaint and looking at the already existing schedule, I believe a few months of breathing room would be welcome by both sides. Let me know what you think. Thanks! Carol
>
>
> Carol L. Woodward
> Deputy County Counsel
> Office of the County Counsel
> San Mateo County
> 400 County Center, 6th Floor
> Redwood City, CA 94063
> 650-363-4746
> Fax: 650-363-4034