THOMAS F. CASEY III, COUNTY COUNSEL (SBN 47562)
By: V. Raymond Swope III, Deputy (SBN 135909)
By: Carol L. Woodward, Deputy (SBN 84197)
Hall of Justice and Records
400 County Center, 6th Floor
Redwood City, CA 94063
Telephone: (650) 363-4759
Facsimile: (650) 363-4034
E-mail: rswope@co.sanmateo.ca.us

Attorneys for Defendants
COUNTY OF SAN MATEO, NEIL CULLEN,
BRIAN LEE, AND DAVID WEIDNER

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL TOSCHI, AND TRACY TOSCHI<br><br>  Plaintiffs,<br><br>vs.<br><br>COUNTY OF SAN MATEO, DON DALLIMONTI, RHONDA DALLIMONTI, NEIL CULLEN, BRIAN LEE, DAVID WEIDNER, and DOES ONE through FIFTY, inclusive<br><br>  Defendants. | Case No. C-07-3625 MMC<br><br>**COUNTY DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S MOTION TO AMEND COMPLAINT**<br><br>Hearing:<br><br>Date:  June 27, 2008<br>Time: 9:00 a.m.<br>Courtrm: 7, 19th Floor<br><br>TRIAL DATE: NOVEMBER 3, 2008<br><br>**THE HON. MAXINE M. CHESNEY** |

## INTRODUCTION.

### The Neighbor Dispute.

This is a long-running neighbor dispute that plaintiffs characterize as a civil rights and conspiracy action. Plaintiffs allege their neighbors in unincorporated San Mateo County, the Dallimontis, conspired with San Mateo County officials to harass them and cause storm damage to their residential property. Defendants will show that storm water in plaintiffs' hilly neighborhood had historically followed natural downhill paths until sometime within the last 10 years when plaintiffs

themselves, acting without the required permits from State Fish and Game and the County, filled and altered a natural streambed that had run through their back yard. Since plaintiffs altered the natural flow, and cut the toe of the steep slope, they claim that storm water drainage has caused a tree to fall and is jeopardizing the stability of their property. This is the same property that was once a seasonal creek bed! The County has refused to approve plaintiffs' unpermitted self-help diversion of the natural flow with sandbags and earth barriers, because it would flood plaintiffs' downhill neighbors.

### Plaintiffs' Lawsuit.

In July, 2007, plaintiffs filed this 26-page Complaint containing 14 causes of action against the County, the neighbors Don and Rhonda Dallimonti, the Director and Assistant Director of Public Works—Neil Cullen and Brian Lee, and Sheriff's Deputy David Weidner. (Deputy Weidner was the officer who came out to plaintiffs' house September 24, 2006 in response to the Dallimonti's call for police assistance after plaintiffs began planting shrubs on the illegal earth berm they had built in the County right-of-way at the end of the Dallimonti's driveway.)

Plaintiffs seek injunctive relief and damages, including emotional distress and punitive damages, for storm water damage and for damage caused by plaintiffs' "heritage oak" tree falling onto a neighbor's house.

### The Standard for Granting or Denying a Motion to Amend.

The County defendants are cognizant that Federal Rules of Civil Procedure, Rule 15 provides that if a party moves to amend its pleading, "leave shall be freely given when justice so requires." However, in this case, justice does not so require. Plaintiffs have not shown that they have obtained any newly-discovered facts since they filed their Complaint. Moreover, their undue delay in seeking to amend their Complaint will cause prejudice to defendants if this Motion is granted.

For the reasons set forth herein, the County defendants respectfully urge the Court to deny the Motion to Amend the Complaint or, in the alternative, in the interest of justice, to continue the trial and pre-trial dates so defendants reasonably may prepare their defense.

/////

/////

/////

# ARGUMENT.

**I. THE COURT SHOULD DENY THE MOTION TO AMEND THE COMPLAINT, BECAUSE PLAINTIFFS UNREASONABLY DELAYED IN BRINGING THEIR MOTION TO AMEND, AND GRANTING THE MOTION WOULD UNDULY PREJUDICE DEFENDANTS.**

**A. Leave to amend a pleading is within the sound discretion of the Court.**

Granting or denying leave to amend rests in the sound discretion of the trial court, and will be reversed only for abuse of discretion. *Swanson v. United States Forest Service* (9th Cir. 1996) 87 F.3d 339, 343. The party seeking leave to amend must establish the reason why amendment is required (i.e. "justice" so requires). The burden is then on the party opposing the motion to convince the court that "justice" does require denial. *Shipner v. Eastern Air Lines, Inc.* (11th Cir. 1990) 868 F.2d 401, 406-407.

**B. Plaintiffs have unduly delayed in moving to amend their Complaint.**

In deciding whether "justice so requires," trial courts may consider "whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading." *Jackson v. Bank of Hawaii* (9th Cir. 1990) 902 F.2d 1385, 1388.

> In assessing timeliness [of request for leave to amend], we do not merely ask whether a motion was filed within the period of time allotted by the district court in a Rule 16 scheduling order. Rather, in evaluating undue delay, we also inquire "whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading." *Jackson,* 902 F.2d at 1388; *see also Sierra Club v. Union Oil Co. of California,* 813 F.2d 1480, 1492-93 (9th Cir.1987), vacated on other grounds by *Union Oil Co. of California v. Sierra Club,* 485 U.S. 931, 108 S.Ct. 1102, 99 L.Ed.2d 264 (1988). We have held that **an eight month delay** between the time of obtaining a relevant fact and seeking a leave to amend is unreasonable. *See Texaco, Inc. v. Ponsoldt,* 939 F.2d 794, 799 (9th Cir.1991).
>
> *AmerisourceBergen Corp. v. Dialysist West, Inc.* 465 F.3d 946, 953 (9th Cir. 2006) [Emphasis added.]

In *Jackson v. Bank of Hawaii* (9th Cir. 1990) 902 F.2d 1385, 1388, the Ninth Circuit affirmed the trial court's denial of a motion for leave to amend on the basis that a delay of eight months between the plaintiff's obtaining the facts needed to amend and filing the motion for leave to amend was unreasonable. In that case, the court explained:

> A trial court may deny such a motion if permitting an amendment would prejudice the opposing party, produce an undue delay in the litigation, or result in futility for lack of merit. *See Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962) (listing these factors among others

Case No. C-07-3625 MMC  3
COUNTY DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S MOTION TO AMEND COMPLAINT

> to be considered). Prejudice to the opposing party is the most important factor. *Zenith Radio Corp. v. Hazeltine Research, Inc.,* 401 U.S. 321, 330-31, 91 S.Ct. 795, 802-03, 28 L.Ed.2d 77 (1971) (trial court "required" to take potential prejudice into account in deciding Rule 15(a).

*Jackson v. Bank of Hawaii* (9th Cir. 1990) 902 F.2d 1385, 1387.

In *Texaco, Inc. v. Ponsoldt* (9th Cir. 1991) 939 F.2d 794, 799, plaintiff filed a complaint "which allege[d] most of the facts that Texaco relies upon in its amended complaint…" A year later, Texaco attempted to amend. The trial court denied the motion noting that Texaco waited until after discovery was over, just four and a half months before the trial date, before moving to amend its complaint. On appeal, the Ninth Circuit explained:

> [Defendant] Ponsoldt would have been unreasonably prejudiced by the addition of numerous new claims so close to trial, regardless of Texaco's argument that they were "implicit" in the previously pleaded claims. We affirm the denial of leave to amend.

In this case, plaintiffs do not offer any reason for seeking to amend at this late date, after most of the discovery is completed and trial will start soon. Although they argue they "have discovered that the Complaint as filed required amendments in the interest of justice…" their Complaint and proposed Amended Complaint are so similar, it does not appear that statement is true. Plaintiffs do not specify what facts they have newly-discovered that require them to amend this close to trial. Instead, the proposed Amended Complaint appears to contain only only new legal theories. Defendants should not bear the additional costs and prejudice resulting from plaintiffs' choice to change their strategy.

**C.     Plaintiffs have not shown any newly-discovered facts.**

Apparently, the only new factual allegation in the proposed Amended Complaint is at paragraph 45 in the Amended Complaint (as compared with paragraph 43 in the original Complaint.) In the new Complaint, plaintiffs allege "employees of the County *under the direction and supervision of Mark Marelich and Joe Costa* entered onto Plaintiffs' property…" whereas the original Complaint alleged "employees of the County entered onto Plaintiffs' property…" There is no doubt plaintiffs knew about Messrs. Marelich's and Costa's role in their dispute: Mr. Marelich's name appears in the original Complaint three times in paragraphs 14, again in Heading B, in paragraphs 20 and 22, and in Exhibit A.

Mr. Costa's name appears three times in paragraph 14.[1]

### D. Defendants would be prejudiced if plaintiffs are allowed to amend.

Plaintiffs' undue delay in moving to amend will result in at least two kinds of prejudice to County defendants: first, the significant prior discovery will be, in part, nullified, because the claims will have changed, and second, defendants will be required within the now extremely short court-set pre-trial deadlines to conduct further discovery and to further prepare expert witness and motions to focus on the new claims and parties.

Plaintiffs argue "the trial is still approximately 6 months away…" But actually, if the Court grants this motion in open court on June 27, 2008, the trial will be less than four months away, and, more pertinent, the Court-ordered close of discovery and the expert disclosure date will be **2 weeks away** (July 15); and the last date for filing dispositive motions will be **4 weeks away** (August 1). Coupled with vacation schedules of witnesses and counsel, the unreasonably short timeframe for defendants to organize and execute their defense to the new claims and for the new individual defendants must result in injustice.

At this point, the parties have conducted some 14 depositions, some in multiple sessions, including the depositions of all the named parties and various neighbors and County employees. The parties have completed initial disclosures and in the next several weeks, defendants will produce for inspection thousands of documents in response to hundreds of plaintiffs' discovery requests. Experts have been retained by all parties and must be designated by July 15, 2008. See, Declaration of V. Raymond Swope, ("Swope Decl.") filed herewith, at paras. 4-5.

By this motion, plaintiffs seek to add an Equal Protection constitutional claim and a claim for a damages resulting from a second fallen "heritage" tree in January, 2008. In addition, plaintiffs wish to add as defendants two Public Works supervisors-- Mark Marelich and Joe Costa. When this extensive discovery was conducted, defendants did not seek evidence to defend an equal protection claim. Nor did they produce Public Works supervisors Mark Marelich or Joe Costa as named defendants, but only as

---

[1] In addition, it turns out Mr. Costa is Plaintiff Michael Toschi's step-uncle. Presumably, plaintiffs knew when they filed their original Complaint what role Mr. Costa played in this dispute.

1 percipient witnesses. Swope Decl., para. 6. Adding the new claims and the two new defendants would significantly change the scope of the case and would require re-opening discovery and re-taking certain depositions. The current Pre-trial Preparation Order would not allow defendants adequately to prepare their defense of the new claims and the new County employees. For that reason, the County defendants respectfully ask the Court to deny the motion to amend the complaint. In the alternative, defendants ask the Court to continue the trial and the pre-trial dates, as Judge Chesney indicated she might do if plaintiffs amended their complaint, to a date in April 2009.

## CONCLUSION.

For all the foregoing reasons, the County defendants respectfully ask this Court to deny the Motion to Amend the Complaint. In the alternative, if the Court is inclined to grant the Motion, defendants ask the Court to continue the trial and pre-trial deadlines for at least four months to begin the trial in April 2009.

Dated: June 6, 2008.                                          MICHAEL P. MURPHY, COUNTY COUNSEL


By: _____/s/_____
        CAROL L. WOODWARD, Deputy

Attorneys for Defendants
COUNTY OF SAN MATEO, NEIL CULLEN,
BRIAN LEE, and DAVID WEIDNER