**SCOTT LAW FIRM**

1375 Sutter Street, Suite 222
SAN FRANCISCO, CALIFORNIA
94109-7837
(415) 561-9601

JOHN HOUSTON SCOTT (State Bar #72578)
LIZABETH N. de VRIES (State Bar #227215)

**GEARINGER LAW GROUP**

825 VAN NESS AVENUE, 4TH FLOOR
SAN FRANCISCO, CALIFORNIA
94109-7837
(415) 440-3102

BRIAN GEARINGER (State Bar #146125)

Attorneys for Plaintiffs MICHAEL TOSCHI and TRACY TOSCHI

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL TOSCHI, and TRACY TOSCHI,<br><br>Plaintiffs,<br><br>vs.<br><br>COUNTY OF SAN MATEO, DON DALLIMONTI, RHONDA DALLIMONTI, NEIL CULLEN, BRIAN LEE, DAVID WEIDNER, and DOES ONE through FIFTY, inclusive,<br><br>Defendants. | Case No. C-07-3625<br><br>**REPLY OF PLAINTIFFS MICHAEL TOSCHI AND TRACY TOSCHI IN SUPPORT OF MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**<br>[F.R.C.P. 15(a)]<br><br>**Date:** June 27, 2008<br>**Time:** 9:00 am<br>**Place:** Courtroom 2, 17th Floor<br>**Judge:** The Hon. Maxine M. Chesney<br><br>**Complaint Filed:** July 13, 2007 |

## I. INTRODUCTION

This Court should grant the motion of Plaintiffs Michael Toschi and Tracy Toschi ("Plaintiffs") for leave to file a First Amended Complaint. The Opposition filed by Defendant County of San Mateo (the "County") merely is an informal request for a trial continuance rather than a serious challenge to Plaintiffs' motion. Unfortunately for the County, its informal request

REPLY IN SUPPORT OF PLAINTIFFS' MOTION TO AMEND      1      U.S. DISTRICT COURT CASE NO. C-07-3625

for a trial continuance violates Civil L.R. 40-1, which requires "a motion made in accordance with the provisions of Civil. L.R. 7" in order to request a continuance of a trial date. As such, this Court cannot grant a trial continuance in response to the County's Opposition to Plaintiffs' motion.

Plaintiffs have satisfied the standard of Federal Rule of Civil Procedure 15(a). Plaintiffs simply seek to add two proper individual defendants, remove two improper individual defendants, add one alternative liability theory based upon the Equal Protection Clause and add a claim for a second oak tree that fell on Plaintiffs' property. Plaintiffs only recently learned of the actual role played by the two individual defendants that it seeks to add by taking their depositions. The County will not be prejudiced by these minor changes to the complaint, largely because the County has known about Plaintiffs' Equal Protection claim since October 23, 2007 and the County already has inspected the second oak tree that fell on Plaintiffs' property.

## II. APPLICABLE LAW

Civil L.R. 40-1, entitled "Continuance of Trial Date; Sanctions for Failure to Proceed", provides in pertinent part: "No continuance of a scheduled trial date will be granted *except* by order of the Court issued in response to a motion made in accordance with the provisions of Civil L.R. 7."

## III. LEGAL ARGUMENT

### A. Plaintiffs Recently Discovered That Mark Marelich And Joe Costa Were The County Employees Who Were Responsible For The Decision To Deliberately Direct Water Runoff From Park Road Onto Plaintiffs' Property

When Plaintiffs filed their original complaint they were informed and believed that Neil Cullen, "the Director of the Department of Public Works for the County of San Mateo" (See Plaintiffs' Complaint, ¶ 9), and Brian Lee, "the Acting Director of the County Department of Public Works" (See Plaintiffs' Complaint, ¶ 10) were responsible for the decision to deliberately direct water runoff from Park Road onto Plaintiffs' property.[1] Through the course of discovery,

---

[1] As Plaintiffs' allege in Paragraph 45 of their proposed First Amended Complaint, Mark Marelich and Joe Costa directed and supervised County employees who "constructed and paved a crude asphalt swale along Plaintiffs' property line along Park Road, intentionally designed to (continued on next page)

however, Plaintiffs have learned that Mark Marelich and Joe Costa were responsible for this decision. Specifically, Joe Costa directed a crew of County employees to put in the asphalt swale such that it directed water onto Plaintiffs' property. See Transcript of Deposition of Joe Costa, p. 77, l. 19 to p. 78, l. 19, attached as Exhibit A to Declaration of Brian Gearinger in Support of Reply ("Gearinger Decl."), ¶ 2. Further, Mark Marelich was present when the County employees installed the asphalt swale. See Transcript of Deposition of Mark Marelich, p. 166, ll. 2-7 attached as Exhibit B to Gearinger Decl., ¶ 3. Finally, Mr. Marelich told his supervisor that the County "shouldn't change the drainage pattern"; that is, the newly constructed asphalt swale should direct water onto Plaintiffs' property. See Transcript of Deposition of Mark Marelich, p. 169, ll. 1 to p. 170, l. 21 attached as Exhibit B to Gearinger Decl., ¶ 3.

As a result, Plaintiffs simply want to remove from the complaint two parties who are not responsible for the decision to deliberately direct water runoff from Park Road onto Plaintiffs' property – Neil Cullen and Brian Lee – and add the two parties who are responsible – Joe Costa and Mark Marelich.

The County argues that "[t]here is no doubt plaintiffs knew about Messrs. Marelich's and Costa's role in their dispute...." See the County's Opposition, p. 4, ll. 26-27. That is not correct. Plaintiffs did not know that Messrs. Costa and Marelich were responsible for the decision to deliberately direct water runoff from Park Road onto Plaintiffs' property until their depositions were taken on March 3 and March 4, 2008. Further, the County argues that "it turns out Mr. Costa is Plaintiff Michael Toschi's step-uncle. Presumably, plaintiffs knew when they filed their original Complaint what role Mr. Costa played in this dispute. See the County's Opposition, p. 5, fn. 1. Plaintiffs are unaware that any claim for relief that can be alleged based solely on one's status as a "step-uncle." As such, Plaintiffs waited until they developed evidence of Mr. Costa's culpability before naming him as a defendant.

---

(footnote continued from previous page)
direct water run-off from Park Road onto Plaintiffs' property rather than continuing down Park Road to a County catch basin."

REPLY IN SUPPORT OF PLAINTIFFS' MOTION TO AMEND    3    U.S. DISTRICT COURT CASE NO. C-07-3625

**B.     The County Will Suffer No Prejudice From The First Amended Complaint**

The County argues that it will suffer prejudice for two reasons. One, "the significant prior discovery will be, in part, nullified because the claims will have changed." See the County's Opposition, p. 5, ll. 4-5. The County fails to identify what discovery will be "nullified." The County's reason for its failure to do so is obvious: there is no discovery that will be "nullified" by the First Amended Complaint.

Two, the County argues that "defendants will be required within the now extremely short court-set pre-trial deadlines to conduct further discovery and to further prepare expert witnesses to focus on the new claims and parties." See the County's Opposition, p. 5, ll. 5-7. Again, the County fails to identify what "further discovery" will be necessitated by the First Amended Complaint.  Plaintiffs have completed the depositions of Messrs. Costa and Marelich and do not seek to take their depositions again. Regarding the expert disclosure deadline, it has been moved from July 15 to August 22. See Stipulation and Order Continuing Expert Disclosure Date attached as Exhibit C to Gearinger Decl., ¶ 4.

The County repeats its claim of prejudice as follows: "Adding the new claims and the two new defendants would significantly change the scope of the case and would require re-opening discovery and re-taking certain depositions." See the County's Opposition, p. 6, ll. 1-3. What discovery would have to be reopened? What depositions would have to be retaken? More importantly, why does discovery have to be reopened and why do depositions have to be retaken? The County fails to provide this Court with answers to these questions.

The County's unsubstantiated and repetitious claims of prejudice ring hollow.

**C.     The County Has Been On Notice Of Plaintiffs' Equal Protection Claim Since October 23, 2007**

On October 23, 2007, Plaintiffs filed a Case Management Statement that provided in pertinent part: "Plaintiffs anticipate amending their Complaint to allege a claim for relief against Defendants County of San Mateo, Neil Cullen and Brian Lee for violating Plaintiffs' equal protection rights under the 14th Amendment of the Constitution to be free from 'irrational and wholly arbitrary' actions." See Plaintiffs' Case Management Statement, p. 10, ll. 7-10, attached

as Exhibit D to Gearinger Decl., ¶ 5. As such, the County has been on notice of Plaintiffs' Equal Protection claim for nearly eight months. Further, on April 21, 2008, Plaintiffs repeated their intention to add an Equal Protection claims as well as to add Messrs. Costa and Marelich as defendants. See Joint Case Management Conference Statement, p. 7, ll. 14-17, attached as Exhibit E to Gearinger Decl., ¶ 6. Finally, the Equal Protection claim merely is an alternative theory of liability that does not impact any of the discovery conducted to date.

The County's claim of prejudice from Plaintiffs' Equal Protection claim – in the face of the County's knowledge since October 23, 2007 of Plaintiffs' intention to bring such a claim – fails.

**D.  The County Has Known About The Second Oak Tree That Fell On January 14, 2008 And Had The Tree Inspected By Its Arborist On April 7, 2008**

Counsel for the County states in pertinent part: "I will need to determine the cause and effect of the second oak tree's falling." See Declaration of V. Raymond Swope, p. 2, ll. 12-13. This statement is belied by the fact that the County retained an arborist who inspected the second oak tree on April 7, 2008. See the County's Request for Entering Land for Inspection and Other Purposes Under Rule 34, Set Two in which the County requested that "plaintiffs permit defendants and its consulting arborist to … inspect or otherwise examine the trees.…" attached as Exhibit F to Gearinger Decl., ¶ 7. Further, the County's arborist was on Plaintiffs' property for several hours on April 7 and spent much of that time inspecting the base and exposed roots of the second oak tree that fell on January 14. See Gearinger Decl., ¶ 7. Finally, the County recently has requested to reinspect the second oak tree that fell on January 14, 2008. Specifically, Mr. Swope stated in his June 6 email as follows:

> Further to our telephone discussion today, June 6, 2008, this is to confirm that defendant County of San Mateo wishes to perform a further site inspection on June 20, 2008 at 9:00 a.m. at the Toschi residence, 2511 Park Road, Emerald Hills. *This is a continuance of our initial site inspection begun on April 7, 2008.* As you know, our arborist was unable to access and inspect the root plate of the subject tree in April, because of unanticipated conditions at the time.
>
> The Scope of Work: to inspect the tree root plate to determine the condition of the roots for potential causes for the collapse of the oak tree on January 14, 2008.

See Exhibit G to Gearinger Decl., ¶8; italics added.

The County has known about the second oak tree that fell, has inspected the second oak tree and, as such, will not be prejudiced by the addition of a claim relating to the second oak tree to Plaintiffs' First Amended Complaint.

## IV. CONCLUSION

For the reasons stated in greater detail above and in Plaintiffs' moving papers, Plaintiffs request that this Court grant Plaintiffs leave to file a First Amended Complaint and that this Court deny the County's procedurally defective request for a trial continuance.

Dated: June 13, 2008

GEARINGER LAW GROUP


By: /s/ Brian Gearinger
BRIAN GEARINGER
Attorneys for Plaintiffs
MICHAEL TOSCHI and TRACY TOSCHI