# EXHIBIT D

**THE SCOTT LAW FIRM**

1375 Sutter Street, Suite 222
SAN FRANCISCO, CALIFORNIA
94109-7837
(415) 561-9601

JOHN HOUSTON SCOTT (State Bar #72578)
LIZABETH N. de VRIES (State Bar #227215)

**MOSLEY & GEARINGER LLP**

825 VAN NESS AVENUE, 4TH FLOOR
SAN FRANCISCO, CALIFORNIA
94109-7837
(415) 440-3102

BRIAN GEARINGER (State Bar #146125)

Attorneys for Plaintiff MICHAEL TOSCHI and TRACY TOSCHI

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL TOSCHI, and TRACY TOSCHI,<br><br>Plaintiffs,<br><br>vs.<br><br>COUNTY OF SAN MATEO, DON DALLIMONTI, RHONDA DALLIMONTI, NEIL CULLEN, BRIAN LEE, DAVID WEIDNER, and DOES ONE through FIFTY, inclusive,<br><br>Defendants. | Case No. C-07-3625 MMC<br><br>**CASE MANAGEMENT STATEMENT OF PLAINTIFFS MICHAEL TOSCHI AND TRACY TOSCHI**<br><br>[Civ. L.R. 16-9]<br><br>**Date:** October 26, 2007<br>**Time:** 10:30 a.m.<br>**Place:** Courtroom 7, 19th Floor<br><br>The Honorable Maxine M. Chesney, Presiding |

Plaintiff Michael Toschi and Tracy Toschi ("Plaintiffs") submit there Case Management Statement, pursuant to Civil Local Rule 16-9 as follows[1]:

1.  <u>Jurisdiction and Service:</u>

---

[1] Please see the Declaration of John H. Scott, Esq., regarding the conduct of Defendants Count of San Mateo, Neil Cullen, Brian Lee and David Weidner that "prevented the preparation of a joint statement," pursuant to Civil Local Rule 16-9(a).

PLAINTIFFS' CASE MANAGEMENT STATEMENT        1        U.S. DISTRICT COURT CASE NO. C-07-3625 MMC

This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. § 1331 in that this action arises under "the Constitution, laws, or treaties of the United States." This Court also has jurisdiction over state claims in that the additional claims for relief "are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367. Plaintiff has served all defendants, and all defendants have answered the Complaint.

2. <u>Facts</u>:

The principal factual issue to be determined at the outset is the historical surface water drainage pattern down the drainage swale on the edge of Park Road above Plaintiffs' property. Plaintiffs contend that the historical pattern was that the surface water ran down the drainage swale on the edge of Park Road, past Plaintiffs' property, to a County catch basin at the bottom of the hill.

The overall factual background comprises three interrelated fact patterns: (1) the interaction between Plaintiffs and Defendants Don Dallimonti and Rhonda Dallimonti; (2) the interaction between Plaintiffs and Defendants County of San Mateo, Neil Cullen and Brian Lee; and (3) the interaction between Plaintiffs and Defendant David Weidner. Plaintiffs briefly will address the relevant facts pertaining to the defendants separately according to the above grouping. At the same time, however, Plaintiffs contend that the facts overlap, particularly as pertaining to Plaintiffs' conspiracy claims.

**Interaction Between Plaintiffs And Defendants Don Dallimonti And Rhonda Dallimonti**

Plaintiffs reside at 2511 Park Road, Redwood City, California. They live in an unincorporated area of Redwood City that is within the jurisdiction of the County Sheriff's Office and the County Department of Public Works ("DPW"). Plaintiffs' property has a steep hill that is wooded and includes several mature heritage oak trees. The County maintains Park Road that runs next to Plaintiffs' property. The County designed Park Road (and in the past has maintained it) to prevent rainwater from accumulating and draining on to the upper portion of Plaintiffs' property.

1       Defendant Don Dallimonti, a Sergeant with the County Sheriff's Office, and Rhonda
2   Dallimonti are neighbors of Plaintiffs. Defendants Don Dallimonti and Rhonda Dallimonti often
3   drove their vehicles onto Plaintiffs' property when entering and exiting the driveway of their
4   residence. The driving of vehicles by Don Dallimonti and Rhonda Dallimonti damaged
5   Plaintiffs' property by causing subsidence and altering adversely the pattern of storm drainage
6   from Park Road onto Plaintiffs' property, causing substantial erosion to Plaintiffs' property.
7       During the spring of 2004, Plaintiffs hired gardeners to repair their damaged property
8   adjacent to Park Road. Plaintiffs intended that the repairs would prevent further erosion on
9   Plaintiffs' property, stabilize the soil and protect the heritage oak trees on Plaintiffs' property. As
10  the repair work was underway, Defendant Don Dallimonti confronted the gardeners hired by
11  Plaintiffs and threatened them with arrest and/or immigration investigation and deportation if
12  they did not stop working. Approximately two days later, Plaintiff Michael Toschi, who had
13  been away on business, telephoned Don Dallimonti. Don Dallimonti responded by threatening
14  Plaintiff Michael Toschi with his police powers as a peace officer for the County Sheriff's Office
15  and his possession of guns. During the fall of 2005, Don Dallimonti forced gardeners hired by
16  Plaintiffs to stop work on Plaintiffs' property.
17      During the spring of 2006, as a result of erosion and subsidence problems on Plaintiffs'
18  property emanating from Park Road, a large heritage oak tree on Plaintiffs' property fell,
19  damaging the property of two of Plaintiffs' neighbors, tearing down utility lines, and blocking
20  vehicular traffic on Park Road. In July 2006, Plaintiff Michael Toschi met with Mark Marelich,
21  a DPW employee, to discuss creating a berm adjacent to Park Road and on Plaintiffs' property as
22  a remedy to the erosion caused by the water run-off from Park Road onto Plaintiffs' property.
23  Don Dallimonti interrupted this meeting and demanded that Michael Toschi not create a berm on
24  the property to prevent further erosion. In July 2006 (soon after Don Dallimonti interrupted the
25  meeting between Plaintiff Michael Toschi and Mark Marelich), Defendant County sent a notice
26  to Plaintiffs demanding that they remove the berm on their property.
27      On August 14, 2006, Defendants Don Dallimonti and Rhonda Dallimonti approached
28  Plaintiff Tracy Toschi and her four year-old daughter in a threatening manner, using loud, violent

PLAINTIFFS' CASE MANAGEMENT STATEMENT        3        U.S. DISTRICT COURT CASE NO. C-07-3625 MMC

1  language and demeaning commands. Soon thereafter, Plaintiffs contacted the County Sheriff's
2  Office to file a report of the threats and harassment made that day by the Dallimontis. On
3  September 16, 2006, Plaintiff Michael Toschi filled out a "Citizen's Complaint" form on behalf
4  of Plaintiffs against Defendant Don Dallimonti which alleged in pertinent part: "Several counts
5  of verbal assault, threats and physically unstable and aggressive behavior. Also abuse of power
6  and manipulation in County business, violent and reckless driving in both personal vehicles and
7  County Sheriff patrol vehicle."

8  On September 27, 2006, Plaintiffs filed papers in the Superior Court for San Mateo
9  County, No. CIV 457966, seeking a Temporary Restraining Order against Defendants Don and
10 Rhonda Dallimonti. On October 24, 2006, the Superior Court held a hearing on Plaintiffs'
11 application for a Temporary Restraining Order. At the hearing, the Superior Court issued the
12 Restraining Order against both Defendants Don and Rhonda Dallimonti. The Superior Court
13 then continued the hearing in order to allow the County Sheriff's Office Internal Affairs
14 investigation of Don Dallimonti to be completed.

15 On January 10, 2007, the County Sheriff's Office sent Plaintiffs' a letter informing them
16 that as a result of the investigation of their complaint regarding Don Dallimonti, the allegations
17 are "Not Sustained" because the actions of Don Dallimonti "have been determined to be within
18 Sheriff's Office policies and procedures." On January 11, 2007, the County Sheriff's Office sent
19 a letter to Plaintiff Michael Toschi informing him that his complaint regarding David Weidner
20 also resulted in a determination that the allegations are "Not Sustained" because the actions of
21 Deputy Weidner were proper "and within Sheriff's Office policies and procedures."

22 On February 6, 2007, the San Mateo County Superior Court reissued a Restraining Order
23 to Stop Harassment against Don Dallimonti directing him to stay away from Plaintiffs, their
24 home and vehicles. The Restraining Order is effective for one year. The Superior Court further
25 ordered that Don Dallimonti must turn over all of his weapons, with the exception of his Sheriff's
26 Office service revolver, to the custody of the County.
27 ///
28 ///

### Interaction Between Plaintiffs And Defendants County of San Mateo, Neil Cullen and Brian Lee

On or about August 10, 2006, Plaintiff Michael Toschi met with Lisa Ekers, the Road Operations Manager of the DPW, to discuss a remedy for the erosion on Plaintiffs' property. Lisa Ekers agreed with Plaintiff Michael Toschi's proposed plan to construct a rainwater run-off swale to prevent further erosion to Plaintiffs' property. Plaintiff Michael Toschi agreed to submit a permit application to remove the berm, repair erosion, remove a fallen oak tree, and install new plantings. On August 27, 2006, the County issued to Plaintiffs an "Encroachment Permit" dated August 23, 2006 that was valid through September 15, 2006 for Plaintiffs' erosion remediation plans. Beginning on September 5, 2006, Plaintiffs started to do the work of removing the berm, removing the fallen tree and other work identified in the County's August 23, 2006 Encroachment Permit. Plaintiffs, however, did not complete this work by September 15, 2006 due to interruption because of threats from Don Dallimonti.

On September 26, 2006, Defendant Neil Cullen, Director of the DPW, wrote a letter to Michael Toschi directing him to remove the plants and the berm for allegedly being done in violation of the Encroachment Permit. Plaintiff Michael Toschi responded to Defendant Neil Cullen by letter on September 29, 2006 in which he addressed Defendant Neil Cullen's allegations and explained his efforts to prevent future erosion to his property. On October 20, 2006, Defendant Neil Cullen sent a Notice to Remove Encroachment to Plaintiffs. The Notice to Remove Encroachment directed Plaintiffs to remove the berm and plantings that remain in the "right-of-way" on Plaintiffs' property because the Encroachment Permit, which the County issued on August 23, 2006, had expired on September 15, 2006.

On November 6, 2006, Plaintiffs met with Lisa Ekers to discuss the Plaintiffs attempt to perform work on their property in accordance with the Encroachment Permit. After inspecting Plaintiffs' property, Lisa Ekers informed Plaintiffs that it appeared that Plaintiffs had complied with the requirements of the Encroachment Permit. Specifically, Lisa Ekers observed that Plaintiffs had removed the berm and planted the English Laurel shrubs as approved by the Encroachment Permit. Lisa Ekers also stated that the County would repair the swale along the

edge of Park Road adjacent to Plaintiffs' property to prevent water run-off and further erosion on Plaintiffs' property.  Plaintiff Michael Toschi confirmed his November 6 meeting with Lisa Ekers in his November 9, 2006 letter to Defendant Neil Cullen.  On November 15, 2006, Defendant Neil Cullen sent a letter to Plaintiff Michael Toschi claiming that he had not complied with the conditions of the County permit and that the "Notice to Remove Encroachment" remains in effect.

On or about December 7, 2006, employees of the County entered onto Plaintiffs' property and among other things:  (1) removed all 12 of the English Laurel shrubs that Plaintiffs planted on Plaintiffs' property pursuant to the Encroachment Permit; (2) cut trees and greenery (which exposed the claimants' house to viewing from the home of Don Dallimonti and Rhonda Dallimonti) on Plaintiffs' property; and (3) constructed and paved a crude asphalt swale along Plaintiffs' property line along Park Road, intentionally designed to direct water run-off from Park Road onto Plaintiffs' property rather than continuing down Park Road to a County catch basin.  Swale construction was significantly poorer in quality, compared to similar swales along neighborhood streets.

On several occasions since December 7, 2006, Plaintiffs placed sandbags on their property to divert water run-off away from Plaintiffs' property.  On each occasion that Plaintiffs placed sandbags on their property, employees of the County removed the sand bags, apparently after Defendant Don and/or Rhonda Dallimonti called the County.  On December 16, 2006, Plaintiff Michael Toschi called the DPW and requested that it not remove sandbags placed by Plaintiffs near the asphalt swale recently constructed by the County.  County employee Steve Ballisteri told Michael Toschi that he had been instructed not to respond to emergency calls at Plaintiffs' property due to "some lawsuit."

On December 19, 2006, Plaintiffs sent another letter to Defendant Neil Cullen in which they expressed their concerns about the hazard "that is potentially life threatening to our neighbor" created by the recently constructed swale.  On December 29, 2006, Defendant Neil Cullen wrote a letter to Plaintiff Michael Toschi in which he stated in pertinent part:  "[T]he recent paving of the drainage swale was not intended to and will not eliminate the issue of storm

water runoff on your property, and the runoff is likely to continue its historic pattern of draining onto your property." Defendant Neil Cullen stated that the County continues to "maintain the drainage paths as they existed prior to the encroachments" and that Plaintiffs must apply for and receive a permit prior to performing any further work intended to remedy the hazardous condition on Plaintiffs' property.

On January 8, 2007, Michael Toschi wrote a letter to Defendant Cullen in which he stated in pertinent part: "I have owned the home at 2511 Park Road since 1991. Since then, including periods of historically heavy rainfall, runoff has never drained onto my property in the manner characterized in your letter. Several of my neighbors will attest to this fact ...." On February 1, 2007, Defendant Brian Lee, Acting Director of the DPW, replacing retired Neil Cullen, responded to Plaintiff Michael Toschi's January 8, 2007 letter in which he stated in pertinent part: "The placement of berms along the roadway, sandbags in the drainage swale, or any other measures or devices that may result in diverting storm water runoff into the public right-of-way or onto any private properties downhill from you is not allowed without first performing a drainage analysis and obtaining an encroachment permit."

### Interaction Between Plaintiffs And Defendant David Weidner

On Saturday, September 24, 2006, Defendant Don Dallimonti approached Pete Pearson, a friend of Plaintiff Michael Toschi, who was planting permitted English Laurel shrubs on Plaintiffs' property. Defendant Don Dallimonti commanded Mr. Pearson to stop working. Shortly thereafter, Defendant David Weidner responded to a call from the Dallimontis. Deputy Weidner then approached Plaintiff Michael Toschi on his own property.

Weidner demanded that Michael Toschi produce a County permit for the work being done on Plaintiffs' property. Michael Toschi explained that the Encroachment Permit was at his business office in San Carlos. Michael Toschi further explained that he and his family were about to leave to attend a wedding. Deputy Weidner refused to allow Michael Toschi to leave to attend the wedding. Instead, Deputy Weidner detained Michael Toschi and drove him in his patrol vehicle to Michael Toschi's business office in San Carlos in order to have him produce the

Encroachment Permit. By the time Deputy Weidner released Michael Toschi from his custody, the Toschi family had missed the wedding.

    3.    <u>Legal Issues</u>:

        a.    Whether Defendants County of San Mateo, Neil Cullen, Brian Lee, David Weidner retaliated against Plaintiffs for exercising their right to complain to government officials, which is protected by the guarantee of freedom of speech in the First Amendment to the Constitution of the United States, in violation of 42 U.S.C § 1983.

        b.    Whether Defendants County of San Mateo, Neil Cullen, Brian Lee, David Weidner, Don Dallimonti and Rhonda Dallimonti conspired to retaliate against Plaintiffs for exercising their right to complain to government officials, which is protected by the guarantee of freedom of speech in the First Amendment to the Constitution of the United States, in violation of 42 U.S.C § 1983.

        c.    Whether Defendants County of San Mateo and David Weidner deprived Plaintiffs of their right to be protected from having one's freedom of movement restrained, which is protected by the guarantee of freedom from unreasonable seizures in the Fourth Amendment to the Constitution of the United States, in violation of 42 U.S.C § 1983.

        d.    Whether Defendants County of San Mateo, David Weidner, Don Dallimonti and Rhonda Dallimonti conspired to deprive Plaintiffs of their right to be protected from having one's freedom of movement restrained, which is protected by the guarantee of freedom from unreasonable seizures in the Fourth Amendment to the Constitution of the United States, in violation of 42 U.S.C § 1983.

        e.    Whether Defendant David Weidner falsely imprisoned and unnecessarily delayed in releasing Plaintiff Michael Toschi from his custody.

        f.    Defendant David Weidner interfered with Plaintiff Michael Toschi's Fourth Amendment right under the United States Constitution to be free from

unreasonable seizures by threatening or committing violent act in violation of California Civil Code Section 52.1.

g.  Whether Defendant County of San Mateo trespassed upon Plaintiffs' real property.

h.  Whether Defendant County of San Mateo is liable for creating a dangerous condition of public property because during periods of rainfall the County's Properties discharge excessive amounts of water runoff onto Plaintiffs' real property.

i.  Whether Defendant County of San Mateo is liable for creating and maintaining upon the County's Properties a condition that is harmful to health and/or was an obstruction to the free use of property, so as to interfere with Plaintiffs' comfortable enjoyment of life and/or property.

j.  Whether Defendant County of San Mateo is liable for inverse condemnation because the County's Properties have caused the County's Properties to discharge excessive amounts of water runoff onto Plaintiffs' real property during periods of rainfall.

k.  Whether Plaintiffs are entitled to a judicial declaration that Defendant County of San Mateo does not have the right to discharge rainwater runoff that accumulates upon or travels across the County's Properties onto Plaintiffs' real property.

l.  Whether Plaintiffs are entitled to injunctive relief in that an economically viable and practical engineering solution exists that, if adopted by Defendant County of San Mateo, would eliminate all of the erosion and other damage being caused by the discharge of rainwater runoff from County's Properties onto Plaintiffs' real property, and eliminate the risk of personal injury to Plaintiffs and Plaintiffs' neighbors.

m.  Whether Defendants Don Dallimonti and Rhonda Dallimonti are liable to Plaintiff for negligent infliction of emotional distress.

4. <u>Motions</u>:

Plaintiffs anticipate filing a motion for a preliminary injunction requiring Defendant County of San Mateo to immediately repair or replace the asphalt swale, which it constructed in December 2006, so as to drain runoff in its historical pattern down Park Road and away from Plaintiffs' property.

5. <u>Amendment of Pleadings</u>:

Plaintiffs anticipate amending their Complaint to allege a claim for relief against Defendants County of San Mateo, Neil Cullen and Brian Lee for violating Plaintiffs' equal protection rights under the 14th Amendment of the Constitution to be free from "irrational and wholly arbitrary" actions.

6. <u>Evidence Preservation</u>:

Plaintiffs request that Defendant County of San Mateo agree to preserve all CAD tapes of the San Mateo County Sheriff's Office that pertain to the allegations set forth in the Complaint.

7. <u>Disclosures</u>:

On October 16, 2007, Plaintiffs completed their Initial Disclosures, pursuant to Federal Rule of Civil Procedure 26. Attached as Exhibit A is a true copy of Plaintiffs' Initial Disclosures.

8. <u>Discovery</u>:

Plaintiffs proposed that the stay on discovery be lifted and that the parties be permitted to conduct discovery, pursuant to the Federal Rules of Civil Procedure.

9. <u>Class Actions</u>:

Not applicable.

10. <u>Related Cases</u>:

Not applicable.

11. <u>Relief</u>:

Plaintiffs seek the following relief; however, the amounts of monetary damages, punitive damages and costs of suit cannot be determined at this time.

/ / /

/ / /

      a.     For monetary damages against defendants, and each of them, in an amount sufficient to compensate Plaintiffs for their injuries and damages and for their emotional distress.

      b.     For punitive damages against defendants Neil Cullen, Brian Lee, David Weidner, Don Dallimonti and Rhonda Dallimonti.

      c.     For costs of suit incurred herein, including Plaintiffs' reasonable attorneys' fees, expert witness expenses and fees, and other costs and expenses that Plaintiffs been forced to incur to prosecute this action under all applicable statutory bases.

      d.     For a judicial declaration as to the rights and duties of the parties with respect to the discharge of rainwater runoff from the County's Properties onto Plaintiffs' real property.

      e.     For an affirmative injunction ordering The County to install an economically viable and practical engineering solution that will direct rainwater runoff away from Plaintiffs' real property.

      f.     For a proscriptive injunction ordering The County to refrain from directing any rainwater runoff from the County's Properties onto Plaintiffs' real property.

12. <u>Settlement and ADR</u>:

The parties have agreed to mediate through a mediator selected from JAMS. Plaintiffs have agreed with the request of Defendant County of San Mateo to attempt to conduct a mediation session before the end of the year.

13. <u>Consent to Magistrate Judge For All Purposes</u>:

On August 14, 2007, Defendant County of San Mateo filed a Declination to Proceed before a Magistrate Judge.

14. <u>Other References</u>:

Not applicable.

15. <u>Narrowing of Issues</u>:

Plaintiffs do not anticipate any procedure to narrow the issues at this time outside of the course of conducting discovery and filing appropriate pre-trial motions.

1  16. Expedited Schedule:
2  Plaintiffs do not believe that an expedited schedule is appropriate at this time.
3  17. Scheduling:
4  Plaintiffs request a trial date of October or early November 2008 and appropriate cut off
5  dates based upon the trial date.
6  18. Trial:
7  Plaintiffs have requested a jury and anticipate the trial will last 8-10 days.
8  19. Disclosure of Non-Party Interested Entities or Persons:
9  Plaintiffs will file their Certification of Interested Entities or Persons prior to the Case
10 Management Conference.
11 20. Such Other Matters as May Facilitate the Just, Speedy and Inexpensive
12 Disposition of this Matter:
13 Plaintiffs are not aware of any such matters at this time.
14 Dated: October 23, 2007

MOSLEY & GEARINGER LLP

By: _____/s/ Brian Gearinger
BRIAN GEARINGER
Attorneys for Plaintiffs MICHAEL TOSCHI and
TRACY TOSCHI