MICHAEL P. MURPHY, COUNTY COUNSEL (SBN 83887)
By: V. Raymond Swope III, Deputy (SBN 135909)
By: Carol L. Woodward, Deputy (SBN 84197)
Hall of Justice and Records
400 County Center, 6th Floor
Redwood City, CA  94063
Telephone:  (650) 363-4759
Facsimile:  (650) 363-4034
E-mail:  rswope@co.sanmateo.ca.us

Attorneys for Defendants
COUNTY OF SAN MATEO,
DAVID WEIDNER, MARK MARELICH, and
JOE COSTA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL TOSCHI, AND TRACY TOSCHI<br><br>Plaintiffs,<br><br>vs.<br><br>COUNTY OF SAN MATEO, DON DALLIMONTI, RHONDA DALLIMONTI, NEIL CULLEN, BRIAN LEE, DAVID WEIDNER, and DOES ONE through FIFTY, inclusive<br><br>Defendants. | Case No. C-07-3625<br><br>**DEFENDANTS COUNTY OF SAN MATEO, DAVID WEIDNER, MARK MARELICH, AND JOE COSTA'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF; JURY TRIAL DEMANDED** |

COME NOW Defendants COUNTY OF SAN MATEO, DAVID WEIDNER, MARK

MARELICH, and JOE COSTA in response to the Plaintiffs' First Amended Complaint for Damages and

Injunctive Relief, deny, admit, and allege as follows:

      1.     Answering paragraph 1, Defendants deny each and every allegation contained therein.

      2.     Answering paragraph 2, Defendants deny each and every allegation contained therein.

      3.     Answering paragraph 3, Defendants admit each and every allegation contained therein.

      4.     Answering paragraph 4, Defendants admit each and every allegation contained therein.

      5.     Answering paragraph 5, Defendants admit each and every allegation contained therein.

      6.     Answering paragraph 6, Defendants admit each and every allegation contained therein.

7.     Answering paragraph 7, Defendants admit each and every allegation contained therein.

8.     Answering paragraph 8, Defendants admit each and every allegation contained therein.

9.     Answering paragraph 9, Defendants admit each and every allegation contained therein.

10.     Answering paragraph 10, Defendants admit each and every allegation contained therein.

11.     Answering paragraph 11, Defendants admit each and every allegation contained therein.

12.     Answering paragraph 12, Defendants do not have sufficient information or belief to admit or deny the allegations contained therein, and on that basis, Defendants deny said allegations.

13.     Answering paragraph 13, Defendants deny each and every allegation contained therein.

14.     Answering paragraph 14, Defendants deny each and every allegation that "[t]he County designed Park Road (and in the past has maintained it) to prevent rain water from accumulating and draining on to the upper portion of Plaintiffs' property."  Defendants admit the remaining allegations of paragraph 14.

15.     Answering paragraph 15, Defendants admit that Mark Marelich met with Plaintiff Michael Toschi in the fall of 2003.  As to the remaining allegations, Defendants deny each and every allegation contained therein.

16.     Answering paragraph 16, Defendants deny each and every allegation contained therein.

17.     Answering paragraph 17, Defendants do not have sufficient information or belief to admit or deny the allegations contained therein, and on that basis, deny said allegations.

18.     Answering paragraph 18, Defendants do not have sufficient information or belief to admit or deny the allegations contained therein, and on that basis, deny said allegations.

19.     Answering paragraph 19, Defendants do not have sufficient information or belief to admit or deny the allegations contained therein, and on that basis, deny said allegations.

20.     Answering paragraph 20, Defendants do not have sufficient information or belief to admit or deny the allegations contained therein, and on that basis, deny said allegations.

21.     Answering paragraph 21, Defendants deny each and every allegation contained therein.

22.     Answering paragraph 22, Defendants do not have sufficient information or belief to admit or deny the allegations contained therein, and on that basis, deny said allegations.

23.     Answering paragraph 23, Defendants do not have sufficient information or belief to admit

or deny the allegations contained therein, and on that basis, deny said allegations.

24.     Answering paragraph 24, Defendants admit that the "County sent a notice to Plaintiffs demanding that they remove the berm on their property."  As to the remaining allegations, Defendants deny each and every allegation contained therein.

25.     Answering paragraph 25, Defendants do not have sufficient information or belief to admit or deny the allegations contained therein, and on that basis, deny said allegations.

26.     Answering paragraph 26, Defendants do not have sufficient information or belief to admit or deny the allegations contained therein, and on that basis, deny said allegations.

27.     Answering paragraph 27, Defendants do not have sufficient information or belief to admit or deny the allegations contained therein, and on that basis, deny said allegations.

28.     Answering paragraph 28, Defendants admit the allegation that "[o]n or about August 10, 2006, Plaintiff Michael Toschi met with Lisa Ekers, the Road Operations Manager of the County Department of Public Works." Defendants deny the remaining allegations of paragraph 28.

29.     Answering paragraph 29, Defendants deny the allegation that "[o]n August 27, 2006, the County issued to Plaintiffs an "Encroachment Permit" dated August 23, 2006 that was valid through September 15, 2006 for Plaintiffs' erosion mediation plans." Defendants admit the remaining allegations contained therein.

30.     Answering paragraph 30, Defendants deny each and every allegation contained therein.

31.     Answering paragraph 31, Defendants do not have sufficient information or belief to admit or deny the allegations contained therein, and on that basis, deny said allegations.

32.     Answering paragraph 32, Defendants do not have sufficient information or belief to admit or deny the allegations contained therein, and on that basis, deny said allegations.

33.     Answering paragraph 33, Defendants admit the allegation that "Defendant David Weidner responded to a call from the Dallimontis." Defendants deny the remaining allegations contained therein.

34.     Answering paragraph 34, Defendants admit each and every allegation contained therein.

35.     Answering paragraph 35, Defendants deny each and every allegation contained therein.

///

///

36.     Answering paragraph 36, Defendants deny that "Detective Sergeant Gil Rodriguez interviewed Plaintiffs at their residence…"  Defendants admit the remaining allegations contained therein.

37.     Answering paragraph 37, Defendants admit each and every allegation contained therein.

38.     Answering paragraph 38, Defendants admit that "[o]n October 29, 2006, Neil Cullen sent a Notice to Remove Encroachment to Plaintiffs" and that "[t]he Notice to Remove Encroachment directed Plaintiffs to remove the berm and plantings that remain in the 'right of way'."  Defendants deny the remaining allegations contained therein.

39.     Answering paragraph 39, Defendants admit the allegation that "[o]n November 6, 2006, Plaintiffs met with Lisa Ekers."  Defendants deny the remaining allegations contained therein.

40.     Answering paragraph 40, Defendants admit each and every allegation contained therein.

41.     Answering paragraph 41, Defendants admit each and every allegation contained therein.

42.     Answering paragraph 42, Defendants admit each and every allegation contained therein.

43.     Answering paragraph 43, Defendants do not have sufficient information or belief to admit or deny the allegations contained therein, and on that basis, deny said allegations.

44.     Answering paragraph 44, Defendants do not have sufficient information or belief to admit or deny the allegations contained therein, and on that basis, deny said allegations.

45.     Answering paragraph 45, Defendants deny each and every allegation contained therein.

46.     Answering paragraph 46, Defendants deny each and every allegation contained therein.

47.     Answering paragraph 47, Defendants deny the allegation that "County employee Steve Ballisteri told Michael Toschi that he had been instructed not to respond to emergency calls at Plaintiffs' property due to 'some lawsuit'." As to the remaining allegations, Defendants do not have sufficient information or belief to admit or deny the allegations contained therein, and on that basis, deny said allegations.

48.     Answering paragraph 48, Defendants admit each and every allegation contained therein.

49.     Answering paragraph 49, Defendants admit each and every allegation contained therein.

50.     Answering paragraph 50, Defendants deny the allegation that "Plaintiffs must apply for and receive a permit prior to performing any further work intended to remedy the hazardous condition on

1    Plaintiffs' property." As to the remaining allegations, Defendants admit each and every allegation

2    contained therein.

3        51.    Answering paragraph 51, Defendants admit each and every allegation contained therein.

4        52.    Answering paragraph 52, Defendants admit each and every allegation contained therein.

5        53.    Answering paragraph 53, Defendants admit each and every allegation contained therein.

6        54.    Answering paragraph 54, Defendants admit each and every allegation contained therein.

7        55.    Answering paragraph 55, Defendants admit each and every allegation contained therein.

8        56.    Answering paragraph 56, Defendants admit the allegations that "Plaintiff Tracy Toschi

9    applied for a fence permit at the San Mateo County Planning and Building Department" and that

10   "Plaintiff Tracy Toschi was informed that no permit could be issued. . . ." Defendants deny the remaining

11   allegations of paragraph 56.

12       57.    Answering paragraph 57, Defendants admit each and every allegation contained therein.

13       58.    Answering paragraph 58, Defendants admit each and every allegation contained therein.

14       59.    Answering paragraph 59, Defendants deny each and every allegation contained therein.

15                            **CLAIMS FOR RELIEF**

16                          **FIRST CLAIM FOR RELIEF**

17   **FOR VIOLATION OF 42. U.S.C. § 1983 – RETALIATION IN VIOLATION OF THE FIRST**

18                                **AMENDMENT**

19   **(Against Defendants County of San Mateo, David Weidner, Mark Marelich, Joe Costa**

20                         **and Does One through Fifty)**

21       60.    Answering paragraph 60, Defendants incorporate by reference their responses to

22   paragraphs 1-59 as if fully set forth here. Further answering paragraph 60, Defendants deny each and

23   every allegation contained therein.

24       61.    Answering paragraph 61, Defendants deny each and every allegation contained therein.

25   ///

26   ///

27   ///

28   ///

DEFENDANTS CSM, DAVID WEIDNER, MARK MARELICH, AND JOE COSTA'S ANSWER TO PLAINTIFFS'
FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF; JURY TRIAL DEMANDED

**SECOND CLAIM FOR RELIEF**

**FOR VIOLATION OF 42 U.S.C. § 1983 – CONSPIRACY TO RETALIATE IN VIOLATION OF**

**THE FIRST AMENDMENT**

**(Against Defendants County of San Mateo, David Weidner, Mark Marelich, Joe Costa**

**and Does One through Fifty)**

62.    Answering paragraph 62, Defendants incorporate by reference their responses to paragraphs 1-61 as if fully set forth here. Further answering paragraph 62, Defendants deny each and every allegation contained therein.

63.    Answering paragraph 63, Defendants deny each and every allegation contained therein.

**THIRD CLAIM FOR RELIEF**

**FOR VIOLATION OF 42 U.S.C. § 1983 – FOR DEPRIVATION OF LIBERTY IN VIOLATION**

**OF THE FOURTH AND FOURTEENTH AMENDMENTS**

**(Against Defendant David Weidner and Does One through Fifty)**

64.    Answering paragraph 64, Defendants incorporate by reference their responses to paragraphs 1-63 as if fully set forth here. Further answering paragraph 61, Defendants deny each and every allegation contained therein.

65.    Answering paragraph 65, Defendants deny each and every allegation contained therein.

**FOURTH CLAIM FOR RELIEF**

**FOR VIOLATION OF 42 U.S.C. § 1983 – MUNICIPAL LIABILITY FOR UNLAWFUL**

**DETENTION IN VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENTS**

**(Against Defendant County of San Mateo)**

66.    Answering paragraph 66, Defendants incorporate by reference their responses to paragraphs 1-65 as if fully set forth here. Further answering paragraph 66, Defendants deny each and every allegation contained therein.

67.    Answering paragraph 67, Defendants deny each and every allegation contained therein.

///

///

///

**FIFTH CLAIM FOR RELIEF**

**FOR VIOLATION OF 42 U.S.C. §1983- FOR CONSPIRACY TO CAUSE UNLAWFUL**

**DETENTION IN VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENTS**

**(Against Defendants County of San Mateo, David Weidner, Don Dallimonti,**

**Rhonda Dallimonti and Does One through Fifty)**

68.    Answering paragraph 68, Defendants incorporate by reference their responses to paragraphs 1-67 as if fully set forth here. Further answering paragraph 68, Defendants deny each and every allegation contained therein.

69.    Answering paragraph 69, Defendants deny each and every allegation contained therein.

70.    Answering paragraph 70, Defendants deny each and every allegation contained therein.

71.    Answering paragraph 71, Defendants deny each and every allegation contained therein.

**SIXTH CLAIM FOR RELIEF**

**FOR VIOLATION OF 42 U.S.C. § 1983 – INTENTIONAL AND ARBITRARY**

**DISCRIMINATION IN VIOLATION OF THE FOURTEENTH AMENDMENT**

**(Against Defendants County of San Mateo, Mark Marelich, Joe Costa and**

**Does One through Fifty)**

72.    Answering paragraph 72, Defendants incorporate by reference their responses to paragraphs 1-71 as if fully set forth here.  Further answering paragraph 72, Defendants deny each and every allegation contained therein.

73.    Answering paragraph 73, Defendants deny each and every allegation contained therein.

**SUPPLEMENTAL STATE CLAIMS**

**SEVENTH CLAIM FOR RELIEF**

**FOR FALSE IMPRISONMENT AND UNNECESSARY DELAY IN RELEASING**

**(Against Defendants County of San Mateo, David Weidner and Does One through Fifty)**

74.    Answering paragraph 74, Defendants incorporate by reference their responses to paragraphs 1-73 as if fully set forth here. Further answering paragraph 74, Defendants deny each and every allegation contained therein.

75.    Answering paragraph 75, Defendants deny each and every allegation contained therein.

1    76.    Answering paragraph 76, Defendants deny each and every allegation contained therein.

2    77.    Answering paragraph 77, Defendants deny each and every allegation contained therein.

3    78.    Answering paragraph 78, Defendants deny each and every allegation contained therein.

4    79.    Answering paragraph 79, Defendants deny each and every allegation contained therein.

5    80.    Answering paragraph 80, Defendants deny each and every allegation contained therein.

6                            **EIGHTH CLAIM FOR RELIEF**

7                **FOR INTERFERENCE WITH RIGHTS IN VIOLATION OF**

8                    **CALIFORNIA CIVIL CODE SECTION 52.1**

9    **(Against Defendants County of San Mateo, David Weidner and Does One through Fifty)**

10    81.    Answering paragraph 81, Defendants incorporate by reference their responses to

11 paragraphs 1-80 as if fully set forth here. Further answering paragraph 81, Defendants deny each and

12 every allegation contained therein.

13    82.    Answering paragraph 82, Defendants deny each and every allegation contained therein.

14    83.    Answering paragraph 83, Defendants deny each and every allegation contained therein.

15    84.    Answering paragraph 84, Defendants deny each and every allegation contained therein.

16    85.    Answering paragraph 85, Defendants deny each and every allegation contained therein.

17    86.    Answering paragraph 86, Defendants deny each and every allegation contained therein.

18                            **NINTH CLAIM FOR RELIEF**

19    **FOR TRESPASS FOR ENTRY ONTO PROPERTY WITHOUT PERMISSION**

20            **(Against Defendant County of San Mateo and Does One through Fifty)**

21    87.    Answering paragraph 87, Defendants incorporate by reference their responses to

22 paragraphs 1-86 as if fully set forth here. Further answering paragraph 87, Defendants deny each and

23 every allegation contained therein.

24    88.    Answering paragraph 88, Defendants deny each and every allegation contained therein.

25    89.    Answering paragraph 89, Defendants deny each and every allegation contained therein.

26    90.    Answering paragraph 90, Defendants deny each and every allegation contained therein.

27    91.    Answering paragraph 91, Defendants deny each and every allegation contained therein.

28    92.    Answering paragraph 92, Defendants deny each and every allegation contained therein.

DEFENDANTS CSM, DAVID WEIDNER, MARK MARELICH, AND JOE COSTA'S ANSWER TO PLAINTIFFS'
FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF; JURY TRIAL DEMANDED

**TENTH CLAIM FOR RELIEF**

**FOR DANGEROUS CONDITION OF PUBLIC PROPERTY –**

**CREATION AND NOTICE OF DANGEROUS CONDITION**

**(Against Defendant County of San Mateo)**

93.     Answering paragraph 93, Defendants incorporate by reference their responses to paragraphs 1-92 as if fully set forth here. Further answering paragraph 93, Defendants deny each and every allegation contained therein.

94.     Answering paragraph 94, Defendants deny each and every allegation contained therein.

95.     Answering paragraph 95, Defendants deny each and every allegation contained therein.

96.     Answering paragraph 96, Defendants deny each and every allegation contained therein.

97.     Answering paragraph 97, Defendants deny each and every allegation contained therein.

98.     Answering paragraph 98, Defendants deny each and every allegation contained therein.

99.     Answering paragraph 99, Defendants deny each and every allegation contained therein.

100.    Answering paragraph 100, Defendants deny each and every allegation contained therein.

101.    Answering paragraph 101, Defendants deny each and every allegation contained therein.

**ELEVENTH CLAIM FOR RELIEF**

**FOR NUISANCE – HARM TO HEALTH AND OBSTRUCTION TO FREE USE OF PROPERTY**

**(Against Defendant County of San Mateo)**

102.    Answering paragraph 102, Defendants incorporate by reference their responses to paragraphs 1-101 as if fully set forth here. Further answering paragraph 102, Defendants deny each and every allegation contained therein.

103.    Answering paragraph 103, Defendants deny each and every allegation contained therein.

104.    Answering paragraph 104, Defendants deny each and every allegation contained therein.

105.    Answering paragraph 105, Defendants deny each and every allegation contained therein.

106.    Answering paragraph 106, Defendants deny each and every allegation contained therein.

107.    Answering paragraph 107, Defendants deny each and every allegation contained therein.

108.    Answering paragraph 108, Defendants deny each and every allegation contained therein.

109.    Answering paragraph 109, Defendants deny each and every allegation contained therein.

110.    Answering paragraph 110, Defendants deny each and every allegation contained therein.

**TWELFTH CLAIM FOR RELIEF**

**FOR INVERSE CONDEMNATION – THE OPERATION OF A PUBLIC DRAINAGE SYSTEM**

**(Against Defendant County of San Mateo)**

111.    Answering paragraph 111, Defendants incorporate by reference their responses to paragraphs 1-110 as if fully set forth here. Further answering paragraph 111, Defendants deny each and every allegation contained therein.

112.    Answering paragraph 112, Defendants deny each and every allegation contained therein.

113.    Answering paragraph 113, Defendants deny each and every allegation contained therein.

114.    Answering paragraph 114, Defendants deny each and every allegation contained therein.

115.    Answering paragraph 115, Defendants admit each and every, Defendants admit each and every allegation contained therein.

116.    Answering paragraph 116, Defendants deny each and every allegation contained therein.

**THIRTEENTH CLAIM FOR RELIEF**

**FOR DECLARATORY RELIEF – PUBLIC EASEMENT VERSUS PRIVATE EASEMENT**

**(Against Defendant County of San Mateo)**

117.    Answering paragraph 117, Defendants incorporates by reference their responses to paragraphs 1-116 as if fully set forth here. Further answering paragraph 117, Defendants deny each and every allegation contained therein.

118.    Answering paragraph 118, Defendants deny each and every allegation contained therein.

119.    Answering paragraph 119, Defendants deny each and every allegation contained therein.

120.    Answering paragraph 120, Defendants deny each and every allegation contained therein.

121.    Answering paragraph 121, Defendants deny each and every allegation contained therein.

**FOURTEENTH CLAIM FOR RELIEF**

**FOR INJUNCTIVE RELIEF – IRREPARABLE HARM AND INADEQUATE LEGAL REMEDY**

**(Against Defendant County of San Mateo)**

122.    Answering paragraph 122, Defendants incorporate by reference their responses to paragraphs 1-121 as if fully set forth here. Further answering paragraph 122, Defendants deny each and

1  every allegation contained therein.

2        123.    Answering paragraph 123, Defendants deny each and every allegation contained therein.

3        124.    Answering paragraph 124, Defendants deny each and every allegation contained therein.

4        125.    Answering paragraph 125, Defendants deny each and every allegation contained therein.

5        126.    Answering paragraph 126, Defendants deny each and every allegation contained therein.

6        127.    Answering paragraph 127, Defendants deny each and every allegation contained therein.

7  ## FIFTEENTH CLAIM FOR RELIEF

8  ## FOR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

9  ### (Against Defendant Don Dallimonti, Rhonda Dallimonti, and Does One through Fifty)

10        128.    Answering paragraph 128, Defendants incorporate by reference their responses to

11  paragraphs 1-127 as if fully set forth here. Further answering paragraph 122, Defendants deny each and

12  every allegation contained therein.

13        129.    Answering paragraph 129, Defendants do not have sufficient information or belief to

14  admit or deny the allegations contained therein, and on that basis, deny said allegations.

15        130.    Answering paragraph 130, Defendants deny each and every allegation contained therein.

16        131.    Answering paragraph 131, Defendants deny each and every allegation contained therein.

17        132.    Answering paragraph 132, Defendants deny each and every allegation contained therein.

18  ## AFFIRMATIVE DEFENSES

19        As separate and distinct affirmative defenses to said First Amended Complaint, as to each cause

20  of action contained in it, Defendants allege the following:

21  **FIRST AFFIRMATIVE DEFENSE**

22        Defendants allege that the First Amended Complaint and each cause of action fails to state a

23  claim upon which relief can be granted.

24  **SECOND AFFIRMATIVE DEFENSE**

25        Defendants allege that Defendants acted at all relevant times with a reasonable, good faith belief

26  in the validity and constitutionality of Defendants' conduct, and Defendants are qualifiedly immune from

27  this action.

28  ///

**THIRD AFFIRMATIVE DEFENSE**

Defendants allege that Plaintiffs failed to mitigate their damages, if any there were.

**FOURTH AFFIRMATIVE DEFENSE**

Defendants allege that to the extent plaintiff's claims for violation of civil rights are based upon a theory of *respondeat superior*, Defendants are not liable.

**FIFTH AFFIRMATIVE DEFENSE**

Defendants allege that Plaintiffs themselves were careless and negligent or engaged in willful misconduct in and about the matters alleged in the First Amended Complaint and that said carelessness and negligence or willful misconduct on Plaintiffs' own part proximately caused or substantially contributed to the happening of the incident and to the injuries, loss and damages complained of, if any there were.

**SIXTH AFFIRMATIVE DEFENSE**

Defendants allege that at the time and place of the incidents alleged in the First Amended Complaint, the Plaintiffs knew of the danger and risk incident to their activity, but nevertheless freely and voluntarily exposed themselves to all risk of harm and therefore assumed all risk of harm incidental thereto.

**SEVENTH AFFIRMATIVE DEFENSE**

Defendants allege that Plaintiffs' own conduct estops Plaintiffs from claiming the damages alleged in the First Amended Complaint.

**EIGHTH AFFIRMATIVE DEFENSE**

Defendants allege on information and belief that the sole and proximate cause of the injuries complained of by Plaintiffs in their First Amended Complaint was due to the act and/or omissions of persons and entities other than Defendants.

**NINTH AFFIRMATIVE DEFENSE**

Defendants allege that to the extent that if any force was used in detaining Plaintiffs, it was reasonable and was privileged as necessary for valid law enforcement purposes.

**TENTH AFFIRMATIVE DEFENSE**

Defendants allege that at no time relevant to this litigation was the Due Process Clause of the

United States Constitution implicated, because the conduct of Defendants was, at most, a mere negligent act of an official (and negligence is expressly hereby denied), and the Plaintiffs are therefore precluded from maintaining causes of action for violation of civil rights.

**ELEVENTH AFFIRMATIVE DEFENSE**

Defendants allege that Plaintiffs' action is barred by the doctrine of unclean hands.

**TWELFTH AFFIRMATIVE DEFENSE**

Defendants allege that the acts complained of by Plaintiffs, if they occurred at all (which Defendants expressly deny), were provoked by Plaintiffs' unlawful and wrongful conduct. Plaintiffs are, therefore, not entitled to an award of punitive damages.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Defendants allege that at all relevant times, Defendants were entitled to enter a public right of way, as defined in California Streets and Highways Code § 1480(a), to remove encroachments, as defined in California Streets and Highways Code § 1480(b).

**FOURTEENTH AFFIRMATIVE DEFENSE**

Defendants allege that at all relevant times alleged in Plaintiffs' First Amended Complaint, Defendants acted under a legal right or in a good faith belief in the existence of a legal right, including the authority to act pursuant to California Streets and Highways Code § 1480.5(a)&(c).

**FIFTEENTH AFFIRMATIVE DEFENSE**

Defendants allege that Plaintiffs themselves were engaged in willful misconduct in and about the matters alleged in the First Amended Complaint by failing to comply with applicable county ordinances, including but not limited to San Mateo County Ordinance Code section 2.50.030 (formerly 3.76.010) and that said willful misconduct on Plaintiffs' own part proximately caused or substantially contributed to the happening of the incidents and to the injuries, loss and damages complained of, if any there were.

**SIXTEENTH AFFIRMATIVE DEFENSE**

Defendants allege that at no time relevant to this litigation did Plaintiffs sustain any violation of their civil rights pursuant to a governmental policy, habit or custom, thereby precluding Plaintiffs from maintaining claims for relief for violation of civil rights against Defendants.

///

**SEVENTEENTH AFFIRMATIVE DEFENSE**

Defendants allege that all acts by the County or its employees related to the facts alleged in the First Amended Complaint, including but not limited to those related to the design, construction and maintenance of the public improvements at issue, were reasonable pursuant to California Government Code § 835.4.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

Defendants allege that the County is immune from liability for damages related to the facts alleged in the First Amended Complaint to the extent that Plaintiffs allege that their injuries were caused by a condition that presented no substantial risk of harm to foreseeable users exercising due care.

**NINETEENTH AFFIRMATIVE DEFENSE**

Defendants allege that County is immune from liability for damages related to the facts alleged in the First Amended Complaint by the design immunity provided by California Government Code Section 830.6. To the extent that Plaintiffs allege that their injuries were caused by a defective design, the County is informed and believes that, that design or designs were based upon a reasonable plan approved by an authorized public body or official.

**TWENTIETH AFFIRMATIVE DEFENSE**

Defendants allege that the County is immune from liability for damages related to the facts alleged in the First Amended Complaint to the extent that the alleged damages resulted from weather conditions, or other acts of God or nature, or other conditions over which Defendants had no control.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

Defendants allege that the County is immune from liability pursuant to California Government Code § 830.2 for damages related to the facts alleged in the First Amended Complaint, in that no substantial risk of injury was created by the condition of the property, and the risk created by the condition was of such a minor, trivial or insignificant risk in view of the surrounding circumstances that a substantial risk of injury was not created.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

Defendants allege that pursuant to applicable statutory immunities and provisions, including but not limited to section 3482 of the California Civil Code, and California Government Code sections 815,

815.2, 815.6, 818, 818.2, 818.4, 818.6, 818.8, 820, 820.2, 820.4, 820.8, 821, 821.2, 821.4, 821.8, 822.2, 830.2, 830.6, 831, 831.2, 831.3, 831.4, 835, 835.2, 835.4, 840, 840.2, 840.4, and 840.6, and California Penal Code section 847, the County is not liable for any of the damages alleged in the First Amended Complaint.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

Defendants allege that the Plaintiffs are barred by the applicable statutes of limitations, including but not limited to California Code of Civil Procedure sections 335.1, 337.1, 338, 339, 340, 342 and California Government Code sections 911.2(a), 945.4, 945.6, and 945.8.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

Defendants allege that the Plaintiffs themselves were careless, negligent and at fault in and about the matters complained of, and that such carelessness, negligence and fault proximately and concurrently caused the alleged damages sustained by Plaintiffs. Under principles of comparative fault, the plaintiffs must bear sole or partial responsibility for their alleged injuries, damages or other alleged loss, if any, using a percentage allocation of the Plaintiffs' fault or negligence.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

Defendants allege that the County of San Mateo is not liable for punitive damages pursuant to California Civil Code § 3333.4 and California Government Code § 818 and *City of Newport v. Fact Concerts, Inc.*, 461 U.S. 247. (1981).

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

Defendants allege that Plaintiffs' First Amended Complaint is barred by the doctrine of laches.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

Defendants allege that the state law claims and each of them is barred by the provisions of the California Government Tort Claims Act (Government Code §§ 810, et seq.; § 911.2(a) and § 945.4.)

///

///

///

///

///

**PRAYER**

**WHEREFORE**, Defendants pray that Plaintiffs take nothing by reason of the instant First Amended Complaint; that Defendants be dismissed from this action; that Defendants be awarded costs of suit incurred in this action; and for such other and further relief as the court may deem just and proper in this action.

Dated:  July 9, 2008

Respectfully submitted,

MICHAEL P. MURPHY, COUNTY COUNSEL

/s/

By:_____
          V. Raymond Swope III, Deputy

Attorneys for Defendants
COUNTY OF SAN MATEO, DAVID
WEIDNER, MARK MARELICH, and JOE
COSTA

**DEMAND FOR JURY TRIAL**

Defendants hereby demand trial by jury.

Dated:  July 9, 2008

Respectfully submitted,

MICHAEL P. MURPHY, COUNTY COUNSEL

/s/

By:_____
          V. Raymond Swope III, Deputy

Attorneys for Defendants
COUNTY OF SAN MATEO, DAVID
WEIDNER, MARK MARELICH, and JOE
COSTA