1   J. Michael Fitzsimmons - SBN 132343
    jfitzsimmons@campbellwarburton.com
2   Lisa Jeong Cummins - SBN 118087
    lcummins@campbellwarburton.com
3   **CAMPBELL, WARBURTON, FITZSIMMONS,**
        **SMITH, MENDELL & PASTORE**
4   64 West Santa Clara Street
    San Jose, California  95113-1806
5   Telephone:    408-295-7701
    Facsimile:    408-295-1423
6
    Attorneys for Defendants
7   DON DALLIMONTI and RHONDA DALLIMONTI

8

9

10

11                  **UNITED STATES DISTRICT COURT**

12                  **NORTHERN DISTRICT OF CALIFORNIA**

13

14   MICHAEL TOSCHI, and TRACY          )   Case No.   C-07-3625 MMC
     TOSCHI,                            )
15                                      )
                                        )
16              Plaintiffs,             )   **ANSWER OF DEFENDANTS DON**
                                        )   **DALLIMONTI AND RHONDA**
17   vs.                                )   **DALLIMONTI TO FIRST AMENDED**
                                        )   **COMPLAINT FOR DAMAGES AND**
18   COUNTY OF SAN MATEO, DON           )   **INJUNCTIVE RELIEF**
     DALLIMONTI, RHONDA                 )
19   DALLIMONTI, NEIL CULLEN, BRIAN     )
     LEE, DAVID WEIDNER, and DOES       )   **DEMAND FOR JURY TRIAL**
20   ONE through FIFTY, inclusive,      )
                                        )
21              Defendants.            )
     _____)

22

23

24          Pursuant to Rule 8 of the Federal Rules of Civil Procedure, defendants DON DALLIMONTI

25   and RHONDA DALLIMONTI ("DALLIMONTIS" unless otherwise specified), hereby answer the

26   First Amended Complaint for Damages and Injunctive Relief (42 USC §1983) ("First Amended

27   Complaint") filed by plaintiffs MICHAEL TOSCHI and TRACY TOSCHI. ("TOSCHIS" unless

28

otherwise specified), by admitting, denying or stating as being without knowledge or information sufficient to form a belief as to the truth of, each and every averment contained in the First Amended Complaint and the whole thereof, as follows:

1.    Answering paragraph 1, DALLIMONTIS deny generally each and every allegation contained therein, except for the following: DON DALLIMONTI admits that he is employed as a sergeant with the San Mateo County Sheriff's Department. DALLIMONTIS also specifically deny that any act or omission on either or both of their parts caused or contributed to any damages of which the TOSCHIS complain. TOSCHIS' allegations are more specifically addressed in the paragraphs below.

2.    Answering paragraph 2, DALLIMONTIS deny each and every allegation contained therein.

3.    The allegations of paragraph 3 constitute legal conclusions to which no response is required. To the extent any response is required, DALLIMONTIS deny each and every allegation set forth in paragraph 3 of the First Amended Complaint.

4.    Answering paragraph 4, DALLIMONTIS admit that they both reside within this judicial district; admit that certain events are alleged by Plaintiffs to have occurred in this judicial district (without admitting that they occurred at all or in the manner alleged by Plaintiffs); and admit that certain real property to which Plaintiffs refer in their First Amended Complaint is situated in this judicial district. Whether "venue is proper in this judicial district" constitutes a legal determination to which no response is required. To the extent that a response is otherwise required, DALLIMONTIS deny the remaining allegations set forth in paragraph 4 of the First Amended Complaint.

5.    Answering paragraph 5, DALLIMONTIS admit, based upon their knowledge and belief, the allegations set forth in paragraph 5 of the First Amended Complaint.

6.    Answering paragraph 6, DALLIMONTIS admit, based upon their knowledge and belief, the allegations set forth in paragraph 6 of the First Amended Complaint.

7.    Answering paragraph 7, DALLIMONTIS admit the allegations set forth in paragraph

Case No. C-07-3625 MMC
ANSWER TO FIRST AMENDED COMPLAINT AND JURY DEMAND OF DEFENDANTS
DON DALLIMONTI AND RHONDA DALLIMONTI

- 2 -

1   7 of the First Amended Complaint.

2       8.   Answering paragraph 8, DALLIMONTIS admit the allegations set forth in paragraph

3   8 of the First Amended Complaint.

4       9.   Answering paragraph 9, DALLIMONTIS admit, based upon their knowledge and belief,

5   that defendant Deputy David Weidner is/was employed as a Deputy Sheriff in the County Sheriff's

6   Office.  DALLIMONTIS are without knowledge or information sufficient to form a belief as to the

7   truth of the remaining allegations set forth in paragraph 9 of the First Amended Complaint.

8       10.   Answering paragraph 10, DALLIMONTIS admit, based upon their knowledge and

9   belief, that defendant Mark Marelich is/was a Road Construction Inspector II of the County

10  Department of Public Works.  DALLIMONTIS are without knowledge or information sufficient to

11  form a belief as to the truth of the remaining allegations set forth in paragraph 10 of the First

12  Amended Complaint.

13      11.   Answering paragraph 11, DALLIMONTIS admit, based upon their knowledge and

14  belief, that defendant Joe Costa is/was a Road Maintenance Supervisor of the County Department

15  of Public Works.  DALLIMONTIS are without knowledge or information sufficient to form a belief

16  as to the truth of the remaining allegations set forth in paragraph 11 of the First Amended

17  Complaint.

18      12.   Answering paragraph 12, DALLIMONTIS deny each and every allegation set forth in

19  paragraph 12 of the First Amended Complaint.

20      13.   Answering paragraph 13, DALLIMONTIS deny each and every allegation set forth in

21  paragraph 13 of the First Amended Complaint.

22      14.   Answering paragraph 14, DALLIMONTIS admit that Plaintiffs reside at 2511 Park

23  Road, Redwood City, California.  DALLIMONTIS are without knowledge or information sufficient

24  to form a belief as to the truth of the remaining allegations set forth in paragraph 14 of the First

25  Amended Complaint.

26      15.   Answering paragraph 15, DALLIMONTIS deny each and every allegation set forth in

27  paragraph 15 of the First Amended Complaint.

28

Case No. C-07-3625 MMC
ANSWER TO FIRST AMENDED COMPLAINT AND JURY DEMAND OF DEFENDANTS
DON DALLIMONTI AND RHONDA DALLIMONTI

- 3 -

1    16.  Answering paragraph 16, DALLIMONTIS admit that they are neighbors of Plaintiffs.

2    DALLIMONTIS deny each and every one of the remaining allegations set forth in paragraph 16 of

3    the First Amended Complaint.

4    17.  Answering paragraph 17, DALLIMONTIS are without knowledge or information

5    sufficient to form a belief as to the truth of the allegations set forth in paragraph 17 of the First

6    Amended Complaint, and on that basis, deny said allegations.

7    18.  Answering paragraph 18, DALLIMONTIS deny each and every allegation set forth in

8    paragraph 18 of the First Amended Complaint.

9    19.  Answering paragraph 19, DALLIMONTIS deny each and every allegation set forth in

10    paragraph 19 of the First Amended Complaint.

11    20.  Answering paragraph 20, DALLIMONTIS deny each and every allegation set forth in

12    paragraph 20 of the First Amended Complaint.

13    21.  Answering paragraph 21, DALLIMONTIS deny each and every allegation set forth in

14    paragraph 21 of the First Amended Complaint.

15    22.  Answering paragraph 22, DALLIMONTIS are without knowledge or information

16    sufficient to form a belief as to the truth of the allegations set forth in paragraph 22 of the First

17    Amended Complaint, and on that basis, deny said allegations.

18    23.  Answering paragraph 23, DALLIMONTIS are without knowledge or information

19    sufficient to form a belief as to the truth of the allegations set forth in paragraph 23 of the First

20    Amended Complaint, and on that basis, deny said allegations.

21    24.  Answering paragraph 24, DALLIMONTIS deny each and every allegation set forth in

22    paragraph 24 of the First Amended Complaint.

23    25.  Answering paragraph 25, DALLIMONTIS deny each and every allegation set forth in

24    paragraph 25 of the First Amended Complaint.

25    26.  Answering paragraph 26, DALLIMONTIS are without knowledge or information

26    sufficient to form a belief as to the truth of the allegations set forth in paragraph 26 of the First

27    Amended Complaint, and on that basis, deny said allegations.

28

27.    Answering paragraph 27, DALLIMONTIS are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 27 of the First Amended Complaint, and on that basis, deny said allegations.

28.    Answering paragraph 28,DALLIMONTIS are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 28 of the First Amended Complaint, and on that basis, deny said allegations.

29.    Answering paragraph 29, DALLIMONTIS admit that Plaintiffs have attached as Exhibit A to their First Amended Complaint a document entitled "Encroachment Permit" and dated 08-23-06.    That document speaks for itself. DALLIMONTIS are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 29 of the Complaint, and on that basis, deny said remaining allegations..

30.    Answering paragraph 30, DALLIMONTIS deny the allegation of "threats from Don Dallimonti." DALLIMONTIS are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 30 of the First Amended Complaint, and on that basis, deny said remaining allegations..

31.    Answering paragraph 31, DALLIMONTIS admit that Plaintiffs have attached as Exhibit B to their First Amended Complaint a document entitled "Citizen's Commendation/Complaint Form" and dated "16 Sept 6." That document speaks for itself.  However, DALLIMONTIS deny all allegations set forth in Exhibit B.  DALLIMONTIS are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 31 of the First Amended Complaint, and on that basis, deny said remaining allegations.

32.    Answering paragraph 32, DALLIMONTIS deny that September 24, 2006 was a Saturday.  In fact, it was a Sunday.  DALLLIMONTIS admit that on Sunday, September 24, 2006, DON DALLIMONTI had a conversation with a individual who was planting medium-sized trees on top of the concrete and dirt berm across from the DALLIMONTIS residence.  DALLIMONTIS deny that DON DALLIMONTI "commanded" that individual "to stop working." DALLIMONTIS are without knowledge or information sufficient to form a belief as to the truth of the remaining

1   allegations set forth in paragraph 32 of the First Amended Complaint, and on that basis, deny said
2   remaining allegations.

3       33.    Answering paragraph 33, DALLIMONTIS admit that on September 24, 2006,
4   RHONDA DALLIMONTI telephoned the Sheriff's Department.  DALLIMONTIS are without
5   knowledge or information sufficient to form a belief as to the truth of the remaining allegations set
6   forth in paragraph 33 of the First Amended Complaint, and on that basis, deny said remaining
7   allegations.

8       34.    Answering paragraph 34, DALLIMONTIS are without knowledge or information
9   sufficient to form a belief as to the truth of the allegations set forth in paragraph 34 of the First
10  Amended Complaint, and on that basis, deny said allegations.

11      35.    Answering paragraph 35, DALLIMONTIS are without knowledge or information
12  sufficient to form a belief as to the truth of the allegations set forth in paragraph 35 of the First
13  Amended Complaint, and on that basis, deny said allegations.

14      36.    Answering paragraph 36, DALLIMONTIS are without knowledge or information
15  sufficient to form a belief as to the truth of the allegations set forth in paragraph 36 of the First
16  Amended Complaint, and on that basis, deny said allegations.

17      37.    Answering paragraph 37, DALLIMONTIS are without knowledge or information
18  sufficient to form a belief as to the truth of the allegations set forth in paragraph 37 of the First
19  Amended Complaint, and on that basis, deny said allegations.

20      38.    Answering paragraph 38, DALLIMONTIS are without knowledge or information
21  sufficient to form a belief as to the truth of the allegations set forth in paragraph 38 of the First
22  Amended Complaint, and on that basis, deny said allegations.

23      39.    Answering paragraph 39, DALLIMONTIS are without knowledge or information
24  sufficient to form a belief as to the truth of the allegations set forth in paragraph 39 of the First
25  Amended Complaint, and on that basis, deny said allegations.

26      40.  Answering paragraph 40, DALLIMONTIS admit that Plaintiffs have attached certain
27  documents as Exhibit C to their First Amended Complaint.  Those documents speak for themselves.

28

1    DALLIMONTIS are without knowledge or information sufficient to form a belief as to the truth of

2    the remaining allegations set forth in paragraph 40 of the First Amended Complaint, and on that

3    basis, deny said remaining allegations.

4         41.    Answering paragraph 41, DALLIMONTIS admit that Plaintiffs have attached as Exhibit

5    D to their First Amended Complaint a document which appears to be a letter from Neil R. Cullen

6    to Michael Toschi dated November 15, 2006.   That document speaks for itself.  DALLIMONTIS

7    are without knowledge or information sufficient to form a belief as to the truth of the remaining

8    allegations set forth in paragraph 41 of the First Amended Complaint, and on that basis, deny said

9    remaining allegations.

10         42.    Answering paragraph 42, DALLIMONTIS admit the allegations set forth in paragraph

11    42 of the First Amended Complaint.

12         43.    Answering paragraph 43, DALLIMONTIS admit that on October 24, 2006, the Superior

13    Court held a hearing on Plaintiffs' application for a temporary restraining order.  DALLIMONTIS

14    further admit that, at the hearing, the Superior Court continued the temporary orders, but deny that

15    the Court "issued the Restraining Order."

16         44.    Answering paragraph 44, DALLIMONTIS deny that a "Restraining Order against Don

17    Dallimonti was served on the County Sheriff's Office."  DALLIMONTIS admit that the Superior

18    Court continued the hearing, pending the completion of the County Sheriff's Office Internal Affairs

19    investigation of Plaintiffs' complaints.

20         45.    Answering paragraph 45, DALLIMONTIS are without knowledge or information

21    sufficient to form a belief as to the truth of the allegations set forth in paragraph 45 of the First

22    Amended Complaint, and on that basis, deny said allegations.

23         46.    Answering paragraph 46, DALLIMONTIS are without knowledge or information

24    sufficient to form a belief as to the truth of the allegations set forth in paragraph 46 of the First

25    Amended Complaint, and on that basis, deny said allegations.

26         47.    Answering paragraph 47, DALLIMONTIS are without knowledge or information

27    sufficient to form a belief as to the truth of the allegations set forth in paragraph 47 of the First

28

1   Amended Complaint, and on that basis, deny said allegations.

2       48.   Answering paragraph 48, DALLIMONTIS are without knowledge or information

3   sufficient to form a belief as to the truth of the allegations set forth in paragraph 48 of the First

4   Amended Complaint, and on that basis, deny said allegations.

5       49.   Answering paragraph 49, DALLIMONTIS admit that Plaintiffs have attached certain

6   documents as Exhibit E to their First Amended Complaint.   Those documents speak for themselves.

7   DALLIMONTIS are without knowledge or information sufficient to form a belief as to the truth of

8   the remaining allegations set forth in paragraph 49 of the First Amended Complaint, and on that

9   basis, deny said remaining allegations.

10      50.  Answering paragraph 50, DALLIMONTIS admit that Plaintiffs have attached as Exhibit

11  F to their First Amended Complaint a document which appears to be a letter from Neil R. Cullen to

12  Michael Toschi dated December 29, 2006.   That document speaks for itself.  DALLIMONTIS are

13  without knowledge or information sufficient to form a belief as to the truth of the remaining

14  allegations set forth in paragraph 50 of the First Amended Complaint, and on that basis, deny said

15  remaining allegations.

16      51.  Answering paragraph 51, DALLIMONTIS admit that Plaintiffs have attached as Exhibit

17  G to their First Amended Complaint a document which appears to be a letter from Michael and

18  Tracy Toschi to Neil R. Cullen dated 8 January 2007.     That document speaks for itself.

19  DALLIMONTIS are without knowledge or information sufficient to form a belief as to the truth of

20  the remaining allegations set forth in paragraph 51 of the First Amended Complaint, and on that

21  basis, deny said remaining allegations.

22      52.   Answering paragraph 52, DALLIMONTIS are without knowledge or information

23  sufficient to form a belief as to the truth of the allegations set forth in paragraph 52 of the First

24  Amended Complaint, and on that basis, deny said allegations.

25      53.   Answering paragraph 53, DALLIMONTIS are without knowledge or information

26  sufficient to form a belief as to the truth of the allegation that the County Sheriff's Office letter was

27  sent on January 10, 2007.  However, DALLIMONTIS admit the remaining allegations set forth in

28

paragraph 53 of the First Amended Complaint.

54.    Answering paragraph 54, DALLIMONTIS are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 54 of the First Amended Complaint, and on that basis, deny said allegations.

55.    Answering paragraph 55, DALLIMONTIS admit that on February 6, 2007 a "Restraining Order After Hearing to Stop Harassment" was filed by the Clerk of the Superior Court, a copy of which is attached to Plaintiff's First Amended Complaint as Exhibit H.   That document speaks for itself.  DALLIMONTIS deny any allegations of paragraph 55 which are inconsistent with, or not supported by, the face of said document.

56.    Answering paragraph 56, DALLIMONTIS are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 56 of the First Amended Complaint, and on that basis, deny said allegations.

57.    Answering paragraph 57, DALLIMONTIS are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 57 of the First Amended Complaint, and on that basis, deny said allegations.

58.    Answering paragraph 58, DALLIMONTIS admit, based upon their knowledge and belief, the allegations of paragraph 58 of the First Amended Complaint.

59.   Answering paragraph 59, DALLIMONTIS deny each and every allegation set forth in paragraph 59 of the First Amended Complaint.

### CLAIMS FOR RELIEF

**FIRST CLAIM FOR RELIEF FOR VIOLATION OF 42 U.S.C. §1983 – RETALIATION IN VIOLATION OF THE FIRST AMENDMENT**

**(Against Defendant County of San Mateo, David Weidner, Mark Marelich, Joe Costa and Does One through Fifty)**

60.    Answering paragraph 60, DALLIMONTIS  incorporate herein by reference their responses above to the allegations set forth in paragraphs 1 through 59 of the First Amended Complaint.  Since this Claim for Relief is not directed against the DALLIMONTIS, no response is

1   required.  However, to the extent that any response is required, DALLIMONTIS deny each and

2   every allegation set forth in paragraph 60 of the First Amended Complaint.

3       61.  Answering paragraph 61, DALLIMONTIS deny the allegations set forth in paragraph

4   61 of the First Amended Complaint, and deny that Plaintiffs are entitled to any relief sought.

5   **SECOND CLAIM FOR RELIEF**

6   **FOR VIOLATION OF 42 U.S.C. §1983 – CONSPIRACY TO RETALIATE IN**

7   **VIOLATION OF THE FIRST AMENDMENT**

8   **(Against Defendants The County of San Mateo, David Weidner, Don Dallimonti, Rhonda**

9   **Dallimonti, Mark Marelich, Joe Costa and Does One through Fifty)**

10      62.   Answering paragraph 62, DALLIMONTIS  incorporate herein by reference their

11  responses above to the allegations set forth in paragraphs 1 through 61 of the First Amended

12  Complaint.  DALLIMONTIS further deny each and every allegation set forth in paragraph 62 of the

13  First Amended Complaint.

14      63.  Answering paragraph 63, DALLIMONTIS deny the allegations set forth in paragraph

15  63 of the First Amended Complaint, and deny that Plaintiffs are entitled to any relief sought.

16  **THIRD CLAIM FOR RELIEF**

17  **FOR VIOLATION OF 42 U.S.C. §1983 – FOR DEPRIVATION OF LIBERTY IN**

18  **VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENTS**

19  **(Against Defendant David Weidner and Does One through Fifty)**

20      64.   Answering paragraph 64, DALLIMONTIS  incorporate herein by reference their

21  responses above to the allegations set forth in paragraphs 1 through 63 of the First Amended

22  Complaint.  Since this Claim for Relief is not directed against the DALLIMONTIS, no response is

23  required.  However, to the extent that any response is required, DALLIMONTIS deny each and

24  every allegation set forth in paragraph 64 of the First Amended Complaint.

25      65.  Answering paragraph 65, DALLIMONTIS deny the allegations set forth in paragraph

26  65 of the First Amended Complaint, and deny that Plaintiffs are entitled to any relief sought.

27  //

28

1   //

2   **FOURTH CLAIM FOR RELIEF**

3   **FOR VIOLATION OF 42 U.S.C. §1983 – MUNICIPAL LIABILITY FOR UNLAWFUL**

4   **DETENTION IN VIOLATION OF THE FOURTH AND**

5   **FOURTEENTH AMENDMENTS**

6   **(Against Defendant The County of San Mateo)**

7   66.   Answering paragraph 66, DALLIMONTIS  incorporate herein by reference their

8   responses above to the allegations set forth in paragraphs 1 through 65 of the First Amended

9   Complaint.  Since this Claim for Relief is not directed against the DALLIMONTIS, no response is

10   required.  However, to the extent that any response is required, DALLIMONTIS deny each and

11   every allegation set forth in paragraph 66 of the First Amended Complaint.

12   67.   Answering paragraph 67, DALLIMONTIS deny the allegations set forth in paragraph

13   67 of the First Amended Complaint, and deny that Plaintiffs are entitled to any relief sought.

14   **FIFTH CLAIM FOR RELIEF**

15   **FOR VIOLATION OF 42 U.S.C. §1983 – FOR CONSPIRACY TO CAUSE UNLAWFUL**

16   **DETENTION IN VIOLATION OF THE FOURTH AND**

17   **FOURTEENTH AMENDMENTS**

18   **(Against Defendants The County of San Mateo, David Weidner, Don Dallimonti, Rhonda**

19   **Dallimonti and Does One through Fifty)**

20   68.   Answering paragraph 68, DALLIMONTIS  incorporate herein by reference their

21   responses above to the allegations set forth in paragraphs 1 through 67 of the First Amended

22   Complaint.

23   69.  Answering paragraph 69, DALLIMONTIS deny each and every allegation set forth in

24   paragraph 69 of the First Amended Complaint.

25   70.  Answering paragraph 70, DALLIMONTIS deny each and every allegation set forth in

26   paragraph 70 of the First Amended Complaint.

27   71.  Answering paragraph 71, DALLIMONTIS deny the allegations set forth in paragraph

28

1  71 of the First Amended Complaint, and deny that Plaintiffs are entitled to any relief sought.

2

3  **SIXTH CLAIM FOR RELIEF**

4  **FOR VIOLATION OF 42 U.S.C. §1983 – INTENTIONAL AND ARBITRARY**

5  **DISCRIMINATION IN VIOLATION OF THE FOURTEENTH AMENDMENT**

6  **(Against Defendants The County, Mark Marelich, Joe Costa and Does One through Fifty)**

7  72.    Answering paragraph 72, DALLIMONTIS incorporate herein by reference their

8  responses above to the allegations set forth in paragraphs 1 through 71 of the First Amended

9  Complaint. Since this Claim for Relief is not directed against the DALLIMONTIS, no response is

10  required. However, to the extent that any response is required, DALLIMONTIS deny each and

11  every allegation set forth in paragraph 72 of the First Amended Complaint.

12  73.  Answering paragraph 73, DALLIMONTIS deny the allegations set forth in paragraph

13  73 of the First Amended Complaint, and deny that Plaintiffs are entitled to any relief sought.

14  **SUPPLEMENTAL STATE CLAIMS**

15  **SEVENTH CLAIM FOR RELIEF**

16  **FOR FALSE IMPRISONMENT AND UNNECESSARY DELAY IN RELEASING**

17  **(Against Defendants The County of San Mateo, David Weidner**

18  **and Does One through Fifty)**

19  74.   Answering paragraph 74, DALLIMONTIS  incorporate herein by reference their

20  responses above to the allegations set forth in paragraphs 1 through 73 of the First Amended

21  Complaint.

22  75.   Answering paragraph 75, since this Claim for Relief is not directed against the

23  DALLIMONTIS, no response is required. However, to the extent that any response is required,

24  DALLIMONTIS deny each and every allegation set forth in paragraph 75 of the First Amended

25  Complaint.

26  76.   Answering paragraph 76, since this Claim for Relief is not directed against the

27  DALLIMONTIS, no response is required. However, to the extent that any response is required,

28

1    DALLIMONTIS deny each and every allegation set forth in paragraph 76 of the First Amended

2    Complaint.

3        77.    Answering paragraph 77, since this Claim for Relief is not directed against the

4    DALLIMONTIS, no response is required.  However, to the extent that any response is required,

5    DALLIMONTIS deny each and every allegation set forth in paragraph 77 of the First Amended

6    Complaint.

7        78.    Answering paragraph 78, since this Claim for Relief is not directed against the

8    DALLIMONTIS, no response is required.  However, to the extent that any response is required,

9    DALLIMONTIS deny each and every allegation set forth in paragraph 78 of the First Amended

10   Complaint.

11       79.    Answering paragraph 79, since this Claim for Relief is not directed against the

12   DALLIMONTIS, no response is required.  However, to the extent that any response is required,

13   DALLIMONTIS deny each and every allegation set forth in paragraph 79 of the First Amended

14   Complaint.

15       80.  Answering paragraph 80, DALLIMONTIS deny the allegations set forth in paragraph

16   80 of the First Amended Complaint, and deny that Plaintiffs are entitled to any relief sought.

17                          **EIGHTH CLAIM FOR RELIEF**

18   **FOR INTERFERENCE WITH RIGHTS IN VIOLATION OF CALIFORNIA CIVIL**

19                            **CODE SECTION 52.1**

20            **(Against Defendants The County of San Mateo, David Weidner**

21                        **and Does One through Fifty)**

22       81.    Answering paragraph 81, DALLIMONTIS  incorporate herein by reference their

23   responses above to the allegations set forth in paragraphs 1 through 80 of the First Amended

24   Complaint.

25       82.    Answering paragraph 82, since this Claim for Relief is not directed against the

26   DALLIMONTIS, no response is required.  However, to the extent that any response is required,

27   DALLIMONTIS deny each and every allegation set forth in paragraph 82 of the First Amended

28   _____

1   Complaint.

2          83.    Answering paragraph 83, since this Claim for Relief is not directed against the

3   DALLIMONTIS, no response is required.  However, to the extent that any response is required,

4   DALLIMONTIS deny each and every allegation set forth in paragraph 83 of the First Amended

5   Complaint.

6          84.    Answering paragraph 84, since this Claim for Relief is not directed against the

7   DALLIMONTIS, no response is required.  However, to the extent that any response is required,

8   DALLIMONTIS deny each and every allegation set forth in paragraph 84 of the First Amended

9   Complaint.

10         85.    Answering paragraph 85, since this Claim for Relief is not directed against the

11  DALLIMONTIS, no response is required.  However, to the extent that any response is required,

12  DALLIMONTIS deny each and every allegation set forth in paragraph 85 of the First Amended

13  Complaint.

14         86.    Answering paragraph 86, DALLIMONTIS deny the allegations set forth in paragraph

15  86 of the First Amended Complaint, and deny that Plaintiffs are entitled to any relief sought.

16                              **NINTH CLAIM FOR RELIEF**

17           **FOR TRESPASS FOR ENTRY ONTO PROPERTY WITHOUT PERMISSION**

18            **(Against Defendant The County of San Mateo and Does One through Fifty)**

19         87.    Answering paragraph 87, DALLIMONTIS  incorporate herein by reference their

20  responses above to the allegations set forth in paragraphs 1 through 86 of the First Amended

21  Complaint.

22         88.    Answering paragraph 88, since this Claim for Relief is not directed against the

23  DALLIMONTIS, no response is required.  However, to the extent that any response is required,

24  DALLIMONTIS deny each and every allegation set forth in paragraph 88 of the First Amended

25  Complaint.

26         89.    Answering paragraph 89, since this Claim for Relief is not directed against the

27  DALLIMONTIS, no response is required.  However, to the extent that any response is required,

28

1  DALLIMONTIS deny each and every allegation set forth in paragraph 89 of the First Amended

2  Complaint.

3      90.    Answering paragraph 90, since this Claim for Relief is not directed against the

4  DALLIMONTIS, no response is required.  However, to the extent that any response is required,

5  DALLIMONTIS deny each and every allegation set forth in paragraph 90 of the First Amended

6  Complaint.

7      91.    Answering paragraph 91, since this Claim for Relief is not directed against the

8  DALLIMONTIS, no response is required.  However, to the extent that any response is required,

9  DALLIMONTIS deny each and every allegation set forth in paragraph 91 of the First Amended

10 Complaint.

11     92.  Answering paragraph 92, DALLIMONTIS deny the allegations set forth in paragraph

12 92 of the Complaint, and deny that Plaintiffs are entitled to any relief sought.

13                      **TENTH CLAIM FOR RELIEF**

14     **FOR DANGEROUS CONDITION OF PUBLIC PROPERTY – CREATION AND**

15                  **NOTICE OF DANGEROUS CONDITION**

16                **(Against Defendant The County of San Mateo)**

17     93.    Answering paragraph 93, DALLIMONTIS  incorporate herein by reference their

18 responses above to the allegations set forth in paragraphs 1 through 92 of the First Amended

19 Complaint.

20     94.    Answering paragraph 94, since this Claim for Relief is not directed against the

21 DALLIMONTIS, no response is required.  However, to the extent that any response is required,

22 DALLIMONTIS deny each and every allegation set forth in paragraph 94 of the First Amended

23 Complaint.

24     95.    Answering paragraph 95, since this Claim for Relief is not directed against the

25 DALLIMONTIS, no response is required.  However, to the extent that any response is required,

26 DALLIMONTIS deny each and every allegation set forth in paragraph 95 of the First Amended

27 Complaint.

28

1   96.   Answering paragraph 96, since this Claim for Relief is not directed against the

2   DALLIMONTIS, no response is required.  However, to the extent that any response is required,

3   DALLIMONTIS deny each and every allegation set forth in paragraph 96 of the First Amended

4   Complaint.

5   97.   Answering paragraph 97, since this Claim for Relief is not directed against the

6   DALLIMONTIS, no response is required.  However, to the extent that any response is required,

7   DALLIMONTIS deny each and every allegation set forth in paragraph 97 of the First Amended

8   Complaint.

9   98.   Answering paragraph 98, since this Claim for Relief is not directed against the

10   DALLIMONTIS, no response is required.  However, to the extent that any response is required,

11   DALLIMONTIS deny each and every allegation set forth in paragraph 98 of the First Amended

12   Complaint.

13   99.   Answering paragraph 99, since this Claim for Relief is not directed against the

14   DALLIMONTIS, no response is required.  However, to the extent that any response is required,

15   DALLIMONTIS deny each and every allegation set forth in paragraph 99 of the First Amended

16   Complaint.

17   100.   Answering paragraph 100, since this Claim for Relief is not directed against the

18   DALLIMONTIS, no response is required.  However, to the extent that any response is required,

19   DALLIMONTIS deny each and every allegation set forth in paragraph 100 of the First Amended

20   Complaint.

21   101.   Answering paragraph 101, DALLIMONTIS deny the allegations set forth in paragraph

22   101 of the First Amended Complaint, and deny that Plaintiffs are entitled to any relief sought.

23   **ELEVENTH CLAIM FOR RELIEF FOR NUISANCE – HARM TO HEALTH**

24   **AND OBSTRUCTION TO FREE USE OF PROPERTY**

25   **(Against Defendant The County)**

26   102.   Answering paragraph 102, DALLIMONTIS  incorporate herein by reference their

27   responses above to the allegations set forth in paragraphs 1 through 101 of the First Amended

28

1   Complaint.

2       103.   Answering paragraph 103, since this Claim for Relief is not directed against the

3   DALLIMONTIS, no response is required.  However, to the extent that any response is required,

4   DALLIMONTIS deny each and every allegation set forth in paragraph 103 of the First Amended

5   Complaint.

6       104.   Answering paragraph 104, since this Claim for Relief is not directed against the

7   DALLIMONTIS, no response is required.  However, to the extent that any response is required,

8   DALLIMONTIS deny each and every allegation set forth in paragraph 104 of the First Amended

9   Complaint.

10      105.    Answering paragraph 105, since this Claim for Relief is not directed against the

11  DALLIMONTIS, no response is required.  However, to the extent that any response is required,

12  DALLIMONTIS deny each and every allegation set forth in paragraph 105 of the First Amended

13  Complaint.

14      106.   Answering paragraph 106, since this Claim for Relief is not directed against the

15  DALLIMONTIS, no response is required.  However, to the extent that any response is required,

16  DALLIMONTIS deny each and every allegation set forth in paragraph 106 of the First Amended

17  Complaint.

18      107.   Answering paragraph 107, since this Claim for Relief is not directed against the

19  DALLIMONTIS, no response is required.  However, to the extent that any response is required,

20  DALLIMONTIS deny each and every allegation set forth in paragraph 107 of the First Amended

21  Complaint.

22      108.   Answering paragraph 108, since this Claim for Relief is not directed against the

23  DALLIMONTIS, no response is required.  However, to the extent that any response is required,

24  DALLIMONTIS deny each and every allegation set forth in paragraph 108 of the First Amended

25  Complaint.

26      109.   Answering paragraph 109, since this Claim for Relief is not directed against the

27  DALLIMONTIS, no response is required.  However, to the extent that any response is required,

28

1   DALLIMONTIS deny each and every allegation set forth in paragraph 109 of the First Amended

2   Complaint.

3       110.    Answering paragraph 110, DALLIMONTIS deny the allegations set forth in

4   paragraph 110 of the First Amended Complaint, and deny that Plaintiffs are entitled to any relief

5   sought.

6       **TWELFTH CLAIM FOR RELIEF FOR INVERSE CONDEMNATION – THE**

7       **OPERATION OF A PUBLIC DRAINAGE SYSTEM**

8       **(Against Defendant The County)**

9       111.    Answering paragraph 111, DALLIMONTIS  incorporate herein by reference their

10  responses above to the allegations set forth in paragraphs 1 through 110 of the First Amended

11  Complaint.

12      112.    Answering paragraph 112, since this Claim for Relief is not directed against the

13  DALLIMONTIS, no response is required.  However, to the extent that any response is required,

14  DALLIMONTIS deny each and every allegation set forth in paragraph 112 of the First Amended

15  Complaint.

16      113.    Answering paragraph 113, since this Claim for Relief is not directed against the

17  DALLIMONTIS, no response is required.  However, to the extent that any response is required,

18  DALLIMONTIS deny each and every allegation set forth in paragraph 113 of the First Amended

19  Complaint.

20      114.    Answering paragraph 114, since this Claim for Relief is not directed against the

21  DALLIMONTIS, no response is required.  However, to the extent that any response is required,

22  DALLIMONTIS deny each and every allegation set forth in paragraph 114 of the First Amended

23  Complaint.

24      115.    Answering paragraph 115, since this Claim for Relief is not directed against the

25  DALLIMONTIS, no response is required.  However, to the extent that any response is required,

26  DALLIMONTIS deny each and every allegation set forth in paragraph 115 of the First Amended

27  Complaint.

28

1   116. Answering paragraph 116, DALLIMONTIS deny the allegations set forth in paragraph

2   116 of the First Amended Complaint, and deny that Plaintiffs are entitled to any relief sought.

3   //

4   ### THIRTEENTH CLAIM FOR RELIEF FOR DECLARATORY RELIEF – PUBLIC

5   ### EASEMENT VERSUS PRIVATE EASEMENT

6   **(Against Defendant The County)**

7   117. Answering paragraph 117, DALLIMONTIS  incorporate herein by reference their

8   responses above to the allegations set forth in paragraphs 1 through 116 of the First Amended

9   Complaint.

10   118.   Answering paragraph 118, since this Claim for Relief is not directed against the

11   DALLIMONTIS, no response is required.  However, to the extent that any response is required,

12   DALLIMONTIS deny each and every allegation set forth in paragraph 118 of the First Amended

13   Complaint.

14   119.   Answering paragraph 119, since this Claim for Relief is not directed against the

15   DALLIMONTIS, no response is required.  However, to the extent that any response is required,

16   DALLIMONTIS deny each and every allegation set forth in paragraph 119 of the First Amended

17   Complaint.

18   120.   Answering paragraph 120, since this Claim for Relief is not directed against the

19   DALLIMONTIS, no response is required.  However, to the extent that any response is required,

20   DALLIMONTIS deny each and every allegation set forth in paragraph 120 of the First Amended

21   Complaint.

22   121. Answering paragraph 121, DALLIMONTIS deny the allegations set forth in paragraph

23   121 of the First Amended Complaint, and deny that Plaintiffs are entitled to any relief sought.

24   ### FOURTEENTH CLAIM FOR RELIEF FOR INJUNCTIVE RELIEF – IRREPARABLE

25   ### HARM AND INADEQUATE LEGAL REMEDY

26   **(Against Defendant The County)**

27   122.   Answering paragraph 122, DALLIMONTIS  incorporate herein by reference their

28

1   responses above to the allegations set forth in paragraphs 1 through 121 of the First Amended

2   Complaint.

3        123.   Answering paragraph 123, since this Claim for Relief is not directed against the

4   DALLIMONTIS, no response is required.  However, to the extent that any response is required,

5   DALLIMONTIS deny each and every allegation set forth in paragraph 123 of the First Amended

6   Complaint.

7        124.   Answering paragraph 124, since this Claim for Relief is not directed against the

8   DALLIMONTIS, no response is required.  However, to the extent that any response is required,

9   DALLIMONTIS deny each and every allegation set forth in paragraph 124 of the First Amended

10  Complaint.

11       125.   Answering paragraph 125, since this Claim for Relief is not directed against the

12  DALLIMONTIS, no response is required.  However, to the extent that any response is required,

13  DALLIMONTIS deny each and every allegation set forth in paragraph 125 of the First Amended

14  Complaint.

15       126.   Answering paragraph 126, since this Claim for Relief is not directed against the

16  DALLIMONTIS, no response is required.  However, to the extent that any response is required,

17  DALLIMONTIS deny each and every allegation set forth in paragraph 126 of the First Amended

18  Complaint.

19       127.  Answering paragraph 127, DALLIMONTIS deny the allegations set forth in paragraph

20  127 of the First Amended Complaint, and deny that Plaintiffs are entitled to any relief sought.

21  **FIFTEENTH CLAIM FOR RELIEF FOR NEGLIGENT INFLICTION**

22  **OF EMOTIONAL DISTRESS**

23  **(Against Defendant Don Dallimonti, Rhonda Dallimonti and Does One through Fifty)**

24       128.   Answering paragraph 128, DALLIMONTIS  incorporate herein by reference their

25  responses above to the allegations set forth in paragraphs 1 through 127 of the First Amended

26  Complaint.

27       129.  Answering paragraph 129, DALLIMONTIS deny each and every allegation set forth

28

1    in paragraph 129 of the First Amended Complaint.

2         130.   Answering paragraph 130, DALLIMONTIS deny each and every allegation set forth

3    in paragraph 130 of the First Amended Complaint.

4         131.   Answering paragraph 131, DALLIMONTIS deny each and every allegation set forth

5    in paragraph 131 of the First Amended Complaint.

6         132.  Answering paragraph 132, DALLIMONTIS deny the allegations set forth in paragraph

7    132 of the First Amended Complaint, and deny that Plaintiffs are entitled to any relief sought.

8                                    **AFFIRMATIVE DEFENSES**

9         As separate and distinct affirmative defenses to Plaintiffs' First Amended Complaint, as to

10   each cause of action and claim for relief contained therein, DALLIMONTIS allege the following:

11                                 **FIRST AFFIRMATIVE DEFENSE**

12        Plaintiffs' First Amended Complaint, as a whole, and each alleged cause of action therein,

13   fails to state a claim or cause of action upon which relief can be granted against these answering

14   Defendants.

15                               **SECOND AFFIRMATIVE DEFENSE**

16        As and for a separate and distinct answer and affirmative defense, these answering

17   Defendants allege that Plaintiffs' First Amended Complaint and/or each cause of action contained

18   therein is barred by the applicable statute(s) of limitations, to be set forth with more particularity and

19   specificity as discovery and investigation develops.

20                                **THIRD AFFIRMATIVE DEFENSE**

21        As and for a separate and distinct answer and affirmative defense, these answering

22   Defendants allege that Plaintiffs are estopped, equitably or otherwise, from asserting the claims set

23   forth in their First Amended Complaint and from obtaining the relief and/or declarations requested

24   therein.

25                               **FOURTH AFFIRMATIVE DEFENSE**

26        As and for a separate and distinct answer and affirmative defense, these answering

27   Defendants allege that Plaintiffs have waived any rights they may have to maintain the action set

28

1  forth in their First Amended Complaint and to obtain the relief and/or declarations requested therein.

2  ## FIFTH AFFIRMATIVE DEFENSE

3  As and for a separate and distinct answer and affirmative defense, these answering

4  Defendants allege that Plaintiffs are barred by the doctrine of laches from maintaining the action set

5  forth in their First Amended Complaint, including but not limited to claims for equitable relief, and

6  from obtaining any other relief and/or declarations requested therein.

7  ## SIXTH AFFIRMATIVE DEFENSE

8  As and for a separate and distinct answer and affirmative defense, these answering

9  Defendants allege that Plaintiffs are barred by the doctrine of unclean hands from maintaining the

10  action set forth in their First Amended Complaint, including but not limited to claims for equitable

11  relief, and from obtaining any other relief and/or declarations requested therein.

12  ## SEVENTH AFFIRMATIVE DEFENSE

13  As and for a separate and distinct answer and affirmative defense, these answering

14  Defendants allege that Plaintiffs have failed to mitigate any damages they have allegedly sustained,

15  if any there were..

16  ## EIGHTH AFFIRMATIVE DEFENSE

17  As and for a separate and distinct answer and affirmative defense, these answering

18  Defendants allege that any injury to Plaintiffs is due to a superseding or intervening cause, namely,

19  Plaintiffs' own negligence.

20  ## NINTH AFFIRMATIVE DEFENSE

21  As and for a separate and distinct answer and affirmative defense, these answering

22  Defendants allege that Plaintiffs' First Amended Complaint, and each claim for relief contained

23  therein, violates the provisions of California Code of Civil Procedure §425.16 (anti-SLAPP statute),

24  thereby entitling Defendants to recover their attorney's fees and costs.

25  ## TENTH AFFIRMATIVE DEFENSE

26  As and for a separate and distinct answer and affirmative defense, these answering

27  Defendants allege that they acted at all relevant times with a reasonable and good faith belief in the

28

1  validity and constitutionality of their conduct including, but not limited to, their efforts to require

2  Plaintiffs to comply with the law and to utilize appropriate available governmental channels and

3  remedies to enforce such compliance.

### ELEVENTH AFFIRMATIVE DEFENSE

5       As and for a separate and distinct answer and affirmative defense, these answering

6  Defendants allege that Plaintiffs' declaratory relief action should be dismissed as being premature

7  and/or not ripe for adjudication.

### TWELFTH AFFIRMATIVE DEFENSE

9       As and for a separate and distinct answer and affirmative defense, these answering

10 Defendants allege that the acts complained of by Plaintiffs, if they occurred at all (which Defendants

11 expressly deny), were provoked by Plaintiffs' unlawful and wrongful conduct including, but not

12 limited to, violations of applicable county ordinances, state laws, and/or other rules and regulations.

### THIRTEENTH AFFIRMATIVE DEFENSE

15      As and for a separate and distinct answer and affirmative defense, these answering

16 Defendants allege that some or all of Plaintiffs' claims and/or damages are speculative in nature and

17 too indefinite upon which to base the relief requested by Plaintiffs in their First Amended

18 Complaint.

### FOURTEENTH AFFIRMATIVE DEFENSE

20      As and for a separate and distinct answer and affirmative defense, these answering

21 Defendants allege that Plaintiffs were guilty of  negligence in and about the matters and things

22 complained of in the First Amended Complaint, that such negligence on the part of Plaintiffs

23 contributed directly and proximately to the happenings of the injury and damages, if any, sustained

24 by Plaintiffs.  Further, it is prayed that if Plaintiffs, or either of them, recover a verdict in this case,

25 that the same shall be reduced proportionately by the percentage of negligence attributed to each

26 Plaintiff.

### FIFTEENTH AFFIRMATIVE DEFENSE

1   As and for a separate and distinct answer and affirmative defense, these answering

2   Defendants allege and contend that the sole proximate and/or partial proximate cause of the injuries

3   and/or damages claimed by Plaintiffs was due to the negligence and/or wrongful acts of other

4   persons or parties, and these answering Defendants are not responsible for the acts of said other

5   persons and parties.

6   **SIXTEENTH AFFIRMATIVE DEFENSE**

7   As and for a separate and distinct answer and affirmative defense, these answering

8   Defendants allege that their conduct was not the cause in fact or the proximate cause of any of the

9   injuries, losses, or damages alleged by Plaintiffs in their First Amended Complaint.

10   **SEVENTEENTH AFFIRMATIVE DEFENSE**

11   As and for a separate and distinct answer and affirmative defense, these answering

12   Defendants allege that Plaintiffs assumed the risk of any damages they allegedly have sustained.

13   **EIGHTEENTH AFFIRMATIVE DEFENSE**

14   As and for a separate and distinct answer and affirmative defense, these answering

15   Defendants allege that Plaintiffs' claims are barred or waived by their own unreasonable behavior

16   in response to Defendants' reasonable and justifiable conduct.

17   **NINETEENTH AFFIRMATIVE DEFENSE**

18   As and for a separate and distinct answer and affirmative defense, these answering

19   Defendants allege that Plaintiffs' First Amended Complaint fails to state a claim for punitive

20   damages upon which relief can be granted.

21   **TWENTIETH AFFIRMATIVE DEFENSE**

22   As and for a separate and distinct answer and affirmative defense, these answering

23   Defendants allege that imposition of punitive damages in this case would violate their rights under

24   the U.S. Constitution.

25   **TWENTY-FIRST AFFIRMATIVE DEFENSE**

26   These answering Defendants expressly reserve their right to amend this Answer to allege

27   additional or other affirmative defenses which may come to light or become evident during the

28

1  course of discovery herein, or otherwise.

2  //

3  //

4  //

5

6      **WHEREFORE,** these answering defendants DON DALLIMONTI and RHONDA

7  DALLIMONTI pray:

8      1.  That Plaintiffs take nothing by way of their First Amended Complaint on file herein;

9      2.  That this Court dismiss Plaintiffs' First Amended Complaint in its entirety or dismiss

10 these answering Defendants from the suit;

11     3.   That this Court deny the damages, relief and/or declarations requested by Plaintiffs

12 herein;

13     4.  For reasonable attorneys' fees as allowed by statute or applicable law;

14     4.  For costs and expenses of suit herein incurred; and

15     5.  For such other and further relief as the Court may deem just and proper.

16

17 DATED: July  25, 2008                    CAMPBELL, WARBURTON, FITZSIMMONS,
                                             SMITH, MENDELL & PASTORE
18

19
                                  By: _____/s/_____
20                                        LISA JEONG CUMMINS
                                          Attorneys for Defendants DON DALLIMONTI
21                                        and RHONDA DALLIMONTI

22
                              **DEMAND FOR JURY TRIAL**
23
        Defendants DON DALLIMONTI and RHONDA DALLIMONTI, and each of them, hereby
24
request a jury trial, pursuant to Federal Rules of Civil Procedure, Rules 38, 39 and 57, of all issues
25
in this matter which are triable of right by a jury.
26

27

28
_____

1   DATED: July 25, 2008       CAMPBELL, WARBURTON, FITZSIMMONS,
                           SMITH, MENDELL & PASTORE

2

3

                   By:_____/s/_____

4                      LISA JEONG CUMMINS
                      Attorneys for Defendants DON DALLIMONTI

5                      and RHONDA DALLIMONTI

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. C-07-3625 MMC
ANSWER TO FIRST AMENDED COMPLAINT AND JURY DEMAND OF DEFENDANTS
DON DALLIMONTI AND RHONDA DALLIMONTI

- 26 -