1 | **SCOTT LAW FIRM**
2 | 1375 Sutter Street, Suite 222
3 | SAN FRANCISCO, CALIFORNIA
4 | 94109-7837
5 | (415) 561-9601

JOHN HOUSTON SCOTT (State Bar #72578)
LIZABETH N. de VRIES (State Bar #227215)

**GEARINGER LAW GROUP**

825 VAN NESS AVENUE, 4TH FLOOR
SAN FRANCISCO, CALIFORNIA
94109-7837
(415) 440-3102

BRIAN GEARINGER (State Bar #146125)
R. STEPHEN M. LAROE (State Bar #245269)

Attorneys for Plaintiff MICHAEL TOSCHI and TRACY TOSCHI

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL TOSCHI, and TRACY TOSCHI,<br><br>Plaintiffs,<br><br>vs.<br><br>COUNTY OF SAN MATEO, DON DALLIMONTI, RHONDA DALLIMONTI, NEIL CULLEN, BRIAN LEE, DAVID WEIDNER, and DOES ONE through FIFTY, inclusive,<br><br>Defendants. | Case No. C-07-3625 MMC<br><br>**NOTICE OF MOTION AND MOTION FOR ORDER COMPELLING FURTHER DISCOVERY RESPONSES BY DEFENDANT COUNTY OF SAN MATEO OF PLAINTIFFS MICHAEL TOSCHI AND TRACY TOSCHI AND REQUEST FOR MONETARY SANCTION AGAINST DEFENDANT COUNTY OF SAN MATEO**<br><br>Date:  October 10, 2008<br>Time:  9:00 a.m.<br>**Place:** Courtroom 7, 19th Floor<br>**Judge:** The Hon. Maxine M. Chesney, presiding<br><br>Date Action Filed:  July 13, 2007<br>Trial Date:  **May 11, 2009** |

TO DEFENDANT COUNTY OF SAN MATEO AND ITS ATTORNEYS OF RECORD:

---

PLAINTIFFS' MOTION TO COMPEL FURTHER DISCOVERY      1     U.S. DISTRICT COURT CASE NO. C-07-3625 MMC
RESPONSES AND REQUEST FOR MONETARY SANCTION

PLEASE TAKE NOTICE that Plaintiffs Michael Toschi and Tracy Toschi (the "Toschis") move this Court for an order compelling Defendant County of San Mateo (the "County") to provide proper responses to four separate discovery requests and for the Toschis' attorneys' fees in making this motion. Specifically, the Toschis request that the County be ordered to provide proper responses to the following discovery requests: (1) Plaintiffs' Request for Production, Set Number One; (2) Plaintiffs' Request for Production, Set Number Two; (3) Plaintiffs' Request for Production, Set Number Three; and (4) Plaintiffs' Interrogatories, Set Number One and to pay $2,200 in attorneys' fees, which represents the Toschis' expenses incurred in bringing the motion.

A hearing on the Toschis' motion for an order compelling the County to provide proper responses to four separate discovery requests and for the Toschis' attorneys' fees in making this motion will be held on **Friday, October 10, 2008 at 9:00am in** Courtroom 7, 19th Floor of this Court located at 450 Golden Gate Avenue, San Francisco, California.

This motion will be based upon this Notice of Motion, the following Memorandum of Points and Authorities in Support of Motion Compelling the County to Provide Proper Responses to Four Separate Discovery Requests and for the Toschis' Attorneys' Fees, and the accompanying Declaration of Brian Gearinger in Support of Motion Compelling the County to Provide Proper Responses to Four Separate Discovery Requests and for the Toschis' Attorneys' Fees, and on evidence and oral argument as may be presented at the hearing of this motion.

I. INTRODUCTION

The County has failed to comply with the Toschis' request for documents and interrogatories as follows: (1) the County has failed to provide a response to Request for Production, Set Number Three; (2) the County has failed to provide a privilege log that corresponds to any of the numerous requests to which the County asserted various privileges; (3) the County has failed to comply with *Kelly v. City of San Jose*, 114 F.R.D. 653 (1987) when it objected to production of certain records of County peace officers; (4) the County has failed to identify responsive documents or confirm that it will produce all responsive documents; and (5) the County has made numerous other improper objections to the Toschis' discovery requests.

The Toschis have satisfied the meet and confer requirement regarding the above discovery requests; however, the County still refuses to provide proper responses. As a result, the Toschis have no alternative but to bring the instant motion.

## II. STATEMENT OF ISSUES TO BE DECIDED [Civil L.R. 7-4(a)(3)]

This Court should order the County to provide proper response to the requests and interrogatories at issue in the four separate discovery requests and award the Toschis $2,200 in attorneys' fees, which represents the Toschis' expenses incurred in bringing the motion.

## III. APPLICABLE LAW

Federal Rule of Civil Procedure 37 provides in pertinent part:

(a) Motion for an Order Compelling Disclosures or Discovery.

(1) In General. On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.

…

(3) Specific Motions.

…

(B) To Compel a Discovery Response. A party seeking discovery may move for an order compelling an answer, designation, production, or inspection. This motion may be made if:

…

(iii) a party fails to answer an interrogatory submitted under Rule 33; or

(iv) a party fails to respond that inspection will be permitted – or fails to permit inspection – as requested under Rule 34.

(4) Evasise or Incomplete Disclosure, Answer, or Response. For purposes of this subdivision (a), an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond.

## IV. LEGAL ANALYSIS

**A. The County Has Failed To Serve Any Response To Request For Production, Set Number Three And, As A Result, Has Waived All Objections**

On June 6, 2008, the Toschis served a Request for Production, Set Number Three by both facsimile and U.S. mail. (See Exhibit A to Gearinger Decl., ¶ 2.) The County's response was

1  due by July 9, 2008; however, the County never served a response.  (See Gearinger Decl., ¶ 3.)

2  On August 18, 2008, the Toschis sent a meet and confer letter in which they requested that the

3  County provide responses – without objections – by August 22.  (See Exhibit B to Gearinger

4  Decl., ¶ 4.)[1]  On August 22, 2008, the County responded by letter indicating in pertinent part: "I

5  will formally respond within the next seven to ten days."  (See Exhibit C to Gearinger Decl., ¶

6  5.)  To date, the County has not served a response.  (See Gearinger Decl., ¶ 6.)

As a result, this Court should order the County to provide a response – without objections – to Request for Production, Set Number Three.

### B. The County Has Failed To Serve A Proper Response To Request For Production, Set Number One

On April 1, 2008, the Toschis served a Request for Production, Set Number One by hand delivery.  (See Exhibit D to Gearinger Decl., ¶ 7.)  On April 30, 2008, the County served its response to Request for Production, Set Number One.  (See Exhibit E to Gearinger Decl., ¶ 8.)  On August 15, 2008, the Toschis sent a meet and confer letter in which they requested that the County provide proper responses by August 22.  (See Exhibit F to Gearinger Decl., ¶ 9.)  As set forth in the August 15 meet and confer letter, the County's response was improper because it (1) failed to provide a privilege log[2]; (2) failed to identify responsive documents or confirm that it will produce all responsive documents and (3) made a specious "overbroad and burdensome" objection.  To date, the County has not responded to the Toschis' meet and confer letter or served a proper response to Request for Production, Set Number One.  (See Gearinger Decl., ¶ 11.)

As a result, this Court should order the County to provide a proper response to Request for Production, Set Number One.

---

[1] In the August 18 letter, the Toschis note that the request was mislabeled "Set Two", but that there could be no confusion with the Request for Production, Set Two that was served almost two months earlier on April 10, 2008.

[2] The County served a privilege log by facsimile on September 3, but only after the Toschis advised the County that they intended to file the instant motion.  The privilege log is deficient because – among other reasons – it does not indicate to which specific request for production of documents the various assertions of privilege refer.  (See Gearinger Decl., ¶ 10.)

**C.    The County Has Failed To Serve A Proper Response To Request For Production, Set Number Two**

On April 10, 2008, the Toschis served a Request for Production, Set Number Two by hand delivery. (See Exhibit G to Gearinger Decl., ¶ 12.) On June 23, 2008, the County served its response to Request for Production, Set Number Two. (See Exhibit H to Gearinger Decl., ¶ 13.) On August 15, 2008, the Toschis sent a meet and confer letter in which they requested that the County provide proper responses by August 22. (See Exhibit I to Gearinger Decl., ¶ 14.) On August 21, 2008, the County responded by letter in which it stated in pertinent part: "The court will not order this office to organize and label 10,000 documents to correspond to the categories of each request." (See Exhibit J to Gearinger Decl., ¶ 15.)

As set forth in the August 15 meet and confer letter, the County's response was improper because it (1) failed to provide a privilege log; (2) failed to comply with the procedural requirements of with *Kelly v. City of San Jose*, 114 F.R.D. 653 (1987) when the County objected to production of certain records of County peace officers; (3) failed to identify responsive documents or confirm that it will produce all responsive documents and (3) made specious "overbroad and burdensome" objections. Most significantly, the County asserted the following boilerplate objection to the Toschis' request for documents that support the County's denials of the contentions in Plaintiffs' complaint:

> Respondent objects to this request in that Plaintiffs bear the burden of proving the allegations of their complaint, and Responding party is not obligated to disprove plaintiffs' allegations or to prove a negative.
>
> Respondent further objects to this request as overbroad, in that it includes privileged and confidential documents protected by the attorney-client privilege and the attorney work product doctrine. Without waiving these objections, responding party offers the 10,000 plus documents for inspection and copying at a mutually agreeable time at the Office of the County Counsel, 400 County Center, Sixth Floor, Redwood City, CA 94063.

In sum, the County's position is that it is the Toschis' obligation to look through "10,000 plus documents" for potentially responsive documents. To the contrary, Federal Rule of Civil Procedure 34(b)(2)(B) requires as follows: "For each item or category, the response must either state that inspection and related activities will be permitted as requested *or* state an objection to the request, including the reasons." The County has not complied with this straightforward

obligation, but instead has attempted to require the Toschis to search for the proverbial "needle in a haystack."

As a result, this Court should order the County to provide a proper response to Request for Production, Set Number Two.

### D. The County Has Failed To Serve A Proper Response To Special Interrogatories, Set Number One

On May 7, 2008, the Toschis served Special Interrogatories, Set Number One by mail. (See Exhibit K to Gearinger Decl., ¶ 16.) On June 23, 2008, the County served its response to Special Interrogatories, Set Number One. (See Exhibit L to Gearinger Decl., ¶ 17.) On August 25, 2008, the Toschis sent a meet and confer letter in which they requested that the County provide proper responses by August 29. (See Exhibit M to Gearinger Decl., ¶ 18.)

As set forth in the August 25 meet and confer letter, the County's response was improper because it (1) failed to "furnish the information *available* to the party." F.R.C.P. 33(b)(1)(B); italics added; and (2) made a specious "overbroad, burdensome and oppressive" objection. To date, the County has not responded to the Toschis' August 25 meet and confer letter or served a proper response to Special Interrogatories, Set Number One. (See Gearinger Decl., ¶ 19.)

As a result, this Court should order the County to provide a proper response to Special Interrogatories, Set Number One.

### E. The Toschis Have Satisfied The Meet And Confer Requirement Regarding The Above Discovery Requests

The Toschis sent separate meet and confer letters regarding each of the four discovery requests. (See Exhibits B, F, I and M to Gearinger Decl., ¶¶ 4, 9, 14 and 18.) In addition, on September 3, 2008, the Toschis sent the County an email that provided as follows:

> As you know, I have sent you "meet and confer" letters regarding the County's improper responses to Request for Production, Sets Numbers One, Two and Three and Interrogatories, Set Number One. You have responded by letter stating in essence that the County stands by its responses.
>
> I intended to speak with you in person regarding these issues at the deposition scheduled for today; however, your office cancelled the deposition yesterday afternoon. As a result, I would like to schedule a telephone conference with you no later than 5:00p tomorrow (Thursday). If the County's

> position is that it will not provide further responses as requested in my meet and confer letters, then simply indicate as such by email.
>
> In any event, due to the upcoming non-expert discovery cutoff, we must file a motion to compel this Friday, September 5.

(See Exhibit N to Gearinger Decl., ¶ 20.)

The County responded on September 3, 2008 by email in pertinent part:

> I am working on responses at present, as there was a project discovered in response to the combination request for production and related interrogatories. I am at juvenile court in San Mateo at the present time, so I cannot give you specifics. In any event, some further responses are forthcoming.

(See Exhibit O to Gearinger Decl., ¶ 21.)

Finally, on September 4, 2008, the Toschis sent the County a letter that provided in pertinent part:

> We note that the timing of the County's change of position is curious at best. Starting with our August 15 letter, we have attempted to meet and confer regarding the County's inadequate discovery responses. Your August 21 and 22 letters indicated that in essence that the County stands by its responses.
>
> In light of the above sequence of events, the County's offer to provide "some further responses" without any "specifics" is disingenuous. Our efforts to meet and confer in good faith regarding the County's improper discovery responses have been met with only stonewalling.
>
> As a result, we reluctantly conclude that it will be necessary to file a motion to compel. Nevertheless, we remain willing to meet and confer by telephone or in person at any time and, to the extent that we resolve issues, then we will withdraw such issues from our motion.

(See Exhibit P to Gearinger Decl., ¶ 22.)

The Toschis have satisfied the "meet and confer" requirement set forth in F.R.C.P 37(a)(1) and L.R. 37-1.

**F.   This Court Should Order The County To Pay $2,200, Which Represents The Toschis' Expenses Incurred In Bringing The Motion**

Federal Rule of Civil Procedure 37(a)(5)(A) provides in pertinent part: "If the motion is granted – or if the … requested discovery is provided after the motion was filed – the court must, after giving an opportunity to be heard, require the party … whose conduct necessitated the motion … pay the movant's reasonable expenses incurred in making the motion, including

attorney's fees."  The County's refusal (1) to provide a response in the instance where it failed to provide any response and (2) to provide proper responses in the instance where it made improper objections necessitated this motion.  The Toschis have incurred $2,200 in reasonable expenses in bringing this motion.  (See Gearinger Decl., ¶ 23.)  As a result, this Court should order the County to pay the Toschis $2,200.

## II.   CONCLUSION

For the reasons stated in greater detail above, the Toschis request that this Court grant their motion for an order compelling the County to provide proper responses to the four separate discovery requests and for the Toschis' attorneys' fees in making this motion.

Dated:  September 4, 2008

GEARINGER LAW GROUP


By: /s/ Brian Gearinger
BRIAN GEARINGER

Attorneys for Attorneys for Plaintiffs MICHAEL TOSCHI and TRACY TOSCHI