**SCOTT LAW FIRM**

1375 Sutter Street, Suite 222
SAN FRANCISCO, CALIFORNIA
94109-7837
(415) 561-9601

JOHN HOUSTON SCOTT (State Bar #72578)
LIZBETH N. de VRIES (State Bar #227215)

**GEARINGER LAW GROUP**

825 VAN NESS AVENUE, 4TH FLOOR
SAN FRANCISCO, CALIFORNIA
94109-7837
(415) 440-3102

BRIAN GEARINGER (State Bar #146125)
R. STEPHEN M. LAROE (State Bar #245269)

Attorneys for Plaintiff MICHAEL TOSCHI and TRACY TOSCHI

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL TOSCHI, and TRACY TOSCHI,<br><br>Plaintiffs,<br><br>vs.<br><br>COUNTY OF SAN MATEO, DON DALLIMONTI, RHONDA DALLIMONTI, NEIL CULLEN, BRIAN LEE, DAVID WEIDNER, and DOES ONE through FIFTY, inclusive,<br><br>Defendants. | Case No. C-07-3625 MMC<br><br>**DECLARATION OF BRIAN GEARINGER IN SUPPORT OF NOTICE OF MOTION AND MOTION FOR ORDER COMPELLING FURTHER DISCOVERY RESPONSES BY DEFENDANT COUNTY OF SAN MATEO OF PLAINTIFFS MICHAEL TOSCHI AND TRACY TOSCHI AND REQUEST FOR MONETARY SANCTION AGAINST DEFENDANT COUNTY OF SAN MATEO**<br><br>Date: October 10, 2008<br>Time: 9:00 a.m.<br>**Place:** Courtroom 7, 19th Floor<br>**Judge:** The Hon. Maxine M. Chesney, presiding<br><br>Date Action Filed: July 13, 2007<br>Trial Date: **May 11, 2009** |

I, Brian Gearinger, declare as follows:
DECL. OF BRIAN GEARINGER RE MOTION TO COMPEL     1     U.S. DISTRICT COURT CASE NO. C-07-3625 MMC
AND REQUEST FOR MONETARY SANCTION

1. I am the principle Gearinger Law Group, co-counsel of record for Plaintiffs Michael Toschi and Tracy Toschi (the "Toschis"), parties to this action. I am an attorney licensed to practice law in the State of California and duly admitted to the Bar of the United States District Court for the Northern District of California. I have direct personal knowledge of the following facts and, if called as a witness, I could and would testify competently thereto.

2. On June 6, 2008, the Toschis served a Request for Production, Set Number Three (erroneously labeled as Set Number Two) by both facsimile and U.S. mail. Attached as Exhibit A is a true copy of the Toschis' Request for Production, Set Number Three.

3. The County's response was due by July 9, 2008; however, the County never served a response.

4. On August 18, 2008, the Toschis sent a meet and confer letter in which they requested that the County provide responses -- without objections -- by August 22. Attached as Exhibit B is a true copy of the Toschis' August 18, 2008 meet and confer letter.

5. On August 22, 2008, the County responded by letter indicating in pertinent part: "I will formally respond within the next seven to ten days." Attached as Exhibit C is a true copy of the County's August 22, 2008 letter.

6. To date, the County has not served a response.

7. On April 1, 2008, the Toschis served a Request for Production, Set Number One by hand delivery. Attached as Exhibit D is a true copy of the Toschis' Request for Production, Set Number One.

8. On April 30, 2008, the County served its response to Request for Production, Set Number One. Attached as Exhibit E is a true copy of the County's Response to Request for Production, Set Number One.

9. On August 15, 2008, the Toschis sent a meet and confer letter in which they requested that the County provide proper responses by August 22. Attached as Exhibit F is a true copy of the Toschis' August 15, 2008 meet and confer letter.

10. The County served a privilege log by facsimile on September 3, but only after the Toschis advised the County that they intended to file the instant motion. The privilege log is

deficient because – among other reasons – it does not indicate to which specific request for production of documents the various assertions of privilege refer.

11. To date, the County has not responded to the Toschis' meet and confer letter or served a proper response to Request for Production, Set Number One.

12. On April 10, 2008, the Toschis served a Request for Production, Set Number Two by hand delivery. Attached as Exhibit G is a true copy of the Toschis' Request for Production, Set Number Two.

13. On June 23, 2008, the County served its response to Request for Production, Set Number Two. Attached as Exhibit H is a true copy of the County's Response to Request for Production, Set Number Two.

14. On August 15, 2008, the Toschis sent a meet and confer letter in which they requested that the County provide proper responses by August 22. Attached as Exhibit I is a true copy of the Toschis' August 15, 2008 meet and confer letter.

15. On August 21, 2008, the County responded by letter in which it stated in pertinent part: "The court will not order this office to organize and label 10,000 documents to correspond to the categories of each request." Attached as Exhibit J is a true copy of the County's August 21, 2008 letter.

16. On May 7, 2008, the Toschis served Special Interrogatories, Set Number One by mail. Attached as Exhibit K is a true copy of the Toschis' Special Interrogatories, Set Number One.

17. On June 23, 2008, the County served its response to Special Interrogatories, Set Number One. Attached as Exhibit L is a true copy of the County's response to Special Interrogatories, Set Number One.

18. On August 25, 2008, the Toschis sent a meet and confer letter in which they requested that the County provide proper responses by August 29. Attached as Exhibit M is a true copy of the Toschis' August 25, 2008 meet and confer letter.

19. To date, the County has not responded to the Toschis' August 25 meet and confer letter or served a proper response to Special Interrogatories, Set Number One.

20. On September 3, 2008, the Toschis sent the County an email. Attached as Exhibit N is a true copy of the Toschis' September 3, 2008 email.

21. The County responded on September 3, 2008 by email. Attached as Exhibit O is a true copy of the County's September 3, 2008 by email.

22. On September 4, 2008, the Toschis sent the County a letter. Attached as Exhibit P is a true copy of the Toschis' September 4, 2008 letter.

23. I have spent 5.5 hours preparing this motion to compel, the supporting declaration and the proposed order. I have been practicing law for more than 18 years. A summary of my legal experience can be found at the following web address: www.gearingerlaw.com. We are representing the Toschis on a contingency fee and/or fee award basis. I am informed and believe that if I billed on an hourly rate for this case, then the reasonable hourly rate would be in excess of $400 per hour. My belief is based in part of the fact that I have colleagues who work for law firms in San Francisco who have my level of experience and responsibility, and their hourly rate is in excess of $400 per hour. Therefore, I am requesting attorney's fees of $2,200 for preparing this motion to compel bases on 5.5 hours times $400 per hour.

I declare under penalty of perjury under the laws of the United States of America that the proceeding declaration is true, and that this declaration was executed on September 4, 2008 in San Francisco, California.

_____
BRIAN GEARINGER