# EXHIBIT B



**VIA U.S. MAIL AND FACSIMILE:** [(650) 363-4034]

August 18, 2008

V. Raymond Swope III
Deputy County Counsel
Hall of Justice and Records
400 County Center, Sixth Floor
Redwood City CA 94063-1662

Re:   *Michael Toschi and Tracy Toschi v. County of San Mateo, et al.*
      United States District Court Case Number C 07-3625
      Trial Date: **May 11, 2009**

Dear Mr. Swope:

This letter regards your failure to respond to Plaintiff's Request for Production of Documents to the County of San Mateo, Set Three. This letter is intended to satisfy the "meet and confer" requirements of Federal Rule of Civil Procedure 37 and Local Rule 37-1. You were served by facsimile and U.S. mail on June 6, 2008 with Plaintiff's Request for Production of Documents to the County of San Mateo, Set Three. We enclose a copy for your reference. This Request for Production was mislabeled 'Set Two' but is unmistakably a third set of requests since it came almost two months after the second set of requests, which were served on April 10, 2008.

Your responses were due by July 9, 2008. You failed, however, to respond or request an extension by that date. As you know, failure to respond to a discovery request waives all objections including claims of privilege and work product. See *Richmark Corp. v. Timber Falling Consultants* (9th Cir. 1992) 959 F2d 1468, 1473—"Failure to object to discovery requests within the time required constitutes a waiver of any objection"; see also *Coregis Ins. Co. v. Baratta & Fenerty, Ltd.* (ED PA 1999) 187 FRD 528, 529

Please be advised that if Defendant does not serve responses, without objections, by **Friday, August 22**, then Plaintiffs will have no alternative but to file a motion to compel and seek appropriate sanctions. We welcome the opportunity to discuss any questions that you may have regarding this letter. Plaintiffs simply want Defendant to serve complete responses and to produce any responsive documents.

Very truly yours,

*R. Stephen M. LaRoe Xor:*
Brian Gearinger

cc:   John Houston Scott, Esq. (via U.S. Mail)
enclosure: Plaintiffs' Request for Production of Documents to the County of san Mateo, Set Three

SCOTT LAW FIRM

1375 Sutter Street, Suite 222
SAN FRANCISCO, CALIFORNIA
94109-7837
(415) 561-9601

JOHN HOUSTON SCOTT (State Bar #72578)
LIZABETH N. de VRIES (State Bar #227215)

**MOSLEY & GEARINGER LLP**

825 VAN NESS AVENUE, 4TH FLOOR
SAN FRANCISCO, CALIFORNIA
94109-7837
(415) 440-3102

BRIAN GEARINGER (State Bar #146125)

Attorneys for Plaintiff MICHAEL TOSCHI and TRACY TOSCHI

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL TOSCHI, and TRACY TOSCHI,<br><br>Plaintiffs,<br><br>vs.<br><br>COUNTY OF SAN MATEO, DON DALLIMONTI, RHONDA DALLIMONTI, NEIL CULLEN, BRIAN LEE, DAVID WEIDNER, and DOES ONE through FIFTY, inclusive,<br><br>Defendants. | Case No. C-07-3625 MMC<br><br>**PLAINTIFFS' REQUEST FOR PRODUCTION OF DOCUMENTS TO THE COUNTY OF SAN MATEO, SET TWO**<br>[F.R.C.P. 34(b)]<br><br>Date Action Filed:    July 13, 2007<br>Trial Date:    **November 3, 2008** |

**PROPOUNDING PARTY:**  Plaintiff Michael and Tracy Toschi ("Plaintiffs")

**RESPONDING PARTY:**    Defendant County of San Mateo ("Defendant")

**SET NUMBER:**    Two

1

## DEFINITIONS

2     1.     The terms "document" and/or "documents" means all "writings," "recordings,"

3   "photographs," "originals" and "duplicates," as defined by the Federal Rules of Evidence, Rule

4   1001, and includes without limitation, written, printed, recorded or graphic matter recorded on

5   paper, tape, or stored or generated electronically, and includes letters, notes, tape recordings,

6   voice mails, photos, agendas, lists, diary or calendar entries, telephone messages, work papers,

7   ledgers, memoranda, reports, telegraphs, telexes, computer transcripts, computer files, minutes

8   and emails, active or deleted, and their attachments, and drafts of those documents that are in

9   your actual or constructive possession or control. Documents stored or generated electronically

10  such as emails or memos kept on hard drives, tapes or other computer archives should be printed

11  out on paper prior to their production, showing when the documents were first generated and the

12  author and recipient of each document, other than databases. Such documents also should be

13  produced in their original electronic form.

14    2.     "You" and "your" means Defendant Rhonda Dallimonti.

15    3.     "You or anyone acting on your behalf" includes you, your agents, your

16  employees, your insurance companies, their agents, their employees, your attorneys, your

17  accountants, your investigators, and anyone else acting on your behalf.

18    4.     "Relating to" means constituting, referring to, evidencing, reflecting or

19  concerning.

20    5.     "Communication" means any written letter, memorandum, note, email, recording,

21  or other transmission of information from one person or entity to another, including, without

22  limitation, by personal meeting, telephone, radio, telegraph, electronic mail, or teleconference,

23  whether or not pre-arranged, formal or informal.

24    Defendant is notified that at the commencement of trial of this case Plaintiff will ask the

25  Court for an order precluding Defendant from introducing into evidence or revealing to the jury

26  any document, information or other evidence that was in the possession of Defendant or under

27  the control of Defendant as of the date of Defendant's response to this request for production of

28  documents, was reasonably called for in response to one or more of the requests in this request

1 | for production of documents, and was not produced in Defendant's responses to this request for
2 | production of documents.

### DOCUMENTS REQUESTED

1.    Any and all documents that you or anyone acting on your behalf possess that relates to the design of Park Road from the intersection of Park Road and Woodland Place to the end of Park Road ("Upper Park Road").

2.    Any and all documents that you or anyone acting on your behalf possess that relates to the drainage of water run-off on Upper Park Road.

3.    Any and all documents that you or anyone acting on your behalf possess that relates to the flowage easement onto the plaintiffs' property from Upper Park Road.

4.    Any and all documents that you or anyone acting on your behalf possess that relates to the capacity of all culverts, catch basins or whistles to take run-off water on Upper Park Road.

5.    Any and all documents that show drainage plans for Upper Park Road.

Dated:  June 6, 2008

SCOTT LAW FIRM

By:_____
JOHN HOUSTON SCOTT,
Attorneys for Plaintiffs MICHAEL TOSCHI
and TRACY TOSCHI

1

**PROOF OF SERVICE**

2

    I am a resident of the State of California, over the age of eighteen years, and not a party to the within action.  My business address is 1375 Sutter Street, Suite 222, San Francisco,

3

California, 94109.  On June 6, 2008, I served the within document(s):

4

        **PLAINTIFFS' REQUEST FOR PRODUCTION OF DOCUMENTS**
        **TO THE COUNTY OF SAN MATEO, SET TWO**

5

6

    X    **BY FAX:** by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

7

    X    **BY MAIL:** by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Francisco, California

8

addressed as set forth below.

9

        **BY OVERNIGHT MAIL:** by causing document(s) to be picked up by an overnight delivery service company for delivery to the addressee(s) on the next

10

business day.

11

**Attorneys for Don Dallimonti and**    **Attorneys for County of San Mateo,**
**Rhonda Dallimonti,**

12

13

J. Michael Fitzsimmons          Virgil Raymond Swope, III
Lisa Jeong Cummins           **OFFICE OF COUNTY COUNSEL**
CAMPBELL, WARBURTON, FITZSIMMONS,  400 County Center, 6th Floor

14

    SMITH MENDELL & PASTORE     Redwood City, CA 94063
64 West Santa Clara Street       Fax: (650) 363-4034

15

San Jose, CA 95113-1806
Fax: (408) 295-1423

16

17

18

    I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same

19

day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage

20

meter date is more than one day after date of deposit for mailing in affidavit.

21

    I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

22

    Executed on June 6, 2008, at San Francisco, California.

23

24

_Tiffany S. Posey_

25

               TIFFANY S. POSEY

26

27

28

PROOF OF SERVICE

```
Transaction Report

Send
Transaction(s) completed

No. TX Date/Time   Destination                    Duration P.#   Result   Mode

835 AUG-18   15:59 650 363 4034                   0'00'44' 006    OK      N  ECM
```



# FACSIMILE COVER SHEET

Date:  August 18, 2008

To:  V. Raymond Swope III, Esq.
     Deputy County Counsel

Addressee's fax number:  (650) 363-4034

From:  Brian Gearinger

Re:  *Michael Toschi and Tracy Toschi v. County of San Mateo, et al.*
     United States District Court Case Number C 07-3625
     Trial Date:  **May 11, 2009**

Number of pages (including this cover sheet):  6

Message:  **Please see the attached August 18, 2008 correspondence regarding Defendant's Responses to Request for Production of Documents, Set Number Three.**

PLEASE NOTE: The information contained in this facsimile transmission is intended for the stated recipient of the transmission only and may contain information that is confidential, privileged or otherwise protected from disclosure under applicable law. If the reader of this message is not the intended recipient or the intended recipient's agent, you are hereby notified that any dissemination, distribution or copying of the information contained in this facsimile transmission is prohibited. You are further asked to notify us of the error as soon as possible at the telephone number shown below and to return the facsimile documents to us immediately by mail at the address shown below. Thank you for your cooperation.