# EXHIBIT F



**VIA U.S. MAIL AND FACSIMILE:** [(650) 363-4034]

August 15, 2008

V. Raymond Swope III
Deputy County Counsel
Hall of Justice and Records
400 County Center, Sixth Floor
Redwood City CA 94063-1662

      Re:   *Michael Toschi and Tracy Toschi v. County of San Mateo, et al.*
            United States District Court Case Number C 07-3625
            Trial Date: **May 11, 2009**

Dear Mr. Swope:

      We reviewed Defendant County of San Mateo's Response to Plaintiffs' Request for Production of Documents, Set Number One. This letter is intended to satisfy the "meet and confer" requirements of Federal Rule of Civil Procedure 37 and Local Rule 37-1. Defendant's improper discovery responses are discussed in detail below. Please be advised that if Defendant does not serve proper responses by **Friday, August 22**, then Plaintiffs will have no alternative but to file a motion to compel and seek appropriate sanctions. We welcome the opportunity to discuss any questions that you may have regarding this letter. Plaintiffs simply want Defendant to serve proper responses that comply with Federal Rule of Civil Procedure 34 as well as produce any responsive documents.

      Preliminarily, Defendant is required to respond as follows to each request: "For each item or category, the response must either state that inspection and related activities will be permitted as requested *or* state an objection to the request, including the reasons." Federal Rule of Civil Procedure 34(b)(2)(B); italics added. In other words, Defendant must state that the requested documents exist and will be produced. Alternatively, Defendant must state that a diligent search and reasonable inquiry was made in an effort to locate the item requested; and the *reason* the party is unable to comply; for example, the document never existed; was lost or stolen; was inadvertently destroyed; or is not in the possession, custody, or control of the responding party. Finally, if Defendant objects to the request, then Defendant must set forth the specific objection(s). Defendant has failed to satisfy this straightforward obligations set forth in detail below:

REQUEST FOR PRODUCTION NUMBER 1:

      Each and every document identified in response to Interrogatory Number Three served on Defendant on April 1, 2008.

DEFENDANT'S RESPONSE TO REQUEST FOR PRODUCTION NUMBER 1:

      Defendant objects to this request as overbroad and burdensome, as it seeks documents including privileged and confidential documents protected by

the attorney-client privilege and the attorney work product doctrine. Without waiving the foregoing objections, defendants will produce and herewith produces the non-privileged, non-objectional [sic] documents responsive to this request as identified in defendant's response to Interrogatory Number Three served on April 1, 2008 as follows:

The above response is deficient because it fails to satisfy the requirements of Federal Rule of Civil Procedure 34(b)(2)(B). Defendant must state whether the documents exist and cannot hide behind the artifice of "defendants will produce and herewith produces the non-privileged, non-objectional [sic] documents responsive to this request."

Further, Defendant's "overbroad and burdensome" objections are specious given that the requested documents all relate to Defendant's contention that "the surface waters historically and naturally flow down the slope to plaintiffs' creek bed" as alleged in Defendant's December 14, 2007 Memorandum of Points and Authorities in Opposition to Plaintiffs' Motion for Injunctive Relief.

Finally, Defendant has failed to produce a privilege log even though Defendant appears to make a privilege objection. Again, Defendant must set forth a straightforward objection asserting any privileges that complies with Federal Rule of Civil Procedure 26(b)(5)(A), entitled "Claiming Privilege or Protecting Trial-Preparation Material", which provides as follows:

> When a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must:
> (i) expressly make the claim; and
> (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed – and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.

In sum, discovery is not a game in which Plaintiffs must guess whether any further responsive documents exist or whether Defendant is withholding documents based upon an assertion of a privilege. We trust that it will not take a motion to compel in order to obtain proper responses from Defendant.

Very truly yours,

Brian Gearinger

cc:   John Houston Scott, Esq. (via U.S. Mail)

```
Transaction Report
Send
Transaction(s) completed
No. TX Date/Time    Destination                      Duration P.#    Result    Mode
832 AUG-15  11:25  650 363 4034                      0°00'25" 003    OK        N  ECM
```



# FACSIMILE COVER SHEET

Date: August 15, 2008

To: V. Raymond Swope III, Esq.
Deputy County Counsel

Addressee's fax number: (650) 363-4034

From: Brian Gearinger

Re: *Michael Toschi and Tracy Toschi v. County of San Mateo, et al.*
United States District Court Case Number C 07-3625
Trial Date: **May 11, 2009**

Number of pages (including this cover sheet): 3

Message: **Please see the attached August 15, 2008 correspondence.**

PLEASE NOTE: The information contained in this facsimile transmission is intended for the stated recipient of the transmission only and may contain information that is confidential, privileged or otherwise protected from disclosure under applicable law. If the reader of this message is not the intended recipient or the intended recipient's agent, you are hereby notified that any dissemination, distribution or copying of the information contained in this facsimile transmission is prohibited. You are further asked to notify us of the error as soon as possible at the telephone number shown below and to return the facsimile documents to us immediately by mail at the address shown below. Thank you for your cooperation.