# EXHIBIT G

1

**SCOTT LAW FIRM**

1375 Sutter Street, Suite 222
SAN FRANCISCO, CALIFORNIA
94109-7837
(415) 561-9601

JOHN HOUSTON SCOTT (State Bar #72578)
LIZABETH N. de VRIES (State Bar #227215)

**GEARINGER LAW GROUP**

825 VAN NESS AVENUE, 4TH FLOOR
SAN FRANCISCO, CALIFORNIA
94109-7837
(415) 440-3102

BRIAN GEARINGER (State Bar #146125)

Attorneys for Plaintiff MICHAEL TOSCHI and TRACY TOSCHI

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL TOSCHI, and TRACY TOSCHI,<br><br>Plaintiffs,<br><br>vs.<br><br>COUNTY OF SAN MATEO, DON DALLIMONTI, RHONDA DALLIMONTI, NEIL CULLEN, BRIAN LEE, DAVID WEIDNER, and DOES ONE through FIFTY, inclusive,<br><br>Defendants. | Case No. C-07-3625 MMC<br><br>**PLAINTIFF MICHAEL TOSCHI'S DEFENDANTS' REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT COUNTY OF SAN MATEO, SET NUMBER TWO**<br>[F.R.C.P. 34(b)]<br><br>Date Action Filed:    July 13, 2007<br>Trial Date:    **November 3, 2008** |

PROPOUNDING PARTY:    Plaintiff Michael Toschi ("Plaintiff")

RESPONDING PARTY:    Defendant County of San Mateo ("Defendant")

SET NUMBER:    One

## **DEFINITIONS**

1.    The terms "document" and/or "documents" means all "writings," "recordings," "photographs," "originals" and "duplicates," as defined by the Federal Rules of Evidence, Rule

1  1001, and includes without limitation, written, printed, recorded or graphic matter recorded on

2  paper, tape, or stored or generated electronically, and includes letters, notes, tape recordings,

3  voice mails, photos, agendas, lists, diary or calendar entries, telephone messages, work papers,

4  ledgers, memoranda, reports, telegraphs, telexes, computer transcripts, computer files, minutes

5  and emails, active or deleted, and their attachments, and drafts of those documents that are in

6  your actual or constructive possession or control.  Documents stored or generated electronically

7  such as emails or memos kept on hard drives, tapes or other computer archives should be printed

8  out on paper prior to their production, showing when the documents were first generated and the

9  author and recipient of each document, other than databases.  Such documents also should be

10 produced in their original electronic form.

11        2.        "You" and "your" means Defendants County of San Mateo, Neil Cullen, Brian

12 Lee and David Weidner.

13        3.        "You or anyone acting on your behalf" includes you, your agents, your

14 employees, your insurance companies, their agents, their employees, your attorneys, your

15 accountants, your investigators, and anyone else acting on your behalf.

16        4.        "Relating to" means constituting, referring to, evidencing, reflecting or

17 concerning.

18        5.        "Communication" means any written letter, memorandum, note, email, recording,

19 or other transmission of information from one person or entity to another, including, without

20 limitation, by personal meeting, telephone, radio, telegraph, electronic mail, or teleconference,

21 whether or not pre-arranged, formal or informal.

22        Defendant is notified that at the commencement of trial of this case Plaintiff will ask the

23 Court for an order precluding Defendant from introducing into evidence or revealing to the jury

24 any document, information or other evidence that was in the possession of Defendant or under

25 the control of Defendant as of the date of Defendant's response to this request for production of

26 documents, was reasonably called for in response to one or more of the requests in this request

27 for production of documents, and was not produced in Defendant's responses to this request for

28 production of documents.

## DOCUMENTS REQUESTED

1. Each and every document that you or anyone acting on your behalf possess that supports your contention that "[a]nswering paragraph 12, this defendant denies each and every allegation contained therein" as alleged at p. 2, ll. 6-7 of Defendant's August 14, 2007 Answer to Plaintiffs' Complaint. For Defendant's reference, paragraph 12 of Plaintiffs' Complaint provides as follows: "Plaintiffs are informed and believe and thereupon allege that at all times relevant to this litigation, defendants and each of them, acted in concert and/or conspired to cause the harm and damages alleged herein."

2. Each and every document that you or anyone acting on your behalf possess that supports your contention that "[a]nswering paragraph 13, this defendant denies each and every allegation that '[t]he County designed Park Road (and in the past has maintained it) to prevent rain water from accumulating and draining on to the upper portion of Plaintiffs' property'" as alleged at p. 2, ll. 8-11 of Defendant's August 14, 2007 Answer to Plaintiffs' Complaint. For Defendant's reference, paragraph 13 of Plaintiff's Complaint provides as follows: "Plaintiffs reside at 2511 Park Road, Redwood City, California. They live in an unincorporated area of Redwood City that is within the jurisdiction of the County Sheriff's Department and the County Department of Public Works ("DPW"). Plaintiffs' property has a steep hill that is wooded and includes several mature heritage oak trees. The County maintains Park Road that runs next to Plaintiffs' property. The County designed Park Road (and in the past has maintained it) to prevent rainwater from accumulating and draining on to the upper portion of Plaintiffs' property."

3. Each and every document that you or anyone acting on your behalf possess that supports your contention that "[a]nswering paragraph 14, this defendant denies each and every allegation contained therein" as alleged at p. 2, ll. 12-13 of Defendant's August 14, 2007 Answer to Plaintiffs' Complaint. For Defendant's reference, paragraph 14 of Plaintiff's Complaint provides as follows: "Beginning in the fall of 2003, if not sooner, Plaintiffs reported to County employees erosion issues relating to water being diverted onto their property from Park Road. Plaintiff Michael Toschi spoke with the DPW employees Joe Costa and Mark Marelich to

1  express his concerns that the erosion caused by the water run-off from Park Road was creating a

2  safety hazard on his property. Plaintiff Michael Toschi advised Joe Costa and Mark Marelich

3  that trees on his property were being threatened by the water run-off from Park Road.

4  Specifically, Plaintiff Michael Toschi warned Joe Costa and Mark Marelich that the heritage oak

5  trees on his property could fall and cause serious property damage, physical injury and even

6  death, particularly to an elderly neighbor whose home is close to some of the trees on his

7  property."

8      4.      Each and every document that you or anyone acting on your behalf possess that

9  supports your contention that "[a]nswering paragraph 15, this defendant denies each and every

10  allegation contained therein" as alleged at p. 3, ll. 14-15 of Defendant's August 14, 2007 Answer

11  to Plaintiffs' Complaint. For Defendant's reference, paragraph 15 of Plaintiff's Complaint

12  provides as follows: "Defendant Don Dallimonti and Rhonda Dallimonti are neighbors of

13  Plaintiffs. Defendants Don Dallimonti and Rhonda Dallimonti often drove their vehicles onto

14  Plaintiffs' property when entering and exiting the driveway of their residence. The driving of

15  vehicles by Don Dallimonti and Rhonda Dallimonti damaged Plaintiffs' property by causing

16  subsidence and altering adversely the pattern of storm drainage from Park Road onto Plaintiffs'

17  property, causing substantial erosion to Plaintiffs' property."

18      5.      Each and every document that you or anyone acting on your behalf possess that

19  supports your contention that "[a]nswering paragraph 20, this defendant denies each and every

20  allegation contained therein" as alleged at p. 2, ll. 24-25 of Defendant's August 14, 2007 Answer

21  to Plaintiffs' Complaint. For Defendant's reference, paragraph 20 of Plaintiff's Complaint

22  provides as follows: "During the fall of 2005, Don Dallimonti, in concert with Mark Marelich,

23  forced gardeners hired by Plaintiffs to stop work on Plaintiffs' property."

24      6.      Each and every document that you or anyone acting on your behalf possess that

25  supports your contention that "[a]nswering paragraph 22, this defendant denies each and every

26  allegation contained therein" as alleged at p. 2, l. 28 to p. 3, l. 1 of Defendant's August 14, 2007

27  Answer to Plaintiffs' Complaint. For Defendant's reference, paragraph 22 of Plaintiff's

28  Complaint provides as follows: "In July 2006, Plaintiff Michael Toschi met with Mark Marelich

1  to discuss creating a berm adjacent to Park Road and on Plaintiffs' property as a remedy to the

2  erosion caused by the water run-off from Park Road onto Plaintiffs' property. Don Dallimonti

3  interrupted this meeting and demanded that Michael Toschi not create a berm on the property to

4  prevent further erosion. In July 2006 (soon after Don Dallimonti interrupted the meeting

5  between Plaintiff Michael Toschi and Mark Marelich), Defendant County sent a notice to

6  Plaintiffs demanding that they remove the berm on their property."

7      7.    Each and every document that you or anyone acting on your behalf possess that

8  supports your contention that "This defendant denies the remaining allegations of paragraph 26"

9  as alleged at p. 3, l. 10 of Defendant's August 14, 2007 Answer to Plaintiffs' Complaint. For

10  Defendant's reference, paragraph 26 of Plaintiff's Complaint provides as follows: "On or about

11  August 10, 2006, Plaintiff Michael Toschi met with Lisa Ekers, the Road Operations Manager of

12  the County Department of Public Works ("DPW"), to discuss a remedy for the erosion on

13  Plaintiffs' property. Lisa Ekers agreed with Plaintiff Michael Toschi's proposed plan to

14  construct a rainwater run-off swale to prevent further erosion to Plaintiffs' property."

15      8.    Each and every document that you or anyone acting on your behalf possess that

16  supports your contention that "[a]nswering paragraph 27, this defendant denies the allegation that

17  '[o]n April [sic] 27, 2006, the County issued to plaintiffs an 'Encroachment Permit' dated August

18  23, 2006 that was valid through September 15, 2006 for Plaintiffs' erosion mediation plans'" as

19  alleged at p. 3, ll. 11-13 of Defendant's August 14, 2007 Answer to Plaintiffs' Complaint. For

20  Defendant's reference, paragraph 27 of Plaintiff's Complaint provides as follows: "Plaintiff

21  Michael Toschi agreed to submit a permit application to remove the berm, repair erosion, remove

22  a fallen oak tree, and install new plantings. On August 27, 2006, the County issued to Plaintiffs

23  an "Encroachment Permit" dated August 23, 2006 that was valid through September 15, 2006 for

24  Plaintiffs' erosion remediation plans. A correct copy of the Encroachment Permit is attached as

25  Exhibit A."

26      9.    Each and every document that you or anyone acting on your behalf possess that

27  supports your contention that "[a]s to the remaining allegation that 'Weidner demanded that

28  Michael Toschi produce a County permit for work being done on Plaintiffs' property,' defendant

1   denies the aforesaid allegation" as alleged at p. 3, ll. 24-26 of Defendant's August 14, 2007

2   Answer to Plaintiffs' Complaint. For Defendant's reference, paragraph 31 of Plaintiff's

3   Complaint provides as follows: "Shortly thereafter, Defendant David Weidner responded to a

4   call from the Dallimontis. Deputy Weidner approached Plaintiff Michael Toschi on his own

5   property. Weidner demanded that Michael Toschi produce a County permit for the work being

6   done on Plaintiffs' property."

7       10.    Each and every document that you or anyone acting on your behalf possess that

8   supports your contention that "[a]nswering paragraph 33, this defendant denies each and every

9   allegation contained therein" as alleged at p. 4, ll. 1-2 of Defendant's August 14, 2007 Answer to

10  Plaintiffs' Complaint. For Defendant's reference, paragraph 33 of Plaintiff's Complaint provides

11  as follows: "Deputy Weidner refused to allow Michael Toschi to leave to attend the wedding.

12  Instead, Deputy Weidner detained Michael Toschi and drove him in his patrol vehicle to Michael

13  Toschi's business office in San Carlos in order to have him produce the Encroachment Permit.

14  By the time Deputy Weidner released Michael Toschi from his custody, the Toschi family had

15  missed the wedding."

16      11.    Each and every document that you or anyone acting on your behalf possess that

17  supports your contention that "[a]nswering paragraph 35, .... Defendant denies the remaining

18  allegations contained therein" as alleged at p. 4, ll. 5-8 of Defendant's August 14, 2007 Answer

19  to Plaintiffs' Complaint. For Defendant's reference, paragraph 35 of Plaintiff's Complaint

20  provides as follows: "On September 26, 2006, Defendant Neil Cullen, Director of the DPW,

21  wrote a letter to Michael Toschi directing him to remove the plants and the berm for allegedly

22  being done in violation of the Encroachment Permit. Plaintiff Michael Toschi responded to

23  Defendant Neil Cullen by letter on September 29, 2006 in which he addressed Defendant Neil

24  Cullen's allegations and explained his efforts to prevent future erosion to his property."

25      12.    Each and every document that you or anyone acting on your behalf possess that

26  supports your contention that "[a]nswering paragraph 36, this defendant denies each and every

27  allegation contained therein" as alleged at p. 4, ll. 9-10 of Defendant's August 14, 2007 Answer

28  to Plaintiffs' Complaint. For Defendant's reference, paragraph 36 of Plaintiff's Complaint

1  provides as follows: "On October 20, 2006, Defendant Neil Cullen sent a Notice to Remove

2  Encroachment to Plaintiffs. The Notice to Remove Encroachment directed Plaintiffs to remove

3  the berm and plantings that remain in the "right-of-way" on Plaintiffs' property because the

4  Encroachment Permit, which the County issued on August 23, 2006, had expired on September

5  15, 2006."

6       13.    Each and every document that you or anyone acting on your behalf possess that

7  supports your contention that "[a]nswering paragraph 37, …. Defendant denies the remaining

8  allegations contained therein" as alleged at p. 4, ll. 11-12 of Defendant's August 14, 2007

9  Answer to Plaintiffs' Complaint. For Defendant's reference, paragraph 37 of Plaintiff's

10  Complaint provides as follows: "On November 6, 2006, Plaintiffs met with Lisa Ekers to discuss

11  the Plaintiffs attempt to perform work on their property in accordance with the Encroachment

12  Permit. After inspecting Plaintiffs' property, Lisa Ekers informed Plaintiffs that it appeared that

13  Plaintiffs had complied with the requirements of the Encroachment Permit. Specifically, Lisa

14  Ekers observed that Plaintiffs had removed the berm and planted the English Laurel shrubs as

15  approved by the Encroachment Permit. Lisa Ekers also stated that the County would repair the

16  swale along the edge of Park Road adjacent to Plaintiffs' property to prevent water run-off and

17  further erosion on Plaintiffs' property."

18       14.    Each and every document that you or anyone acting on your behalf possess that

19  supports your contention that "[a]nswering paragraph 43, this defendant denies each and every

20  allegation contained therein" as alleged at p. 4, ll. 23-24 of Defendant's August 14, 2007 Answer

21  to Plaintiffs' Complaint. For Defendant's reference, paragraph 43 of Plaintiff's Complaint

22  provides as follows: "On or about December 7, 2006, employees of the County entered onto

23  Plaintiffs' property and among other things: (1) removed all 12 of the English Laurel shrubs that

24  Plaintiffs planted on Plaintiffs' property pursuant to the Encroachment Permit; (2) cut trees and

25  greenery (which exposed the claimants' house to viewing from the home of Don Dallimonti and

26  Rhonda Dallimonti) on Plaintiffs' property; and (3) constructed and paved a crude asphalt swale

27  along Plaintiffs' property line along Park Road, intentionally designed to direct water run-off

28  from Park Road onto Plaintiffs' property rather than continuing down Park Road to a County

1  catch basin. Swale construction was significantly poorer in quality, compared to similar swales

2  along neighborhood streets."

3      15.    Each and every document that you or anyone acting on your behalf possess that

4  supports your contention that "[a]nswering paragraph 44, this defendant denies each and every

5  allegation contained therein" as alleged at p. 4, ll. 25-26 of Defendant's August 14, 2007 Answer

6  to Plaintiffs' Complaint. For Defendant's reference, paragraph 44 of Plaintiff's Complaint

7  provides as follows: "On several occasions since December 7, 2006, Plaintiffs placed sandbags

8  on their property to divert water run-off away from Plaintiffs' property. On each occasion that

9  Plaintiffs placed sandbags on their property, employees of the County removed the sand bags,

10  apparently after Defendant Don and/or Rhonda Dallimonti called the County."

11      16.    Each and every document that you or anyone acting on your behalf possess that

12  supports your contention that "[a]nswering paragraph 45, this defendant denies the allegation that

13  'County employee Steve Ballisteri told Michael Toschi that he had been instructed not to respond

14  to emergency calls at Plaintiffs' property due to some lawsuit'" as alleged at p. 4, l. 27 to p. 5, l. 1

15  of Defendant's August 14, 2007 Answer to Plaintiffs' Complaint. For Defendant's reference,

16  paragraph 45 of Plaintiff's Complaint provides as follows: "On December 16, 2006, Plaintiff

17  Michael Toschi called the DPW and requested that it not remove sandbags placed by Plaintiffs

18  near the asphalt swale recently constructed by the County. County employee Steve Ballisteri

19  told Michael Toschi that he had been instructed not to respond to emergency calls at Plaintiffs'

20  property due to "some lawsuit.'"

21      17.    Each and every document that you or anyone acting on your behalf possess that

22  supports your contention that "[a]nswering paragraph 48, this defendant denies the allegation that

23  'Plaintiffs must apply for and receive a permit prior to performing any further work intended to

24  remedy the hazardous condition on Plaintiffs' property" as alleged at p. 5, ll. 8-10 of Defendant's

25  August 14, 2007 Answer to Plaintiffs' Complaint. For Defendant's reference, paragraph 48 of

26  Plaintiff's Complaint provides as follows: "On December 29, 2006, Defendant Neil Cullen wrote

27  a letter to Plaintiff Michael Toschi in which he stated in pertinent part: "[T]he recent paving of

28  the drainage swale was not intended to and will not eliminate the issue of storm water runoff on

1 | your property, and the runoff is likely to continue its historic pattern of draining onto your

2 | property." Defendant Neil Cullen stated that the County continues to "maintain the drainage

3 | paths as they existed prior to the encroachments" and that Plaintiffs must apply for and receive a

4 | permit prior to performing any further work intended to remedy the hazardous condition on

5 | Plaintiffs' property. A correct copy of Defendant Neil Cullen's December 29, 2006 letter is

6 | attached as Exhibit F."

7 |      18.    Each and every document that you or anyone acting on your behalf possess that

8 | supports your contention that "Defendant denies the remaining allegations of paragraph 54" as

9 | alleged at p. 5, ll. 22-25 of Defendant's August 14, 2007 Answer to Plaintiffs' Complaint. For

10 | Defendant's reference, paragraph 54 of Plaintiff's Complaint provides as follows: "On or about

11 | May 24, 2007, Plaintiff Tracy Toschi applied for a fence permit at the San Mateo County

12 | Planning and Building Department. After several visits, and conflicting information from

13 | different County employees, Plaintiff Tracy Toschi was informed that no permit could be issued,

14 | although she had complied with all requirements, pending advice from County Counsel for

15 | Defendant County of San Mateo."

16 |      19.    Each and every document that you or anyone acting on your behalf possess that

17 | supports your contention that "[a]nswering paragraph 56, this defendant denies each and every

18 | allegation contained therein" as alleged at p. 5, l. 28 to p. 6, l. 1 of Defendant's August 14, 2007

19 | Answer to Plaintiffs' Complaint. For Defendant's reference, paragraph 56 of Plaintiff's

20 | Complaint provides as follows: "The plaintiff's property is still in a dangerous condition as a

21 | result of the defendants' acts and omissions. If this condition is not remedied before the next

22 | rainy season, it is likely that irreparable harm will occur to Plaintiffs' property and to their

23 | neighbors. The legal remedy for damages is inadequate and this condition, if not remedied, will

24 | foreseeably cause irreparable harm to Plaintiffs and their neighbors' property as well as threaten

25 | lives."

26 |      20.    Each and every document that you or anyone acting on your behalf possess that

27 | supports your contention that "[f]urther answering paragraph 57, this defendant denies each and

28 | every allegation contained therein" as alleged at p. 6, ll. 8-9 of Defendant's August 14, 2007

1  Answer to Plaintiffs' Complaint. For Defendant's reference, paragraph 57 of Plaintiff's

2  Complaint provides as follows: "Plaintiffs incorporate by reference each of the preceding

3  paragraphs as though fully set forth herein, and further allege as follows: The right to complain

4  to government officials is protected by the guarantee of freedom of speech in the First

5  Amendment to the Constitution of the United States. Plaintiffs allege that Defendants, and each

6  of them, violated their constitutional rights by taking adverse actions against them in retaliation

7  for the exercise of their free speech rights. Defendants, and each of them, took these actions

8  because Plaintiffs had complained about the conduct of certain employees of the County of San

9  Mateo. The acts and/ or omissions of Defendants as alleged herein, (1) were caused by customs

10  or policies of the County of San Mateo; (2) were caused by inadequate training, supervision,

11  and/or discipline of employees of the County of San Mateo; (3) were caused by deliberate

12  indifference of the County of San Mateo; and/or (4) were ratified by final decision-makers of the

13  County of San Mateo."

14       21.    Each and every document that you or anyone acting on your behalf possess that

15  supports your contention that "[a]nswering paragraph 58, this defendant denies each and every

16  allegation contained therein" as alleged at p. 6, ll. 10-11 of Defendant's August 14, 2007 Answer

17  to Plaintiffs' Complaint. For Defendant's reference, paragraph 58 of Plaintiff's Complaint

18  provides as follows: "Wherefore, Plaintiffs pray for damages against defendants, and each of

19  them, as set forth below."

20       22.    Each and every document that you or anyone acting on your behalf possess that

21  supports your contention that "[f]urther answering paragraph 59, this defendant denies each and

22  every allegation contained therein" as alleged at 6. 8, ll. 16-17 of Defendant's August 14, 2007

23  Answer to Plaintiffs' Complaint. For Defendant's reference, paragraph 59 of Plaintiff's

24  Complaint provides as follows: "Plaintiffs incorporate by reference each of the preceding

25  paragraphs as though fully set forth herein, and further allege as follows: The retaliation against

26  the Plaintiffs for complaining to government officials was the result of a conspiracy to deprive

27  Plaintiffs of their constitutional rights. One or more of the Defendants agreed with each other, or

28  with one or more other persons, to accomplish the alleged violation of the Plaintiff's

1  constitutional rights. The acts and/ or omissions of Defendants as alleged herein, (1) were

2  caused by customs or policies of the County of San Mateo; (2) were caused by inadequate

3  training, supervision, and/or discipline of employees of the County of San Mateo; (3) were

4  caused by deliberate indifference of the County of San Mateo; and/or (4) were ratified by final

5  decision-makers of the County of San Mateo."

6      23.    Each and every document that you or anyone acting on your behalf possess that

7  supports your contention that "[a]nswering paragraph 60, this defendant denies each and every

8  allegation contained therein" as alleged at p. 6, ll. 18-19 of Defendant's August 14, 2007 Answer

9  to Plaintiffs' Complaint. For Defendant's reference, paragraph 60 of Plaintiff's Complaint

10  provides as follows: "Wherefore, Plaintiffs pray for damages against defendants, and each of

11  them, as set forth below."

12      24.    Each and every document that you or anyone acting on your behalf possess that

13  supports your contention that "[f]urther answering paragraph 61, this defendant denies each and

14  every allegation contained therein" as alleged at p. 6, ll. 25-26 of Defendant's August 14, 2007

15  Answer to Plaintiffs' Complaint. For Defendant's reference, paragraph 61 of Plaintiff's

16  Complaint provides as follows: "Plaintiff Michael Toschi incorporate by reference each of the

17  preceding paragraphs as though fully set forth herein, and further allege as follows: The right to

18  be protected from having one's freedom of movement restrained is protected by the guarantee of

19  freedom from unreasonable seizures in the Fourth Amendment to the Constitution of the United

20  States. Plaintiff Michael Toschi alleges that Defendant David Weidner and Does One through

21  Fifty, and each of them, violated Plaintiff Michael Toschi's right to be free from unreasonable

22  seizures."

23      25.    Each and every document that you or anyone acting on your behalf possess that

24  supports your contention that "[a]nswering paragraph 62, this defendant denies each and every

25  allegation contained therein" as alleged at p. 6, ll. 27-28 of Defendant's August 14, 2007 Answer

26  to Plaintiffs' Complaint. For Defendant's reference, paragraph 62 of Plaintiff's Complaint

27  provides as follows: "Wherefore, Plaintiff Michael Toschi prays for damages against

28  defendants, and each of them, as set forth below."

1    26.    Each and every document that you or anyone acting on your behalf possess that

2  supports your contention that "[f]urther answering paragraph 63, this defendant denies each and

3  every allegation contained therein" as alleged at p. 7, ll. 7-8 of Defendant's August 14, 2007

4  Answer to Plaintiffs' Complaint. For Defendant's reference, paragraph 63 of Plaintiff's

5  Complaint provides as follows: "Plaintiff Michael Toschi incorporate by reference each of the

6  preceding paragraphs as though fully set forth herein, and further allege as follows: Defendant

7  David Weidner and Does One through Fifty, and each of them, violated Plaintiff Michael

8  Toschi's right to be free from unreasonable seizures. The violation of Plaintiff Michael Toschi's

9  right to be free from unreasonable seizures was pursuant to a long-standing custom or practice of

10  The County of permitting its personnel to unreasonably seize citizens of the County of San

11  Mateo. The policymakers of The County approved, ratified or were deliberately indifferent to

12  the custom or practice."

13    27.    Each and every document that you or anyone acting on your behalf possess that

14  supports your contention that "[a]nswering paragraph 64, this defendant denies each and every

15  allegation contained therein" as alleged at p. 7, ll. 9-10 of Defendant's August 14, 2007 Answer

16  to Plaintiffs' Complaint. For Defendant's reference, paragraph 64 of Plaintiff's Complaint

17  provides as follows: "Wherefore, Plaintiff Michael Toschi prays for damages against

18  defendants, and each of them, as set forth below."

19    28.    Each and every document that you or anyone acting on your behalf possess that

20  supports your contention that "[f]urther answering paragraph 65, this defendant denies each and

21  every allegation contained therein" as alleged at p. 7, ll. 17-18 of Defendant's August 14, 2007

22  Answer to Plaintiffs' Complaint. For Defendant's reference, paragraph 65 of Plaintiff's

23  Complaint provides as follows: "Plaintiff Michael Toschi incorporate by reference each of the

24  preceding paragraphs as though fully set forth herein, and further allege as follows:"

25    29.    Each and every document that you or anyone acting on your behalf possess that

26  supports your contention that "[a]nswering paragraph 66, this defendant denies each and every

27  allegation contained therein" as alleged at p. 7, ll. 19-20 of Defendant's August 14, 2007 Answer

28  to Plaintiffs' Complaint. For Defendant's reference, paragraph 66 of Plaintiff's Complaint

provides as follows: "Plaintiff Michael Toschi complained to the County Sheriff's Office regarding Defendants Don Dallimonti and David Weidner. In retaliation, Defendants The County, David Weidner, Don Dallimonti, Rhonda Dallimonti and Does One through Fifty, and each of them, conspired to deprive Plaintiff Michael Toschi of his constitutional rights."

30.     Each and every document that you or anyone acting on your behalf possess that supports your contention that "[a]nswering paragraph 67, this defendant denies each and every allegation contained therein" as alleged at p. 7, ll. 21-22 of Defendant's August 14, 2007 Answer to Plaintiffs' Complaint. For Defendant's reference, paragraph 67 of Plaintiff's Complaint provides as follows: "One or more of the Defendants agreed with each other, or with one or more other persons, to accomplish the alleged violation of the Plaintiff Michael Toschi's constitutional rights. The acts and/ or omissions of Defendants as alleged herein, (1) were caused by customs or policies of the County of San Mateo; (2) were caused by inadequate training, supervision, and/or discipline of employees of the County of San Mateo; (3) were caused by deliberate indifference of the County of San Mateo; and/or (4) were ratified by final decision-makers of the County of San Mateo."

31.     Each and every document that you or anyone acting on your behalf possess that supports your contention that "[a]nswering paragraph 68, this defendant denies each and every allegation contained therein" as alleged at p. 7, ll. 23-24 of Defendant's August 14, 2007 Answer to Plaintiffs' Complaint. For Defendant's reference, paragraph 68 of Plaintiff's Complaint provides as follows: "Wherefore, Plaintiff Michael Toschi prays for damages against defendants, and each of them, as set forth below."

32.     Each and every document that you or anyone acting on your behalf possess that supports your contention that "[f]urther answering paragraph 69, this defendant denies each and every allegation contained therein" as alleged at p. 8, ll. 2-3 of Defendant's August 14, 2007 Answer to Plaintiffs' Complaint. For Defendant's reference, paragraph 69 of Plaintiff's Complaint provides as follows: "Plaintiffs incorporate by reference each of the preceding paragraphs as though fully set forth herein, and further allege as follows:"

/ / /

1    33.    Each and every document that you or anyone acting on your behalf possess that

2  supports your contention that "[a]nswering paragraph 70, this defendant denies each and every

3  allegation contained therein" as alleged at p. 8, ll. 4-5 of Defendant's August 14, 2007 Answer to

4  Plaintiffs' Complaint. For Defendant's reference, paragraph 70 of Plaintiff's Complaint provides

5  as follows: "Defendant David Weidner and Does One through Fifty, and each of them,

6  intentionally deprived Plaintiff Michael Toschi of his freedom of movement by use of threats of

7  force and held him in custody;"

8    34.    Each and every document that you or anyone acting on your behalf possess that

9  supports your contention that "[a]nswering paragraph 71, this defendant denies each and every

10  allegation contained therein" as alleged at p. 8, ll. 6-7 of Defendant's August 14, 2007 Answer to

11  Plaintiffs' Complaint. For Defendant's reference, paragraph 71 of Plaintiff's Complaint provides

12  as follows: "There was an unnecessary delay in releasing Plaintiff Michael Toschi from

13  custody;"

14    35.    Each and every document that you or anyone acting on your behalf possess that

15  supports your contention that "[a]nswering paragraph 72, this defendant denies each and every

16  allegation contained therein" as alleged at p. 8, ll. 8-9 of Defendant's August 14, 2007 Answer to

17  Plaintiffs' Complaint. For Defendant's reference, paragraph 72 of Plaintiff's Complaint provides

18  as follows: "Plaintiff Michael Toschi did not consent to the loss of his freedom of movement or

19  the delay in releasing him from custody; and "Plaintiff Michael Toschi was harmed; and"

20    36.    Each and every document that you or anyone acting on your behalf possess that

21  supports your contention that "[a]nswering paragraph 73, this defendant denies each and every

22  allegation contained therein" as alleged at p. 8, ll. 10-11 of Defendant's August 14, 2007 Answer

23  to Plaintiffs' Complaint. For Defendant's reference, paragraph 72 of Plaintiff's Complaint

24  provides as follows: "Plaintiff Michael Toschi did not consent to the loss of his freedom of

25  movement or the delay in releasing him from custody;"

26    37.    Each and every document that you or anyone acting on your behalf possess that

27  supports your contention that "[a]nswering paragraph 74, this defendant denies each and every

28  allegation contained therein" as alleged at p. 8, ll. 12-13 of Defendant's August 14, 2007 Answer

1   to Plaintiffs' Complaint. For Defendant's reference, paragraph 74 of Plaintiff's Complaint

2   provides as follows: "Wherefore, Plaintiffs pray for damages against defendants, and each of

3   them, as set forth below."

4        38.    Each and every document that you or anyone acting on your behalf possess that

5   supports your contention that "[f]urther answering paragraph 75, this defendant denies each and

6   every allegation contained therein" as alleged at p. 8, ll. 18-20 of Defendant's August 14, 2007

7   Answer to Plaintiffs' Complaint. For Defendant's reference, paragraph 75 of Plaintiff's

8   Complaint provides as follows: "Plaintiffs incorporate by reference each of the preceding

9   paragraphs as though fully set forth herein, and further allege as follows:"

10       39.    Each and every document that you or anyone acting on your behalf possess that

11  supports your contention that "[a]nswering paragraph 76, this defendant denies each and every

12  allegation contained therein" as alleged at p. 8, ll. 21-22 of Defendant's August 14, 2007 Answer

13  to Plaintiffs' Complaint. For Defendant's reference, paragraph 76 of Plaintiff's Complaint

14  provides as follows: "Defendant David Weidner and Does One through Fifty, and each of them,

15  interfered with Plaintiff Michael Toschi's Fourth Amendment right under the United States

16  Constitution to be free from unreasonable seizures by threatening or committing violent acts;"

17       40.    Each and every document that you or anyone acting on your behalf possess that

18  supports your contention that "[a]nswering paragraph 77, this defendant denies each and every

19  allegation contained therein" as alleged at p. 8, ll. 23-24 of Defendant's August 14, 2007 Answer

20  to Plaintiffs' Complaint. For Defendant's reference, paragraph 77 of Plaintiff's Complaint

21  provides as follows: "Plaintiff Michael Toschi believed that if he exercised his Fourth

22  Amendment right under the United States Constitution to be free from unreasonable seizures

23  Defendant David Weidner and Does One through Fifty, and each of them, would commit

24  violence against him;"

25       41.    Each and every document that you or anyone acting on your behalf possess that

26  supports your contention that "[a]nswering paragraph 78, this defendant denies each and every

27  allegation contained therein" as alleged at p. 8, ll. 25-26 of Defendant's August 14, 2007 Answer

28

1 | to Plaintiffs' Complaint. For Defendant's reference, paragraph 78 of Plaintiff's Complaint

2 | provides as follows: "Plaintiff Michael Toschi was harmed;"

3 |     42.    Each and every document that you or anyone acting on your behalf possess that

4 | supports your contention that "[a]nswering paragraph 79, this defendant denies each and every

5 | allegation contained therein" as alleged at p. 8, ll. 27-28 of Defendant's August 14, 2007 Answer

6 | to Plaintiffs' Complaint. For Defendant's reference, paragraph 79 of Plaintiff's Complaint

7 | provides as follows: "The conduct of Defendant David Weidner and Does One through Fifty,

8 | and each of them, was a substantial factor causing Plaintiff Michael Toschi's harm;"

9 |     43.    Each and every document that you or anyone acting on your behalf possess that

10 | supports your contention that "[a]nswering paragraph 80, this defendant denies each and every

11 | allegation contained therein" as alleged at p. 9, ll. 1-2 of Defendant's August 14, 2007 Answer to

12 | Plaintiffs' Complaint. For Defendant's reference, paragraph 80 of Plaintiff's Complaint provides

13 | as follows: "Wherefore, Plaintiffs pray for damages against defendants, and each of them, as set

14 | forth below."

15 |     44.    Each and every document that you or anyone acting on your behalf possess that

16 | supports your contention that "[f]urther answering paragraph 81, this defendant denies each and

17 | every allegation contained therein" as alleged at p. 9, ll. 7-8 of Defendant's August 14, 2007

18 | Answer to Plaintiffs' Complaint. For Defendant's reference, paragraph 81 of Plaintiff's

19 | Complaint provides as follows: "Plaintiffs incorporate by reference each of the preceding

20 | paragraphs as though fully set forth herein, and further allege as follows:"

21 |     45.    Each and every document that you or anyone acting on your behalf possess that

22 | supports your contention that "[a]nswering paragraph 82, this defendant denies each and every

23 | allegation contained therein" as alleged at p. 9, ll. 9-10 of Defendant's August 14, 2007 Answer

24 | to Plaintiffs' Complaint. For Defendant's reference, paragraph 82 of Plaintiff's Complaint

25 | provides as follows: "By performing the acts described above, defendants County of San Mateo

26 | and Does One through Fifty, and each of them, have intentionally, recklessly and/or negligently

27 | entered upon Plaintiffs' real property."

28 | / / /

46.    Each and every document that you or anyone acting on your behalf possess that supports your contention that "[a]nswering paragraph 83, this defendant denies each and every allegation contained therein" as alleged at p. 9, ll. 11-12 of Defendant's August 14, 2007 Answer to Plaintiffs' Complaint.  For Defendant's reference, paragraph 83 of Plaintiff's Complaint provides as follows:  "Plaintiffs did not give defendants County of San Mateo and Does One through Fifty, and each of them, permission to enter upon Plaintiffs' real property."

47.    Each and every document that you or anyone acting on your behalf possess that supports your contention that "[a]nswering paragraph 84, this defendant denies each and every allegation contained therein" as alleged at p. 9, ll. 13-14 of Defendant's August 14, 2007 Answer to Plaintiffs' Complaint.  For Defendant's reference, paragraph 84 of Plaintiff's Complaint provides as follows:  "Plaintiffs have been harmed, and will in the future continue to be harmed, by the entry of defendants County of San Mateo and Does One through Fifty, and each of them, onto Plaintiffs' real property, in that their property has been damaged or destroyed, the fair market value of Plaintiffs' real property has been diminished, and their personal safety has been and is continuing to be threatened."

48.    Each and every document that you or anyone acting on your behalf possess that supports your contention that "[a]nswering paragraph 85, this defendant denies each and every allegation contained therein" as alleged at p. 9, ll. 15-16 of Defendant's August 14, 2007 Answer to Plaintiffs' Complaint.  For Defendant's reference, paragraph 85 of Plaintiff's Complaint provides as follows:  "The entry of defendants County of San Mateo and Does One through Fifty, and each of them, upon Plaintiffs' real property was a substantial factor in causing Plaintiffs' harm."

49.    Each and every document that you or anyone acting on your behalf possess that supports your contention that "[a]nswering paragraph 86, this defendant denies each and every allegation contained therein" as alleged at p. 9, ll. 17-18 of Defendant's August 14, 2007 Answer to Plaintiffs' Complaint.  For Defendant's reference, paragraph 86 of Plaintiff's Complaint provides as follows:  "Wherefore, Plaintiffs pray for damages against defendants, and each of them, as set forth below."

50.     Each and every document that you or anyone acting on your behalf possess that supports your contention that "[f]urther answering paragraph 87, this defendant denies each and every allegation contained therein" as alleged at p. 9, ll. 24-25 of Defendant's August 14, 2007 Answer to Plaintiffs' Complaint.  For Defendant's reference, paragraph 87 of Plaintiff's Complaint provides as follows:  "Plaintiffs incorporate by reference each of the preceding paragraphs as though fully set forth herein, and further allege as follows:"

51.     Each and every document that you or anyone acting on your behalf possess that supports your contention that "[a]nswering paragraph 88, this defendant denies each and every allegation contained therein" as alleged at p. 9, ll. 9-10 of Defendant's August 14, 2007 Answer to Plaintiffs' Complaint.  For Defendant's reference, paragraph 88 of Plaintiff's Complaint provides as follows:  "At all times relevant hereto, the County has owned and/or controlled and/or had rights to or interests in certain parcels of real property and certain improvements thereon, including but not limited to the hillsides, roads, culverts, ravines, and various easements upon private property, all of which are located upon the hillside above Plaintiffs' real property (hereinafter "the County's Properties")."

52.     Each and every document that you or anyone acting on your behalf possess that supports your contention that "[a]nswering paragraph 89, this defendant denies each and every allegation contained therein" as alleged at p. 9, l. 28 to p. 10, l. 1 of Defendant's August 14, 2007 Answer to Plaintiffs' Complaint.  For Defendant's reference, paragraph 89 of Plaintiff's Complaint provides as follows:  "At all times relevant hereto, the County's Properties were and are today in a dangerous condition because during periods of rainfall the County's Properties discharge excessive amounts of water runoff onto Plaintiffs' real property."

53.     Each and every document that you or anyone acting on your behalf possess that supports your contention that "[a]nswering paragraph 90, this defendant denies each and every allegation contained therein" as alleged at p. 10, ll. 2-3 of Defendant's August 14, 2007 Answer to Plaintiffs' Complaint.  For Defendant's reference, paragraph 90 of Plaintiff's Complaint provides as follows:  "This dangerous condition created a reasonably foreseeable risk of the damage that has occurred and is continuing to occur to Plaintiffs' real property."

1     54.     Each and every document that you or anyone acting on your behalf possess that

2  supports your contention that "[a]nswering paragraph 91, this defendant denies each and every

3  allegation contained therein" as alleged at p. 10, ll. 4-5 of Defendant's August 14, 2007 Answer

4  to Plaintiffs' Complaint. For Defendant's reference, paragraph 91 of Plaintiff's Complaint

5  provides as follows: "The conduct of employees of the County, acting within the scope of their

6  employment, created the dangerous condition."

7     55.     Each and every document that you or anyone acting on your behalf possess that

8  supports your contention that "[a]nswering paragraph 92, this defendant denies each and every

9  allegation contained therein" as alleged at p. 10, ll. 6-7 of Defendant's August 14, 2007 Answer

10  to Plaintiffs' Complaint. For Defendant's reference, paragraph 92 of Plaintiff's Complaint

11  provides as follows: "The County had actual and constructive notice of the dangerous condition

12  for a long enough time to have protected against it but the County failed and refused to do so."

13     56.     Each and every document that you or anyone acting on your behalf possess that

14  supports your contention that "[a]nswering paragraph 93, this defendant denies each and every

15  allegation contained therein" as alleged at p. 10, ll. 8-9 of Defendant's August 14, 2007 Answer

16  to Plaintiffs' Complaint. For Defendant's reference, paragraph 93 of Plaintiff's Complaint

17  provides as follows: "Plaintiffs have been harmed and are continuing to be harmed by the

18  dangerous condition of public property describe above."

19     57.     Each and every document that you or anyone acting on your behalf possess that

20  supports your contention that "[a]nswering paragraph 94, this defendant denies each and every

21  allegation contained therein" as alleged at p. 10, ll. 10-11 of Defendant's August 14, 2007

22  Answer to Plaintiffs' Complaint. For Defendant's reference, paragraph 94 of Plaintiff's

23  Complaint provides as follows: "The dangerous condition was and is a substantial factor in

24  causing Plaintiffs' harm."

25     58.     Each and every document that you or anyone acting on your behalf possess that

26  supports your contention that "[a]nswering paragraph 95, this defendant denies each and every

27  allegation contained therein" as alleged at p. 10, ll. 12-13 of Defendant's August 14, 2007

28  Answer to Plaintiffs' Complaint. For Defendant's reference, paragraph 95 of Plaintiff's

1  Complaint provides as follows: "Wherefore, Plaintiffs pray for damages against defendants, and

2  each of them, as set forth below."

3       59.    Each and every document that you or anyone acting on your behalf possess that

4  supports your contention that "[f]urther answering paragraph 96, this defendant denies each and

5  every allegation contained therein" as alleged at p. 10, ll. 18-19 of Defendant's August 14, 2007

6  Answer to Plaintiffs' Complaint. For Defendant's reference, paragraph 96 of Plaintiff's

7  Complaint provides as follows: "Plaintiffs incorporate by reference each of the preceding

8  paragraphs as though fully set forth herein, and further allege as follows:"

9       60.    Each and every document that you or anyone acting on your behalf possess that

10  supports your contention that "[a]nswering paragraph 97, this defendant denies each and every

11  allegation contained therein" as alleged at p. 10, ll. 20-21 of Defendant's August 14, 2007

12  Answer to Plaintiffs' Complaint. For Defendant's reference, paragraph 97 of Plaintiff's

13  Complaint provides as follows: "The County has created and is maintaining upon the County's

14  Properties a condition that is harmful to health and/or was an obstruction to the free use of

15  property, so as to interfere with the comfortable enjoyment of life and/or property."

16       61.    Each and every document that you or anyone acting on your behalf possess that

17  supports your contention that "[a]nswering paragraph 98, this defendant denies each and every

18  allegation contained therein" as alleged at p. 10, ll. 22-23 of Defendant's August 14, 2007

19  Answer to Plaintiffs' Complaint. For Defendant's reference, paragraph 98 of Plaintiff's

20  Complaint provides as follows: "The condition has affected a substantial number of people at

21  the same time."

22       62.    Each and every document that you or anyone acting on your behalf possess that

23  supports your contention that "[a]nswering paragraph 99, this defendant denies each and every

24  allegation contained therein" as alleged at p. 10, ll. 24-25 of Defendant's August 14, 2007

25  Answer to Plaintiffs' Complaint. For Defendant's reference, paragraph 99 of Plaintiff's

26  Complaint provides as follows: "An ordinary person would be reasonably annoyed or disturbed

27  by the condition."

28  / / /

63.    Each and every document that you or anyone acting on your behalf possess that supports your contention that "[a]nswering paragraph 100, this defendant denies each and every allegation contained therein" as alleged at p. 10, ll. 26-27 of Defendant's August 14, 2007 Answer to Plaintiffs' Complaint. For Defendant's reference, paragraph 100 of Plaintiff's Complaint provides as follows: "The seriousness of the harm outweighs the social utility of The County's conduct."

64.    Each and every document that you or anyone acting on your behalf possess that supports your contention that "[a]nswering paragraph 101, this defendant denies each and every allegation contained therein" as alleged at p. 10, l. 28 to p. 11, l. 1 of Defendant's August 14, 2007 Answer to Plaintiffs' Complaint. For Defendant's reference, paragraph 101 of Plaintiff's Complaint provides as follows: "Plaintiffs did not consent to The County's conduct."

65.    Each and every document that you or anyone acting on your behalf possess that supports your contention that "[a]nswering paragraph 102, this defendant denies each and every allegation contained therein" as alleged at p. 11, ll. 2-3 of Defendant's August 14, 2007 Answer to Plaintiffs' Complaint. For Defendant's reference, paragraph 102 of Plaintiff's Complaint provides as follows: "Plaintiffs have suffered harm that is different from the type of harm suffered by the general public."

66.    Each and every document that you or anyone acting on your behalf possess that supports your contention that "[a]nswering paragraph 103, this defendant denies each and every allegation contained therein" as alleged at p. 11, ll. 4-5 of Defendant's August 14, 2007 Answer to Plaintiffs' Complaint. For Defendant's reference, paragraph 103 of Plaintiff's Complaint provides as follows: "The County's conduct was a substantial factor in causing Plaintiffs' harm."

67.    Each and every document that you or anyone acting on your behalf possess that supports your contention that "[a]nswering paragraph 104, this defendant denies each and every allegation contained therein" as alleged at p. 11, ll. 6-7 of Defendant's August 14, 2007 Answer to Plaintiffs' Complaint. For Defendant's reference, paragraph 104 of Plaintiff's Complaint

1  provides as follows: "Wherefore, Plaintiffs pray for damages against defendants, and each of

2  them, as set forth below."

3      68.    Each and every document that you or anyone acting on your behalf possess that

4  supports your contention that "[f]urther answering paragraph 105, this defendant denies each and

5  every allegation contained therein" as alleged at p. 11, ll. 12-13 of Defendant's August 14, 2007

6  Answer to Plaintiffs' Complaint. For Defendant's reference, paragraph 105 of Plaintiff's

7  Complaint provides as follows: "Plaintiffs incorporate by reference each of the preceding

8  paragraphs as though fully set forth herein, and further allege as follows:"

9      69.    Each and every document that you or anyone acting on your behalf possess that

10 supports your contention that "[a]nswering paragraph 106, this defendant denies each and every

11 allegation contained therein" as alleged at p. 11, ll. 14-15 of Defendant's August 14, 2007

12 Answer to Plaintiffs' Complaint. For Defendant's reference, paragraph 106 of Plaintiff's

13 Complaint provides as follows: "The County's actions and/or inactions regarding the County's

14 Properties have caused the County's Properties to discharge excessive amounts of water runoff

15 onto Plaintiffs' real property during periods of rainfall."

16     70.    Each and every document that you or anyone acting on your behalf possess that

17 supports your contention that "[a]nswering paragraph 107, this defendant denies each and every

18 allegation contained therein" as alleged at p. 11, ll. 16-17 of Defendant's August 14, 2007

19 Answer to Plaintiffs' Complaint. For Defendant's reference, paragraph 107 of Plaintiff's

20 Complaint provides as follows: "Plaintiffs have been damaged in that they have been forced to

21 expend considerable sums of money to repair damage to Plaintiffs' real property and to prevent

22 additional damage to Plaintiffs' real property."

23     71.    Each and every document that you or anyone acting on your behalf possess that

24 supports your contention that "[a]nswering paragraph 108, this defendant denies each and every

25 allegation contained therein" as alleged at p. 11, ll. 18-19 of Defendant's August 14, 2007

26 Answer to Plaintiffs' Complaint. For Defendant's reference, paragraph 108 of Plaintiff's

27 Complaint provides as follows: "In addition, Plaintiffs have been damaged in that the fair

28 market value of Plaintiffs' real property has been diminished as a result of the burden placed

1  upon Plaintiffs' real property by the discharge of excessive amounts of water runoff from the

2  County's Properties onto Plaintiffs' real property during periods of rainfall."

3      72.     Each and every document that you or anyone acting on your behalf possess that

4  supports your contention that "[a]nswering paragraph 109, this defendant denies each and every

5  allegation contained therein" as alleged at p. 10, ll. 20-21 of Defendant's August 14, 2007

6  Answer to Plaintiffs' Complaint. For Defendant's reference, paragraph 109 of Plaintiff's

7  Complaint provides as follows: "Pursuant to Government Code section 905.1, Plaintiffs are

8  excused from the requirement of presenting a government tort claim to The County in order to

9  proceed with this action."

10      73.     Each and every document that you or anyone acting on your behalf possess that

11  supports your contention that "[a]nswering paragraph 110, this defendant denies each and every

12  allegation contained therein" as alleged at p. 11, ll. 22-23 of Defendant's August 14, 2007

13  Answer to Plaintiffs' Complaint. For Defendant's reference, paragraph 110 of Plaintiff's

14  Complaint provides as follows: "Wherefore, Plaintiffs pray for damages against defendants, and

15  each of them, as set forth below."

16      74.     Each and every document that you or anyone acting on your behalf possess that

17  supports your contention that "[f]urther answering paragraph 111, this defendant denies each and

18  every allegation contained therein" as alleged at p. 11, l. 28 to p. 12, l. 1 of Defendant's August

19  14, 2007 Answer to Plaintiffs' Complaint. For Defendant's reference, paragraph 111 of Plaintiff's

20  Complaint provides as follows: "Plaintiffs incorporate by reference each of the preceding

21  paragraphs as though fully set forth herein, and further allege as follows:"

22      75.     Each and every document that you or anyone acting on your behalf possess that

23  supports your contention that "[a]nswering paragraph 112, this defendant denies each and every

24  allegation contained therein" as alleged at p. 12, ll. 2-3 of Defendant's August 14, 2007 Answer

25  to Plaintiffs' Complaint. For Defendant's reference, paragraph 112 of Plaintiff's Complaint

26  provides as follows: "An actual controversy has arisen and now exists between Plaintiffs and

27  The County regarding whether The County has the right to discharge rainwater runoff that

28  accumulates upon or travels across the County's Properties onto Plaintiffs' real property. The

1  County contends that it has a right to do so, whereas Plaintiffs contend that The County has no

2  such right."

3      76.    Each and every document that you or anyone acting on your behalf possess that

4  supports your contention that "[a]nswering paragraph 113, this defendant denies each and every

5  allegation contained therein" as alleged at p. 12, ll. 4-5 of Defendant's August 14, 2007 Answer

6  to Plaintiffs' Complaint. For Defendant's reference, paragraph 113 of Plaintiff's Complaint

7  provides as follows: "Plaintiffs desire a judicial determination and declaration of the rights and

8  duties of the parties with respect to the discharge of rainwater runoff from County's Properties

9  onto Plaintiffs' real property."

10     77.    Each and every document that you or anyone acting on your behalf possess that

11  supports your contention that "[a]nswering paragraph 114, this defendant denies each and every

12  allegation contained therein" as alleged at p. 12, ll. 6-7 of Defendant's August 14, 2007 Answer

13  to Plaintiffs' Complaint. For Defendant's reference, paragraph 114 of Plaintiff's Complaint

14  provides as follows: "A judicial declaration is necessary and appropriate at this time under the

15  existing circumstances so that Plaintiffs may determine their rights and duties regarding the

16  discharge of rainwater runoff from County's Properties onto Plaintiffs' real property."

17     78.    Each and every document that you or anyone acting on your behalf possess that

18  supports your contention that "[a]nswering paragraph 115, this defendant denies each and every

19  allegation contained therein" as alleged at p. 12, ll. 8-9 of Defendant's August 14, 2007 Answer

20  to Plaintiffs' Complaint. For Defendant's reference, paragraph 115 of Plaintiff's Complaint

21  provides as follows: "Wherefore, Plaintiffs pray for damages against defendants, and each of

22  them, as set forth below."

23     79.    Each and every document that you or anyone acting on your behalf possess that

24  supports your contention that "[f]urther answering paragraph 116, this defendant denies each and

25  every allegation contained therein" as alleged at p. 12, ll. 14-15 of Defendant's August 14, 2007

26  Answer to Plaintiffs' Complaint. For Defendant's reference, paragraph 116 of Plaintiff's

27  Complaint provides as follows: "Plaintiffs incorporate by reference each of the preceding

28  paragraphs as though fully set forth herein, and further allege as follows:"

80.    Each and every document that you or anyone acting on your behalf possess that supports your contention that "[a]nswering paragraph 117, this defendant denies each and every allegation contained therein" as alleged at p. 12, ll. 16-17 of Defendant's August 14, 2007 Answer to Plaintiffs' Complaint. For Defendant's reference, paragraph 117 of Plaintiff's Complaint provides as follows: "An economically viable and practical engineering solution exists that, if adopted by defendants, would eliminate all of the erosion and other damage being caused by the discharge of rainwater runoff from County's Properties onto Plaintiffs' real property, and eliminate the risk of personal injury to Plaintiffs and Plaintiffs' neighbors."

81.    Each and every document that you or anyone acting on your behalf possess that supports your contention that "[a]nswering paragraph 118, this defendant denies each and every allegation contained therein" as alleged at p. 12, ll. 18-19 of Defendant's August 14, 2007 Answer to Plaintiffs' Complaint. For Defendant's reference, paragraph 118 of Plaintiff's Complaint provides as follows: "The County's failure and refusal to install this economically viable and practical engineering solution to handle the storm water runoff that is currently being directed onto Plaintiffs' real property not only is damaging Plaintiffs' real property but also is exposing Plaintiffs and Plaintiffs' neighbors to an unreasonable risk of personal injury."

82.    Each and every document that you or anyone acting on your behalf possess that supports your contention that "[a]nswering paragraph 119, this defendant denies each and every allegation contained therein" as alleged at p. 12, ll. 20-21 of Defendant's August 14, 2007 Answer to Plaintiffs' Complaint. For Defendant's reference, paragraph 119 of Plaintiff's Complaint provides as follows: "Plaintiffs should not be driven off of Plaintiffs' real property or otherwise deprived of the use and enjoyment of their real property as a result of The County's refusal to install this economically viable and practical engineering solution."

83.    Each and every document that you or anyone acting on your behalf possess that supports your contention that "[a]nswering paragraph 120, this defendant denies each and every allegation contained therein" as alleged at p. 12, ll. 22-23 of Defendant's August 14, 2007 Answer to Plaintiffs' Complaint. For Defendant's reference, paragraph 120 of Plaintiff's Complaint provides as follows: "Plaintiffs do not have an adequate remedy at law in that

1   Plaintiffs' real property is unique, and the damage being caused to Plaintiffs' real property, and

2   the risk of physical injury being posed to Plaintiffs and Plaintiffs' neighbors by the discharge of

3   rainwater runoff from County's Properties onto Plaintiffs' real property, is unreasonably

4   interfering with Plaintiffs' quiet enjoyment of Plaintiffs' real property."

5       84.    Each and every document that you or anyone acting on your behalf possess that

6   supports your contention that "[a]nswering paragraph 121, this defendant denies each and every

7   allegation contained therein" as alleged at p. 12, ll. 24-25 of Defendant's August 14, 2007

8   Answer to Plaintiffs' Complaint. For Defendant's reference, paragraph 121 of Plaintiff's

9   Complaint provides as follows: "Wherefore, Plaintiffs pray for damages against defendants, and

10  each of them, as set forth below."

11      85.    Each and every document that you or anyone acting on your behalf possess that

12  supports your contention that "[f]urther answering paragraph 122, this defendant denies each and

13  every allegation contained therein" as alleged at p. 13, ll. 3-4 of Defendant's August 14, 2007

14  Answer to Plaintiffs' Complaint. For Defendant's reference, paragraph 122 of Plaintiff's

15  Complaint provides as follows: "Plaintiffs incorporate by reference each of the preceding

16  paragraphs as though fully set forth herein, and further allege as follows:"

17      86.    Each and every document that you or anyone acting on your behalf possess that

18  supports your contention that "[a]nswering paragraph 124, this defendant denies each and every

19  allegation contained therein" as alleged at p. 13, ll. 7-8 of Defendant's August 14, 2007 Answer

20  to Plaintiffs' Complaint. For Defendant's reference, paragraph 124 of Plaintiff's Complaint

21  provides as follows: "Plaintiffs suffered serious emotional distress."

22      87.    Each and every document that you or anyone acting on your behalf possess that

23  supports your contention that "[a]nswering paragraph 125, this defendant denies each and every

24  allegation contained therein" as alleged at p. 13, ll. 9-10 of Defendant's August 14, 2007 Answer

25  to Plaintiffs' Complaint. For Defendant's reference, paragraph 125 of Plaintiff's Complaint

26  provides as follows: "The negligence of Defendants Don Dallimonti and Rhonda Dallimonti,

27  and Does One through Fifty and each of them, was a substantial factor in causing Plaintiffs'

28  serious emotional distress."

1    88.    Each and every document that you or anyone acting on your behalf possess that

2  supports your contention that "[a]nswering paragraph 126, this defendant denies each and every

3  allegation contained therein" as alleged at p. 13, ll. 11-12 of Defendant's August 14, 2007

4  Answer to Plaintiffs' Complaint. For Defendant's reference, paragraph 126 of Plaintiff's

5  Complaint provides as follows: "Wherefore, Plaintiffs pray for damages against defendants, and

6  each of them, as set forth below."

7    89.    Each and every document that you or anyone acting on your behalf possess that

8  supports your First Affirmative Defense as set forth in Defendant's August 14, 2007 Answer to

9  Plaintiffs' Complaint.

10    90.    Each and every document that you or anyone acting on your behalf possess that

11  supports your Second Affirmative Defense as set forth in Defendant's August 14, 2007 Answer

12  to Plaintiffs' Complaint.

13    91.    Each and every document that you or anyone acting on your behalf possess that

14  supports your Third Affirmative Defense as set forth in Defendant's August 14, 2007 Answer to

15  Plaintiffs' Complaint.

16    92.    Each and every document that you or anyone acting on your behalf possess that

17  supports your Fourth Affirmative Defense as set forth in Defendant's August 14, 2007 Answer to

18  Plaintiffs' Complaint.

19    93.    Each and every document that you or anyone acting on your behalf possess that

20  supports your Fifth Affirmative Defense as set forth in Defendant's August 14, 2007 Answer to

21  Plaintiffs' Complaint.

22    94.    Each and every document that you or anyone acting on your behalf possess that

23  supports your Sixth Affirmative Defense as set forth in Defendant's August 14, 2007 Answer to

24  Plaintiffs' Complaint.

25    95.    Each and every document that you or anyone acting on your behalf possess that

26  supports your Seventh Affirmative Defense as set forth in Defendant's August 14, 2007 Answer

27  to Plaintiffs' Complaint.

28

96.    Each and every document that you or anyone acting on your behalf possess that supports your Eighth Affirmative Defense as set forth in Defendant's August 14, 2007 Answer to Plaintiffs' Complaint.

97.    Each and every document that you or anyone acting on your behalf possess that supports your Ninth Affirmative Defense as set forth in Defendant's August 14, 2007 Answer to Plaintiffs' Complaint.

98.    Each and every document that you or anyone acting on your behalf possess that supports your Tenth Affirmative Defense as set forth in Defendant's August 14, 2007 Answer to Plaintiffs' Complaint.

99.    Each and every document that you or anyone acting on your behalf possess that supports your Eleventh Affirmative Defense as set forth in Defendant's August 14, 2007 Answer to Plaintiffs' Complaint.

100.    Each and every document that you or anyone acting on your behalf possess that supports your Twelvth Affirmative Defense as set forth in Defendant's August 14, 2007 Answer to Plaintiffs' Complaint.

101.    Each and every document that you or anyone acting on your behalf possess that supports your Thirteenth Affirmative Defense as set forth in Defendant's August 14, 2007 Answer to Plaintiffs' Complaint.

102.    Each and every document that you or anyone acting on your behalf possess that supports your Fourteenth Affirmative Defense as set forth in Defendant's August 14, 2007 Answer to Plaintiffs' Complaint.

103.    Each and every document that you or anyone acting on your behalf possess that supports your Fifteenth Affirmative Defense as set forth in Defendant's August 14, 2007 Answer to Plaintiffs' Complaint.

104.    Each and every document that you or anyone acting on your behalf possess that supports your Sixteenth Affirmative Defense as set forth in Defendant's August 14, 2007 Answer to Plaintiffs' Complaint.

1    105.    Each and every document that you or anyone acting on your behalf possess that

2  supports your Seventeenth Affirmative Defense as set forth in Defendant's August 14, 2007

3  Answer to Plaintiffs' Complaint.

4    106.    Each and every document that you or anyone acting on your behalf possess that

5  supports your Eighteenth Affirmative Defense as set forth in Defendant's August 14, 2007

6  Answer to Plaintiffs' Complaint.

7    107.    Each and every document that you or anyone acting on your behalf possess that

8  supports your Nineteenth Affirmative Defense as set forth in Defendant's August 14, 2007

9  Answer to Plaintiffs' Complaint.

10    108.    Each and every document that you or anyone acting on your behalf possess that

11  supports your Twentieth Affirmative Defense as set forth in Defendant's August 14, 2007

12  Answer to Plaintiffs' Complaint.

13    109.    Each and every document that you or anyone acting on your behalf possess that

14  supports your contention that "Plaintiffs assumed the risk of any damages they allegedly have

15  sustained" as alleged at p. 20, l. 7 of Defendant's August 14, 2007 Answer to Plaintiffs'

16  Complaint.

17    110.    Each and every document that you or anyone acting on your behalf possess that

18  supports your Twenty-first Affirmative Defense as set forth in Defendant's August 14, 2007

19  Answer to Plaintiffs' Complaint.

20    111.    Each and every document that you or anyone acting on your behalf possess that

21  supports your Twenty-second Affirmative Defense as set forth in Defendant's August 14, 2007

22  Answer to Plaintiffs' Complaint.

23    112.    Each and every document that you or anyone acting on your behalf possess that

24  supports your Twenty-third Affirmative Defense as set forth in Defendant's August 14, 2007

25  Answer to Plaintiffs' Complaint.

26    113.    Each and every document that you or anyone acting on your behalf possess that

27  supports your Twenty-fourth Affirmative Defense as set forth in Defendant's August 14, 2007

28  Answer to Plaintiffs' Complaint.

114.   Each and every document that you or anyone acting on your behalf possess that supports your Twenty-fifth Affirmative Defense as set forth in Defendant's August 14, 2007 Answer to Plaintiffs' Complaint.

115.   Each and every document that you or anyone acting on your behalf possess that supports your Twenty-sixth Affirmative Defense as set forth in Defendant's August 14, 2007 Answer to Plaintiffs' Complaint.

116.   Each and every photograph of plaintiff Michael Toschi and/or in which plaintiff Michael Toschi appears.

117.   Each and every photograph of plaintiff Tracy Toschi and/or in which plaintiff Tracy Toschi appears.

118.   Each and every photograph of 2511 Park Road, Redwood City, California and/or in which 2511 Park Road, Redwood City, California appears.

119.   Each and every videotape of plaintiff Michael Toschi and/or in which plaintiff Michael Toschi appears.

120.   Each and every videotape of plaintiff Tracy Toschi and/or in which plaintiff Tracy Toschi appears.

121.   Each and every videotape of 2511 Park Road, Redwood City, California and/or in which 2511 Park Road, Redwood City, California appears.

122.   Each and every audiotape of plaintiff Michael Toschi and/or in which plaintiff Michael Toschi's voice is recorded.

123.   Each and every audiotape of plaintiff Tracy Toschi and/or in which plaintiff Tracy Toschi's voice is recorded.

124.   Each and every document relating to the County Sheriff's Department Internal Affairs investigation of Defendant resulting from Plaintiff Michael Toschi's Citizen's Complaint made against Defendant Don Dallimonti. Please ensure that Defendant's response complies with *Kelly v. City of San Jose*, 114 F.R.D. 653 (1987).

125.    Each and every document relating to any other Citizen's Complaint made against Defendant Don Dallimonti. Please ensure that Defendant's response complies with *Kelly v. City of San Jose*, 114 F.R.D. 653 (1987).

126.    Each and every document relating to any other County Sheriff's Department Internal Affairs investigation of Defendant Don Dallimonti resulting from a Citizen's Complaint made against Defendant. Please ensure that Defendant's response complies with *Kelly v. City of San Jose*, 114 F.R.D. 653 (1987).

127.    Each and every document relating to any disciplinary measures imposed by the County Sheriff's Department against Defendant Don Dallimonti. Please ensure that Defendant's response complies with *Kelly v. City of San Jose*, 114 F.R.D. 653 (1987).

128.    Each and every document relating to the County Sheriff's Department Internal Affairs investigation of Defendant resulting from Plaintiff Michael Toschi's Citizen's Complaint made against Defendant David Weidner. Please ensure that Defendant's response complies with *Kelly v. City of San Jose*, 114 F.R.D. 653 (1987).

129.    Each and every document relating to any other Citizen's Complaint made against Defendant David Weidner. Please ensure that Defendant's response complies with *Kelly v. City of San Jose*, 114 F.R.D. 653 (1987).

130.    Each and every document relating to any other County Sheriff's Department Internal Affairs investigation of Defendant David Weidner resulting from a Citizen's Complaint made against Defendant. Please ensure that Defendant's response complies with *Kelly v. City of San Jose*, 114 F.R.D. 653 (1987).

131.    Each and every document relating to any disciplinary measures imposed by the County Sheriff's Department against Defendant David Weidner. Please ensure that Defendant's response complies with *Kelly v. City of San Jose*, 114 F.R.D. 653 (1987).

132.    All documents relating to the Computer Assisted Dispatch ("CAD") created by the San Mateo County Sheriff's Department relating to the September 24, 2006 incident involving Defendant David Weider.

133.    The audiotape of the Computer Assisted Dispatch ("CAD") created by the San Mateo County Sheriff's Department relating to the September 24, 2006 incident involving Defendant David Weider.

134.    Each and every document relating to the interaction between Deputy Jason Gamble and plaintiffs Michael Toschi and/or Tracy Toschi in August 2006.

135.    The San Mateo County Sheriff's Department Incident Report prepared by Deputy Jason Gamble following his interaction with plaintiffs Michael Toschi and/or Tracy Toschi in August 2006.

136.    All documents relating to the Computer Assisted Dispatch ("CAD") created by the San Mateo County Sheriff's Department relating to the interaction between Deputy Jason Gamble and plaintiffs Michael Toschi and/or Tracy Toschi in August 2006.

137.    The audiotape of the Computer Assisted Dispatch ("CAD") created by the San Mateo County Sheriff's Department relating to the interaction between Deputy Jason Gamble and plaintiffs Michael Toschi and/or Tracy Toschi in August 2006.

138.    All correspondence to and from the County of San Mateo Department of Public Works, the County of San Mateo Board of Supervisors, the County of San Mateo Manager and/or County of San Mateo Sheriff's Department relating to (1) plaintiffs Michael Toschi and/or Tracy Toschi, (2) defendants Don Dallimonti and/or Rhonda Dallimonti, (3) 2511 Park Road, Redwood City, California and (4) 606 Park Road, Redwood City, California. Please provide a privilege log for any email over which Defendant asserts any privilege from producing the email.

139.    All correspondence to and from Grace Whipps relating to (1) plaintiffs Michael Toschi and/or Tracy Toschi, (2) defendants Don Dallimonti and/or Rhonda Dallimonti, (3) 2511 Park Road, Redwood City, California and (4) 606 Park Road, Redwood City, California. Please provide a privilege log for any email over which Defendant asserts any privilege from producing the email

140.    All emails (unredacted) to and from County of San Mateo Department of Public Works employee David Clarke relating to (1) plaintiffs Michael Toschi and/or Tracy Toschi, (2) defendants Don Dallimonti and/or Rhonda Dallimonti, (3) 2511 Park Road, Redwood City,

1   California and (4) 606 Park Road, Redwood City, California. Please provide a privilege log for

2   any email over which Defendant asserts any privilege from producing the email.

3       141.    All emails (unredacted) to and from County of San Mateo Department of Public

4   Works employee Joe Costa relating to (1) plaintiffs Michael Toschi and/or Tracy Toschi, (2)

5   defendants Don Dallimonti and/or Rhonda Dallimonti, (3) 2511 Park Road, Redwood City,

6   California and (4) 606 Park Road, Redwood City, California. Please provide a privilege log for

7   any email over which Defendant asserts any privilege from producing the email.

8       142.    All emails (unredacted) to and from County of San Mateo Department of Public

9   Works employee Neil Cullen relating to (1) plaintiffs Michael Toschi and/or Tracy Toschi, (2)

10  defendants Don Dallimonti and/or Rhonda Dallimonti, (3) 2511 Park Road, Redwood City,

11  California and (4) 606 Park Road, Redwood City, California. Please provide a privilege log for

12  any email over which Defendant asserts any privilege from producing the email.

13      143.    All emails (unredacted) to and from County of San Mateo Department of Public

14  Works employee Lisa Ekers relating to (1) plaintiffs Michael Toschi and/or Tracy Toschi, (2)

15  defendants Don Dallimonti and/or Rhonda Dallimonti, (3) 2511 Park Road, Redwood City,

16  California and (4) 606 Park Road, Redwood City, California. Please provide a privilege log for

17  any email over which Defendant asserts any privilege from producing the email.

18      144.    All emails (unredacted) to and from County of San Mateo Department of Public

19  Works employee Mark Marelich relating to (1) plaintiffs Michael Toschi and/or Tracy Toschi,

20  (2) defendants Don Dallimonti and/or Rhonda Dallimonti, (3) 2511 Park Road, Redwood City,

21  California and (4) 606 Park Road, Redwood City, California. Please provide a privilege log for

22  any email over which Defendant asserts any privilege from producing the email.

23      145.    All emails (unredacted) to and from County of San Mateo Department of Public

24  Works employee Brian Lee relating to (1) plaintiffs Michael Toschi and/or Tracy Toschi, (2)

25  defendants Don Dallimonti and/or Rhonda Dallimonti, (3) 2511 Park Road, Redwood City,

26  California and (4) 606 Park Road, Redwood City, California. Please provide a privilege log for

27  any email over which Defendant asserts any privilege from producing the email.

28

146.    All emails (unredacted) to and from County of San Mateo Department of Public Works employee James Porter relating to (1) plaintiffs Michael Toschi and/or Tracy Toschi, (2) defendants Don Dallimonti and/or Rhonda Dallimonti, (3) 2511 Park Road, Redwood City, California and (4) 606 Park Road, Redwood City, California.  Please provide a privilege log for any email over which Defendant asserts any privilege from producing the email.

147.    All emails (unredacted) to and from County of San Mateo Department of Public Works employee Tsutsomo Imamura relating to (1) plaintiffs Michael Toschi and/or Tracy Toschi, (2) defendants Don Dallimonti and/or Rhonda Dallimonti, (3) 2511 Park Road, Redwood City, California and (4) 606 Park Road, Redwood City, California.  Please provide a privilege log for any email over which Defendant asserts any privilege from producing the email.

148.    All emails (unredacted) to and from County of San Mateo Department of Public Works employee Steve Ballisteri relating to (1) plaintiffs Michael Toschi and/or Tracy Toschi, (2) defendants Don Dallimonti and/or Rhonda Dallimonti, (3) 2511 Park Road, Redwood City, California and (4) 606 Park Road, Redwood City, California.  Please provide a privilege log for any email over which Defendant asserts any privilege from producing the email.

149.    All emails (unredacted) to and from County of San Mateo Sheriff's Department employee Defendant Don Dallimonti relating to (1) plaintiffs Michael Toschi and/or Tracy Toschi, (2) defendants Don Dallimonti and/or Rhonda Dallimonti, (3) 2511 Park Road, Redwood City, California and (4) 606 Park Road, Redwood City, California.  Please provide a privilege log for any email over which Defendant asserts any privilege from producing the email.

150.    All emails (unredacted) to and from County of San Mateo Sheriff's Department employee Defendant David Weidner relating to (1) plaintiffs Michael Toschi and/or Tracy Toschi, (2) defendants Don Dallimonti and/or Rhonda Dallimonti, (3) 2511 Park Road, Redwood City, California and (4) 606 Park Road, Redwood City, California.  Please provide a privilege log for any email over which Defendant asserts any privilege from producing the email.

151.    All emails (unredacted) to and from County of San Mateo County Manager John Maltbie relating to (1) plaintiffs Michael Toschi and/or Tracy Toschi, (2) defendants Don Dallimonti and/or Rhonda Dallimonti, (3) 2511 Park Road, Redwood City, California and (4)

1   606 Park Road, Redwood City, California.  Please provide a privilege log for any email over

2   which Defendant asserts any privilege from producing the email.

3        152.   Each and every document relating to the construction on December 4, 2006 of an

4   asphalt swale on Upper Park Road in front of the property located at 2511 Park Road, Redwood

5   City, California.

6        153.   Each and every document relating to the maintenance and/or further construction

7   since December 4, 2006 of an asphalt swale on Upper Park Road in front of the property located

8   at 2511 Park Road, Redwood City, California.

9        154.   Each and every notebook (unredacted) maintained by County of San Mateo

10  Department of Public Works employee Mark Marelich from February 1993 through the present.

11       155.   Each and every permit application and/or permit issued from February 1993

12  through the present by the County of San Mateo Department of Public Works for 2511 Park

13  Road, Redwood City, California.

14       156.   Each and every permit application and/or permit issued from February 1993

15  through the present by the County of San Mateo Department of Public Works for 604 Park Road,

16  Redwood City, California.

17       157.   Each and every permit application and/or permit issued from February 1993

18  through the present by the County of San Mateo Department of Public Works for 606 Park Road,

19  Redwood City, California.

20       158.   Each and every permit application and/or permit issued from February 1993

21  through the present by the County of San Mateo Department of Public Works for 607 Park Road,

22  Redwood City, California.

23       159.   Each and every permit application and/or permit issued from February 1993

24  through the present by the County of San Mateo Department of Public Works for 614 Park Road,

25  Redwood City, California.

26       160.   Each and every document regarding any construction work, sewer work, water

27  supply work, and/or any other work performed by the City of Redwood City on Upper Park

28

1  Road from the corner of Park Road and Woodland Place to the end of Park Road from February

2  1993 through the present.

3       161.    All County of San Mateo Sheriff's Department General Orders effective from

4  January 1, 2006 to the present.

5       162.    All San Mateo County Civil Rules and Regulations effective from January 1,

6  2006 to the present.

7       163.    All documents relating to any alleged right of way over and/or easement on 2511

8  Park Road, Redwood City, California.

9       164.    All documents relating to the permit application for a deer fence on 2511 Park

10 Road, Redwood City, California by plaintiffs Michael Toschi and/or Tracy Toschi and

11 subsequent denial of the permit application by Defendant County of San Mateo, including but

12 not limited to any and all emails from County of San Mateo Department of Public Works

13 employee Lisa Ekers regarding the permit application for a deer fence.

14      165.    The email from County of San Mateo Department of Public Works employee Lisa

15 Ekers in which she indication that no deer fence permit could be issued to plaintiffs Michael

16 Toschi and/or Tracy Toschi pending advice from county council, which she sent to County of

17 San Mateo Department of Public Works employee Ken Au and County of San Mateo

18 Department of Public Works employee Mark Marelich.

19      166.    The September 14, 2006 email from County of San Mateo Department of Public

20 Works employee Lisa Ekers to County of San Mateo Department of Public Works employee

21 David Clarke as identified in Defendant County of San Mateo's Initial Disclosures at Bates label

22 003.

23      167.    Reprints or color photocopies of all photographs taken by County of San Mateo

24 Department of Public Works employee David Clarke on August 9, 2006 as identified in

25 Defendant County of San Mateo's Initial Disclosures at Bates label 028.

26      168.    Reprints or color photocopies of all photographs taken by County of San Mateo

27 Department of Public Works employee Mark Marelich on September 25, 2006 as identified in

28 Defendant County of San Mateo's Initial Disclosures at Bates label 071.

1    169.    Reprints or color photocopies of all photographs taken by any employee of the

2  County of San Mateo Department on December 4, 2006 before, during or after the construction

3  of an asphalt swale on Upper Park Road in front of the property located at 2511 Park Road,

4  Redwood City, California.

5    170.    The "Encroachment File" maintained by Department of Public Works employee

6  Lisa Ekers regarding (1) plaintiffs Michael Toschi and/or Tracy Toschi, and/or 2511 Park Road,

7  Redwood City, California.

8  Dated:  April 10, 2008

GEARINGER LAW GROUP

9

10

By: _____

11  BRIAN GEARINGER

12  Attorneys for Plaintiffs MICHAEL TOSCHI and
   TRACY TOSCHI

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## PROOF OF SERVICE

I, Brian Gearinger, declare as follows:

I am a citizen of the United States, over the age of eighteen years and not a party to the within entitled action. My business address is 825 Van Ness Avenue, 4th Floor, San Francisco, California.

On April 10, 2008, I served the attached:

**PLAINTIFF MICHAEL TOSCHI'S REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT COUNTY OF SAN MATEO, SET NUMBER TWO**

on the interested parties in said action, by placing a true copy thereof in sealed envelope(s) addressed as follows:

**Defendants DON DALLIMONTI and RHONDA DALLIMONTI**

Lisa Jeong Cummins, Esq.
Campbell, Warburton, Fitzsimmons, Smith, Mendell & Pastore
64 West Santa Clara Street
San Jose CA 95113-1806

**Plaintiffs MICHAEL TOSCHI and TRACY TOSCHI**

John Houston Scott, Esq.
Scott Law Firm
1375 Sutter Street, Suite 222
San Francisco CA 94109

**Defendants COUNTY OF SAN MATEO, NEIL CULLEN, BRIAN LEE and DAVID WEIDNER**

Michael P. Murphy, County Counsel
V. Raymond Swope III, Deputy
Hall of Justice and Records
400 County Center, 6th Floor
Redwood City CA 94063

and served the named document in the manner indicated below:

☐ **BY MAIL:** I caused true and correct copies of the above document(s) to be served by mail on the above date by personally placing and sealing said document(s) in an envelope or package suitable for mailing, addressed to the addressee(s) and including this firm's return address, and then, following ordinary office practice, placing said sealed envelope in the office's usual location for collection and mailing with the United States Postal Service.

☒ **BY HAND DELIVERY:** I caused true and correct copies of the above document(s) to be placed within a sealed envelope or other package suitable for handling by a messenger or courier service and then caused the package to be hand-delivered by a same-day messenger service to the addressee(s) on this date.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed April 10, 2008, at San Francisco, California.

BRIAN GEARINGER