# EXHIBIT H

MICHAEL P. MURPHY, COUNTY COUNSEL (SBN 83887)
Carol L. Woodward, Deputy (SBN 84197)
V. Raymond Swope III, Deputy (SBN 135909)
Hall of Justice and Records
400 County Center, 6th Floor
Redwood City, CA 94063
Telephone: (650) 363-4759
Facsimile: (650) 363-4034
E-mail: rswope@co.sanmateo.ca.us

Attorneys for Defendants
COUNTY OF SAN MATEO,
NEIL CULLEN, BRIAN LEE
and DAVID WEIDNER

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL TOSCHI, AND TRACY TOSCHI<br><br>Plaintiffs,<br><br>vs.<br><br>COUNTY OF SAN MATEO, DON DALLIMONTI, RHONDA DALLIMONTI, NEIL CULLEN, BRIAN LEE, DAVID WEIDNER, and DOES ONE through FIFTY, inclusive<br><br>Defendants. | Case No. C-07-3625 MMC<br><br>**DEFENDANT COUNTY OF SAN MATEO'S RESPONSE TO PLAINTIFF'S DOCUMENT REQUEST, SET TWO** |

PROPOUNDING PARTY:    Plaintiff Michael Toschi

RESPONDING PARTY:    Defendant County of San Mateo

SET NUMBER:    Two

The County of San Mateo hereby submits its responses and objections to Plaintiff Michael Toschi's Request For Production of Documents, Set Number Two.

## GENERAL STATEMENTS AND OBJECTIONS

1.    Responding Party has not completed discovery, the investigation of the facts, witnesses, or documents, the analysis of available information, or the preparation for trial in this case. Responding Party reserves the right to supplement or amend these responses in the event that any facts, documents, or

1 | other evidence may be subsequently discovered.

2 | 2.      These responses are made without prejudice to Responding Party's right to introduce

3 | facts, documents, witnesses, or other evidence that may be subsequently discovered.

4 | 3.      These responses are made without prejudice to Responding Party's right to supplement or

5 | amend these responses in the vent that any information previously available to Respond Party may have

6 | been omitted by oversight, inadvertence, or good faith error or mistake.

7 | 4.      Except for the facts explicitly stated herein, no incidental or implied admissions are

8 | intended.

9 | 5.      Responding Party expressly reserves:

10 |         5.1      All objections regarding the competency, relevance, materiality, probative value and admissibility of all information provided, documents

11 | produced and the contents thereof;

12 |         5.2      All objections as to vagueness, ambiguity, unintelligibility and overbreadth.

13 |

14 | 6.      Nothing herein shall be construed as an admission by Responding Party regarding the

15 | admissibility or relevance of any fact or document or of the truth or accuracy of any characterization

16 | contained in Propounding Party's interrogatories.

17 | 7.      These responses are signed by counsel only as to the objections set forth in the responses.

18 | Responding Party specifically claims the attorney-client privilege and/or the attorney-work product

19 | privilege as to each and every response set forth herein.

20 | 8.      The fact that part or all of any discovery request has been answered should not be

21 | construed to be a waiver of any objection any discovery request.

22 | 9.      Responding party generally objects to each and every one of the voluminous 170 requests

23 | and the scope of the requests as overbroad, as the requests include privileged and confidential documents

24 | protected by the attorney-client privilege and the attorney work product doctrine. A privilege log has

25 | been prepared, listing or otherwise identifying said privileged documents. The privileged and

26 | confidential documents will not be produced.

27 | 10.      Responding party further objects to each and every one of the 170 requests propounded by

28 | plaintiff, as the aforesaid requests are burdensome and oppressive in that the responses, research,

**DEFENDANT COUNTY OF SAN MATEO'S RESPONSE TO PLAINTIFF'S DOCUMENT**
**REQUEST SET TWO**

1   organization and production of these documents has required well over one hundred work hours and the

2   production of over 10,000 documents.

3        11.    Responding party will produce all unprivileged documents falling within scope of

4   Plaintiffs' request – should said documents exist - for inspection and copying of Defendants at a mutually

5   agreeable date and time at the Offices of County Counsel, 400 County Center, Sixth Floor, Redwood

6   City, California.

7        Respondent Party responds to each and every discovery request subject to the foregoing, and each

8   of the foregoing statements and objections is incorporated by reference into each of the following

9   responses:

10       Pursuant to the Federal Rules of Civil Procedure Rule 34(b)(2), responding party, COUNTY OF

11  SAN MATEO further responds to Plaintiff's First Request for Production of Documents served by Mail

12  on April 1, 2008, as follows:

13  REQUEST NO. 1:

14       Each and every document that you or anyone acting on your behalf possess that supports your

15  contention that "[a]nswering paragraph 12, this defendant denies each and every allegation contained

16  therein" as alleged as p. 2, 11. 6-7 of Defendant's August 14, 2007 Answer to Plaintiffs' Complaint. For

17  Defendant's reference, paragraph 12 of Plaintiffs' Complaint provides as follows: "Plaintiffs are

18  informed and believe and thereupon allege that at all times relevant to this litigation, defendants and each

19  of them, acted in concert and/or conspired to cause the harm and damage alleged herein."

20  RESPONSE TO REQUEST NO. 1:

21       Respondent objects to this request in that Plaintiffs bear the burden of proving the allegations of

22  their complaint, and Responding party is not obligated to disprove plaintiffs' allegations or to prove a

23  negative.

24       Respondent further objects to this request as overbroad, in that it includes privileged and

25  confidential documents protect by the attorney-client privilege and the attorney work product doctrine.

26  Without waiving these objections, responding party offers the 10,000 plus documents for inspection and

27  copying at a mutually agreeable time at the Office of the County Counsel, 400 County Center, Sixth

28  Floor, Redwood City, CA 94063.

1  REQUEST NO. 2:

2      Each and every document that you or anyone acting on your behalf possess that supports your

3  contention that "[a]nswering paragraph 13, this defendant denies each and every allegation that '[t]he

4  County designed Park Road (and in the past has maintained it) to prevent rain water from accumulating

5  and draining on to the upper portion of Plaintiffs' property'" as alleged at p. 2, 11. 8-11 of Defendant's

6  August 14, 2007 Answer to Plaintiffs' Complaint. For Defendant's reference, paragraph 13 of Plaintiff's

7  Complaint provides as follows: "Plaintiffs reside at 2511 Park Road, Redwood City, California. They

8  live in an unincorporated area of Redwood City that is within the jurisdiction of the County Sheriff's

9  Department and the County Department of Public Works ("DPW"). Plaintiffs' property has a steep hill

10  that is wooded and included several mature heritage oak trees. The County maintains Park Road that runs

11  next to Plaintiffs' property. The County designed Park Road (and in the past has maintained it) to prevent

12  rainwater from accumulating and draining on to the upper portion of Plaintiffs' property."

13  RESPONSE TO REQUEST NO. 2:

14      Respondent objects to this request in that Plaintiffs bear the burden of proving the allegations of

15  their complaint, and Responding party is not obligated to disprove plaintiffs' allegations or to prove a

16  negative.

17      Respondent further objects to this request as overbroad, in that it includes privileged and

18  confidential documents protect by the attorney-client privilege and the attorney work product doctrine.

19  Without waiving these objections, responding party offers the 10,000 plus documents for inspection and

20  copying at a mutually agreeable time at the Office of the County Counsel, 400 County Center, Sixth

21  Floor, Redwood City, CA 94063.

22  REQUEST NO. 3:

23      Each and every document that you or anyone acting on your behalf possess that supports your

24  contention that "[a]nswering paragraph 14, this defendant denies each and every allegation contained

25  therein" as alleged at p. 2, 11. 12-13 of Defendant's August 14, 2007 Answer to Plaintiffs' Complaint.

26  For Defendant's reference, paragraph 14 of Plaintiff's Complaint provides as follows: "Beginning in the

27  fall of 2003, it not sooner, Plaintiffs report to County employees erosion issues relating to water being

28  diverted onto their property from Park Road. Plaintiff Michael Toschi spoke with the DPW employees

1 Joe Costa and Mark Marelich to express his concerns that the erosion caused by the water run-off from

2 Park Road was creating a safety hazard on his property. Plaintiff Michael Toschi advised Joe Costa and

3 Mark Marelich that trees on his property were being threatened by the water run-off from Park Road.

4 Specifically, Plaintiff Michael Toschi warned Joe Costa and Mark Marelich that the heritage oak trees on

5 his property could fall and cause serious property damage, physical injury and even death, particularly to

6 and elderly neighbor whose home is close to some of the trees on his property.

7 RESPONSE TO REQUEST NO. 3:

8       Respondent objects to this request in that Plaintiffs bear the burden of proving the allegations of

9 their complaint, and Responding party is not obligated to disprove plaintiffs' allegations or to prove a

10 negative.

11       Respondent further objects to this request as overbroad, in that it includes privileged and

12 confidential documents protect by the attorney-client privilege and the attorney work product doctrine.

13 Without waiving these objections, responding party offers the 10,000 plus documents for inspection and

14 copying at a mutually agreeable time at the Office of the County Counsel, 400 County Center, Sixth

15 Floor, Redwood City, CA 94063.

16 REQUEST NO. 4:

17       Each and every document that you or anyone acting on your behalf possess that supports your

18 contention that "[a]nswering paragraph 15, this defendant denies each and every allegation contained

19 therein" as alleged at p. 3, 11. 14-15 of Defendant's August 14, 2007 Answer to Plaintiffs' Complaint.

20 For Defendant's reference, paragraph 15 of Plaintiff's Complain provides as follows: "Defendant Don

21 Dallimonti and Rhonda Dallimonti are neighbors of the Plaintiffs. Defendants Don Dallimonti and

22 Rhonda Dallimonti often drove their vehicles onto Plaintiffs' property when entering and exiting the

23 driveway of their residence. The driving of vehicles by Don Dallimonti and Rhonda Dallimonti damaged

24 Plaintiffs' property by causing subsidence and altering adversely the pattern of storm drainage from Park

25 Road onto Plaintiffs' property, causing substantial erosion to Plaintiffs' property."

26 RESPONSE TO REQUEST NO. 4:

27       Respondent objects to this request in that Plaintiffs bear the burden of proving the allegations of

28 their complaint, and Responding party is not obligated to disprove plaintiffs' allegations or to prove a

1  negative.

2      Respondent further objects to this request as overbroad, in that it includes privileged and

3  confidential documents protect by the attorney-client privilege and the attorney work product doctrine.

4  Without waiving these objections, responding party offers the 10,000 plus documents for inspection and

5  copying at a mutually agreeable time at the Office of the County Counsel, 400 County Center, Sixth

6  Floor, Redwood City, CA 94063.

7  REQUEST NO. 5:

8      Each and every document that you or anyone acting on your behalf possess that supports your

9  contention that "[a]nswering paragraph 20, this defendant denies each and every allegation contained

10  therein" as alleged at p. 2, 11. 24-25 of Defendant's August 14, 2007 Answer to Plaintiffs' Complaint.

11  For Defendant's reference, paragraph 20 of Plaintiff's Complain provides as follows: "During the fall of

12  2005, Don Dallimonti, in concert with Mark Marelich, forced gardeners hired by Plaintiffs to stop work

13  on Plaintiffs' property."

14  RESPONSE TO REQUEST NO. 5:

15      Respondent objects to this request in that Plaintiffs bear the burden of proving the allegations of

16  their complaint, and Responding party is not obligated to disprove plaintiffs' allegations or to prove a

17  negative.

18      Respondent further objects to this request as overbroad, in that it includes privileged and

19  confidential documents protect by the attorney-client privilege and the attorney work product doctrine.

20  Without waiving these objections, responding party offers the 10,000 plus documents for inspection and

21  copying at a mutually agreeable time at the Office of the County Counsel, 400 County Center, Sixth

22  Floor, Redwood City, CA 94063.

23  REQUEST NO. 6:

24      Each and every document that you or anyone acting on your behalf possess that supports your

25  contention that "[a]nswering paragraph 22, this defendant denies each and every allegation contained

26  therein" as alleged at p. 2, 1. 28 to p. 3, 1. 1 of Defendant's August 14, 2007 Answer to Plaintiffs'

27  Complaint. For Defendant's reference, paragraph 22 of Plaintiff's Complain provides as follows: "In July

28  2006, Plaintiff Michael Toschi met with Mark Marelich to discuss creating a berm adjacent to Park Road

1  and on Plaintiff's property as a remedy to the erosion caused by the water run-off from Park Road onto

2  Plaintiffs' property. Don Dallimonti interrupted this meeting and demanded that Michael Toschi not

3  create a berm on the property to prevent further erosion. In July 2006 (soon after Don Dallimonti

4  interrupted the meeting between Plaintiff Michael Toschi and Mark Marelich), Defendant County sent a

5  notice to Plaintiffs demanding that they remove the berm on their property."

6  RESPONSE TO REQUEST NO. 6:

7      Respondent objects to this request in that Plaintiffs bear the burden of proving the allegations of

8  their complaint, and Responding party is not obligated to disprove plaintiffs' allegations or to prove a

9  negative.

10     Respondent further objects to this request as overbroad, in that it includes privileged and

11  confidential documents protect by the attorney-client privilege and the attorney work product doctrine.

12  Without waiving these objections, responding party offers the 10,000 plus documents for inspection and

13  copying at a mutually agreeable time at the Office of the County Counsel, 400 County Center, Sixth

14  Floor, Redwood City, CA 94063.

15  REQUEST NO. 7:

16     Each and every document that you or anyone acting on your behalf possess that supports your

17  contention that "This defendant denies the remaining allegations of paragraph 26" as alleged at p. 3, 1. 10

18  of Defendant's August 14, 2007 Answer to Plaintiffs' Complaint. For Defendant's reference, paragraph

19  26 of Plaintiff's Complaint provides as follows: "On or about August 10, 2006, Plaintiff Michael Toschi

20  met with Lisa Ekers, the Road Operations Manager of the County Department of Public Works

21  ("DPW"), to discuss a remedy for the erosion on Plaintiffs' property. Lisa Ekers agreed with Plaintiff

22  Michael Toschi's proposed plan to construct a rainwater run-off swale to prevent further erosion to

23  Plaintiffs' property.

24  RESPONSE TO REQUEST NO. 7:

25     Respondent objects to this request in that Plaintiffs bear the burden of proving the allegations of

26  their complaint, and Responding party is not obligated to disprove plaintiffs' allegations or to prove a

27  negative.

28     Respondent further objects to this request as overbroad, in that it includes privileged and

1  confidential documents protect by the attorney-client privilege and the attorney work product doctrine.

2  Without waiving these objections, responding party offers the 10,000 plus documents for inspection and

3  copying at a mutually agreeable time at the Office of the County Counsel, 400 County Center, Sixth

4  Floor, Redwood City, CA 94063.

5  REQUEST NO. 8:

6      Each and every document that you or anyone acting on your behalf possess that supports your

7  contention that "[a]nswering paragraph 27, this defendant denies the allegation that '[o]n April [sic] 27,

8  2006, the County issued to plaintiffs and "Encroachment Permit' dated August 23, 2006 that was valid

9  through September 15, 2006 for Plaintiffs' erosion mediation plans'" as alleged at p.3, 11. 11-13 of

10  Defendant's August 14, 2007 Answer to Plaintiffs' Complaint. For Defendant's reference, paragraph 27

11  of Plaintiff's Complain provides as follows: "Plaintiff Michael Toschi agreed to submit a permit

12  application to remove the berm, repair erosion, remove a fallen oak tree, and install new plantings. On

13  August 27, 2006, the County issued to Plaintiffs an "Encroachment Permit" dated August 23, 2006 that

14  was valid through September 15, 2006 for Plaintiffs' erosion remediation plans. A correct copy of the

15  Encroachment Permit is attached as Exhibit A."

16  RESPONSE TO REQUEST NO. 8:

17      Respondent objects to this request in that Plaintiffs bear the burden of proving the allegations of

18  their complaint, and Responding party is not obligated to disprove plaintiffs' allegations or to prove a

19  negative.

20      Respondent further objects to this request as overbroad, in that it includes privileged and

21  confidential documents protect by the attorney-client privilege and the attorney work product doctrine.

22  Without waiving these objections, responding party offers the 10,000 plus documents for inspection and

23  copying at a mutually agreeable time at the Office of the County Counsel, 400 County Center, Sixth

24  Floor, Redwood City, CA 94063.

25  REQUEST NO. 9:

26      Each and every document that you or anyone acting o your behalf possess that supports your

27  contention that "[a]s to the remaining allegation that 'Weidner demanded that Michael Toschi produce a

28  County permit for work being done on Plaintiffs' property, defendant denies the aforesaid allegation" as

1  alleged at p. 3, 11. 24-26 of Defendant's August 14, 2007 Answer to Plaintiffs' Complaint. For

2  Defendant's reference, paragraph 31 of Plaintiff's Complaint provides as follows: "Shortly thereafter,

3  Defendant David Weidner responded to a call from the Dallimontis. Deputy Weidner approached

4  Plaintiff Michael Toschi on his own property. Weidner demanded that Michael Toschi produce a County

5  permit for the work being done on Plaintiffs' property."

6  <u>RESPONSE TO REQUEST NO. 9:</u>

7      R Respondent objects to this request in that Plaintiffs bear the burden of proving the allegations

8  of their complaint, and Responding party is not obligated to disprove plaintiffs' allegations or to prove a

9  negative.

10      Respondent further objects to this request as overbroad, in that it includes privileged and

11  confidential documents protect by the attorney-client privilege and the attorney work product doctrine.

12  Without waiving these objections, responding party offers the 10,000 plus documents for inspection and

13  copying at a mutually agreeable time at the Office of the County Counsel, 400 County Center, Sixth

14  Floor, Redwood City, CA 94063.

15      The County further objects to this request as compound, burdensome and oppressive.  The

16  County further objects to this request as calling for documents protected by the Official Information

17  Privilege, Deputy Sheriff Weidner's rights to privacy under the United States Constitution and the

18  California Constitution, the right to privacy in personnel files, Cal. Penal Code sections 832.7 and 832.8

19  and Cal. Evid. Code section 1043.  The County further alleges that Plaintiffs are already in possession of

20  such documents, and it is further burdensome and oppressive for the County to have to produce these

21  same documents to Plaintiff.  Without waiving the foregoing objections, to the extent such relevant, non-

22  privileged documents are in the possession of the County, the County shall produce them at a mutually

23  convenient time and date.

24  <u>REQUEST NO. 10:</u>

25      Each and every document that you or anyone acting on your behalf possess that supports your

26  contention that "[a]nswering paragraph 33, this defendant denies each and every allegation contained

27  therein" as alleged at p. 4, 11. 1-2 of Defendant's August 14, 2007 Answer to Plaintiffs' Complaint. For

28  Defendant's reference, paragraph 33 of Plaintiff's Complain provides as follows: "Deputy Weidner

1    refused to allow Michael Toschi to leave to attend the wedding. Instead, Deputy Weidner detained

2    Michael Toschi and drove him in his patrol vehicle to Michael Toschi's business office in San Carlos in

3    order to have him produce the Encroachment Permit. By the time Deputy Weidner released Michael

4    Toschi from his custody, the Toschi family had missed the wedding."

5    RESPONSE TO REQUEST NO. 10:

6        Respondent objects to this request in that Plaintiffs bear the burden of proving the allegations of

7    their complaint, and Responding party is not obligated to disprove plaintiffs' allegations or to prove a

8    negative.

9        Respondent further objects to this request as overbroad, in that it includes privileged and

10   confidential documents protect by the attorney-client privilege and the attorney work product doctrine.

11   Without waiving these objections, responding party offers the 10,000 plus documents for inspection and

12   copying at a mutually agreeable time at the Office of the County Counsel, 400 County Center, Sixth

13   Floor, Redwood City, CA 94063.

14       The County further objects to this request as compound, burdensome and oppressive.  The

15   County further objects to this request as calling for documents protected by the Official Information

16   Privilege, Deputy Sheriff Weidner's rights to privacy under the United States Constitution and the

17   California Constitution, the right to privacy in personnel files, Cal. Penal Code sections 832.7 and 832.8

18   and Cal. Evid. Code section 1043. The County further alleges that Plaintiffs are already in possession of

19   such documents, and it is further burdensome and oppressive for the County to have to produce these

20   same documents to Plaintiff. Without waiving the foregoing objections, to the extent such relevant, non-

21   privileged documents are in the possession of the County, the County shall produce them at a mutually

22   convenient time and date.

23   REQUEST NO. 11:

24       Each and every document that you or anyone acting on your behalf possess that supports your

25   contention that "[a]nswering paragraph 35, …. Defendant denies the remaining allegation contained

26   therein" as alleged at p. 4, 11. 5-8 of Defendant's August 14, 2007 Answer to Plaintiffs' Complaint. For

27   Defendant's reference, paragraph 35 of Plaintiff's Complain provides as follows: "On September 26,

28   2006, Defendant Neil Cullen, Director of the DPW, wrote a letter to Michael Toschi directing him to

1  remove the plants and the berm for allegedly being done in violation of the Encroachment Permit.

2  Plaintiff Michael Toschi responded to Defendant Neil Cullen by letter on September 29, 2006 in which

3  he addressed Defendant Neil Cullen's allegations and explained his efforts to prevent future erosion to

4  his property.

5  RESPONSE TO REQUEST NO. 11:

6      Respondent objects to this request in that Plaintiffs bear the burden of proving the allegations of

7  their complaint, and Responding party is not obligated to disprove plaintiffs' allegations or to prove a

8  negative.

9      Respondent further objects to this request as overbroad, in that it includes privileged and

10  confidential documents protect by the attorney-client privilege and the attorney work product doctrine.

11  Without waiving these objections, responding party offers the 10,000 plus documents for inspection and

12  copying at a mutually agreeable time at the Office of the County Counsel, 400 County Center, Sixth

13  Floor, Redwood City, CA 94063.

14  REQUEST NO. 12:

15      Each and every document that you or anyone acting on your behalf possess that supports your

16  contention that "[a]nswering paragraph 36, this defendant denies each and every allegation contained

17  therein" as alleged at p.4, 11. 9-10 of Defendant's August 14, 2007 Answer to Plaintiff's Complaint. For

18  Dependant's reference, paragraph 36 of Plaintiff's Complaint provides as follows: "On October 20, 2006,

19  Defendant Neil Cullen sent a Notice to Remove Encroachment to Plaintiffs. The Notice to remove

20  Encroachment directed Plaintiffs to remove the berm and plantings that remain in the "right-of-way" on

21  Plaintiffs' property because the Encroachment Permit, which the County issued on August 23, 2006, had

22  expired on September 15, 2006."

23  RESPONSE TO REQUEST NO. 12:

24      Respondent objects to this request in that Plaintiffs bear the burden of proving the allegations of

25  their complaint, and Responding party is not obligated to disprove plaintiffs' allegations or to prove a

26  negative.

27      Respondent further objects to this request as overbroad, in that it includes privileged and

28  confidential documents protect by the attorney-client privilege and the attorney work product doctrine.

1    Without waiving these objections, responding party offers the 10,000 plus documents for inspection and

2    copying at a mutually agreeable time at the Office of the County Counsel, 400 County Center, Sixth

3    Floor, Redwood City, CA 94063.

4    REQUEST NO. 13:

5        Each and every document that you or anyone acting on your behalf possess that supports your

6    contention that "[a]nswering paragraph 37, .... Defendant denies the remaining allegations contained

7    therein" as alleged at p.4, 11. 11-12 of Defendant's August 14, 2007 Answer to Plaintiffs' Complaint.

8    For Defendant's reference, paragraph 37 of Plaintiff's Complaint provides as follows: "On November 6,

9    2006, Plaintiffs met with Lisa Ekers to discuss the Plaintiffs attempt to perform work on their property in

10   accordance with the Encroachment Permit. After inspecting Plaintiffs' property, Lisa Ekers informed

11   Plaintiffs that it appeared that Plaintiffs had complies with the requirements of the Encroachment Permit.

12   Specifically, Lisa Ekers observed that Plaintiffs had removed the berm and planted the English Laurel

13   shrubs as approved by the Encroachment Permit. Lisa Ekers also stated that the County would repair the

14   swale along the edge of Park Road adjacent to Plaintiffs' property to prevent water run-off and further

15   erosion on Plaintiffs' property."

16   RESPONSE TO REQUEST NO. 13:

17       Respondent objects to this request in that Plaintiffs bear the burden of proving the allegations of

18   their complaint, and Responding party is not obligated to disprove plaintiffs' allegations or to prove a

19   negative.

20       Respondent further objects to this request as overbroad, in that it includes privileged and

21   confidential documents protect by the attorney-client privilege and the attorney work product doctrine.

22   Without waiving these objections, responding party offers the 10,000 plus documents for inspection and

23   copying at a mutually agreeable time at the Office of the County Counsel, 400 County Center, Sixth

24   Floor, Redwood City, CA 94063.

25   REQUEST NO. 14:

26       Each and every document that you are anyone acting on your behalf possess that supports your

27   contention that "[a]nswering paragraph 43, this defendant denies each and every allegation contained

28   therein" as alleged at p.4, 11. 23-24 of Defendant's August 14, 2007 Answer to Plaintiffs' Complaint.

1  For Defendant's reference, paragraph 43 of Plaintiff's Complaint provides as follows: "On or about

2  December 7, 2006, employees of the County entered onto Plaintiffs' property and among other things:

3  (1) removed all 12 of the English Laurel shrubs that Plaintiff planted on Plaintiffs' property pursuant to

4  the Encroachment Permit; (2) cut trees and greenery (which exposed the claimants' house to viewing

5  from the home of Don Dallimonti and Rhonda Dallimonti) on Plaintiffs' property; and (3) constructed

6  and paved a crude asphalt swale along Plaintiffs' property line along Park Road, intentionally designed to

7  direct water run-off from Park Road onto Plaintiffs' property rather than continuing down Park Road to a

8  County catch basin. Swale construction was significantly poorer in quality, compared to similar swales

9  along neighborhood streets."

10  RESPONSE TO REQUEST NO. 14:

11        Respondent objects to this request in that Plaintiffs bear the burden of proving the allegations of

12  their complaint, and Responding party is not obligated to disprove plaintiffs' allegations or to prove a

13  negative.

14        Respondent further objects to this request as overbroad, in that it includes privileged and

15  confidential documents protect by the attorney-client privilege and the attorney work product doctrine.

16  Without waiving these objections, responding party offers the 10,000 plus documents for inspection and

17  copying at a mutually agreeable time at the Office of the County Counsel, 400 County Center, Sixth

18  Floor, Redwood City, CA 94063.

19  REQUEST NO. 15:

20        Each and every document that you or anyone acting on your behalf possess that supports your

21  contention that "[a]nswering paragraph 44, this defendant denies each and every allegation contained

22  therein" as alleged at p. 4, 11. 25-26 of Defendant's August 14, 2007 Answer to Plaintiffs' Complaint.

23  For Defendant's reference, paragraph 44 of Plaintiff's Complaint provides as follows: "On several

24  occasions since December 7, 2005, Plaintiffs placed sandbags on their property to divert water run-off

25  away from Plaintiffs' property. On each occasion that Plaintiffs placed sandbags on their property,

26  employees of the County removed sand bags, apparently after Defendant Don and/or Rhonda Dallimonti

27  called the County."

28  ///

1 | RESPONSE TO REQUEST NO 15:

2 |      Respondent objects to this request in that Plaintiffs bear the burden of proving the allegations of

3 | their complaint, and Responding party is not obligated to disprove plaintiffs' allegations or to prove a

4 | negative.

5 |      Respondent further objects to this request as overbroad, in that it includes privileged and

6 | confidential documents protect by the attorney-client privilege and the attorney work product doctrine.

7 | Without waiving these objections, responding party offers the 10,000 plus documents for inspection and

8 | copying at a mutually agreeable time at the Office of the County Counsel, 400 County Center, Sixth

9 | Floor, Redwood City, CA 94063.

10 | REQUEST NO. 16:

11 |      Each and every document that you or anyone acting on your behalf possess that supports your

12 | contention that "[a]nswring paragraph 45, this defendant denies the allegation that County employee

13 | Steve Ballisteri told Michael Toschi that he had been instructed not to respond to emergency calls at

14 | Plaintiffs' property doe to some lawsuit'" as alleged at p. 4, 1. 27 to p. 5, 1. 1 of Defendant's August 14,

15 | 2007 Answer to Plaintiffs' Complaint. For defendant's reference, paragraph 45 of Plaintiff's Complaint

16 | provides as follows: "On December 16, 2006, Plaintiff Michael Toschi called the DPW and requested

17 | that it not remove sandbags placed by Plaintiffs near the asphalt swale recently constructed by the

18 | County. County employee Steve Ballisteri told Michael Toschi that he had been instructed not to respond

19 | to emergency calls at Plaintiffs' property due to 'some lawsuit.'"

20 | RESPONSE TO REQUEST NO. 16:

21 |      Respondent objects to this request in that Plaintiffs bear the burden of proving the allegations of

22 | their complaint, and Responding party is not obligated to disprove plaintiffs' allegations or to prove a

23 | negative.

24 |      Respondent further objects to this request as overbroad, in that it includes privileged and

25 | confidential documents protect by the attorney-client privilege and the attorney work product doctrine.

26 | Without waiving these objections, responding party offers the 10,000 plus documents for inspection and

27 | copying at a mutually agreeable time at the Office of the County Counsel, 400 County Center, Sixth

28 | Floor, Redwood City, CA 94063.

1  REQUEST NO. 17:

2      Each and every document that you or anyone acting on your behalf possess that supports your

3  contention that "[a]nswering paragraph 48, this defendant denies the allegation that Plaintiffs must apply

4  for and receive a permit prior to performing any further work intended to remedy the hazardous condition

5  on Plaintiffs' property" as alleged at p. 5, 11. 8-10 of Defendant's August 14, 2007 Answer to Plaintiffs'

6  Complaint. For Defendant's reference, paragraph 48 of Plaintiff's Complaint provides as follows: "On

7  December 29, 2006, Defendant Neil Cullen wrote a letter to Plaintiff Michael Toschi in which he stated

8  in pertinent part: "[T]he recent paving of the drainage swale was not intended to and will not elimination

9  the issue of storm water runoff on your property, and the runoff is likely to continue its historic pattern of

10  draining onto your property." Defendant Neil Cullen stated that the County continues to "maintain the

11  drainage paths as they existed prior to the encroachments" and that Plaintiffs must apply for and receive a

12  permit prior to performing any further work intended to remedy the hazardous condition on Plaintiffs'

13  property. A correct copy of Defendant Neil Cullen's December 29, 2006 letter is attached as Exhibit F."

14  RESPONSE TO REQUEST NO. 17:

15      Respondent objects to this request in that Plaintiffs bear the burden of proving the allegations of

16  their complaint, and Responding party is not obligated to disprove plaintiffs' allegations or to prove a

17  negative.

18      Respondent further objects to this request as overbroad, in that it includes privileged and

19  confidential documents protect by the attorney-client privilege and the attorney work product doctrine.

20  Without waiving these objections, responding party offers the 10,000 plus documents for inspection and

21  copying at a mutually agreeable time at the Office of the County Counsel, 400 County Center, Sixth

22  Floor, Redwood City, CA 94063.

23  REQUEST NO. 18:

24      Each and every document that you or anyone acting on your behalf possess that supports your

25  contention that "Defendant denies the remaining allegations of paragraph 54" as alleged at p. 5, 11. 22-25

26  of Defendant's August 14, 2007 Answer to Plaintiffs' Complaint. For Defendant's reference, paragraph

27  54 of Plaintiff's Complaint provides as follows: "On or about May 24, 2007, Plaintiff Tracy Toschi

28  applied for a fence permit at the San Mateo County Planning and Building Department. After several

1  visits, and conflicting information from different County employees, Plaintiff Tracy Toschi was informed

2  that no permit could be issued, although she had complied with all requirements, pending advice from

3  County Counsel for Defendant County of San Mateo."

4  RESPONSE TO REQUEST NO. 18:

5        Respondent objects to this request in that Plaintiffs bear the burden of proving the allegations of

6  their complaint, and Responding party is not obligated to disprove plaintiffs' allegations or to prove a

7  negative.

8        Respondent further objects to this request as overbroad, in that it includes privileged and

9  confidential documents protect by the attorney-client privilege and the attorney work product doctrine.

10  Without waiving these objections, responding party offers the 10,000 plus documents for inspection and

11  copying at a mutually agreeable time at the Office of the County Counsel, 400 County Center, Sixth

12  Floor, Redwood City, CA 94063.

13  REQUEST NO. 19:

14        Each and every document that you or anyone acting on your behalf possess that supports your

15  contention that "[a]nswering paragraph 56, this defendant denies each and every allegation contained

16  therein" as alleged at p.5, 1. 28 to p. 6, 1. 1 of Defendant's August 14, 2007 Answer to Plaintiffs'

17  Complaint. For Defendant's reference, paragraph 56 of Plaintiff's Complaint provides as follows: "The

18  Plaintiff's property is still in a dangerous condition as a result of the defendants' acts and omissions. If

19  this condition is not remedied before the next rainy season, it is likely that irreparable harm will occur to

20  Plaintiffs' property and to their neighbors. The legal remedy for damages is inadequate and this

21  condition, if not remedied, will foreseeably cause irreparable harm to Plaintiffs and neighbors' property

22  as well as threaten lives."

23  RESPONSE TO REQUEST NO. 19:

24        Respondent objects to this request in that Plaintiffs bear the burden of proving the allegations of

25  their complaint, and Responding party is not obligated to disprove plaintiffs' allegations or to prove a

26  negative.

27        Respondent further objects to this request as overbroad, in that it includes privileged and

28  confidential documents protect by the attorney-client privilege and the attorney work product doctrine.

1  Without waiving these objections, responding party offers the 10,000 plus documents for inspection and

2  copying at a mutually agreeable time at the Office of the County Counsel, 400 County Center, Sixth

3  Floor, Redwood City, CA 94063.

4  REQUEST NO. 20:

5       Each and every document that you or anyone acting on your behalf possess that supports your

6  contention that "[f]urther answering paragraph 57, this defendant denies each and every allegation

7  contained therein" as alleged at p. 6, ll. 8-9 of Defendant's August 14, 2007 Answer to plaintiffs'

8  Complaint. For Defendant's reference, paragraph 57 of Plaintiff's Complaint provides as follows:

9  "Plaintiffs incorporate by reference each of the preceding paragraphs as though fully set forth herein, and

10  further allege as follows: The right to complain to government officials is protected by the guarantee of

11  freedom of speck in the First Amendment to the Constitution of the United States. Plaintiffs allege that

12  Defendants, and each of them, violated their constitutional rights by taking adverse action against them in

13  retaliation for the exercise of their free speech rights. Defendants, and each of them, took these actions

14  because Plaintiffs had complained about the conduct of certain employees of the County of San Mateo.

15  The acts and/ or omissions of Defendants are alleged herein, (1) were caused by customs or policies of

16  the County of San Mateo; (2) were caused by inadequate training, supervision, and/ or discipline of

17  employees of the county of san Mateo; (3) were caused by deliberate indifference of the County of San

18  Mateo; and/or (4) were ratified by final decision-makers of the County of San Mateo."

19  RESPONSE TO REQUEST NO. 20:

20       Respondent objects to this request in that Plaintiffs bear the burden of proving the allegations of

21  their complaint, and Responding party is not obligated to disprove plaintiffs' allegations or to prove a

22  negative.

23       Respondent further objects to this request as overbroad, in that it includes privileged and

24  confidential documents protect by the attorney-client privilege and the attorney work product doctrine.

25  Without waiving these objections, responding party offers the 10,000 plus documents for inspection and

26  copying at a mutually agreeable time at the Office of the County Counsel, 400 County Center, Sixth

27  Floor, Redwood City, CA 94063.

28  ///

1   REQUEST NO. 21:

2       Each and every document that you or anyone acting on your behalf possess that supports your

3   contention that "[a]nswering paragraph 58, this defendant denies each and every allegation contained

4   therein" as alleged at p. 6, 11. 10-11 of Defendant's August 14, 2007 Answer to Plaintiffs' Complaint.

5   For Defendant's reference, paragraph 58 of Plaintiff's Complain provides as follows: "Wherefore,

6   Plaintiffs pray for damage against defendants, and each of them, as set forth below."

7   RESPONSE TO REQUEST NO. 21:

8       Respondent objects to this request in that Plaintiffs bear the burden of proving the allegations of

9   their complaint, and Responding party is not obligated to disprove plaintiffs' allegations or to prove a

10   negative.

11       Respondent further objects to this request as overbroad, in that it includes privileged and

12   confidential documents protect by the attorney-client privilege and the attorney work product doctrine.

13   Without waiving these objections, responding party offers the 10,000 plus documents for inspection and

14   copying at a mutually agreeable time at the Office of the County Counsel, 400 County Center, Sixth

15   Floor, Redwood City, CA 94063.

16   REQUEST NO. 22:

17       Each and every document that you or anyone acting on your behalf osess that supports your

18   contention that "[f]urther answering paragraph 59, this defendant denies each and every allegation

19   contained therein" as alleged at 6. 8, 11. 16-17 of Defendant's August 14, 2007 Answer to Plaintiffs'

20   Complaint. For Defendant's reference, paragraph 59 of Plaintiff's Complaint provides as follows:

21   "Plaintiffs incorporate by reference each of the preceding paragraphs as though fully set forth herein, and

22   further allege as follows: The retaliation against the Plaintiffs for complaining to government officials

23   was the result of the conspiracy to deprive Plaintiffs of their constitutional rights. One or more of the

24   Defendants agreed with each other, or with one or more other persons, to accomplish the alleged

25   violation of Plaintiff's constitutional rights. The acts and/or omissions of Defendants are alleged herein,

26   (1) were caused by customs or policies of the County of San Mateo; (2) were caused by inadequate

27   training, supervision, and/or discipline of employees of the Count of San Mateo; (3) were caused by

28   deliberate indifference of the County of San Mateo; and/or (4) were ratified by final decision-makers of

1 | the County of San Mateo."

2 | RESPONSE TO REQUEST NO. 22:

3 |      Respondent objects to this request in that Plaintiffs bear the burden of proving the allegations of

4 | their complaint, and Responding party is not obligated to disprove plaintiffs' allegations or to prove a

5 | negative.

6 |      Respondent further objects to this request as overbroad, in that it includes privileged and

7 | confidential documents protect by the attorney-client privilege and the attorney work product doctrine.

8 | Without waiving these objections, responding party offers the 10,000 plus documents for inspection and

9 | copying at a mutually agreeable time at the Office of the County Counsel, 400 County Center, Sixth

10 | Floor, Redwood City, CA 94063.

11 | REQUEST NO. 23:

12 |      Each and every document that you or anyone acting on your behalf possess that supports your

13 | contention that "[a]answering paragraph 60, this defendant denies each and every allegation contained

14 | therein" as alleged at p.6, 11. 18-19 of Defendant's August 14, 2007 Answer to Plaintiffs' Complaint.

15 | For Defendant's reference, paragraph 60 of Plaintiff's Complaint provides as follows: "Wherefore,

16 | Plaintiffs pray for damages against defendants, and each of them as set forth below."

17 | RESPONSE TO REQUEST NO. 23:

18 |      Respondent objects to this request in that Plaintiffs bear the burden of proving the allegations of

19 | their complaint, and Responding party is not obligated to disprove plaintiffs' allegations or to prove a

20 | negative.

21 |      Respondent further objects to this request as overbroad, in that it includes privileged and

22 | confidential documents protect by the attorney-client privilege and the attorney work product doctrine.

23 | Without waiving these objections, responding party offers the 10,000 plus documents for inspection and

24 | copying at a mutually agreeable time at the Office of the County Counsel, 400 County Center, Sixth

25 | Floor, Redwood City, CA 94063.

26 | REQUEST NO. 24:

27 |      Each and every document that you or anyone acting on your behalf possess that supports your

28 | contention that "[f]urther answering paragraph 61, this defendant denies each and every allegation

1  contained therein" as alleged as p.6, 11. 25-26 of Defendant's August 14, 2007 Answer to Plaintiffs'

2  Complaint. For Defendant's reference, paragraph 61 of Plaintiff's Complaint provides as follows:

3  "Plaintiff Michael Toschi incorporate by reference each of the preceding paragraphs as though full set

4  forth herein, and further allege as follows: The right to be protected from having one's freedom of

5  movement restrained is protected by the guarantee of freedom from unreasonable seizures in the Fourth

6  Amendment to the Constitution of the United States. Plaintiff Michael Toschi alleges that Defendant

7  David Weidner and Does One through Fifty, and each of them, violated Plaintiff Michael Toschi's right

8  to be free from unreasonable seizures."

9  RESPONSE TO REQUEST NO. 24:

10  　　　　Respondent objects to this request in that Plaintiffs bear the burden of proving the allegations of

11  their complaint, and Responding party is not obligated to disprove plaintiffs' allegations or to prove a

12  negative.

13  　　　　Respondent further objects to this request as overbroad, in that it includes privileged and

14  confidential documents protect by the attorney-client privilege and the attorney work product doctrine.

15  Without waiving these objections, responding party offers the 10,000 plus documents for inspection and

16  copying at a mutually agreeable time at the Office of the County Counsel, 400 County Center, Sixth

17  Floor, Redwood City, CA 94063.

18  REQUEST NO. 25:

19  　　　　Each and every document that you or anyone acting on your behalf possess that supports your

20  contention that "[a]nswering paragraph 62, this defendant denies each and every allegation contained

21  therein" as alleged at p. 6, 11. 27-28 of Defendant's August 14, 2007 Answer to Plaintiffs' Complaint.

22  For Defendant's reference, paragraph 62 of Plaintiff's complaint provides as follows: "Wherefore,

23  Plaintiff Michael Toschi prays for damages against defendants, and each of them, as set forth below."

24  RESPONSE TO REQUEST NO. 25:

25  　　　　Respondent objects to this request in that Plaintiffs bear the burden of proving the allegations of

26  their complaint, and Responding party is not obligated to disprove plaintiffs' allegations or to prove a

27  negative.

28  　　　　Respondent further objects to this request as overbroad, in that it includes privileged and

1   confidential documents protect by the attorney-client privilege and the attorney work product doctrine.

2   Without waiving these objections, responding party offers the 10,000 plus documents for inspection and

3   copying at a mutually agreeable time at the Office of the County Counsel, 400 County Center, Sixth

4   Floor, Redwood City, CA 94063.

5   REQUEST NO. 26:

6         Each and every document that you or anyone acting on your behalf possess that supports your

7   contention that "[f]urther answering paragraph 63, this defendant denies each and every allegation

8   contained therein" as alleged at p. 7, 11. 7-8 of Defendant's August 14, 2007 Answer to Plaintiffs'

9   Complaint. For Defendant's reference, paragraph 63 of Plaintiff's Complaint provides as follows:

10  "Plaintiff Michael Toschi incorporated by reference each of the preceding paragraphs as though fully set

11  for herein, and further allege as follows: Defendant David Weidner and Does One through Fifty, and

12  each other them, violated Plaintiff Michael Toschi's right to be free from unreasonable seizures was

13  pursuant to a long-standing custom of practice of The County of permitting its personnel to unreasonably

14  seize citizens of the County of San Mateo. The policymakers of The County approved, ratified or were

15  deliberately indifferent to the custom or practice."

16  RESPONSE TO REQUEST NO. 26:

17        Respondent objects to this request in that Plaintiffs bear the burden of proving the allegations of

18  their complaint, and Responding party is not obligated to disprove plaintiffs' allegations or to prove a

19  negative.

20        Respondent further objects to this request as overbroad, in that it includes privileged and

21  confidential documents protect by the attorney-client privilege and the attorney work product doctrine.

22  Without waiving these objections, responding party offers the 10,000 plus documents for inspection and

23  copying at a mutually agreeable time at the Office of the County Counsel, 400 County Center, Sixth

24  Floor, Redwood City, CA 94063.

25  REQUEST NO. 27:

26        Each and every document that you or anyone acting on your behalf possess that supports your

27  contention that "[a]nswering paragraph 64, this defendant denies each and every allegation contained

28  therein" as alleged at p.7, 11. 9-10 of Defendant's August 14, 2007 Answer to Plaintiffs' Complaint. For

1    Defendant's reference, paragraph 64 of Plaintiff's Complaint provides as follows: "Wherefore, Plaintiff

2    Michael Toschi prays for damages against defendants, and each of them, as set forth below."

3    RESPONSE TO REQUEST NO. 27:

4        Respondent objects to this request in that Plaintiffs bear the burden of proving the allegations of

5    their complaint, and Responding party is not obligated to disprove plaintiffs' allegations or to prove a

6    negative.

7        Respondent further objects to this request as overbroad, in that it includes privileged and

8    confidential documents protect by the attorney-client privilege and the attorney work product doctrine.

9    Without waiving these objections, responding party offers the 10,000 plus documents for inspection and

10   copying at a mutually agreeable time at the Office of the County Counsel, 400 County Center, Sixth

11   Floor, Redwood City, CA 94063.

12   REQUEST NO. 28:

13       Each and every document that you or anyone acting on your behalf possess that supports your

14   contention that "[f]urther answering paragraph 65, this defendant denies each and every allegation

15   contained therein" as alleged at p.7, 11. 17-18 of Defendant's August 14, 2007 Answer to Plaintiffs'

16   Complaint. For Defendant's reference, paragraph 65 of Plaintiff's Complaint provides as follows:

17   "Plaintiff Michael Toschi incorporated by reference each of the preceding paragraphs as though fully set

18   forth herein, and further allege as follows:"

19   RESPONSE TO REQUEST NO. 28:

20       Respondent objects to this request in that Plaintiffs bear the burden of proving the allegations of

21   their complaint, and Responding party is not obligated to disprove plaintiffs' allegations or to prove a

22   negative.

23       Respondent further objects to this request as overbroad, in that it includes privileged and

24   confidential documents protect by the attorney-client privilege and the attorney work product doctrine.

25   Without waiving these objections, responding party offers the 10,000 plus documents for inspection and

26   copying at a mutually agreeable time at the Office of the County Counsel, 400 County Center, Sixth

27   Floor, Redwood City, CA 94063.

28   ///

1   REQUEST NO. 29:

2        Each and every document that you or anyone acting on your behalf possess that supports your

3   contention that "[a]nswering paragraph 66, this defendant denies each and every allegation contained

4   therein" as alleged at p.7, 11. 19-20 of Defendant's August 14, 2007 Answer to Plaintiffs' Complaint.

5   For Defendant's reference, paragraph 66 of Plaintiff's Complaint provides as follows: "Plaintiff Michael

6   Toschi complained to the County Sheriff's Office regarding Defendants Don Dallimonti and David

7   Weidner. In retaliation, Defendants The County, David Weidner, Don Dallimonti, Rhonda Dallimonti,

8   and Does One through Fifty, and each of them, conspired to deprive Plaintiff Michael Toschi of his

9   constitutional rights."

10  RESPONSE TO REQUEST NO. 29:

11       R Respondent objects to this request in that Plaintiffs bear the burden of proving the allegations

12  of their complaint, and Responding party is not obligated to disprove plaintiffs' allegations or to prove a

13  negative.

14       Respondent further objects to this request as overbroad, in that it includes privileged and

15  confidential documents protect by the attorney-client privilege and the attorney work product doctrine.

16  Without waiving these objections, responding party offers the 10,000 plus documents for inspection and

17  copying at a mutually agreeable time at the Office of the County Counsel, 400 County Center, Sixth

18  Floor, Redwood City, CA 94063.

19  REQUEST NO. 30:

20       Each and every document that you or anyone acting on your behalf possess that supports your

21  contention that "[a]nswering paragraph 67, this defendant denies each and every allegation contained

22  therein" as alleged at p.7, 11. 17-18 of Defendant's August 14, 2007 Answer to Plaintiffs' Complaint.

23  For Defendant's reference, paragraph 67 of Plaintiff's Complaint provides as follows: "One or more of

24  the Defendants agreed with each other, or with one or more other persona, to accomplish the alleged

25  violation of the Plaintiff Michael Toschi's constitutional rights.  The acts and/or omissions of the

26  Defendants are alleged herein, (1) were caused by customs or policies of the County of San Mateo; (2)

27  were caused by inadequate training, supervision, and/or discipline of employees of the County of San

28  Mateo; and/or (4) were ratified by final decision-makers of the County of San Mateo."

1  RESPONSE TO REQUEST NO. 30:

2      Respondent objects to this request in that Plaintiffs bear the burden of proving the allegations of

3  their complaint, and Responding party is not obligated to disprove plaintiffs' allegations or to prove a

4  negative.

5      Respondent further objects to this request as overbroad, in that it includes privileged and

6  confidential documents protect by the attorney-client privilege and the attorney work product doctrine.

7  Without waiving these objections, responding party offers the 10,000 plus documents for inspection and

8  copying at a mutually agreeable time at the Office of the County Counsel, 400 County Center, Sixth

9  Floor, Redwood City, CA 94063.

10  REQUEST NO. 31:

11      Each and every document that you or anyone acting on your behalf possess that supports your

12  contention that "[a]nswering paragraph 68, this defendant denies each and every allegation contained

13  therein" as alleged at p.7, 11. 23-24 of Defendant's August 14, 2007 Answer to Plaintiffs' Complaint.

14  For Defendant's reference, paragraph 68of Plaintiff's Complaint provides as follows: "Wherefore,

15  Plaintiff Michael Toschi prays for damages against defendants, and each of them, as set forth below."

16  RESPONSE TO REQUEST NO. 31:

17      Respondent objects to this request in that Plaintiffs bear the burden of proving the allegations of

18  their complaint, and Responding party is not obligated to disprove plaintiffs' allegations or to prove a

19  negative.

20      Respondent further objects to this request as overbroad, in that it includes privileged and

21  confidential documents protect by the attorney-client privilege and the attorney work product doctrine.

22  Without waiving these objections, responding party offers the 10,000 plus documents for inspection and

23  copying at a mutually agreeable time at the Office of the County Counsel, 400 County Center, Sixth

24  Floor, Redwood City, CA 94063.

25  REQUEST NO. 32:

26      Each and every document that you or anyone acting on your behalf possess that supports your

27  contention that "[f]urther answering paragraph 69, this defendant denies each and every allegation

28  contained therein" as alleged at p. 9, 11. 2-3 of Defendant's August 14, 2007 Answer to Plaintiffs'

1  Complaint. For Defendant's reference, paragraph 69 of Plaintiff's Complaint provides as follows:

2  "Plaintiff incorporated by reference each of the preceding paragraphs as though fully set for herein, and

3  further allege as follows:"

4  RESPONSE TO REQUEST NO. 32:

5      Respondent objects to this request in that Plaintiffs bear the burden of proving the allegations of

6  their complaint, and Responding party is not obligated to disprove plaintiffs' allegations or to prove a

7  negative.

8      Respondent further objects to this request as overbroad, in that it includes privileged and

9  confidential documents protect by the attorney-client privilege and the attorney work product doctrine.

10  Without waiving these objections, responding party offers the 10,000 plus documents for inspection and

11  copying at a mutually agreeable time at the Office of the County Counsel, 400 County Center, Sixth

12  Floor, Redwood City, CA 94063.

13  REQUEST NO. 33:

14      Each and every document that you or anyone acting on your behalf possess that supports your

15  contention that "[a]nswering paragraph 70, this defendant denies each and every allegation contained

16  therein" as alleged at p.8, 11. 4-5 of Defendant's August 14, 2007 Answer to Plaintiffs' Complaint. For

17  Defendant's reference, paragraph 70 of Plaintiff's Complaint provides as follows: "Defendant David

18  Weidner and Does One through Fifty, and each of them, intentionally deprived Plaintiff Michael Toschi

19  of his freedom of movement by use of threats of force and held him in custody."

20  RESPONSE TO REQUEST NO. 33:

21      Respondent objects to this request in that Plaintiffs bear the burden of proving the allegations of

22  their complaint, and Responding party is not obligated to disprove plaintiffs' allegations or to prove a

23  negative.

24      Respondent further objects to this request as overbroad, in that it includes privileged and

25  confidential documents protect by the attorney-client privilege and the attorney work product doctrine.

26  Without waiving these objections, responding party offers the 10,000 plus documents for inspection and

27  copying at a mutually agreeable time at the Office of the County Counsel, 400 County Center, Sixth

28  Floor, Redwood City, CA 94063.

1    REQUEST NO. 34:

2            Each and every document that you or anyone acting on your behalf possess that supports your

3    contention that "[a]nswering paragraph 71, this defendant denies each and every allegation contained

4    therein" as alleged at p.8, 11. 17 6-7 of Defendant's August 14, 2007 Answer to Plaintiffs' Complaint.

5    For Defendant's reference, paragraph 65 of Plaintiff's Complaint provides as follows: "There was an

6    unnecessary delay in releasing Plaintiff Michael Toschi from custody."

7    RESPONSE TO REQUEST NO. 34:

8            Respondent objects to this request in that Plaintiffs bear the burden of proving the allegations of

9    their complaint, and Responding party is not obligated to disprove plaintiffs' allegations or to prove a

10   negative.

11           Respondent further objects to this request as overbroad, in that it includes privileged and

12   confidential documents protect by the attorney-client privilege and the attorney work product doctrine.

13   Without waiving these objections, responding party offers the 10,000 plus documents for inspection and

14   copying at a mutually agreeable time at the Office of the County Counsel, 400 County Center, Sixth

15   Floor, Redwood City, CA 94063.

16   REQUEST NO. 35:

17           Each and every document that you or anyone acting on your behalf possess that supports your

18   contention that "[a]nswering paragraph 72, this defendant denies each and every allegation contained

19   therein" as alleged at p.8, 11. 8-9 of Defendant's August 14, 2007 Answer to Plaintiffs' Complaint. For

20   Defendant's reference, paragraph 72 of Plaintiff's Complaint provides as follows: "Plaintiff Michael

21   Toschi did not consent to the loss of his freedom of movement or the delay in releasing him from

22   custody; and "Plaintiff Michael Toschi was harmed; and'"

23   RESPONSE TO REQUEST NO. 35:

24           Respondent objects to this request in that Plaintiffs bear the burden of proving the allegations of

25   their complaint, and Responding party is not obligated to disprove plaintiffs' allegations or to prove a

26   negative.

27           Respondent further objects to this request as overbroad, in that it includes privileged and

28   confidential documents protect by the attorney-client privilege and the attorney work product doctrine.

1  Without waiving these objections, responding party offers the 10,000 plus documents for inspection and

2  copying at a mutually agreeable time at the Office of the County Counsel, 400 County Center, Sixth

3  Floor, Redwood City, CA 94063.

4  REQUEST NO. 36:

5       Each and every document that you or anyone acting on your behalf possess that supports your

6  contention that "[a]nswering paragraph 73, this defendant denies each and every allegation contained

7  therein" as alleged at p.8, 11. 10-11 of Defendant's August 14, 2007 Answer to Plaintiffs' Complaint.

8  For Defendant's reference, paragraph 72 of Plaintiff's Complaint provides as follows: "Plaintiff Michael

9  Toschi did not consent to the loss of his freedom of movement or the delay in releasing him from

10 custody."

11 RESPONSE TO REQUEST NO. 36:

12      Respondent objects to this request in that Plaintiffs bear the burden of proving the allegations of

13 their complaint, and Responding party is not obligated to disprove plaintiffs' allegations or to prove a

14 negative.

15      Respondent further objects to this request as overbroad, in that it includes privileged and

16 confidential documents protect by the attorney-client privilege and the attorney work product doctrine.

17 Without waiving these objections, responding party offers the 10,000 plus documents for inspection and

18 copying at a mutually agreeable time at the Office of the County Counsel, 400 County Center, Sixth

19 Floor, Redwood City, CA 94063.

20 REQUEST NO. 37:

21      Each and every document that you or anyone acting on your behalf possess that supports your

22 contention that "[a]nswering paragraph 74, this defendant denies each and every allegation contained

23 therein" as alleged at p.8, 11. 12-13 of Defendant's August 14, 2007 Answer to Plaintiffs' Complaint.

24 For Defendant's reference, paragraph 74 of Plaintiff's Complaint provides as follows: "Wherefore,

25 Plaintiffs pray for damages against defendants, and each of them, as set forth below."

26 RESPONSE TO REQUEST NO. 37:

27      Respondent objects to this request in that Plaintiffs bear the burden of proving the allegations of

28 their complaint, and Responding party is not obligated to disprove plaintiffs' allegations or to prove a

1 | negative.

2 | Respondent further objects to this request as overbroad, in that it includes privileged and

3 | confidential documents protect by the attorney-client privilege and the attorney work product doctrine.

4 | Without waiving these objections, responding party offers the 10,000 plus documents for inspection and

5 | copying at a mutually agreeable time at the Office of the County Counsel, 400 County Center, Sixth

6 | Floor, Redwood City, CA 94063.

7 | REQUEST NO. 38:

8 | Each and every document that you or anyone acting on your behalf possess that supports your

9 | contention that "[a]nswering paragraph 75, this defendant denies each and every allegation contained

10 | therein" as alleged at p.8, 11. 18-20 of Defendant's August 14, 2007 Answer to Plaintiffs' Complaint.

11 | For Defendant's reference, paragraph 75 of Plaintiff's Complaint provides as follows: "Plaintiffs

12 | incorporate by reference each of the preceding paragraphs as though fully set forth herein, and further

13 | allege as follows."

14 | RESPONSE TO REQUEST NO. 38:

15 | Respondent objects to this request in that Plaintiffs bear the burden of proving the allegations of

16 | their complaint, and Responding party is not obligated to disprove plaintiffs' allegations or to prove a

17 | negative.

18 | Respondent further objects to this request as overbroad, in that it includes privileged and

19 | confidential documents protect by the attorney-client privilege and the attorney work product doctrine.

20 | Without waiving these objections, responding party offers the 10,000 plus documents for inspection and

21 | copying at a mutually agreeable time at the Office of the County Counsel, 400 County Center, Sixth

22 | Floor, Redwood City, CA 94063.

23 | REQUEST NO. 39:

24 | Each and every document that you or anyone acting on your behalf possess that supports your

25 | contention that "[a]nswering paragraph 76, this defendant denies each and every allegation contained

26 | therein" as alleged at p.8, 11. 21-22 of Defendant's August 14, 2007 Answer to Plaintiffs' Complaint.

27 | For Defendant's reference, paragraph 76 of Plaintiff's Complaint provides as follows: "Defendant David

28 | Weidner and Does One through Fifty, and each of them, interfered with Plaintiff Michael Toschi's

1    Fourth Amendment right under the United States Constitution to be free from unreasonable seizures by

2    threatening or committing violent acts;"

3    RESPONSE TO REQUEST NO. 39:

4          Respondent objects to this request in that Plaintiffs bear the burden of proving the allegations of

5    their complaint, and Responding party is not obligated to disprove plaintiffs' allegations or to prove a

6    negative.

7          Respondent further objects to this request as overbroad, in that it includes privileged and

8    confidential documents protect by the attorney-client privilege and the attorney work product doctrine.

9    Without waiving these objections, responding party offers the 10,000 plus documents for inspection and

10   copying at a mutually agreeable time at the Office of the County Counsel, 400 County Center, Sixth

11   Floor, Redwood City, CA 94063.

12   REQUEST NO. 40:

13         Each and every document that you or anyone acting on your behalf possess that supports your

14   contention that "[a]nswering paragraph 77, this defendant denies each and every allegation contained

15   therein" as alleged at p.8, 11. 23-24 of Defendant's August 14, 2007 Answer to Plaintiffs' Complaint.

16   For Defendant's reference, paragraph 77 of Plaintiff's Complaint provides as follows: "Plaintiff Michael

17   Toschi believed that if he exercised his Fourth Amendment right under the United States Constitution to

18   be free from unreasonable seizures Defendant David Weidner and Does One through Fifty, and each of

19   them, would commit violence against him;"

20   RESPONSE TO REQUEST NO. 40:

21         Respondent objects to this request in that Plaintiffs bear the burden of proving the allegations of

22   their complaint, and Responding party is not obligated to disprove plaintiffs' allegations or to prove a

23   negative.

24         Respondent further objects to this request as overbroad, in that it includes privileged and

25   confidential documents protect by the attorney-client privilege and the attorney work product doctrine.

26   Without waiving these objections, responding party offers the 10,000 plus documents for inspection and

27   copying at a mutually agreeable time at the Office of the County Counsel, 400 County Center, Sixth

28   Floor, Redwood City, CA 94063.

1  REQUEST NO. 41:

2       Each and every document that you or anyone acting on your behalf possess that supports your

3  contention that "[a]nswering paragraph 78, this defendant denies each and every allegation contained

4  therein" as alleged at p.8, 11. 25-26 of Defendant's August 14, 2007 Answer to Plaintiffs' Complaint.

5  For Defendant's reference, paragraph 78 of Plaintiff's Complaint provides as follows: "Plaintiff Michael

6  Toschi was harmed;"

7  RESPONSE TO REQUEST NO. 41:

8       Respondent objects to this request in that Plaintiffs bear the burden of proving the allegations of

9  their complaint, and Responding party is not obligated to disprove plaintiffs' allegations or to prove a

10  negative.

11       Respondent further objects to this request as overbroad, in that it includes privileged and

12  confidential documents protect by the attorney-client privilege and the attorney work product doctrine.

13  Without waiving these objections, responding party offers the 10,000 plus documents for inspection and

14  copying at a mutually agreeable time at the Office of the County Counsel, 400 County Center, Sixth

15  Floor, Redwood City, CA 94063.

16  REQUEST NO. 42:

17       Each and every document that you or anyone acting on your behalf possess that supports your

18  contention that "[a]nswering paragraph 79, this defendant denies each and every allegation contained

19  therein" as alleged at p.8, 11. 27-28 of Defendant's August 14, 2007 Answer to Plaintiffs' Complaint.

20  For Defendant's reference, paragraph 79 of Plaintiff's Complaint provides as follows: "The conduct of

21  Defendant David Weidner and Does One through Fifty, and each of them, was a substantial factor

22  causing Plaintiff Michael Toschi's harm;"

23  RESPONSE TO REQUEST NO. 42:

24       Respondent objects to this request in that Plaintiffs bear the burden of proving the allegations of

25  their complaint, and Responding party is not obligated to disprove plaintiffs' allegations or to prove a

26  negative.

27       Respondent further objects to this request as overbroad, in that it includes privileged and

28  confidential documents protect by the attorney-client privilege and the attorney work product doctrine.

1  Without waiving these objections, responding party offers the 10,000 plus documents for inspection and

2  copying at a mutually agreeable time at the Office of the County Counsel, 400 County Center, Sixth

3  Floor, Redwood City, CA 94063.

4  REQUEST NO. 43:

5  　　　Each and every document that you or anyone acting on your behalf possess that supports your

6  contention that "[a]nswering paragraph 80, this defendant denies each and every allegation contained

7  therein" as alleged at p.9, 11. 1-2 of Defendant's August 14, 2007 Answer to Plaintiffs' Complaint. For

8  Defendant's reference, paragraph 80 of Plaintiff's Complaint provides as follows: "Wherefore, Plaintiffs

9  pray for damages against defendants, and each of them, as set for below."

10  RESPONSE TO REQUEST NO. 43:

11  　　　Respondent objects to this request in that Plaintiffs bear the burden of proving the allegations of

12  their complaint, and Responding party is not obligated to disprove plaintiffs' allegations or to prove a

13  negative.

14  　　　Respondent further objects to this request as overbroad, in that it includes privileged and

15  confidential documents protect by the attorney-client privilege and the attorney work product doctrine.

16  Without waiving these objections, responding party offers the 10,000 plus documents for inspection and

17  copying at a mutually agreeable time at the Office of the County Counsel, 400 County Center, Sixth

18  Floor, Redwood City, CA 94063.

19  REQUEST NO. 44:

20  　　　Each and every document that you or anyone acting on your behalf possess that supports your

21  contention that "[f]urther answering paragraph 81, this defendant denies each and every allegation

22  contained therein" as alleged at p. 9, 11.7-8 of Defendant's August 14, 2007 Answer to Plaintiffs'

23  Complaint. For Defendant's reference, paragraph 81 of Plaintiff's Complaint provides as follows:

24  "Plaintiffs incorporate by reference each of the preceding paragraphs as though fully set forth herein, and

25  further allege as follows:"

26  RESPONSE TO REQUEST NO. 44:

27  　　　Respondent objects to this request in that Plaintiffs bear the burden of proving the allegations of

28  their complaint, and Responding party is not obligated to disprove plaintiffs' allegations or to prove a

1  negative.

2      Respondent further objects to this request as overbroad, in that it includes privileged and

3  confidential documents protect by the attorney-client privilege and the attorney work product doctrine.

4  Without waiving these objections, responding party offers the 10,000 plus documents for inspection and

5  copying at a mutually agreeable time at the Office of the County Counsel, 400 County Center, Sixth

6  Floor, Redwood City, CA 94063.

7  REQUEST NO. 45:

8      Each and every document that you or anyone acting on your behalf possess that supports your

9  contention that "[a]nswering paragraph 82, this defendant denies each and every allegation contained

10  therein" as alleged at p.9, 11. 9-10 of Defendant's August 14, 2007 Answer to Plaintiffs' Complaint. For

11  Defendant's reference, paragraph 82 of Plaintiff's Complaint provides as follows: "By performing the

12  acts described above, defendants County San Mateo and Does One through Fifty, and each of them, have

13  intentionally, recklessly and/or negligently entered upon Plaintiffs' real property."

14  RESPONSE TO REQUEST NO. 45:

15      Respondent objects to this request in that Plaintiffs bear the burden of proving the allegations of

16  their complaint, and Responding party is not obligated to disprove plaintiffs' allegations or to prove a

17  negative.

18      Respondent further objects to this request as overbroad, in that it includes privileged and

19  confidential documents protect by the attorney-client privilege and the attorney work product doctrine.

20  Without waiving these objections, responding party offers the 10,000 plus documents for inspection and

21  copying at a mutually agreeable time at the Office of the County Counsel, 400 County Center, Sixth

22  Floor, Redwood City, CA 94063.

23  REQUEST NO. 46:

24      Each and every document that you or anyone acting on your behalf possess that supports your

25  contention that "[a]nswering paragraph 83, this defendant denies each and every allegation contained

26  therein" as alleged at p.9, 11. 11-12 of Defendant's August 14, 2007 Answer to Plaintiffs' Complaint.

27  For Defendant's reference, paragraph 83 of Plaintiff's Complaint provides as follows: "Plaintiffs did not

28  give defendants County of San Mateo and Does One though Fifty, and each of them, permission to enter

1 | upon Plaintiffs' real property."

2 | RESPONSE TO REQUEST NO. 46:

3 | Respondent objects to this request in that Plaintiffs bear the burden of proving the allegations of

4 | their complaint, and Responding party is not obligated to disprove plaintiffs' allegations or to prove a

5 | negative.

6 | Respondent further objects to this request as overbroad, in that it includes privileged and

7 | confidential documents protect by the attorney-client privilege and the attorney work product doctrine.

8 | Without waiving these objections, responding party offers the 10,000 plus documents for inspection and

9 | copying at a mutually agreeable time at the Office of the County Counsel, 400 County Center, Sixth

10 | Floor, Redwood City, CA 94063.

11 | REQUEST NO. 47:

12 | Each and every document that you or anyone acting on your behalf possess that supports your

13 | contention that "[a]nswering paragraph 84, this defendant denies each and every allegation contained

14 | therein" as alleged at p.9, 11. 13-14 of Defendant's August 14, 2007 Answer to Plaintiffs' Complaint.

15 | For Defendant's reference, paragraph 84 of Plaintiff's Complaint provides as follows: "Plaintiffs have

16 | been harmed, and will in the future continue to be harmed, by the entry of defendants County of San

17 | Mateo and Does One through Fifty, and each of them, onto Plaintiffs' real property, in that their property

18 | has been damaged or destroyed, the fair market value of Plaintiffs' real property has been diminished,

19 | and their personal safety has been and is continuing to be threatened."

20 | RESPONSE TO REQUEST NO. 47:

21 | Respondent objects to this request in that Plaintiffs bear the burden of proving the allegations of

22 | their complaint, and Responding party is not obligated to disprove plaintiffs' allegations or to prove a

23 | negative.

24 | Respondent further objects to this request as overbroad, in that it includes privileged and

25 | confidential documents protect by the attorney-client privilege and the attorney work product doctrine.

26 | Without waiving these objections, responding party offers the 10,000 plus documents for inspection and

27 | copying at a mutually agreeable time at the Office of the County Counsel, 400 County Center, Sixth

28 | Floor, Redwood City, CA 94063.

1   REQUEST NO. 48:

2       Each and every document that you or anyone acting on your behalf possess that supports your

3   contention that "[a]nswering paragraph 85, this defendant denies each and every allegation contained

4   therein" as alleged at p.9, 11. 15-16 of Defendant's August 14, 2007 Answer to Plaintiffs' Complaint.

5   For Defendant's reference, paragraph 85 of Plaintiff's Complaint provides as follows: "The entry of

6   defendants County of San Mateo and Does One through Fifty, and each of them, upon Plaintiffs' real

7   property was a substantial factor in causing Plaintiffs' harm."

8   RESPONSE TO REQUEST NO. 48:

9       Respondent objects to this request in that Plaintiffs bear the burden of proving the allegations of

10  their complaint, and Responding party is not obligated to disprove plaintiffs' allegations or to prove a

11  negative.

12      Respondent further objects to this request as overbroad, in that it includes privileged and

13  confidential documents protect by the attorney-client privilege and the attorney work product doctrine.

14  Without waiving these objections, responding party offers the 10,000 plus documents for inspection and

15  copying at a mutually agreeable time at the Office of the County Counsel, 400 County Center, Sixth

16  Floor, Redwood City, CA 94063.

17  REQUEST NO. 49:

18      Each and every document that you or anyone acting on your behalf possess that supports your

19  contention that "[a]nswering paragraph 86, this defendant denies each and every allegation contained

20  therein" as alleged at p.9, 11. 17-18 of Defendant's August 14, 2007 Answer to Plaintiffs' Complaint.

21  For Defendant's reference, paragraph 86 of Plaintiff's Complaint provides as follows: "Wherefore,

22  Plaintiffs pray for damages against defendants, and each of them, as set forth below."

23  RESPONSE TO REQUEST NO. 49:

24      Respondent objects to this request in that Plaintiffs bear the burden of proving the allegations of

25  their complaint, and Responding party is not obligated to disprove plaintiffs' allegations or to prove a

26  negative.

27      Respondent further objects to this request as overbroad, in that it includes privileged and

28  confidential documents protect by the attorney-client privilege and the attorney work product doctrine.

1 | Without waiving these objections, responding party offers the 10,000 plus documents for inspection and

2 | copying at a mutually agreeable time at the Office of the County Counsel, 400 County Center, Sixth

3 | Floor, Redwood City, CA 94063.

4 | REQUEST NO. 50:

5 |     Each and every document that you or anyone acting on your behalf possess that supports your

6 | contention that "[f]urther answering paragraph 87, this defendant denies each and every allegation

7 | contained therein" as alleged at p.9, 11. 24-25 of Defendant's August 14, 2007 Answer to Plaintiffs'

8 | Complaint. For Defendant's reference, paragraph 87 of Plaintiff's Complaint provides as follows:

9 | "Plaintiffs incorporate by reference each of the preceding paragraphs as though fully set forth herein, and

10 | further allege as follows:"

11 | RESPONSE TO REQUEST NO. 50:

12 |     Respondent objects to this request in that Plaintiffs bear the burden of proving the allegations of

13 | their complaint, and Responding party is not obligated to disprove plaintiffs' allegations or to prove a

14 | negative.

15 |     Respondent further objects to this request as overbroad, in that it includes privileged and

16 | confidential documents protect by the attorney-client privilege and the attorney work product doctrine.

17 | Without waiving these objections, responding party offers the 10,000 plus documents for inspection and

18 | copying at a mutually agreeable time at the Office of the County Counsel, 400 County Center, Sixth

19 | Floor, Redwood City, CA 94063.

20 | REQUEST NO. 51:

21 |     Each and every document that you or anyone acting on your behalf possess that supports your

22 | contention that "[a]nswering paragraph 88, this defendant denies each and every allegation contained

23 | therein" as alleged at p.9, 11. 9-10 of Defendant's August 14, 2007 Answer to Plaintiffs' Complaint. For

24 | Defendant's reference, paragraph 88 of Plaintiff's Complaint provides as follows: "At all times relevant

25 | hereto, the County has owned and/or controlled and/or rights to or interests in certain parcels of real

26 | property and certain improvements thereon, including but not limited to the hillsides, roads, culverts,

27 | ravines, and various easements upon private property, all of which are located upon the hillside above

28 | Plaintiffs' real property (hereinafter "the County's Properties")."

1  RESPONSE TO REQUEST NO. 51:

2      Respondent objects to this request in that Plaintiffs bear the burden of proving the allegations of

3  their complaint, and Responding party is not obligated to disprove plaintiffs' allegations or to prove a

4  negative.

5      Respondent further objects to this request as overbroad, in that it includes privileged and

6  confidential documents protect by the attorney-client privilege and the attorney work product doctrine.

7  Without waiving these objections, responding party offers the 10,000 plus documents for inspection and

8  copying at a mutually agreeable time at the Office of the County Counsel, 400 County Center, Sixth

9  Floor, Redwood City, CA 94063.

10 REQUEST NO. 52:

11     Each and every document that you or anyone acting on your behalf possess that supports your

12 contention that "[a]nswering paragraph 89, this defendant denies each and every allegation contained

13 therein" as alleged at p.9, 1. 28 to p.10, 1.1 of Defendant's August 14, 2007 Answer to Plaintiffs'

14 Complaint. For Defendant's reference, paragraph 89 of Plaintiff's Complaint provides as follows: "At all

15 times relevant hereto, the County's Properties were and are today in a dangerous condition because

16 during periods of rainfall the County's Properties discharge excessive amounts of water runoff onto

17 Plaintiffs' real property."

18 RESPONSE TO REQUEST NO. 52:

19     R Respondent objects to this request in that Plaintiffs bear the burden of proving the allegations

20 of their complaint, and Responding party is not obligated to disprove plaintiffs' allegations or to prove a

21 negative.

22     Respondent further objects to this request as overbroad, in that it includes privileged and

23 confidential documents protect by the attorney-client privilege and the attorney work product doctrine.

24 Without waiving these objections, responding party offers the 10,000 plus documents for inspection and

25 copying at a mutually agreeable time at the Office of the County Counsel, 400 County Center, Sixth

26 Floor, Redwood City, CA 94063.

27 REQUEST NO. 53:

28     Each and every document that you or anyone acting on your behalf possess that supports your

1  contention that "[a]nswering paragraph 90, this defendant denies each and every allegation contained

2  therein" as alleged at p.10, ll. 2-3 of Defendant's August 14, 2007 Answer to Plaintiffs' Complaint. For

3  Defendant's reference, paragraph 90 of Plaintiff's Complaint provides as follows: "This dangerous

4  condition created a reasonably foreseeable risk of the damage that has occurred and is continuing to

5  occur to Plaintiffs' real property."

6  RESPONSE TO REQUEST NO. 53:

7       Respondent objects to this request in that Plaintiffs bear the burden of proving the allegations of

8  their complaint, and Responding party is not obligated to disprove plaintiffs' allegations or to prove a

9  negative.

10      Respondent further objects to this request as overbroad, in that it includes privileged and

11  confidential documents protect by the attorney-client privilege and the attorney work product doctrine.

12  Without waiving these objections, responding party offers the 10,000 plus documents for inspection and

13  copying at a mutually agreeable time at the Office of the County Counsel, 400 County Center, Sixth

14  Floor, Redwood City, CA 94063.

15  REQUEST NO. 54:

16      Each and every document that you or anyone acting on your behalf possess that supports your

17  contention that "[a]nswering paragraph 91, this defendant denies each and every allegation contained

18  therein" as alleged at p.10, ll. 4-5 of Defendant's August 14, 2007 Answer to Plaintiffs' Complaint. For

19  Defendant's reference, paragraph 91 of Plaintiff's Complaint provides as follows: "The conduct of

20  employees of the County, acting within the scope of their employment, created the dangerous condition."

21  RESPONSE TO REQUEST NO. 54:

22      Respondent objects to this request in that Plaintiffs bear the burden of proving the allegations of

23  their complaint, and Responding party is not obligated to disprove plaintiffs' allegations or to prove a

24  negative.

25      Respondent further objects to this request as overbroad, in that it includes privileged and

26  confidential documents protect by the attorney-client privilege and the attorney work product doctrine.

27  Without waiving these objections, responding party offers the 10,000 plus documents for inspection and

28  copying at a mutually agreeable time at the Office of the County Counsel, 400 County Center, Sixth

1 | Floor, Redwood City, CA 94063.

2 | REQUEST NO. 55:

3 |     Each and every document that you or anyone acting on your behalf possess that supports your

4 | contention that "[a]nswering paragraph 92, this defendant denies each and every allegation contained

5 | therein" as alleged at p.10, 11. 6-7 of Defendant's August 14, 2007 Answer to Plaintiffs' Complaint. For

6 | Defendant's reference, paragraph 92 of Plaintiff's Complaint provides as follows: "The County had

7 | actual and constructive notice of the dangerous condition for a long enough time to have protected

8 | against it but the County failed and refused to do so."

9 | RESPONSE TO REQUEST NO. 55:

10 |     Respondent objects to this request in that Plaintiffs bear the burden of proving the allegations of

11 | their complaint, and Responding party is not obligated to disprove plaintiffs' allegations or to prove a

12 | negative.

13 |     Respondent further objects to this request as overbroad, in that it includes privileged and

14 | confidential documents protect by the attorney-client privilege and the attorney work product doctrine.

15 | Without waiving these objections, responding party offers the 10,000 plus documents for inspection and

16 | copying at a mutually agreeable time at the Office of the County Counsel, 400 County Center, Sixth

17 | Floor, Redwood City, CA 94063.

18 | REQUEST NO. 56:

19 |     Each and every document that you or anyone acting on your behalf possess that supports your

20 | contention that "[a]nswering paragraph 93, this defendant denies each and every allegation contained

21 | therein" as alleged at p.10, 11. 8-9 of Defendant's August 14, 2007 Answer to Plaintiffs' Complaint. For

22 | Defendant's reference, paragraph 93 of Plaintiff's Complaint provides as follows: "Plaintiffs have been

23 | harmed and are continuing to be harmed by the dangerous condition of public property describe above."

24 | RESPONSE TO REQUEST NO. 56:

25 |     Respondent objects to this request in that Plaintiffs bear the burden of proving the allegations of

26 | their complaint, and Responding party is not obligated to disprove plaintiffs' allegations or to prove a

27 | negative.

28 |     Respondent further objects to this request as overbroad, in that it includes privileged and

1  confidential documents protect by the attorney-client privilege and the attorney work product doctrine.

2  Without waiving these objections, responding party offers the 10,000 plus documents for inspection and

3  copying at a mutually agreeable time at the Office of the County Counsel, 400 County Center, Sixth

4  Floor, Redwood City, CA 94063.

5  REQUEST NO. 57:

6       Each and every document that you or anyone acting on your behalf possess that supports your

7  contention that "[a]nswering paragraph 94, this defendant denies each and every allegation contained

8  therein" as alleged at p.10, 11. 10-11 of Defendant's August 14, 2007 Answer to Plaintiffs' Complaint.

9  For Defendant's reference, paragraph 94 of Plaintiff's Complaint provides as follows: "The dangerous

10  condition was and is a substantial factor in causing Plaintiffs' harm."

11  RESPONSE TO REQUEST NO. 57:

12       Respondent objects to this request in that Plaintiffs bear the burden of proving the allegations of

13  their complaint, and Responding party is not obligated to disprove plaintiffs' allegations or to prove a

14  negative.

15       Respondent further objects to this request as overbroad, in that it includes privileged and

16  confidential documents protect by the attorney-client privilege and the attorney work product doctrine.

17  Without waiving these objections, responding party offers the 10,000 plus documents for inspection and

18  copying at a mutually agreeable time at the Office of the County Counsel, 400 County Center, Sixth

19  Floor, Redwood City, CA 94063.

20  REQUEST NO. 58:

21       Each and every document that you or anyone acting on your behalf possess that supports your

22  contention that "[a]nswering paragraph 95, this defendant denies each and every allegation contained

23  therein" as alleged at p.10, 11. 12-13 of Defendant's August 14, 2007 Answer to Plaintiffs' Complaint.

24  For Defendant's reference, paragraph 95 of Plaintiff's Complaint provides as follows: "Wherefore,

25  Plaintiffs pray for damages against defendants, and each of them, as set forth below."

26  RESPONSE TO REQUEST NO. 58:

27       Respondent objects to this request in that Plaintiffs bear the burden of proving the allegations of

28  their complaint, and Responding party is not obligated to disprove plaintiffs' allegations or to prove a

1  negative.

2      Respondent further objects to this request as overbroad, in that it includes privileged and

3  confidential documents protect by the attorney-client privilege and the attorney work product doctrine.

4  Without waiving these objections, responding party offers the 10,000 plus documents for inspection and

5  copying at a mutually agreeable time at the Office of the County Counsel, 400 County Center, Sixth

6  Floor, Redwood City, CA 94063.

7  REQUEST NO. 59:

8      Each and every document that you or anyone acting on your behalf possess that supports your

9  contention that "[f]urther answering paragraph 96, this defendant denies each and every allegation

10  contained therein" as alleged at p.10, 11. 18-19 of Defendant's August 14, 2007 Answer to Plaintiffs'

11  Complaint. For Defendant's reference, paragraph 96 of Plaintiff's Complaint provides as follows:

12  "Plaintiffs incorporate by reference each of the preceding paragraphs as though fully set forth herein, and

13  further allege as follows:"

14  RESPONSE TO REQUEST NO. 59:

15      Respondent objects to this request in that Plaintiffs bear the burden of proving the allegations of

16  their complaint, and Responding party is not obligated to disprove plaintiffs' allegations or to prove a

17  negative.

18      Respondent further objects to this request as overbroad, in that it includes privileged and

19  confidential documents protect by the attorney-client privilege and the attorney work product doctrine.

20  Without waiving these objections, responding party offers the 10,000 plus documents for inspection and

21  copying at a mutually agreeable time at the Office of the County Counsel, 400 County Center, Sixth

22  Floor, Redwood City, CA 94063.

23  REQUEST NO. 60:

24      Each and every document that you or anyone acting on your behalf possess that supports your

25  contention that "[a]nswering paragraph 97, this defendant denies each and every allegation contained

26  therein" as alleged at p.10, 11. 20-21 of Defendant's August 14, 2007 Answer to Plaintiffs' Complaint.

27  For Defendant's reference, paragraph 97 of Plaintiff's Complaint provides as follows: "The County has

28  created and is maintaining upon the County's Properties a condition that is harmful to health and/or was

1   an obstruction to the free use of property, so as to interfere with the comfortable enjoyment of life and/or

2   property."

3   RESPONSE TO REQUEST NO. 60:

4       Respondent objects to this request in that Plaintiffs bear the burden of proving the allegations of

5   their complaint, and Responding party is not obligated to disprove plaintiffs' allegations or to prove a

6   negative.

7       Respondent further objects to this request as overbroad, in that it includes privileged and

8   confidential documents protect by the attorney-client privilege and the attorney work product doctrine.

9   Without waiving these objections, responding party offers the 10,000 plus documents for inspection and

10  copying at a mutually agreeable time at the Office of the County Counsel, 400 County Center, Sixth

11  Floor, Redwood City, CA 94063.

12  REQUEST NO. 61:

13      Each and every document that you or anyone acting on your behalf possess that supports your

14  contention that "[a]nswering paragraph 98, this defendant denies each and every allegation contained

15  therein" as alleged at p.10, 11. 22-23 of Defendant's August 14, 2007 Answer to Plaintiffs' Complaint.

16  For Defendant's reference, paragraph 98 of Plaintiff's Complaint provides as follows: "The condition has

17  affected a substantial number of people at the same time."

18  RESPONSE TO REQUEST NO. 61:

19      Respondent objects to this request in that Plaintiffs bear the burden of proving the allegations of

20  their complaint, and Responding party is not obligated to disprove plaintiffs' allegations or to prove a

21  negative.

22      Respondent further objects to this request as overbroad, in that it includes privileged and

23  confidential documents protect by the attorney-client privilege and the attorney work product doctrine.

24  Without waiving these objections, responding party offers the 10,000 plus documents for inspection and

25  copying at a mutually agreeable time at the Office of the County Counsel, 400 County Center, Sixth

26  Floor, Redwood City, CA 94063.

27  REQUEST NO. 62:

28      Each and every document that you or anyone acting on your behalf possess that supports your

1    contention that "[a]nswering paragraph 99, this defendant denies each and every allegation contained

2    therein" as alleged at p.10, 11. 24-25 of Defendant's August 14, 2007 Answer to Plaintiffs' Complaint.

3    For Defendant's reference, paragraph 99 of Plaintiff's Complaint provides as follows: "An ordinary

4    person would be reasonably annoyed or disturbed by the condition.'"

5    RESPONSE TO REQUEST NO. 62:

6         Respondent objects to this request in that Plaintiffs bear the burden of proving the allegations of

7    their complaint, and Responding party is not obligated to disprove plaintiffs' allegations or to prove a

8    negative.

9         Respondent further objects to this request as overbroad, in that it includes privileged and

10   confidential documents protect by the attorney-client privilege and the attorney work product doctrine.

11   Without waiving these objections, responding party offers the 10,000 plus documents for inspection and

12   copying at a mutually agreeable time at the Office of the County Counsel, 400 County Center, Sixth

13   Floor, Redwood City, CA 94063.

14   REQUEST NO. 63:

15        Each and every document that you or anyone acting on your behalf possess that supports your

16   contention that "[a]nswering paragraph 100, this defendant denies each and every allegation contained

17   therein" as alleged at p.10, 11. 26-27 of Defendant's August 14, 2007 Answer to Plaintiffs' Complaint.

18   For Defendant's reference, paragraph 100 of Plaintiff's Complaint provides as follows: "The seriousness

19   of the harm outweighs the social utility of The County's conduct."

20   RESPONSE TO REQUEST NO. 63:

21        R Respondent objects to this request in that Plaintiffs bear the burden of proving the allegations

22   of their complaint, and Responding party is not obligated to disprove plaintiffs' allegations or to prove a

23   negative.

24        Respondent further objects to this request as overbroad, in that it includes privileged and

25   confidential documents protect by the attorney-client privilege and the attorney work product doctrine.

26   Without waiving these objections, responding party offers the 10,000 plus documents for inspection and

27   copying at a mutually agreeable time at the Office of the County Counsel, 400 County Center, Sixth

28   Floor, Redwood City, CA 94063.

1 | REQUEST NO. 64:

2     Each and every document that you or anyone acting on your behalf possess that supports your

3 contention that "[a]nswering paragraph 101, this defendant denies each and every allegation contained

4 therein" as alleged at p.10, 11. 28 to p. 11, 1. 1 of Defendant's August 14, 2007 Answer to Plaintiffs'

5 Complaint. For Defendant's reference, paragraph 101 of Plaintiff's Complaint provides as follows:

6 "Plaintiffs did not consent to The County's conduct."

7 | RESPONSE TO REQUEST NO. 64:

8     Respondent objects to this request in that Plaintiffs bear the burden of proving the allegations of

9 their complaint, and Responding party is not obligated to disprove plaintiffs' allegations or to prove a

10 negative.

11     Respondent further objects to this request as overbroad, in that it includes privileged and

12 confidential documents protect by the attorney-client privilege and the attorney work product doctrine.

13 Without waiving these objections, responding party offers the 10,000 plus documents for inspection and

14 copying at a mutually agreeable time at the Office of the County Counsel, 400 County Center, Sixth

15 Floor, Redwood City, CA 94063.

16 | REQUEST NO. 65:

17     Each and every document that you or anyone acting on your behalf possess that supports your

18 contention that "[a]nswering paragraph 102, this defendant denies each and every allegation contained

19 therein" as alleged at p.11, 11. 2-3 of Defendant's August 14, 2007 Answer to Plaintiffs' Complaint. For

20 Defendant's reference, paragraph 102 of Plaintiff's Complaint provides as follows: "Plaintiffs have

21 suffered harm that is different from the type of harm suffered by the general public."

22 | RESPONSE TO REQUEST NO. 65:

23     Respondent objects to this request in that Plaintiffs bear the burden of proving the allegations of

24 their complaint, and Responding party is not obligated to disprove plaintiffs' allegations or to prove a

25 negative.

26     Respondent further objects to this request as overbroad, in that it includes privileged and

27 confidential documents protect by the attorney-client privilege and the attorney work product doctrine.

28 Without waiving these objections, responding party offers the 10,000 plus documents for inspection and

1 copying at a mutually agreeable time at the Office of the County Counsel, 400 County Center, Sixth

2 Floor, Redwood City, CA 94063.

3 REQUEST NO. 66:

4      Each and every document that you or anyone acting on your behalf possess that supports your

5 contention that "[a]nswering paragraph 103, this defendant denies each and every allegation contained

6 therein" as alleged at p.11, ll. 4-5 of Defendant's August 14, 2007 Answer to Plaintiffs' Complaint. For

7 Defendant's reference, paragraph 103 of Plaintiff's Complaint provides as follows: "The County's

8 conduct was a substantial factor in causing Plaintiffs' harm."

9 RESPONSE TO REQUEST NO. 66:

10      Respondent objects to this request in that Plaintiffs bear the burden of proving the allegations of

11 their complaint, and Responding party is not obligated to disprove plaintiffs' allegations or to prove a

12 negative.

13      Respondent further objects to this request as overbroad, in that it includes privileged and

14 confidential documents protect by the attorney-client privilege and the attorney work product doctrine.

15 Without waiving these objections, responding party offers the 10,000 plus documents for inspection and

16 copying at a mutually agreeable time at the Office of the County Counsel, 400 County Center, Sixth

17 Floor, Redwood City, CA 94063.

18 REQUEST NO. 67:

19      Each and every document that you or anyone acting on your behalf possess that supports your

20 contention that "[a]nswering paragraph 104, this defendant denies each and every allegation contained

21 therein" as alleged at p.11, ll. 6-7 of Defendant's August 14, 2007 Answer to Plaintiffs' Complaint. For

22 Defendant's reference, paragraph 104 of Plaintiff's Complaint provides as follows: "Wherefore,

23 Plaintiffs pray for damages against defendants, and each of them, as set forth below."

24 RESPONSE TO REQUEST NO. 67:

25      Respondent objects to this request in that Plaintiffs bear the burden of proving the allegations of

26 their complaint, and Responding party is not obligated to disprove plaintiffs' allegations or to prove a

27 negative.

28      Respondent further objects to this request as overbroad, in that it includes privileged and

1   confidential documents protect by the attorney-client privilege and the attorney work product doctrine.

2   Without waiving these objections, responding party offers the 10,000 plus documents for inspection and

3   copying at a mutually agreeable time at the Office of the County Counsel, 400 County Center, Sixth

4   Floor, Redwood City, CA 94063.

5   REQUEST NO. 68:

6       Each and every document that you or anyone acting on your behalf possess that supports your

7   contention that "[f]urther answering paragraph 105, this defendant denies each and every allegation

8   contained therein" as alleged at p.11, 11. 12-13 of Defendant's August 14, 2007 Answer to Plaintiffs'

9   Complaint. For Defendant's reference, paragraph 105 of Plaintiff's Complaint provides as follows:

10  "Plaintiffs incorporate by reference each of the preceding paragraphs as though fully set forth herein, and

11  further allege as follows:"

12  RESPONSE TO REQUEST NO. 68:

13      Respondent objects to this request in that Plaintiffs bear the burden of proving the allegations of

14  their complaint, and Responding party is not obligated to disprove plaintiffs' allegations or to prove a

15  negative.

16      Respondent further objects to this request as overbroad, in that it includes privileged and

17  confidential documents protect by the attorney-client privilege and the attorney work product doctrine.

18  Without waiving these objections, responding party offers the 10,000 plus documents for inspection and

19  copying at a mutually agreeable time at the Office of the County Counsel, 400 County Center, Sixth

20  Floor, Redwood City, CA 94063.

21  REQUEST NO. 69:

22      Each and every document that you or anyone acting on your behalf possess that supports your

23  contention that "[a]nswering paragraph 106, this defendant denies each and every allegation contained

24  therein" as alleged at p.11, 11. 14-15 of Defendant's August 14, 2007 Answer to Plaintiffs' Complaint.

25  For Defendant's reference, paragraph 106 of Plaintiff's Complaint provides as follows: "The County's

26  actions and/or inactions regarding the County's Properties have caused the County's Properties to

27  discharge excessive amounts of water runoff onto Plaintiffs' real property during periods of rainfall."

28  ///

1  RESPONSE TO REQUEST NO. 69:

2      Respondent objects to this request in that Plaintiffs bear the burden of proving the allegations of

3  their complaint, and Responding party is not obligated to disprove plaintiffs' allegations or to prove a

4  negative.

5      Respondent further objects to this request as overbroad, in that it includes privileged and

6  confidential documents protect by the attorney-client privilege and the attorney work product doctrine.

7  Without waiving these objections, responding party offers the 10,000 plus documents for inspection and

8  copying at a mutually agreeable time at the Office of the County Counsel, 400 County Center, Sixth

9  Floor, Redwood City, CA 94063.

10 REQUEST NO. 70:

11     Each and every document that you or anyone acting on your behalf possess that supports your

12 contention that "[a]nswering paragraph 107, this defendant denies each and every allegation contained

13 therein" as alleged at p.11, 11. 16-17 of Defendant's August 14, 2007 Answer to Plaintiffs' Complaint.

14 For Defendant's reference, paragraph 107 of Plaintiff's Complaint provides as follows: "Plaintiffs have

15 been damaged in that they have been forced to expend considerable sums of money to repair damage to

16 Plaintiffs' real property and to prevent additional damage to Plaintiffs' real property."

17 RESPONSE TO REQUEST NO. 70:

18     Respondent objects to this request in that Plaintiffs bear the burden of proving the allegations of

19 their complaint, and Responding party is not obligated to disprove plaintiffs' allegations or to prove a

20 negative.

21     Respondent further objects to this request as overbroad, in that it includes privileged and

22 confidential documents protect by the attorney-client privilege and the attorney work product doctrine.

23 Without waiving these objections, responding party offers the 10,000 plus documents for inspection and

24 copying at a mutually agreeable time at the Office of the County Counsel, 400 County Center, Sixth

25 Floor, Redwood City, CA 94063.

26 REQUEST NO. 71:

27     Each and every document that you or anyone acting on your behalf possess that supports your

28 contention that "[a]nswering paragraph 108, this defendant denies each and every allegation contained

1  therein" as alleged at p.11, ll. 18-19 of Defendant's August 14, 2007 Answer to Plaintiffs' Complaint.

2  For Defendant's reference, paragraph 108 of Plaintiff's Complaint provides as follows: "In addition,

3  Plaintiffs have been damaged in that the fair market value of Plaintiffs' real property has been diminished

4  as a result of the burden placed upon Plaintiffs' real property by the discharge of excessive amounts of

5  water runoff from the County's Properties onto Plaintiffs' real property during periods of rainfall."

6  RESPONSE TO REQUEST NO. 71:

7        Respondent objects to this request in that Plaintiffs bear the burden of proving the allegations of

8  their complaint, and Responding party is not obligated to disprove plaintiffs' allegations or to prove a

9  negative.

10        Respondent further objects to this request as overbroad, in that it includes privileged and

11  confidential documents protect by the attorney-client privilege and the attorney work product doctrine.

12  Without waiving these objections, responding party offers the 10,000 plus documents for inspection and

13  copying at a mutually agreeable time at the Office of the County Counsel, 400 County Center, Sixth

14  Floor, Redwood City, CA 94063.

15  REQUEST NO. 72:

16        Each and every document that you or anyone acting on your behalf possess that supports your

17  contention that "[a]nswering paragraph 109, this defendant denies each and every allegation contained

18  therein" as alleged at p.11, ll. 20-21 of Defendant's August 14, 2007 Answer to Plaintiffs' Complaint.

19  For Defendant's reference, paragraph 109 of Plaintiff's Complaint provides as follows: "Pursuant to

20  Government Code section 905.1, Plaintiffs are excused from the requirement of presenting a government

21  tort claim to The County in order to proceed with this action."

22  RESPONSE TO REQUEST NO. 72:

23        Respondent objects to this request in that Plaintiffs bear the burden of proving the allegations of

24  their complaint, and Responding party is not obligated to disprove plaintiffs' allegations or to prove a

25  negative.

26        Respondent further objects to this request as overbroad, in that it includes privileged and

27  confidential documents protect by the attorney-client privilege and the attorney work product doctrine.

28  Without waiving these objections, responding party offers the 10,000 plus documents for inspection and

DEFENDANT COUNTY OF SAN MATEO'S RESPONSE TO PLAINTIFF'S DOCUMENT

1  copying at a mutually agreeable time at the Office of the County Counsel, 400 County Center, Sixth

2  Floor, Redwood City, CA 94063.

3  REQUEST NO. 73:

4      Each and every document that you or anyone acting on your behalf possess that supports your

5  contention that "[a]nswering paragraph 110, this defendant denies each and every allegation contained

6  therein" as alleged at p.11, 11. 22-23 of Defendant's August 14, 2007 Answer to Plaintiffs' Complaint.

7  For Defendant's reference, paragraph 110 of Plaintiff's Complaint provides as follows: "Wherefore,

8  Plaintiffs pray for damages against defendants, and each of them, as set forth below."

9  RESPONSE TO REQUEST NO. 73:

10      Respondent objects to this request in that Plaintiffs bear the burden of proving the allegations of

11  their complaint, and Responding party is not obligated to disprove plaintiffs' allegations or to prove a

12  negative.

13      Respondent further objects to this request as overbroad, in that it includes privileged and

14  confidential documents protect by the attorney-client privilege and the attorney work product doctrine.

15  Without waiving these objections, responding party offers the 10,000 plus documents for inspection and

16  copying at a mutually agreeable time at the Office of the County Counsel, 400 County Center, Sixth

17  Floor, Redwood City, CA 94063.

18  REQUEST NO. 74:

19      Each and every document that you or anyone acting on your behalf possess that supports your

20  contention that "[f]urther answering paragraph 111, this defendant denies each and every allegation

21  contained therein" as alleged at p.11, 11. 28 to p. 12, 1. 1 of Defendant's August 14, 2007 Answer to

22  Plaintiffs' Complaint. For Defendant's reference, paragraph 111 of Plaintiff's Complaint provides as

23  follows: "Plaintiffs incorporate by reference each of the preceding paragraphs as though fully set forth

24  herein, and further allege as follows:"

25  RESPONSE TO REQUEST NO. 74:

26      Respondent objects to this request in that Plaintiffs bear the burden of proving the allegations of

27  their complaint, and Responding party is not obligated to disprove plaintiffs' allegations or to prove a

28  negative.

1    Respondent further objects to this request as overbroad, in that it includes privileged and

2    confidential documents protect by the attorney-client privilege and the attorney work product doctrine.

3    Without waiving these objections, responding party offers the 10,000 plus documents for inspection and

4    copying at a mutually agreeable time at the Office of the County Counsel, 400 County Center, Sixth

5    Floor, Redwood City, CA 94063.

6    REQUEST NO. 75:

7    Each and every document that you or anyone acting on your behalf possess that supports your

8    contention that "[a]nswering paragraph 112, this defendant denies each and every allegation contained

9    therein" as alleged at p.12, 11. 2-3 of Defendant's August 14, 2007 Answer to Plaintiffs' Complaint. For

10   Defendant's reference, paragraph 112 of Plaintiff's Complaint provides as follows: "An actual

11   controversy has arisen and now exists between Plaintiffs and The County regarding whether The County

12   has the right to discharge rainwater runoff that accumulates upon or travels across the County's

13   Properties onto Plaintiffs' real property. The County contends that it has a right to do so, whereas

14   Plaintiffs contend that The County has no such right."

15   RESPONSE TO REQUEST NO. 75:

16   Respondent objects to this request in that Plaintiffs bear the burden of proving the allegations of

17   their complaint, and Responding party is not obligated to disprove plaintiffs' allegations or to prove a

18   negative.

19   Respondent further objects to this request as overbroad, in that it includes privileged and

20   confidential documents protect by the attorney-client privilege and the attorney work product doctrine.

21   Without waiving these objections, responding party offers the 10,000 plus documents for inspection and

22   copying at a mutually agreeable time at the Office of the County Counsel, 400 County Center, Sixth

23   Floor, Redwood City, CA 94063.

24   REQUEST NO. 76:

25   Each and every document that you or anyone acting on your behalf possess that supports your

26   contention that "[a]nswering paragraph 113, this defendant denies each and every allegation contained

27   therein" as alleged at p.12, 11. 4-5 of Defendant's August 14, 2007 Answer to Plaintiffs' Complaint. For

28   Defendant's reference, paragraph 113 of Plaintiff's Complaint provides as follows: "Plaintiffs desire a

1 | judicial determination and declaration of the rights and duties of the parties with respect to the discharge

2 | of rainwater runoff from County's Properties onto Plaintiffs' real property."

3 | RESPONSE TO REQUEST NO. 76:

4 |      Respondent objects to this request in that Plaintiffs bear the burden of proving the allegations of

5 | their complaint, and Responding party is not obligated to disprove plaintiffs' allegations or to prove a

6 | negative.

7 |      Respondent further objects to this request as overbroad, in that it includes privileged and

8 | confidential documents protect by the attorney-client privilege and the attorney work product doctrine.

9 | Without waiving these objections, responding party offers the 10,000 plus documents for inspection and

10 | copying at a mutually agreeable time at the Office of the County Counsel, 400 County Center, Sixth

11 | Floor, Redwood City, CA 94063.

12 | REQUEST NO. 77:

13 |      Each and every document that you or anyone acting on your behalf possess that supports your

14 | contention that "[a]nswering paragraph 114, this defendant denies each and every allegation contained

15 | therein" as alleged at p.12, 11. 6-7 of Defendant's August 14, 2007 Answer to Plaintiffs' Complaint. For

16 | Defendant's reference, paragraph 114 of Plaintiff's Complaint provides as follows: "A judicial

17 | declaration is necessary and appropriate at this time under the existing circumstances so that Plaintiffs

18 | may determine their rights and duties regarding the discharge of rainwater runoff from County's

19 | Properties onto Plaintiffs' real property."

20 | RESPONSE TO REQUEST NO. 77:

21 |      Respondent objects to this request in that Plaintiffs bear the burden of proving the allegations of

22 | their complaint, and Responding party is not obligated to disprove plaintiffs' allegations or to prove a

23 | negative.

24 |      Respondent further objects to this request as overbroad, in that it includes privileged and

25 | confidential documents protect by the attorney-client privilege and the attorney work product doctrine.

26 | Without waiving these objections, responding party offers the 10,000 plus documents for inspection and

27 | copying at a mutually agreeable time at the Office of the County Counsel, 400 County Center, Sixth

28 | Floor, Redwood City, CA 94063.

1  REQUEST NO. 78:

2      Each and every document that you or anyone acting on your behalf possess that supports your

3  contention that "[a]nswering paragraph 115, this defendant denies each and every allegation contained

4  therein" as alleged at p.12, 11. 8-9 of Defendant's August 14, 2007 Answer to Plaintiffs' Complaint. For

5  Defendant's reference, paragraph 115 of Plaintiff's Complaint provides as follows: "Wherefore,

6  Plaintiffs pray for damages against defendants, and each of them, as set forth below."

7  RESPONSE TO REQUEST NO. 78:

8      Respondent objects to this request in that Plaintiffs bear the burden of proving the allegations of

9  their complaint, and Responding party is not obligated to disprove plaintiffs' allegations or to prove a

10  negative.

11      Respondent further objects to this request as overbroad, in that it includes privileged and

12  confidential documents protect by the attorney-client privilege and the attorney work product doctrine.

13  Without waiving these objections, responding party offers the 10,000 plus documents for inspection and

14  copying at a mutually agreeable time at the Office of the County Counsel, 400 County Center, Sixth

15  Floor, Redwood City, CA 94063.

16  REQUEST NO. 79:

17      Each and every document that you or anyone acting on your behalf possess that supports your

18  contention that "[f]urther answering paragraph 116, this defendant denies each and every allegation

19  contained therein" as alleged at p.12, 11. 14-15 of Defendant's August 14, 2007 Answer to Plaintiffs'

20  Complaint. For Defendant's reference, paragraph 116 of Plaintiff's Complaint provides as follows:

21  "Plaintiffs incorporate by reference each of the preceding paragraphs as though fully set forth herein, and

22  further allege as follows:"

23  RESPONSE TO REQUEST NO. 79:

24      Respondent objects to this request in that Plaintiffs bear the burden of proving the allegations of

25  their complaint, and Responding party is not obligated to disprove plaintiffs' allegations or to prove a

26  negative.

27      Respondent further objects to this request as overbroad, in that it includes privileged and

28  confidential documents protect by the attorney-client privilege and the attorney work product doctrine.

1   Without waiving these objections, responding party offers the 10,000 plus documents for inspection and

2   copying at a mutually agreeable time at the Office of the County Counsel, 400 County Center, Sixth

3   Floor, Redwood City, CA 94063.

4   REQUEST NO. 80:

5          Each and every document that you or anyone acting on your behalf possess that supports your

6   contention that "[a]nswering paragraph 117, this defendant denies each and every allegation contained

7   therein" as alleged at p.12, 11. 16-17 of Defendant's August 14, 2007 Answer to Plaintiffs' Complaint.

8   For Defendant's reference, paragraph 117 of Plaintiff's Complaint provides as follows: "An

9   economically viable and practical engineering solution exists that, if adopted by defendants, would

10  eliminate all of the erosion and other damage being caused by the discharge of rainwater runoff from

11  County's Properties onto Plaintiffs' real property, and eliminate the risk of personal injury to Plaintiffs

12  and Plaintiffs' neighbors."

13  RESPONSE TO REQUEST NO. 80:

14         Respondent objects to this request in that Plaintiffs bear the burden of proving the allegations of

15  their complaint, and Responding party is not obligated to disprove plaintiffs' allegations or to prove a

16  negative.

17         Respondent further objects to this request as overbroad, in that it includes privileged and

18  confidential documents protect by the attorney-client privilege and the attorney work product doctrine.

19  Without waiving these objections, responding party offers the 10,000 plus documents for inspection and

20  copying at a mutually agreeable time at the Office of the County Counsel, 400 County Center, Sixth

21  Floor, Redwood City, CA 94063.

22  REQUEST NO. 81:

23         Each and every document that you or anyone acting on your behalf possess that supports your

24  contention that "[a]nswering paragraph 118, this defendant denies each and every allegation contained

25  therein" as alleged at p.12, 11. 18-19 of Defendant's August 14, 2007 Answer to Plaintiffs' Complaint.

26  For Defendant's reference, paragraph 118 of Plaintiff's Complaint provides as follows: "The County's

27  failure and refusal to install this economically viable and practical engineering solution to handle the

28  storm water runoff that is currently being directed onto Plaintiffs' real property not only is damaging

1  Plaintiffs' real property but also is exposing Plaintiff and Plaintiffs' neighbors to an unreasonable risk of

2  personal injury."

3  RESPONSE TO REQUEST NO. 81:

4    Respondent objects to this request in that Plaintiffs bear the burden of proving the allegations of

5  their complaint, and Responding party is not obligated to disprove plaintiffs' allegations or to prove a

6  negative.

7    Respondent further objects to this request as overbroad, in that it includes privileged and

8  confidential documents protect by the attorney-client privilege and the attorney work product doctrine.

9  Without waiving these objections, responding party offers the 10,000 plus documents for inspection and

10  copying at a mutually agreeable time at the Office of the County Counsel, 400 County Center, Sixth

11  Floor, Redwood City, CA 94063.

12  REQUEST NO. 82:

13    Each and every document that you or anyone acting on your behalf possess that supports your

14  contention that "[a]nswering paragraph 119, this defendant denies each and every allegation contained

15  therein" as alleged at p.12, ll. 20-21 of Defendant's August 14, 2007 Answer to Plaintiffs' Complaint.

16  For Defendant's reference, paragraph 119 of Plaintiff's Complaint provides as follows: "Plaintiffs should

17  not be driven off of Plaintiffs' real property or otherwise deprived of the use and enjoyment of their real

18  property as a result of The County's refusal to install this economically viable and practical engineering

19  solution."

20  RESPONSE TO REQUEST NO. 82:

21    Respondent objects to this request in that Plaintiffs bear the burden of proving the allegations of

22  their complaint, and Responding party is not obligated to disprove plaintiffs' allegations or to prove a

23  negative.

24    Respondent further objects to this request as overbroad, in that it includes privileged and

25  confidential documents protect by the attorney-client privilege and the attorney work product doctrine.

26  Without waiving these objections, responding party offers the 10,000 plus documents for inspection and

27  copying at a mutually agreeable time at the Office of the County Counsel, 400 County Center, Sixth

28  Floor, Redwood City, CA 94063.

1    REQUEST NO. 83:

2        Each and every document that you or anyone acting on your behalf possess that supports your

3    contention that "[a]nswering paragraph 120, this defendant denies each and every allegation contained

4    therein" as alleged at p.12, ll. 22-23 of Defendant's August 14, 2007 Answer to Plaintiffs' Complaint.

5    For Defendant's reference, paragraph 120 of Plaintiff's Complaint provides as follows: "Plaintiffs do not

6    have an adequate remedy at law in that Plaintiffs' real property is unique, and the damage being caused

7    to Plaintiffs' real property, and the risk of physical injury being posed to Plaintiffs and Plaintiffs'

8    neighbors by the discharge of rainwater runoff from County's Properties onto Plaintiffs' real property, is

9    unreasonably interfering with Plaintiffs' quiet enjoyment of Plaintiffs' real property."

10   RESPONSE TO REQUEST NO. 83:

11       Respondent objects to this request in that Plaintiffs bear the burden of proving the allegations of

12   their complaint, and Responding party is not obligated to disprove plaintiffs' allegations or to prove a

13   negative.

14       Respondent further objects to this request as overbroad, in that it includes privileged and

15   confidential documents protect by the attorney-client privilege and the attorney work product doctrine.

16   Without waiving these objections, responding party offers the 10,000 plus documents for inspection and

17   copying at a mutually agreeable time at the Office of the County Counsel, 400 County Center, Sixth

18   Floor, Redwood City, CA 94063.

19   REQUEST NO. 84:

20       Each and every document that you or anyone acting on your behalf possess that supports your

21   contention that "[a]nswering paragraph 121, this defendant denies each and every allegation contained

22   therein" as alleged at p.12, ll. 22-25 of Defendant's August 14, 2007 Answer to Plaintiffs' Complaint.

23   For Defendant's reference, paragraph 121 of Plaintiff's Complaint provides as follows: "Wherefore,

24   Plaintiffs pray for damages against defendants, and each of them, as set forth below."

25   RESPONSE TO REQUEST NO. 84:

26       Respondent objects to this request in that Plaintiffs bear the burden of proving the allegations of

27   their complaint, and Responding party is not obligated to disprove plaintiffs' allegations or to prove a

28   negative.

1  Respondent further objects to this request as overbroad, in that it includes privileged and

2  confidential documents protect by the attorney-client privilege and the attorney work product doctrine.

3  Without waiving these objections, responding party offers the 10,000 plus documents for inspection and

4  copying at a mutually agreeable time at the Office of the County Counsel, 400 County Center, Sixth

5  Floor, Redwood City, CA 94063.

6  REQUEST NO. 85:

7  Each and every document that you or anyone acting on your behalf possess that supports your

8  contention that "[f]urther answering paragraph 122, this defendant denies each and every allegation

9  contained therein" as alleged at p.13, 11. 3-4 of Defendant's August 14, 2007 Answer to Plaintiffs'

10  Complaint. For Defendant's reference, paragraph 122 of Plaintiff's Complaint provides as follows:

11  "Plaintiffs incorporate by reference each of the preceding paragraphs as though fully set forth herein, and

12  further allege as follows:"

13  RESPONSE TO REQUEST NO. 85:

14  Respondent objects to this request in that Plaintiffs bear the burden of proving the allegations of

15  their complaint, and Responding party is not obligated to disprove plaintiffs' allegations or to prove a

16  negative.

17  Respondent further objects to this request as overbroad, in that it includes privileged and

18  confidential documents protect by the attorney-client privilege and the attorney work product doctrine.

19  Without waiving these objections, responding party offers the 10,000 plus documents for inspection and

20  copying at a mutually agreeable time at the Office of the County Counsel, 400 County Center, Sixth

21  Floor, Redwood City, CA 94063.

22  REQUEST NO. 86:

23  Each and every document that you or anyone acting on your behalf possess that supports your

24  contention that "[a]nswering paragraph 124, this defendant denies each and every allegation contained

25  therein" as alleged at p.13, 11. 7-8 of Defendant's August 14, 2007 Answer to Plaintiffs' Complaint. For

26  Defendant's reference, paragraph 124 of Plaintiff's Complaint provides as follows: "Plaintiffs suffered

27  serious emotional distress."

28  ///

1  RESPONSE TO REQUEST NO. 86:

2      Respondent objects to this request in that Plaintiffs bear the burden of proving the allegations of

3  their complaint, and Responding party is not obligated to disprove plaintiffs' allegations or to prove a

4  negative.

5      Respondent further objects to this request as overbroad, in that it includes privileged and

6  confidential documents protect by the attorney-client privilege and the attorney work product doctrine.

7  Without waiving these objections, responding party offers the 10,000 plus documents for inspection and

8  copying at a mutually agreeable time at the Office of the County Counsel, 400 County Center, Sixth

9  Floor, Redwood City, CA 94063.

10  REQUEST NO. 87:

11      Each and every document that you or anyone acting on your behalf possess that supports your

12  contention that "[a]nswering paragraph 125, this defendant denies each and every allegation contained

13  therein" as alleged at p.13, 11. 9-10 of Defendant's August 14, 2007 Answer to Plaintiffs' Complaint.

14  For Defendant's reference, paragraph 125 of Plaintiff's Complaint provides as follows: "The negligence

15  of Defendants Don Dallimonti and Rhonda Dallimonti, and Does One through Fifty and each of them,

16  was a substantial factor in causing Plaintiffs' serious emotional distress."

17  RESPONSE TO REQUEST NO. 87:

18      Respondent objects to this request in that Plaintiffs bear the burden of proving the allegations of

19  their complaint, and Responding party is not obligated to disprove plaintiffs' allegations or to prove a

20  negative.

21      Respondent further objects to this request as overbroad, in that it includes privileged and

22  confidential documents protect by the attorney-client privilege and the attorney work product doctrine.

23  Without waiving these objections, responding party offers the 10,000 plus documents for inspection and

24  copying at a mutually agreeable time at the Office of the County Counsel, 400 County Center, Sixth

25  Floor, Redwood City, CA 94063.

26  REQUEST NO. 88:

27      Each and every document that you or anyone acting on your behalf possess that supports your

28  contention that "[a]nswering paragraph 126, this defendant denies each and every allegation contained

**DEFENDANT COUNTY OF SAN MATEO'S RESPONSE TO PLAINTIFF'S DOCUMENT**

1 therein" as alleged at p.13, 11. 11-12 of Defendant's August 14, 2007 Answer to Plaintiffs' Complaint.

2 For Defendant's reference, paragraph 125 of Plaintiff's Complaint provides as follows: "Wherefore,

3 Plaintiffs pray for damages against defendants, and each of them, as set forth below."

4 RESPONSE TO REQUEST NO. 88:

5     Respondent objects to this request in that Plaintiffs bear the burden of proving the allegations of

6 their complaint, and Responding party is not obligated to disprove plaintiffs' allegations or to prove a

7 negative.

8     Respondent further objects to this request as overbroad, in that it includes privileged and

9 confidential documents protect by the attorney-client privilege and the attorney work product doctrine.

10 Without waiving these objections, responding party offers the 10,000 plus documents for inspection and

11 copying at a mutually agreeable time at the Office of the County Counsel, 400 County Center, Sixth

12 Floor, Redwood City, CA 94063.

13 REQUEST NO. 89:

14     Each and every document that you or anyone acting on your behalf possess that supports your

15 First Affirmation Defense as set forth in Defendant's August 14, 2007 Answer to Plaintiffs' Complaint.

16 RESPONSE TO REQUEST NO. 89:

17     Responding party objects to this request on the basis that it is overbroad, in that it seeks

18 documents including privileged and confidential documents that are protected by the attorney-client

19 privilege and the attorney work product privilege.

20     Responding party further objects to this request on the basis that it may include documents

21 produced by plaintiffs in the course of discovery, and as such are equally available to plaintiffs.

22 Consistent with and without waiving the foregoing objections, responding party will produce all non-

23 privileged documents responsive to this request, exclusive of those produced by plaintiffs in the course of

24 discovery, to the extent said responsive documents exist.

25 REQUEST NO. 90:

26     Each and every document that you or anyone acting on your behalf possess that supports your

27 Second Affirmation Defense as set forth in Defendant's August 14, 2007 Answer to Plaintiffs'

28 Complaint.

1  RESPONSE TO REQUEST NO. 90:

2      Responding party objects to this request on the basis that it is overbroad, in that it seeks

3  documents including privileged and confidential documents that are protected by the attorney-client

4  privilege and the attorney work product privilege.

5      Responding party further objects to this request on the basis that it may include documents

6  produced by plaintiffs in the course of discovery, and as such are equally available to plaintiffs.

7  Consistent with and without waiving the foregoing objections, responding party will produce all non-

8  privileged documents responsive to this request, exclusive of those produced by plaintiffs in the course of

9  discovery, to the extent said responsive documents exist.

10  REQUEST NO. 91:

11      Each and every document that you or anyone acting on your behalf possess that supports your

12  Third Affirmation Defense as set forth in Defendant's August 14, 2007 Answer to Plaintiffs' Complaint.

13  RESPONSE TO REQUEST NO. 91:

14      Responding party objects to this request on the basis that it is overbroad, in that it seeks

15  documents including privileged and confidential documents that are protected by the attorney-client

16  privilege and the attorney work product privilege.

17      Responding party further objects to this request on the basis that it may include documents

18  produced by plaintiffs in the course of discovery, and as such are equally available to plaintiffs.

19  Consistent with and without waiving the foregoing objections, responding party will produce all non-

20  privileged documents responsive to this request, exclusive of those produced by plaintiffs in the course of

21  discovery, to the extent said responsive documents exist.

22  REQUEST NO. 92:

23      Each and every document that you or anyone acting on your behalf possess that supports your

24  Fourth Affirmation Defense as set forth in Defendant's August 14, 2007 Answer to Plaintiffs' Complaint.

25  RESPONSE TO REQUEST NO. 92:

26      Responding party objects to this request on the basis that it is overbroad, in that it seeks

27  documents including privileged and confidential documents that are protected by the attorney-client

28  privilege and the attorney work product privilege.

1       Responding party further objects to this request on the basis that it may include documents

2 produced by plaintiffs in the course of discovery, and as such are equally available to plaintiffs.

3 Consistent with and without waiving the foregoing objections, responding party will produce all non-

4 privileged documents responsive to this request, exclusive of those produced by plaintiffs in the course of

5 discovery, to the extent said responsive documents exist.

6 REQUEST NO. 93:

7       Each and every document that you or anyone acting on your behalf possess that supports your

8 Fifth Affirmation Defense as set forth in Defendant's August 14, 2007 Answer to Plaintiffs' Complaint.

9 RESPONSE TO REQUEST NO. 93:

10       Responding party objects to this request on the basis that it is overbroad, in that it seeks

11 documents including privileged and confidential documents that are protected by the attorney-client

12 privilege and the attorney work product privilege.

13       Responding party further objects to this request on the basis that it may include documents

14 produced by plaintiffs in the course of discovery, and as such are equally available to plaintiffs.

15 Consistent with and without waiving the foregoing objections, responding party will produce all non-

16 privileged documents responsive to this request, exclusive of those produced by plaintiffs in the course of

17 discovery, to the extent said responsive documents exist.

18 REQUEST NO. 94:

19       Each and every document that you or anyone acting on your behalf possess that supports your

20 Sixth Affirmation Defense as set forth in Defendant's August 14, 2007 Answer to Plaintiffs' Complaint.

21 RESPONSE TO REQUEST NO. 94:

22       Responding party objects to this request on the basis that it is overbroad, in that it seeks

23 documents including privileged and confidential documents that are protected by the attorney-client

24 privilege and the attorney work product privilege.

25       Responding party further objects to this request on the basis that it may include documents

26 produced by plaintiffs in the course of discovery, and as such are equally available to plaintiffs.

27 Consistent with and without waiving the foregoing objections, responding party will produce all non-

28 privileged documents responsive to this request, exclusive of those produced by plaintiffs in the course of

1 | discovery, to the extent said responsive documents exist.

2 | REQUEST NO. 95:

3 |     Each and every document that you or anyone acting on your behalf possess that supports your

4 | Seventh Affirmation Defense as set forth in Defendant's August 14, 2007 Answer to Plaintiffs'

5 | Complaint.

6 | RESPONSE TO REQUEST NO. 95:

7 |     Responding party objects to this request on the basis that it is overbroad, in that it seeks

8 | documents including privileged and confidential documents that are protected by the attorney-client

9 | privilege and the attorney work product privilege.

10 |     Responding party further objects to this request on the basis that it may include documents

11 | produced by plaintiffs in the course of discovery, and as such are equally available to plaintiffs.

12 | Consistent with and without waiving the foregoing objections, responding party will produce all non-

13 | privileged documents responsive to this request, exclusive of those produced by plaintiffs in the course of

14 | discovery, to the extent said responsive documents exist.

15 | REQUEST NO. 96:

16 |     Each and every document that you or anyone acting on your behalf possess that supports your

17 | Eighth Affirmation Defense as set forth in Defendant's August 14, 2007 Answer to Plaintiffs' Complaint.

18 | RESPONSE TO REQUEST NO. 96:

19 |     Responding party objects to this request on the basis that it is overbroad, in that it seeks

20 | documents including privileged and confidential documents that are protected by the attorney-client

21 | privilege and the attorney work product privilege.

22 |     Responding party further objects to this request on the basis that it may include documents

23 | produced by plaintiffs in the course of discovery, and as such are equally available to plaintiffs.

24 | Consistent with and without waiving the foregoing objections, responding party will produce all non-

25 | privileged documents responsive to this request, exclusive of those produced by plaintiffs in the course of

26 | discovery, to the extent said responsive documents exist.

27 | REQUEST NO. 97:

28 |     Each and every document that you or anyone acting on your behalf possess that supports your

**DEFENDANT COUNTY OF SAN MATEO'S RESPONSE TO PLAINTIFF'S DOCUMENT**

1  Ninth Affirmation Defense as set forth in Defendant's August 14, 2007 Answer to Plaintiffs' Complaint.

2  RESPONSE TO REQUEST NO. 97:

3       Responding party objects to this request on the basis that it is overbroad, in that it seeks

4  documents including privileged and confidential documents that are protected by the attorney-client

5  privilege and the attorney work product privilege.

6       Responding party further objects to this request on the basis that it may include documents

7  produced by plaintiffs in the course of discovery, and as such are equally available to plaintiffs.

8  Consistent with and without waiving the foregoing objections, responding party will produce all non-

9  privileged documents responsive to this request, exclusive of those produced by plaintiffs in the course of

10  discovery, to the extent said responsive documents exist.

11  REQUEST NO. 98:

12       Each and every document that you or anyone acting on your behalf possess that supports your

13  Tenth Affirmation Defense as set forth in Defendant's August 14, 2007 Answer to Plaintiffs' Complaint.

14  RESPONSE TO REQUEST NO. 98:

15       Responding party objects to this request on the basis that it is overbroad, in that it seeks

16  documents including privileged and confidential documents that are protected by the attorney-client

17  privilege and the attorney work product privilege.

18       Responding party further objects to this request on the basis that it may include documents

19  produced by plaintiffs in the course of discovery, and as such are equally available to plaintiffs.

20  Consistent with and without waiving the foregoing objections, responding party will produce all non-

21  privileged documents responsive to this request, exclusive of those produced by plaintiffs in the course of

22  discovery, to the extent said responsive documents exist.

23  REQUEST NO. 99:

24       Each and every document that you or anyone acting on your behalf possess that supports your

25  Eleventh Affirmation Defense as set forth in Defendant's August 14, 2007 Answer to Plaintiffs'

26  Complaint.

27  RESPONSE TO REQUEST NO. 99:

28       Responding party objects to this request on the basis that it is overbroad, in that it seeks

1  documents including privileged and confidential documents that are protected by the attorney-client

2  privilege and the attorney work product privilege.

3       Responding party further objects to this request on the basis that it may include documents

4  produced by plaintiffs in the course of discovery, and as such are equally available to plaintiffs.

5  Consistent with and without waiving the foregoing objections, responding party will produce all non-

6  privileged documents responsive to this request, exclusive of those produced by plaintiffs in the course of

7  discovery, to the extent said responsive documents exist.

8  REQUEST NO. 100:

9       Each and every document that you or anyone acting on your behalf possess that supports your

10  Twelfth Affirmation Defense as set forth in Defendant's August 14, 2007 Answer to Plaintiffs'

11  Complaint.

12  RESPONSE TO REQUEST NO. 100:

13       Responding party objects to this request on the basis that it is overbroad, in that it seeks

14  documents including privileged and confidential documents that are protected by the attorney-client

15  privilege and the attorney work product privilege.

16       Responding party further objects to this request on the basis that it may include documents

17  produced by plaintiffs in the course of discovery, and as such are equally available to plaintiffs.

18  Consistent with and without waiving the foregoing objections, responding party will produce all non-

19  privileged documents responsive to this request, exclusive of those produced by plaintiffs in the course of

20  discovery, to the extent said responsive documents exist.

21  REQUEST NO. 101:

22       Each and every document that you or anyone acting on your behalf possess that supports your

23  Thirteenth Affirmation Defense as set forth in Defendant's August 14, 2007 Answer to Plaintiffs'

24  Complaint.

25  RESPONSE TO REQUEST NO. 101:

26       Responding party objects to this request on the basis that it is overbroad, in that it seeks

27  documents including privileged and confidential documents that are protected by the attorney-client

28  privilege and the attorney work product privilege.

1  Responding party further objects to this request on the basis that it may include documents

2  produced by plaintiffs in the course of discovery, and as such are equally available to plaintiffs.

3  Consistent with and without waiving the foregoing objections, responding party will produce all non-

4  privileged documents responsive to this request, exclusive of those produced by plaintiffs in the course of

5  discovery, to the extent said responsive documents exist.

6  REQUEST NO. 102:

7  Each and every document that you or anyone acting on your behalf possess that supports your

8  Fourteenth Affirmation Defense as set forth in Defendant's August 14, 2007 Answer to Plaintiffs'

9  Complaint.

10  RESPONSE TO REQUEST NO. 102:

11  Responding party objects to this request on the basis that it is overbroad, in that it seeks

12  documents including privileged and confidential documents that are protected by the attorney-client

13  privilege and the attorney work product privilege.

14  Responding party further objects to this request on the basis that it may include documents

15  produced by plaintiffs in the course of discovery, and as such are equally available to plaintiffs.

16  Consistent with and without waiving the foregoing objections, responding party will produce all non-

17  privileged documents responsive to this request, exclusive of those produced by plaintiffs in the course of

18  discovery, to the extent said responsive documents exist.

19  REQUEST NO. 103:

20  Each and every document that you or anyone acting on your behalf possess that supports your

21  Fifteenth Affirmation Defense as set forth in Defendant's August 14, 2007 Answer to Plaintiffs'

22  Complaint.

23  RESPONSE TO REQUEST NO. 103:

24  Responding party objects to this request on the basis that it is overbroad, in that it seeks

25  documents including privileged and confidential documents that are protected by the attorney-client

26  privilege and the attorney work product privilege.

27  Responding party further objects to this request on the basis that it may include documents

28  produced by plaintiffs in the course of discovery, and as such are equally available to plaintiffs.

1  Consistent with and without waiving the foregoing objections, responding party will produce all non-

2  privileged documents responsive to this request, exclusive of those produced by plaintiffs in the course of

3  discovery, to the extent said responsive documents exist.

4  REQUEST NO. 104:

5      Each and every document that you or anyone acting on your behalf possess that supports your

6  Sixteenth Affirmation Defense as set forth in Defendant's August 14, 2007 Answer to Plaintiffs'

7  Complaint.

8  RESPONSE TO REQUEST NO. 104:

9      Responding party objects to this request on the basis that it is overbroad, in that it seeks

10  documents including privileged and confidential documents that are protected by the attorney-client

11  privilege and the attorney work product privilege.

12      Responding party further objects to this request on the basis that it may include documents

13  produced by plaintiffs in the course of discovery, and as such are equally available to plaintiffs.

14  Consistent with and without waiving the foregoing objections, responding party will produce all non-

15  privileged documents responsive to this request, exclusive of those produced by plaintiffs in the course of

16  discovery, to the extent said responsive documents exist.

17  REQUEST NO. 105:

18      Each and every document that you or anyone acting on your behalf possess that supports your

19  Seventeenth Affirmation Defense as set forth in Defendant's August 14, 2007 Answer to Plaintiffs'

20  Complaint.

21  RESPONSE TO REQUEST NO. 105:

22      Responding party objects to this request on the basis that it is overbroad, in that it seeks

23  documents including privileged and confidential documents that are protected by the attorney-client

24  privilege and the attorney work product privilege.

25      Responding party further objects to this request on the basis that it may include documents

26  produced by plaintiffs in the course of discovery, and as such are equally available to plaintiffs.

27  Consistent with and without waiving the foregoing objections, responding party will produce all non-

28  privileged documents responsive to this request, exclusive of those produced by plaintiffs in the course of

1  discovery, to the extent said responsive documents exist.

2  REQUEST NO. 106:

3       Each and every document that you or anyone acting on your behalf possess that supports your

4  Eighteenth Affirmation Defense as set forth in Defendant's August 14, 2007 Answer to Plaintiffs'

5  Complaint.

6  RESPONSE TO REQUEST NO. 106:

7       Responding party objects to this request on the basis that it is overbroad, in that it seeks

8  documents including privileged and confidential documents that are protected by the attorney-client

9  privilege and the attorney work product privilege.

10       Responding party further objects to this request on the basis that it may include documents

11  produced by plaintiffs in the course of discovery, and as such are equally available to plaintiffs.

12  Consistent with and without waiving the foregoing objections, responding party will produce all non-

13  privileged documents responsive to this request, exclusive of those produced by plaintiffs in the course of

14  discovery, to the extent said responsive documents exist.

15  REQUEST NO. 107:

16       Each and every document that you or anyone acting on your behalf possess that supports your

17  Nineteenth Affirmation Defense as set forth in Defendant's August 14, 2007 Answer to Plaintiffs'

18  Complaint.

19  RESPONSE TO REQUEST NO. 107:

20       Responding party objects to this request on the basis that it is overbroad, in that it seeks

21  documents including privileged and confidential documents that are protected by the attorney-client

22  privilege and the attorney work product privilege.

23       Responding party further objects to this request on the basis that it may include documents

24  produced by plaintiffs in the course of discovery, and as such are equally available to plaintiffs.

25  Consistent with and without waiving the foregoing objections, responding party will produce all non-

26  privileged documents responsive to this request, exclusive of those produced by plaintiffs in the course of

27  discovery, to the extent said responsive documents exist.

28  ///

1  REQUEST NO. 108:

2      Each and every document that you or anyone acting on your behalf possess that supports your

3  Twentieth Affirmation Defense as set forth in Defendant's August 14, 2007 Answer to Plaintiffs'

4  Complaint.

5  RESPONSE TO REQUEST NO. 108:

6      Responding party objects to this request on the basis that it is overbroad, in that it seeks

7  documents including privileged and confidential documents that are protected by the attorney-client

8  privilege and the attorney work product privilege.

9      Responding party further objects to this request on the basis that it may include documents

10  produced by plaintiffs in the course of discovery, and as such are equally available to plaintiffs.

11  Consistent with and without waiving the foregoing objections, responding party will produce all non-

12  privileged documents responsive to this request, exclusive of those produced by plaintiffs in the course of

13  discovery, to the extent said responsive documents exist.

14  REQUEST NO. 109:

15      Each and every document that you or anyone acting on your behalf possess that supports your

16  contention that "Plaintiffs assumed the risk of any damages they allegedly have sustained" as alleged at

17  p. 20, 1. 7 of Defendants August 14, 2007 Answer to Plaintiffs' Complaint.

18  RESPONSE TO REQUEST NO. 109:

19      Responding party objects to this request on the basis that it is overbroad, in that it seeks

20  documents including privileged and confidential documents that are protected by the attorney-client

21  privilege and the attorney work product privilege.

22      Responding party further objects to this request on the basis that it may include documents

23  produced by plaintiffs in the course of discovery, and as such are equally available to plaintiffs.

24  Consistent with and without waiving the foregoing objections, responding party will produce all non-

25  privileged documents responsive to this request, exclusive of those produced by plaintiffs in the course of

26  discovery, to the extent said responsive documents exist.

27  REQUEST NO. 110:

28      Each and every document that you or anyone acting on your behalf possess that supports your

DEFENDANT COUNTY OF SAN MATEO'S RESPONSE TO PLAINTIFF'S DOCUMENT

1 | Twenty-first Affirmation Defense as set forth in Defendant's August 14, 2007 Answer to Plaintiffs'

2 | Complaint.

3 | RESPONSE TO REQUEST NO. 110:

4 |      Responding party objects to this request on the basis that it is overbroad, in that it seeks

5 | documents including privileged and confidential documents that are protected by the attorney-client

6 | privilege and the attorney work product privilege.

7 |      Responding party further objects to this request on the basis that it may include documents

8 | produced by plaintiffs in the course of discovery, and as such are equally available to plaintiffs.

9 | Consistent with and without waiving the foregoing objections, responding party will produce all non-

10 | privileged documents responsive to this request, exclusive of those produced by plaintiffs in the course of

11 | discovery, to the extent said responsive documents exist.

12 | REQUEST NO. 111:

13 |      Each and every document that you or anyone acting on your behalf possess that supports your

14 | Twenty- second Affirmation Defense as set forth in Defendant's August 14, 2007 Answer to Plaintiffs'

15 | Complaint.

16 | RESPONSE TO REQUEST NO. 111:

17 |      Responding party objects to this request on the basis that it is overbroad, in that it seeks

18 | documents including privileged and confidential documents that are protected by the attorney-client

19 | privilege and the attorney work product privilege.

20 |      Responding party further objects to this request on the basis that it may include documents

21 | produced by plaintiffs in the course of discovery, and as such are equally available to plaintiffs.

22 | Consistent with and without waiving the foregoing objections, responding party will produce all non-

23 | privileged documents responsive to this request, exclusive of those produced by plaintiffs in the course of

24 | discovery, to the extent said responsive documents exist.

25 | REQUEST NO. 112:

26 |      Each and every document that you or anyone acting on your behalf possess that supports your

27 | Twenty-third Affirmation Defense as set forth in Defendant's August 14, 2007 Answer to Plaintiffs'

28 | Complaint.

1    RESPONSE TO REQUEST NO. 112:

2         Responding party objects to this request on the basis that it is overbroad, in that it seeks

3    documents including privileged and confidential documents that are protected by the attorney-client

4    privilege and the attorney work product privilege.

5         Responding party further objects to this request on the basis that it may include documents

6    produced by plaintiffs in the course of discovery, and as such are equally available to plaintiffs.

7    Consistent with and without waiving the foregoing objections, responding party will produce all non-

8    privileged documents responsive to this request, exclusive of those produced by plaintiffs in the course of

9    discovery, to the extent said responsive documents exist.

10   REQUEST NO. 113:

11        Each and every document that you or anyone acting on your behalf possess that supports your

12   Twenty-fourth Affirmation Defense as set forth in Defendant's August 14, 2007 Answer to Plaintiffs'

13   Complaint.

14   RESPONSE TO REQUEST NO. 113:

15        Responding party objects to this request on the basis that it is overbroad, in that it seeks

16   documents including privileged and confidential documents that are protected by the attorney-client

17   privilege and the attorney work product privilege.

18        Responding party further objects to this request on the basis that it may include documents

19   produced by plaintiffs in the course of discovery, and as such are equally available to plaintiffs.

20   Consistent with and without waiving the foregoing objections, responding party will produce all non-

21   privileged documents responsive to this request, exclusive of those produced by plaintiffs in the course of

22   discovery, to the extent said responsive documents exist.

23   REQUEST NO. 114:

24        Each and every document that you or anyone acting on your behalf possess that supports your

25   Twenty-fifth Affirmation Defense as set forth in Defendant's August 14, 2007 Answer to Plaintiffs'

26   Complaint.

27   RESPONSE TO REQUEST NO. 114:

28        Responding party objects to this request on the basis that it is overbroad, in that it seeks

1  documents including privileged and confidential documents that are protected by the attorney-client

2  privilege and the attorney work product privilege.

3        Responding party further objects to this request on the basis that it may include documents

4  produced by plaintiffs in the course of discovery, and as such are equally available to plaintiffs.

5  Consistent with and without waiving the foregoing objections, responding party will produce all non-

6  privileged documents responsive to this request, exclusive of those produced by plaintiffs in the course of

7  discovery, to the extent said responsive documents exist.

8  REQUEST NO. 115:

9        Each and every document that you or anyone acting on your behalf possess that supports your

10  Twenty-sixth Affirmation Defense as set forth in Defendant's August 14, 2007 Answer to Plaintiffs'

11  Complaint.

12  RESPONSE TO REQUEST NO. 115:

13        Responding party objects to this request on the basis that it is overbroad, in that it seeks

14  documents including privileged and confidential documents that are protected by the attorney-client

15  privilege and the attorney work product privilege.

16        Responding party further objects to this request on the basis that it may include documents

17  produced by plaintiffs in the course of discovery, and as such are equally available to plaintiffs.

18  Consistent with and without waiving the foregoing objections, responding party will produce all non-

19  privileged documents responsive to this request, exclusive of those produced by plaintiffs in the course of

20  discovery, to the extent said responsive documents exist.

21  REQUEST NO. 116:

22        Each and every photograph of Plaintiff Michael Toschi and/or in which plaintiff Michael Toschi

23  appears.

24  RESPONSE TO REQUEST NO. 116:

25        Responding party objects to this request on the basis that it is overbroad, in that it seeks

26  documents including privileged and confidential documents that are protected by the attorney-client

27  privilege and the attorney work product privilege.

28        Responding party further objects to this request on the basis that it may include documents

**DEFENDANT COUNTY OF SAN MATEO'S RESPONSE TO PLAINTIFF'S DOCUMENT**

1  produced by plaintiffs in the course of discovery, and as such are equally available to plaintiffs.

2  Consistent with and without waiving the foregoing objections, responding party will produce all non-

3  privileged documents responsive to this request, exclusive of those produced by plaintiffs in the course of

4  discovery, to the extent said responsive documents exist.

5  REQUEST NO. 117:

6       Each and every photograph of Plaintiff Tracy Toschi and/or in which plaintiff Tracy Toschi

7  appears.

8  RESPONSE TO REQUEST NO. 117:

9       Responding party objects to this request on the basis that it is overbroad, in that it seeks

10  documents including privileged and confidential documents that are protected by the attorney-client

11  privilege and the attorney work product privilege.

12       Responding party further objects to this request on the basis that it may include documents

13  produced by plaintiffs in the course of discovery, and as such are equally available to plaintiffs.

14  Consistent with and without waiving the foregoing objections, responding party will produce all non-

15  privileged documents responsive to this request, exclusive of those produced by plaintiffs in the course of

16  discovery, to the extent said responsive documents exist.

17  REQUEST NO. 118:

18       Each and every photograph of 2511 Park Road, Redwood City, California and/or in which 2511

19  Park Road, Redwood City, California appears.

20  RESPONSE TO REQUEST NO. 118:

21       Responding party objects to this request on the basis that it is overbroad, in that it seeks

22  documents including privileged and confidential documents that are protected by the attorney-client

23  privilege and the attorney work product privilege.

24       Responding party further objects to this request on the basis that it may include documents

25  produced by plaintiffs in the course of discovery, and as such are equally available to plaintiffs.

26  Consistent with and without waiving the foregoing objections, responding party will produce all non-

27  privileged documents responsive to this request, exclusive of those produced by plaintiffs in the course of

28  discovery, to the extent said responsive documents exist.

1  REQUEST NO. 119:

2      Each and every videotape of plaintiff Michael Toschi and/or in which plaintiff Michael Toschi

3  appears.

4  RESPONSE TO REQUEST NO. 119:

5      Responding party objects to this request on the basis that it is overbroad, in that it seeks

6  documents including privileged and confidential documents that are protected by the attorney-client

7  privilege and the attorney work product privilege.

8      Responding party further objects to this request on the basis that it may include documents

9  produced by plaintiffs in the course of discovery, and as such are equally available to plaintiffs.

10  Consistent with and without waiving the foregoing objections, responding party will produce all non-

11  privileged documents responsive to this request, exclusive of those produced by plaintiffs in the course of

12  discovery, to the extent said responsive documents exist.

13  REQUEST NO. 120:

14      Each and every videotape of plaintiff Tracy Toschi and/or in which plaintiff Tracy Toschi

15  appears.

16  RESPONSE TO REQUEST NO. 120:

17      Responding party objects to this request on the basis that it is overbroad, in that it seeks

18  documents including privileged and confidential documents that are protected by the attorney-client

19  privilege and the attorney work product privilege.

20      Responding party further objects to this request on the basis that it may include documents

21  produced by plaintiffs in the course of discovery, and as such are equally available to plaintiffs.

22  Consistent with and without waiving the foregoing objections, responding party will produce all non-

23  privileged documents responsive to this request, exclusive of those produced by plaintiffs in the course of

24  discovery, to the extent said responsive documents exist.

25  REQUEST NO. 121:

26      Each and every videotape of 2511 Park Road, Redwood City, California and/or in which 2511

27  Park Road, Redwood City, California Appears.

28  ///

1  RESPONSE TO REQUEST NO. 121:

2      Responding party objects to this request on the basis that it is overbroad, in that it seeks

3  documents including privileged and confidential documents that are protected by the attorney-client

4  privilege and the attorney work product privilege.

5      Responding party further objects to this request on the basis that it may include documents

6  produced by plaintiffs in the course of discovery, and as such are equally available to plaintiffs.

7  Consistent with and without waiving the foregoing objections, responding party will produce all non-

8  privileged documents responsive to this request, exclusive of those produced by plaintiffs in the course of

9  discovery, to the extent said responsive documents exist.

10  REQUEST NO. 122:

11      Each and every audiotape of plaintiff Michael Toschi and/or in which plaintiff Michael Toschi's

12  voice is recorded.

13  RESPONSE TO REQUEST NO. 122:

14      Responding party objects to this request on the basis that it is overbroad, in that it seeks

15  documents including privileged and confidential documents that are protected by the attorney-client

16  privilege and the attorney work product privilege.

17      Responding party further objects to this request on the basis that it may include documents

18  produced by plaintiffs in the course of discovery, and as such are equally available to plaintiffs.

19  Consistent with and without waiving the foregoing objections, responding party will produce all non-

20  privileged documents responsive to this request, exclusive of those produced by plaintiffs in the course of

21  discovery, to the extent said responsive documents exist.

22  REQUEST NO. 123:

23      Each and every audiotape of plaintiff Tracy Toschi and/or in which plaintiff Tracy Toschi's voice

24  is recorded.

25  RESPONSE TO REQUEST NO. 123:

26      Responding party objects to this request on the basis that it is overbroad, in that it seeks

27  documents including privileged and confidential documents that are protected by the attorney-client

28  privilege and the attorney work product privilege.

1    Responding party further objects to this request on the basis that it may include documents

2    produced by plaintiffs in the course of discovery, and as such are equally available to plaintiffs.

3    Responding party also objects on the basis that their maybe recordings made during the course of internal

4    affairs investigation to which plaintiffs are not entitled.  As such, these recordings are privileged and will

5    not be produced in the absence of a court order.  Consistent with and without waiving the foregoing

6    objections, responding party will produce all non-privileged documents responsive to this request,

7    exclusive of those produced by plaintiffs in the course of discovery, to the extent said responsive

8    documents exist.

9    REQUEST NO. 124:

10    Each and every document relating to the County Sheriff's Department Internal Affairs

11    investigation of Defendant resulting from Plaintiff Michael Toschi's Citizen's Complaint made against

12    Defendant Don Dallimonti. Please ensure that Defendant's response complies with *Kelly v. City of San*

13    *Jose*, 114 F.R.D. 653 (1987).

14    RESPONSE TO REQUEST NO. 124:

15    Respondent objects to this request as not relevant and overbroad.  The County further objects to

16    this request as calling for documents protected by the Official Information Privilege, this Peace Officer's

17    rights to privacy under the United States Constitution and the California Constitution, the right to privacy

18    in peace officer personnel files, Cal. Penal Code sections 832.7 and 832.8 and Cal. Evid. Code section

19    1043.

20    REQUEST NO. 125:

21    Each and every document relating to any other Citizen's Complaint made against Defendant Don

22    Dallimonti. Please ensure the Defendant's response complies with *Kelly v. City of San Jose*, 114 F.R.D.

23    653 (1987).

24    RESPONSE TO REQUEST NO. 125:

25    Respondent objects to this request as not relevant and overbroad.  The County further objects to

26    this request as calling for documents protected by the Official Information Privilege, this Peace Officer's

27    rights to privacy under the United States Constitution and the California Constitution, the right to privacy

28    in peace officer personnel files, Cal. Penal Code sections 832.7 and 832.8 and Cal. Evid. Code section

1    1043.

2    REQUEST NO. 126:

3    Each and every document relating to any other County Sheriff's Department Internal Affairs

4    investigation of Defendant Don Dallimonti resulting from a Citizen's Complaint made against

5    Defendant. Please ensure that Defendant's response complies with *Kelly v. City of San Jose*, 114 F.R.D.

6    653 (1987).

7    RESPONSE TO REQUEST NO. 126:

8    Respondent objects to this request as not relevant and overbroad.  The County further objects to

9    this request as calling for documents protected by the Official Information Privilege, this Peace Officer's

10    rights to privacy under the United States Constitution and the California Constitution, the right to privacy

11    in peace officer personnel files, Cal. Penal Code sections 832.7 and 832.8 and Cal. Evid. Code section

12    1043.

13    Respondent further objects that this request is duplication of previous requests.

14    REQUEST NO. 127:

15    Each and every document relating to any disciplinary measures imposed by the County Sheriff's

16    Department against Defendant Don Dallimonti. Please ensure that Defendant's response complies with

17    *Kelly v. City of San Jose*, 114 F.R.D. 653 (1987).

18    RESPONSE TO REQUEST NO. 127:

19    Respondent objects to this request as not relevant and overbroad.  The County further objects to

20    this request as calling for documents protected by the Official Information Privilege, this Peace Officer's

21    rights to privacy under the United States Constitution and the California Constitution, the right to privacy

22    in peace officer personnel files, Cal. Penal Code sections 832.7 and 832.8 and Cal. Evid. Code section

23    1043.

24    REQUEST NO. 128:

25    Each and every document relating to the County Sheriff's Department Internal Affairs

26    investigation of Defendant resulting from Plaintiff Michael Toschi's Citizen's Complaint made against

27    Defendant David Weidner. Please ensure that Defendant's response complies with *Kelly v. City of San*

28    *Jose*, 114 F.R.D. 653 (1987).

DEFENDANT COUNTY OF SAN MATEO'S RESPONSE TO PLAINTIFF'S DOCUMENT

1  RESPONSE TO REQUEST NO. 128:

2      Respondent objects to this request as not relevant and overbroad.  The County further objects to

3  this request as calling for documents protected by the Official Information Privilege, this Peace Officer's

4  rights to privacy under the United States Constitution and the California Constitution, the right to privacy

5  in peace officer personnel files, Cal. Penal Code sections 832.7 and 832.8 and Cal. Evid. Code section

6  1043.

7  REQUEST NO. 129:

8      Each and every document relating to any other Citizen's Complaint made against Defendant

9  David Weidner. Please ensure that Defendant's response complies with *Kelly v. City of San Jose*, 114

10  F.R.D. 653 (1987).

11  RESPONSE TO REQUEST NO. 129:

12      Respondent objects to this request as not relevant and overbroad.  The County further objects to

13  this request as calling for documents protected by the Official Information Privilege, this Peace Officer's

14  rights to privacy under the United States Constitution and the California Constitution, the right to privacy

15  in peace officer personnel files, Cal. Penal Code sections 832.7 and 832.8 and Cal. Evid. Code section

16  1043.

17  REQUEST NO. 130:

18      Each and every document relating to any other County Sheriff's Department Internal Affairs

19  investigation of Defendant David Weidner resulting from a Citizen's Complaint made against Defendant.

20  Please ensure that Defendant's response complies with *Kelly v. City of San Jose*, 114 F.R.D. 653 (1987).

21  RESPONSE TO REQUEST NO. 130:

22      Respondent objects to this request as not relevant and overbroad.  The County further objects to

23  this request as calling for documents protected by the Official Information Privilege, this Peace Officer's

24  rights to privacy under the United States Constitution and the California Constitution, the right to privacy

25  in peace officer personnel files, Cal. Penal Code sections 832.7 and 832.8 and Cal. Evid. Code section

26  1043.

27  REQUEST NO. 131:

28      Each and every document relating to any disciplinary measures imposed by the County Sheriff's

DEFENDANT COUNTY OF SAN MATEO'S RESPONSE TO PLAINTIFF'S DOCUMENT

1 | Department against Defendant David Weidner. Please ensure that Defendant's response complies with

2 | *Kelly v. City of San Jose*, 114 F.R.D. 653 (1987).

3 | RESPONSE TO REQUEST NO. 131:

4 |     Respondent objects to this request as not relevant and overbroad. The County further objects to

5 | this request as calling for documents protected by the Official Information Privilege, this Peace Officer's

6 | rights to privacy under the United States Constitution and the California Constitution, the right to privacy

7 | in peace officer personnel files, Cal. Penal Code sections 832.7 and 832.8 and Cal. Evid. Code section

8 | 1043.

9 |     Respondent further objects that this request is duplication of previous requests.

10 | REQUEST NO. 132:

11 |     All documents relating to the Computer Assisted Dispatch ("CAD") created by the San Mateo

12 | County Sheriff's Department relating to the September 24, 2006 incident involving Defendant David

13 | Weidner.

14 | RESPONSE TO REQUEST NO. 132:

15 |     Responding party objects to this request on the basis that it is overbroad, in that it seeks

16 | documents including privileged and confidential documents that are protected by the attorney-client

17 | privilege and the attorney work product privilege.

18 |     Responding party further objects to this request on the basis that it may include documents

19 | produced by plaintiffs in the course of discovery, and as such are equally available to plaintiffs.

20 | Consistent with and without waiving the foregoing objections, responding party will produce all non-

21 | privileged documents responsive to this request, exclusive of those produced by plaintiffs in the course of

22 | discovery, to the extent said responsive documents exist.

23 | REQUEST NO. 133:

24 |     The audiotape of the Computer Assisted Dispatch ("CAD") created by the San Mateo County

25 | Sheriff's Department relating to the September 24, 2006 incident involving Defendant David Weidner.

26 | RESPONSE TO REQUEST NO. 133:

27 |     Responding party objects to this request on the basis that it is overbroad, in that it seeks

28 | documents including privileged and confidential documents that are protected by the attorney-client

1  privilege and the attorney work product privilege.

2      Responding party further objects to this request on the basis that it may include documents

3  produced by plaintiffs in the course of discovery, and as such are equally available to plaintiffs.

4  Consistent with and without waiving the foregoing objections, responding party will produce all non-

5  privileged documents responsive to this request, exclusive of those produced by plaintiffs in the course of

6  discovery, to the extent said responsive documents exist.

7  REQUEST NO. 134:

8      Each and every document relating to the interaction between Deputy Jason Gamble and plaintiffs

9  Michael Toschi and/or Tracy Toschi in August 2006.

10  RESPONSE TO REQUEST NO. 134:

11      Responding party objects to this request on the basis that it is overbroad, in that it seeks

12  documents including privileged and confidential documents that are protected by the attorney-client

13  privilege and the attorney work product privilege.

14      Responding party further objects to this request on the basis that it may include documents

15  produced by plaintiffs in the course of discovery, and as such are equally available to plaintiffs.

16  Consistent with and without waiving the foregoing objections, responding party will produce all non-

17  privileged documents responsive to this request, exclusive of those produced by plaintiffs in the course of

18  discovery, to the extent said responsive documents exist.

19  REQUEST NO. 135:

20      The San Mateo County Sheriff's Department Incident Report prepared by Deputy Jason Gamble

21  following his interaction with plaintiffs Michael Toschi and/or Tracy Toschi.

22  RESPONSE TO REQUEST NO. 135:

23      Responding party objects to this request on the basis that it is overbroad, in that it seeks

24  documents including privileged and confidential documents that are protected by the attorney-client

25  privilege and the attorney work product privilege.

26      Responding party further objects to this request on the basis that it may include documents

27  produced by plaintiffs in the course of discovery, and as such are equally available to plaintiffs.

28  Consistent with and without waiving the foregoing objections, responding party will produce all non-

1 | privileged documents responsive to this request, exclusive of those produced by plaintiffs in the course of

2 | discovery, to the extent said responsive documents exist.

3 | REQUEST NO. 136:

4 |     All documents relating to the Computer Assisted Dispatch ("CAD") created by the San Mateo

5 | County Sheriff's Department relating to the interaction between Deputy Jason Gamble and plaintiffs

6 | Michael Toschi and/or Tracy Toschi in August 2006.

7 | RESPONSE TO REQUEST NO. 136:

8 |     Responding party objects to this request on the basis that it is overbroad, in that it seeks

9 | documents including privileged and confidential documents that are protected by the attorney-client

10 | privilege and the attorney work product privilege.

11 |     Responding party further objects to this request on the basis that it may include documents

12 | produced by plaintiffs in the course of discovery, and as such are equally available to plaintiffs.

13 | Consistent with and without waiving the foregoing objections, responding party will produce all non-

14 | privileged documents responsive to this request, exclusive of those produced by plaintiffs in the course of

15 | discovery, to the extent said responsive documents exist.

16 | REQUEST NO. 137:

17 |     The audiotape of the Computer Assisted Dispatch ("CAD") created by the San Mateo County

18 | Sheriff's Department relating to the interaction between Deputy Jason Gamble and plaintiffs Michael

19 | Toschi and/or Tracy Toschi in August 2006.

20 | RESPONSE TO REQUEST NO. 137:

21 |     Responding party objects to this request on the basis that it is overbroad, in that it seeks

22 | documents including privileged and confidential documents that are protected by the attorney-client

23 | privilege and the attorney work product privilege.

24 |     Responding party further objects to this request on the basis that it may include documents

25 | produced by plaintiffs in the course of discovery, and as such are equally available to plaintiffs.

26 | Consistent with and without waiving the foregoing objections, responding party will produce all non-

27 | privileged documents responsive to this request, exclusive of those produced by plaintiffs in the course of

28 | discovery, to the extent said responsive documents exist.

1  REQUEST NO. 138:

2       All correspondence to and from the County of San Mateo Department of Public Works, and

3  County of San Mateo Board of Supervisors, the County of San Mateo Manager and/or County of San

4  Mateo Sheriff's Department relating to (1) plaintiffs Michael Toschi and/or Tracy Toschi, (2) defendants

5  Don Dallimonti and/or Rhonda Dallimonti, (3) 2511 Park Road, Redwood City, California and (4) 606

6  Park Road, Redwood City, California. Please provide a privilege log for any email over which Defendant

7  asserts any privilege from producing the email.

8  RESPONSE TO REQUEST NO. 138:

9       Responding party objects to this request on the basis that it is overbroad, in that it seeks

10  documents including privileged and confidential documents that are protected by the attorney-client

11  privilege and the attorney work product privilege.

12       Responding party further objects to this request on the basis that it may include documents

13  produced by plaintiffs in the course of discovery, and as such are equally available to plaintiffs.

14  Consistent with and without waiving the foregoing objections, responding party will produce all non-

15  privileged documents responsive to this request, exclusive of those produced by plaintiffs in the course of

16  discovery, to the extent said responsive documents exist.

17  REQUEST NO. 139:

18       All correspondence to and from Grace Whipps relating to (1) plaintiffs Michael Toschi and/or

19  Tracy Toschi, (2) defendants Don Dallimonti and/or Rhonda Dallimonti, (3) 2511 Park Road, Redwood

20  City, California and (4) 606 Park Road, Redwood City, California. Please provide a privilege log for any

21  email over which Defendant asserts any privilege from producing the email.

22  RESPONSE TO REQUEST NO. 139:

23       Responding party objects to this request on the basis that it is overbroad, in that it seeks

24  documents including privileged and confidential documents that are protected by the attorney-client

25  privilege and the attorney work product privilege.

26       Responding party further objects to this request on the basis that it may include documents

27  produced by plaintiffs in the course of discovery, and as such are equally available to plaintiffs.

28  Consistent with and without waiving the foregoing objections, responding party will produce all non-

1  privileged documents responsive to this request, exclusive of those produced by plaintiffs in the course of

2  discovery, to the extent said responsive documents exist.

3  REQUEST NO. 140:

4      All emails (unredacted) to and from County of San Mateo Department of Public Works employee

5  David Clarke relating to (1) plaintiffs Michael Toschi and/or Tracy Toschi, (2) defendants Don

6  Dallimonti and/or Rhonda Dallimonti, (3) 2511 Park Road, Redwood City, California, (4) 606 Park

7  Road, Redwood City, California. Please provide a privilege log for any email over which Defendant

8  asserts any privilege from producing the email.

9  RESPONSE TO REQUEST NO. 140:

10     Respondent objects to this request to the extent that it calls for documents protected by the

11  attorney-client privilege and the attorney work product privilege.  Responding party further objects on

12  the basis that it is burdensome, oppressive and duplicative, in that some or all of the requested documents

13  have been previously produced by responding party during the course of discovery and as such are

14  equally available to plaintiffs.  Without waiving the foregoing objections, responding party will comply

15  with this request by producing all non-privileged documents responsive to this request.

16  REQUEST NO. 141:

17     All e-mails (unredacted) to and from County of San Mateo Department of Public Works

18  employee Joe Costa relating to (1) plaintiffs Michael Toschi and/or Tracy Toschi, (2) defendants Don

19  Dallimonti and/or Rhonda Dallimonti, (3) 2511 Park Road, Redwood City, California, (4) 606 Park

20  Road, Redwood City, California. Please provide a privilege log for any email over which Defendant

21  asserts any privilege from producing the email.

22  RESPONSE TO REQUEST NO. 141:

23     Respondent objects to this request to the extent that it calls for documents protected by the

24  attorney-client privilege and the attorney work product privilege.  Responding party further objects on

25  the basis that it is burdensome, oppressive and duplicative, in that some or all of the requested documents

26  have been previously produced by responding party during the course of discovery and as such are

27  equally available to plaintiffs.  Without waiving the foregoing objections, responding party will comply

28  with this request by producing all non-privileged documents responsive to this request.

1  REQUEST NO. 142:

2      All e-mails (unredacted) to and from County of San Mateo Department of Public Works

3  employee Neil Cullen relating to (1) plaintiffs Michael Toschi and/or Tracy Toschi, (2) defendants Don

4  Dallimonti and/or Rhonda Dallimonti, (3) 2511 Park Road, Redwood City, California, (4) 606 Park

5  Road, Redwood City, California. Please provide a privilege log for any email over which Defendant

6  asserts any privilege from producing the email.

7  RESPONSE TO REQUEST NO. 142:

8      Respondent objects to this request to the extent that it calls for documents protected by the

9  attorney-client privilege and the attorney work product privilege. Responding party further objects on

10  the basis that it is burdensome, oppressive and duplicative, in that some or all of the requested documents

11  have been previously produced by responding party during the course of discovery and as such are

12  equally available to plaintiffs. Without waiving the foregoing objections, responding party will comply

13  with this request by producing all non-privileged documents responsive to this request.

14  REQUEST NO. 143:

15      All e-mailed (unredacted) to and from County of San Mateo Department of Public Works

16  employee Lisa Ekers relating to (1) plaintiffs Michael Toschi and/or Tracy Toschi, (2) defendants Don

17  Dallimonti and/or Rhonda Dallimonti, (3) 2511 Park Road, Redwood City, California, (4) 606 Park

18  Road, Redwood City, California. Please provide a privilege log for any email over which Defendant

19  asserts any privilege from producing the email.

20  RESPONSE TO REQUEST NO. 143:

21      Respondent objects to this request to the extent that it calls for documents protected by the

22  attorney-client privilege and the attorney work product privilege. Responding party further objects on

23  the basis that it is burdensome, oppressive and duplicative, in that some or all of the requested documents

24  have been previously produced by responding party during the course of discovery and as such are

25  equally available to plaintiffs. Without waiving the foregoing objections, responding party will comply

26  with this request by producing all non-privileged documents responsive to this request.

27  REQUEST NO. 144:

28      All emails (unredacted) to and from County of San Mateo Department of Public Works employee

1  Mark Marelich relating to (1) plaintiffs Michael Toschi and/or Tracy Toschi, (2) defendants Don

2  Dallimonti and/or Rhonda Dallimonti, (3) 2511 Park Road, Redwood City, California, (4) 606 Park

3  Road, Redwood City, California. Please provide a privilege log for any email over which Defendant

4  asserts any privilege from producing the email.

5  RESPONSE TO REQUEST NO. 144:

6       Respondent objects to this request to the extent that it calls for documents protected by the

7  attorney-client privilege and the attorney work product privilege.  Responding party further objects on

8  the basis that it is burdensome, oppressive and duplicative, in that some or all of the requested documents

9  have been previously produced by responding party during the course of discovery and as such are

10  equally available to plaintiffs.  Without waiving the foregoing objections, responding party will comply

11  with this request by producing all non-privileged documents responsive to this request.

12  REQUEST NO. 145:

13       All emails (unredacted) to and from County of San Mateo Department of Public Works employee

14  Brian Lee relating to (1) plaintiffs Michael Toschi and/or Tracy Toschi, (2) defendants Don Dallimonti

15  and/or Rhonda Dallimonti, (3) 2511 Park Road, Redwood City, California, (4) 606 Park Road, Redwood

16  City, California. Please provide a privilege log for any email over which Defendant asserts any privilege

17  from producing the email.

18  RESPONSE TO REQUEST NO. 145:

19       Respondent objects to this request to the extent that it calls for documents protected by the

20  attorney-client privilege and the attorney work product privilege.  Responding party further objects on

21  the basis that it is burdensome, oppressive and duplicative, in that some or all of the requested documents

22  have been previously produced by responding party during the course of discovery and as such are

23  equally available to plaintiffs.  Without waiving the foregoing objections, responding party will comply

24  with this request by producing all non-privileged documents responsive to this request.

25  REQUEST NO. 146:

26       All emails (unredacted) to and from County of San Mateo Department of Public Works employee

27  James Porter relating to (1) plaintiffs Michael Toschi and/or Tracy Toschi, (2) defendants Don

28  Dallimonti and/or Rhonda Dallimonti, (3) 2511 Park Road, Redwood City, California, (4) 606 Park

1  Road, Redwood City, California. Please provide a privilege log for any email over which Defendant

2  asserts any privilege from producing the email.

3  RESPONSE TO REQUEST NO. 146:

4        Respondent objects to this request to the extent that it calls for documents protected by the

5  attorney-client privilege and the attorney work product privilege. Responding party further objects on

6  the basis that it is burdensome, oppressive and duplicative, in that some or all of the requested documents

7  have been previously produced by responding party during the course of discovery and as such are

8  equally available to plaintiffs. Without waiving the foregoing objections, responding party will comply

9  with this request by producing all non-privileged documents responsive to this request.

10  REQUEST NO. 147:

11        All emails (unredacted) to you from County of San Mateo Department of Public Works employee

12  Tsutsomo Imamura relating to (1) plaintiffs Michael Toschi and/or Tracy Toschi, (2) defendants Don

13  Dallimonti and/or Rhonda Dallimonti, (3) 2511 Park Road, Redwood City, California, (4) 606 Park

14  Road, Redwood City, California. Please provide a privilege log for any email over which Defendant

15  asserts any privilege from producing the email.

16  RESPONSE TO REQUEST NO. 147:

17        Respondent objects to this request to the extent that it calls for documents protected by the

18  attorney-client privilege and the attorney work product privilege. Responding party further objects on

19  the basis that it is burdensome, oppressive and duplicative, in that some or all of the requested documents

20  have been previously produced by responding party during the course of discovery and as such are

21  equally available to plaintiffs. Without waiving the foregoing objections, responding party will comply

22  with this request by producing all non-privileged documents responsive to this request.

23  REQUEST NO. 148:

24        All emails (unredacted) to you from County of San Mateo Department of Public Works employee

25  Steve Ballisteri relating to (1) plaintiffs Michael Toschi and/or Tracy Toschi, (2) defendants Don

26  Dallimonti and/or Rhonda Dallimonti, (3) 2511 Park Road, Redwood City, California, (4) 606 Park

27  Road, Redwood City, California. Please provide a privilege log for any email over which Defendant

28  asserts any privilege from producing the email.

1  RESPONSE TO REQUEST NO. 148:

2        Respondent objects to this request to the extent that it calls for documents protected by the

3  attorney-client privilege and the attorney work product privilege. Responding party further objects on

4  the basis that it is burdensome, oppressive and duplicative, in that some or all of the requested documents

5  have been previously produced by responding party during the course of discovery and as such are

6  equally available to plaintiffs. Without waiving the foregoing objections, responding party will comply

7  with this request by producing all non-privileged documents responsive to this request.

8  REQUEST NO. 149:

9        All emails (unredacted) to you from County of San Mateo Sheriff's Department employee  Don

10 Dallimonti relating to (1) plaintiffs Michael Toschi and/or Tracy Toschi, (2) defendants Don Dallimonti

11 and/or Rhonda Dallimonti, (3) 2511 Park Road, Redwood City, California, (4) 606 Park Road, Redwood

12 City, California. Please provide a privilege log for any email over which Defendant asserts any privilege

13 from producing the email.

14 RESPONSE TO REQUEST NO. 149:

15       Respondent objects to this request to the extent that it calls for documents protected by the

16 attorney-client privilege and the attorney work product privilege. Responding party further objects on

17 the basis that it is burdensome, oppressive and duplicative, in that some or all of the requested documents

18 have been previously produced by responding party during the course of discovery and as such are

19 equally available to plaintiffs. Without waiving the foregoing objections, responding party will comply

20 with this request by producing all non-privileged documents responsive to this request.

21 REQUEST NO. 150: .

22       All emails (unredacted) to you from County of San Mateo Sheriff's Department employee David

23 Weidner relating to (1) plaintiffs Michael Toschi and/or Tracy Toschi, (2) defendants Don Dallimonti

24 and/or Rhonda Dallimonti, (3) 2511 Park Road, Redwood City, California, (4) 606 Park Road, Redwood

25 City, California. Please provide a privilege log for any email over which Defendant asserts any privilege

26 from producing the email.

27 RESPONSE TO REQUEST NO. 150:

28       Respondent objects to this request to the extent that it calls for documents protected by the

1  attorney-client privilege and the attorney work product privilege. Responding party further objects on

2  the basis that it is burdensome, oppressive and duplicative, in that some or all of the requested documents

3  have been previously produced by responding party during the course of discovery and as such are

4  equally available to plaintiffs. Without waiving the foregoing objections, responding party will comply

5  with this request by producing all non-privileged documents responsive to this request.

6  REQUEST NO. 151:

7      All emails (unredacted) to you from County of San Mateo Department of Public Works Manager

8  John Maltbie relating to (1) plaintiffs Michael Toschi and/or Tracy Toschi, (2) defendants Don

9  Dallimonti and/or Rhonda Dallimonti, (3) 2511 Park Road, Redwood City, California, (4) 606 Park

10  Road, Redwood City, California. Please provide a privilege log for any email over which Defendant

11  asserts any privilege from producing the email.

12  RESPONSE TO REQUEST NO. 151:

13      Respondent objects to this request to the extent that it calls for documents protected by the

14  attorney-client privilege and the attorney work product privilege. Responding party further objects on

15  the basis that it is burdensome, oppressive and duplicative, in that some or all of the requested documents

16  have been previously produced by responding party during the course of discovery and as such are

17  equally available to plaintiffs. Without waiving the foregoing objections, responding party will comply

18  with this request by producing all non-privileged documents responsive to this request.

19  REQUEST NO. 152:

20      Each and every document relating to the constructing on December 4, 2006 of an asphalt swale

21  on Upper Park Road in front of the property located at 2511 Park Road, Redwood City, California.

22  RESPONSE TO REQUEST NO. 152:

23      Responding party objects to this request on the basis that it is overbroad, in that it seeks

24  documents including privileged and confidential documents that are protected by the attorney-client

25  privilege and the attorney work product privilege.

26      Responding party further objects to this request on the basis that it may include documents

27  produced by plaintiffs in the course of discovery, and as such are equally available to plaintiffs.

28  Consistent with and without waiving the foregoing objections, responding party will produce all non-

1 | privileged documents responsive to this request, exclusive of those produced by plaintiffs in the course of

2 | discovery, to the extent said responsive documents exist.

3 | REQUEST NO. 153:

4 |     Each and every document relating to the maintenance and/or further construction since December

5 | 4, 2006 on asphalt swale on upper Park Road in front of the property located to 2511 Park Road,

6 | Redwood City, California.

7 | RESPONSE TO REQUEST NO. 153:

8 |     Responding party objects to this request on the basis that it is overbroad, in that it seeks

9 | documents including privileged and confidential documents that are protected by the attorney-client

10 | privilege and the attorney work product privilege.

11 |     Responding party further objects to this request on the basis that it may include documents

12 | produced by plaintiffs in the course of discovery, and as such are equally available to plaintiffs.

13 | Consistent with and without waiving the foregoing objections, responding party will produce all non-

14 | privileged documents responsive to this request, exclusive of those produced by plaintiffs in the course of

15 | discovery, to the extent said responsive documents exist.

16 | REQUEST NO. 154:

17 |     Each and every notebook (unredacted) maintained by County of San Mateo Department of Public

18 | Works employee Mark Marelich from February 1993 through the present.

19 | RESPONSE TO REQUEST NO. 154:

20 |     Respondent objects to this request to the extent that it calls for documents protected by the

21 | attorney-client privilege and the attorney work product privilege.  Responding party further objects on

22 | the basis that it is burdensome, oppressive and duplicative, in that some or all of the requested documents

23 | have been previously produced by responding party during the course of discovery and as such are

24 | equally available to plaintiffs.  Without waiving the foregoing objections, responding party will comply

25 | with this request by producing all non-privileged documents responsive to this request.

26 | REQUEST NO. 155

27 |     Each and every permit application and/or permit issued from February 1993 through the present

28 | by the County of San Mateo Department of Public Works for 2511 Park Road, Redwood City, California.

1 | RESPONSE TO REQUEST NO. 155:

2 |       Responding party objects to this request on the basis that it is overbroad, in that it seeks

3 | documents including privileged and confidential documents protected by the attorney-client privilege and

4 | the attorney work product privilege. Without waiving the foregoing objection, responding party will

5 | comply with this request by producing all non-privileged documents responsive to this request for

6 | inspection and copying at the San Mateo County Department of Public Works, under supervision by a

7 | paralegal or attorney for the respondent, at a mutually agreeable time, to the extent the requested

8 | documents exist.

9 | REQUEST NO. 156:

10 |       Each and every permit application and/or permit issued from February 1993 through the present

11 | by the County of San Mateo Department of Public Works for 604 Park Road, Redwood City, California.

12 | RESPONSE TO REQUEST NO. 156:

13 |       Responding party objects to this request on the basis that it is overbroad, in that it seeks

14 | documents including privileged and confidential documents protected by the attorney-client privilege and

15 | the attorney work product privilege. Without waiving the foregoing objection, responding party will

16 | comply with this request by producing all non-privileged documents responsive to this request for

17 | inspection and copying at the San Mateo County Department of Public Works, under supervision by a

18 | paralegal or attorney for the respondent, at a mutually agreeable time, to the extent the requested

19 | documents exist.

20 | REQUEST NO. 157:

21 |       Each and every permit application and/or permit issued from February 1993 through the present

22 | by the County of San Mateo Department of Public Works for 606 Park Road, Redwood City, California.

23 | RESPONSE TO REQUEST NO. 157:

24 |       Responding party objects to this request on the basis that it is overbroad, in that it seeks

25 | documents including privileged and confidential documents protected by the attorney-client privilege and

26 | the attorney work product privilege. Without waiving the foregoing objection, responding party will

27 | comply with this request by producing all non-privileged documents responsive to this request for

28 | inspection and copying at the San Mateo County Department of Public Works, under supervision by a

1  paralegal or attorney for the respondent, at a mutually agreeable time, to the extent the requested

2  documents exist.

3  REQUEST NO. 158:

4       Each and every permit application and/or permit issued from February 1993 through the present

5  by the County of San Mateo Department of Public Works for 607 Park Road, Redwood City, California.

6  RESPONSE TO REQUEST NO. 158:

7       Responding party objects to this request on the basis that it is overbroad, in that it seeks

8  documents including privileged and confidential documents protected by the attorney-client privilege and

9  the attorney work product privilege. Without waiving the foregoing objection, responding party will

10  comply with this request by producing all non-privileged documents responsive to this request for

11  inspection and copying at the San Mateo County Department of Public Works, under supervision by a

12  paralegal or attorney for the respondent, at a mutually agreeable time, to the extent the requested

13  documents exist.

14  REQUEST NO. 159:

15       Each and every permit application and/or permit issued from February 1993 through the present

16  by the County of San Mateo Department of Public Works for 614 Park Road, Redwood City, California.

17  RESPONSE TO REQUEST NO. 159:

18       Responding party objects to this request on the basis that it is overbroad, in that it seeks

19  documents including privileged and confidential documents protected by the attorney-client privilege and

20  the attorney work product privilege. Without waiving the foregoing objection, responding party will

21  comply with this request by producing all non-privileged documents responsive to this request for

22  inspection and copying at the San Mateo County Department of Public Works, under supervision by a

23  paralegal or attorney for the respondent, at a mutually agreeable time, to the extent the requested

24  documents exist.

25  REQUEST NO. 160:

26       Each and every document regarding any construction work, sewer work, water supply work,

27  and/or any other work performed by the City of Redwood City on Upper Park Road from the corner of

28  Park Road and Woodland Place to the end of Park Road from February 1993 through the present.

1  RESPONSE TO REQUEST NO. 160:

2      Responding party objects to this request on the basis that it does not generally have custody and

3  control of documents associated with and generated by work performed by the City of Redwood City.

4  Such documents are within the care, custody and control of the City of Redwood City.  Without waiving

5  the foregoing objection, Responding party will comply with the request to the extent such documents are

6  within the care, custody and control of the County.

7  REQUEST NO. 161:

8      All County of San Mateo Sheriff's Department General Orders effective from January 1, 2006 to

9  the present.

10  RESPONSE TO REQUEST NO. 161:

11      Responding party will comply with this request.

12  REQUEST NO. 162:

13      All San Mateo County Civil Rules and Regulations effective from January 1, 2006 to present.

14  RESPONSE TO REQUEST NO. 162:

15      The County objects to this request as vague, unintelligible, overbroad, not likely to lead to the

16  discovery of relevant evidence, oppressive and burdensome.  The County will not produce such

17  documents.  Without waiving any of the foregoing objections, however, the County alleges that the

18  County Ordinances, and many County Rules may be found on the County's website.

19  REQUEST NO. 163:

20      All documents relating to any alleged right of way over and/or easement on 2511 Park Road,

21  Redwood City, California.

22  RESPONSE TO REQUEST NO. 163:

23      Responding party objects to this request on the basis that it is overbroad, in that it seeks

24  documents including privileged and confidential documents protected by the attorney-client privilege and

25  the attorney work product privilege.  Without waiving the foregoing objection, responding party will

26  comply with this request by producing all non-privileged documents responsive to this request for

27  inspection and copying at the San Mateo County Department of Public Works, under supervision by a

28  paralegal or attorney for the respondent, at a mutually agreeable time, to the extent the requested

1 | documents exist.

2 | REQUEST NO. 164:

3 |     All documents relating to the permit application for a deer fence on 2511 Park Road, Redwood

4 | City, California by plaintiffs Michael Toschi and/or Tracy Toschi and subsequent denial of the permit

5 | application by Defendant County of San Mateo, including but not limited to any and all emails from

6 | County of San Mateo Department of Public Works employee Lisa Ekers regarding the permit application

7 | for a deer fence.

8 | RESPONSE TO REQUEST NO. 164:

9 |     Respondent objects to this request to the extent that it calls for documents protected by the

10 | attorney-client privilege and the attorney work product privilege. Responding party further objects on

11 | the basis that it is burdensome, oppressive and duplicative, in that some or all of the requested documents

12 | have been previously produced by responding party during the course of discovery and as such are

13 | equally available to plaintiffs. Without waiving the foregoing objections, responding party will comply

14 | with this request by producing all non-privileged documents responsive to this request.

15 | REQUEST NO. 165:

16 |     The email from County of San Mateo Department of Public Works employee Lisa Ekers in which

17 | she indication that no deer fence permit could be issued to plaintiffs Michael Toschi and/or Tracy Toschi

18 | pending advice from county council, which she sent to County of San Mateo Department of Public

19 | Works employee Ken Au and County of San Mateo Department of Public Works employee Mark

20 | Marelich.

21 | RESPONSE TO REQUEST NO. 165:

22 |     Respondent objects to this request to the extent that it calls for documents protected by the

23 | attorney-client privilege and the attorney work product privilege. Responding party further objects on

24 | the basis that it is burdensome, oppressive and duplicative, in that some or all of the requested documents

25 | have been previously produced by responding party during the course of discovery and as such are

26 | equally available to plaintiffs. Without waiving the foregoing objections, responding party will comply

27 | with this request by producing all non-privileged documents responsive to this request.

28 | REQUEST NO. 166:

1    The September 14, 2006 email from County of San Mateo Department of Public Works employee

2    Lisa Ekers to County of San Mateo Department of Public Works employee David Clarke as identified in

3    Defendant County of San Mateo's Initial Disclosure at Bates label 003.

4    RESPONSE TO REQUEST NO. 166:

5    Respondent objects to this request to the extent that it calls for documents protected by the

6    attorney-client privilege and the attorney work product privilege. Responding party further objects on

7    the basis that it is burdensome, oppressive and duplicative, in that some or all of the requested documents

8    have been previously produced by responding party during the course of discovery and as such are

9    equally available to plaintiffs. Without waiving the foregoing objections, responding party will comply

10   with this request by producing all non-privileged documents responsive to this request.

11   REQUEST NO. 167:

12   Reprints or color photocopies of all photographs taken by County of San Mateo Department of

13   Public Works employee David Clarke on August 9, 2006 as identified in Defendant County of San

14   Mateo's Initial Disclosure at Bates label 028.

15   RESPONSE TO REQUEST NO. 167:

16   Responding party objects to this request on the basis that it is overbroad, in that it seeks

17   documents including privileged and confidential documents that are protected by the attorney-client

18   privilege and the attorney work product privilege.

19   Responding party further objects to this request on the basis that it may include documents

20   produced by plaintiffs in the course of discovery, and as such are equally available to plaintiffs.

21   Consistent with and without waiving the foregoing objections, responding party will produce all non-

22   privileged documents responsive to this request, exclusive of those produced by plaintiffs in the course of

23   discovery, to the extent said responsive documents exist.

24   REQUEST NO. 168:

25   Reprints or color photocopies of all photographs taken by County of San Mateo Department of

26   Public Works employee Mark Marelich on September 25, 2006 as identified in Defendant County of San

27   Mateo's Initial Disclosures at Bates label 071.

28   RESPONSE TO REQUEST NO. 168:

1  Responding party objects to this request on the basis that it is overbroad, in that it seeks

2  documents including privileged and confidential documents that are protected by the attorney-client

3  privilege and the attorney work product privilege.

4  Responding party further objects to this request on the basis that it may include documents

5  produced by plaintiffs in the course of discovery, and as such are equally available to plaintiffs.

6  Consistent with and without waiving the foregoing objections, responding party will produce all non-

7  privileged documents responsive to this request, exclusive of those produced by plaintiffs in the course of

8  discovery, to the extent said responsive documents exist.

9  REQUEST NO. 169:

10  Reprints or color photocopies of all photographs taken by any employee of the County of San

11  Mateo Department on December 4, 2006 before, during or after the constructing of an asphalt swale on

12  Upper Park Road in front of the property located at 2511 Park Road, Redwood City, California.

13  RESPONSE TO REQUEST NO. 169:

14  Responding party objects to this request on the basis that it is overbroad, in that it seeks

15  documents including privileged and confidential documents that are protected by the attorney-client

16  privilege and the attorney work product privilege.

17  Responding party further objects to this request on the basis that it may include documents

18  produced by plaintiffs in the course of discovery, and as such are equally available to plaintiffs.

19  Consistent with and without waiving the foregoing objections, responding party will produce all non-

20  privileged documents responsive to this request, exclusive of those produced by plaintiffs in the course of

21  discovery, to the extent said responsive documents exist.

22  REQUEST NO. 170:

23  The "Encroachment File" maintained by Department of Public Works employee Lisa Ekers

24  regarding (1) plaintiffs Michael Toschi and/or Tracy Toschi, and/or 2511 Park Road, Redwood City,

25  California.

26  RESPONSE TO REQUEST NO. 170:

27  Responding party objects to this request on the basis that it is overbroad, in that it seeks

28  documents including privileged and confidential documents that are protected by the attorney-client

1  privilege and the attorney work product privilege.

2      Responding party further objects to this request on the basis that it may include documents

3  produced by plaintiffs in the course of discovery, and as such are equally available to plaintiffs.

4  Consistent with and without waiving the foregoing objections, responding party will produce all non-

5  privileged documents responsive to this request, exclusive of those produced by plaintiffs in the course of

6  discovery, to the extent said responsive documents exist.

7

8  Dated: June 23, 2008                          MICHAEL P. MURPHY, COUNTY COUNSEL

9

10                                              By

11                                                 V. Raymond Swope III, Deputy

12                                              Attorneys for Defendant
                                                COUNTY OF SAN MATEO

13

14  L:\LITIGATE\T_CASES\Toschi\Discovery\County response to pltf doc request final 06 23 08.doc

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT COUNTY OF SAN MATEO'S RESPONSE TO PLAINTIFF'S DOCUMENT
REQUEST, SET TWO

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# PROOF OF SERVICE

I do hereby declare that I am a citizen of the United States employed in the County of San Mateo, over 18 years old and that my business address is 400 County Center, Redwood City, California. I am not a party to the within action.

On June 23, 2008, I served the following document(s):

**DEFENDANT COUNTY OF SAN MATEO'S RESPONSE TO PLAINTIFF'S DOCUMENT REQUEST, SET TWO**

on all other parties to this action by placing a true copy of said document(s) in a sealed envelope in the following manner:

**[X]** (BY U.S. MAIL) by placing a true copy of said document(s) in a sealed envelope(s) addressed as shown below for collection and mailing at Redwood City, California following our ordinary business practices. I am readily familiar with this office's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid.

**[ ]** (BY OVERNIGHT DELIVERY) by placing a true copy of said document(s) in a sealed envelope(s) addressed as shown below for collection and delivery by an overnight delivery carrier with delivery fees paid or provided for in accordance with this office's practice. I am readily familiar with this office's practice for processing correspondence for delivery the following day by an overnight delivery carrier.

**[ ]** (BY E-MAIL OR ELECTRONIC TRANSMISSION) Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail address shown below. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

**[ ]** (BY FACSIMILE TRANSMISSION) by telefaxing a true copy of said document(s) at _____, ___m. on the date stated above to the addressee(s) and number(s) shown below. A transmission report was properly issued by the transmitting facsimile machine and is attached hereto. The transmission was reported as completed and without error.

**[ ]** (BY PERSONAL SERVICE) I caused such envelope(s) to be hand-delivered to the addressee(s) shown below. A proof of service signed by the authorized courier will be filed forthwith.

**[ ]** (STATE) I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**[X]** (FEDERAL) I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

_Subidra Waran_

SUBIDRA WARAN

Toschi et al., v. County of San Mateo et al., - C-07-3625 MMC

## SERVICE LIST

**Brian Gearinger**
Gearinger Law Group
825 Van Ness Avenue , 4th Floor
San Francisco, CA 94109
415-440-3175
Fax: 415-440-3103
Email: brian@gearingerlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

ATTORNEYS FOR PLAINTIFFS:
*Michael & Tracy Toschi*

**John Houston Scott**
**Lizabeth N. de Vries**
The Scott Law Firm
1375 Sutter Street, Suite 222
San Francisco, CA 94109
415-561-9600
Fax: 415-561-9609
Email: tposey@lawjhs.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Lisa J. Cummins**
**J. Michael Fitzsimmons**
Campbell Warburton Fitzsimmons et al
64 W. Santa Clara Street
San Jose, CA 95113
408-295-7701
Fax: 408-295-1423
Email: lcummins@campbellwarburton.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

ATTORNEYS FOR DEFENDANTS:
Don & Rhonda Dillamonti

L:\LITIGATE\T_CASES\Toschi\Pleadings\Master Pos sw.doc

PROOF OF SERVICE