# EXHIBIT I

# GEARINGER
## LAW GROUP

**VIA U.S. MAIL AND FACSIMILE:** [(650) 363-4034]

August 15, 2008

V. Raymond Swope III
Deputy County Counsel
Hall of Justice and Records
400 County Center, Sixth Floor
Redwood City CA 94063-1662

      Re:   *Michael Toschi and Tracy Toschi v. County of San Mateo, et al.*
            United States District Court Case Number C 07-3625
            Trial Date: **May 11, 2009**

Dear Mr. Swope:

      We reviewed Defendant County of San Mateo's Response to Plaintiffs' Request for Production of Documents, Set Number Two. This letter is intended to satisfy the "meet and confer" requirements of Federal Rule of Civil Procedure 37 and Local Rule 37-1. Defendant's improper discovery responses are discussed in detail below. Please be advised that if Defendant does not serve proper responses by **Friday, August 22**, then Plaintiffs will have no alternative but to file a motion to compel and seek appropriate sanctions. We welcome the opportunity to discuss any questions that you may have regarding this letter. Plaintiffs simply want Defendant to serve proper responses that comply with Federal Rule of Civil Procedure 34 as well as produce any responsive documents. (To date, Defendant has not produced any responsive documents.)

      Preliminarily, Defendant is required to respond as follows to each request: "For each item or category, the response must either state that inspection and related activities will be permitted as requested *or* state an objection to the request, including the reasons." Federal Rule of Civil Procedure 34(b)(2)(B); italics added. In other words, Defendant must state that the requested documents exist and will be produced. Alternatively, Defendant must state that a diligent search and reasonable inquiry was made in an effort to locate the item requested; and the *reason* the party is unable to comply; for example, the document never existed; was lost or stolen; was inadvertently destroyed; or is not in the possession, custody, or control of the responding party. Finally, if Defendant objects to the request, then Defendant must set forth the specific objection(s). Defendant has failed to satisfy this straightforward obligations set forth in detail below:

DEFENDANT'S RESPONSE TO REQUEST FOR PRODUCTION NUMBERS 1-8, 11-88:

      Defendant asserts the following boilerplate response to each of the above discovery requests:

> Respondent objects to this request in that Plaintiffs bear the burden of proving the allegations of their complaint, and Responding party is not obligated to disprove plaintiffs' allegations or to prove a negative.

> Respondent further objects to this request as overbroad, in that it includes privileged and confidential documents protected by the attorney-client privilege and the attorney work product doctrine. Without waiving these objections, responding party offers the 10,000 plus documents for inspection and copying at a mutually agreeable time at the Office of the County Counsel, 400 County Center, Sixth Floor, Redwood City, CA 94063.

The above response is deficient because it fails to satisfy the requirements of Federal Rule of Civil Procedure 34(b)(2)(B). Defendant must state whether the documents exist and cannot hide behind the artifice of offering "the 10,000 plus documents for inspection and copying at a mutually agreeable time."

Further, Defendant's objection that it is not obligated to "disprove plaintiffs' allegations or to prove a negative" is specious given that the requested documents all relate to Defendant's explicit denials of Plaintiffs' contentions in their Complaint. Certainly, Defendant has some basis for its denials. (See Federal Rule of Civil Procedure 11 ["denials of factual contentions are warranted"].) As such, Plaintiffs are entitled to any documents that support Defendant's denials.

Finally, Defendant has failed to produce a privilege log even though Defendant appears to make a privilege objection. Again, Defendant must set forth a straightforward objection asserting any privileges that complies with Federal Rule of Civil Procedure 26(b)(5)(A), entitled "Claiming Privilege or Protecting Trial-Preparation Material", which provides as follows:

> When a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must:
> (i) expressly make the claim; and
> (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed – and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.

Defendant's failure to produce a privilege log is particularly troubling because Defendant recently produced a copy of an email that states in pertinent part: "ATTORNEY-CLIENT CONFIDENTIAL." (See Exhibit W to June 3, 2008 Transcript of Deposition of Plaintiff Tracy Toschi.) It appears that Defendant is willing to waive the privilege as to documents that Defendant believes support its defenses. Obviously, such manipulation of the attorney-client privilege or any other privileges is not permitted. In any event, a privilege log will "enable other parties to assess the claim."

DEFENDANT'S RESPONSE TO REQUEST FOR PRODUCTION NUMBERS 9-10:

In addition to Defendant's boilerplate response, Defendant adds the following objection:

The County further objects to this request as calling for documents protected by the Official Information Privilege, Deputy Sheriff Weidner's rights to privacy under the United States Constitution and the California Constitution, the right to privacy in personnel files, Cal. Penal Code sections 832.7 and 832.8 and Cal. Evid. Code section 1043.

Defendant's objection fails to comply with *Kelly v. City of San Jose*, 114 F.R.D. 653 (1987). As Defendant knows, Defendant is required to follow the explicit procedural framework set forth in *Kelly* in order to assert an objection based upon the "official information privilege." Specifically,

> Taking all the relevant considerations into account, it is appropriate to impose the following procedural requirements on a party who seeks to invoke the qualified official information privilege. A party that receives a discovery request that would reach material that it believes is covered by the official information privilege must, within the time permitted by rule to respond or object, serve and file an objection that invokes the official information privilege by name. The party must set forth this objection separately in response to each discovery question or request that would reach material covered by the privilege.
>
> *To properly support each such objection the party also must submit, at the time it files and serves its response to the discovery request, a declaration or affidavit, under oath and penalty of perjury, from a responsible official within the agency who has personal knowledge of the principal matters to be attested to in the affidavit or declaration.* That responsible official need not be the "head of the department which has control over the matter"; it need not be the chief of police or her equivalent. It would suffice, for example, for the affidavit to be provided by the head of the internal affairs unit, or by a person with some relevant supervisorial or policy making role. It will not suffice, however, to have the affidavit submitted by a person who authored documents that are in issue and that were generated in response to specific events related to the litigation (as opposed to the author of manuals or memoranda of general application).
>
> ...
>
> The affidavit or declaration from the agency official must include: (1) an affirmation that the agency generated or collected the material in issue and has in fact maintained its confidentiality (if the agency has shared some or all of the material with other governmental agencies it must disclose their identity and describe the circumstances surrounding the disclosure, including steps taken to assure preservation of the confidentiality of the material), (2) a statement that the official has personally reviewed the material in question, (3) a specific identification of the governmental or privacy interests that would be threatened by disclosure of the material to plaintiff and/or his lawyer, (4) a

> description of how disclosure subject to a carefully crafted protective order would create a substantial risk of harm to significant governmental or privacy interests, (5) and a projection of how much harm would be done to the threatened interests if the disclosure were made.

*Kelly v. City of San Jose*, 114 F.R.D. 653, 669-670 (1987); italics added.

Defendant failed to comply with the procedural requirements of *Kelly*; therefore, Defendant has waived its objection based upon the "official information privilege."

<u>DEFENDANT'S RESPONSE TO REQUEST FOR PRODUCTION NUMBERS 89-115:</u>

Defendant asserts the following boilerplate response to each of the above discovery requests:

> Responding party objects to this request on the basis that it is overbroad, in that it seeks documents including privileged and confidential documents that are protected by the attorney-client privilege and the attorney work product privilege.

> Responding party further objects to this request on the basis that it may include documents produced by plaintiffs in the course of discovery, and as such are equally available to plaintiffs. Consistent with and without waiving the foregoing objections, responding party will produce all non-privileged documents responsive to this request, exclusive of those produced by plaintiffs in the course of discovery, to the extent said responsive documents exist.

The above response is deficient because it fails to satisfy the requirements of Federal Rule of Civil Procedure 34(b)(2)(B). Defendant must state whether the documents exist and cannot hide behind the artifice of offering to "produce all non-privileged documents responsive to this request, exclusive of those produced by plaintiffs in the course of discovery, to the extent said responsive documents exist."

Further, Defendant's "overbroad" objection is specious given that the requested documents all relate to Defendant's 26 affirmative defenses in its answer to Plaintiffs' Complaint. Certainly, Defendant has some basis for its 26 affirmative defenses. (See Federal Rule of Civil Procedure 11 ["denials of factual contentions are warranted"].) As such, Plaintiffs are entitled to any documents that support Defendant's 26 affirmative defenses.

Finally, Defendant has failed to produce a privilege log even though Defendant appears to make a privilege objection. Again, Defendant must set forth a straightforward objection asserting any privileges that complies with Federal Rule of Civil Procedure 26(b)(5)(A), entitled "Claiming Privilege or Protecting Trial-Preparation Material", which provides as follows:

> When a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must:
> (i) expressly make the claim; and
> (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed – and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.

Defendant's failure to produce a privilege log is particularly troubling because Defendant recently produced a copy of an email that states in pertinent part: "ATTORNEY-CLIENT CONFIDENTIAL." (See Exhibit W to June 3, 2008 Transcript of Deposition of Plaintiff Tracy Toschi.) It appears that Defendant is willing to waive the privilege as to documents that Defendant believes support its defenses. Obviously, such manipulation of the attorney-client privilege or any other privileges is not permitted. In any event, a privilege log will "enable other parties to assess the claim."

## DEFENDANT'S RESPONSE TO REQUEST FOR PRODUCTION NUMBERS 116-122:

Defendant asserts the following boilerplate response to each of the above discovery requests:

> Responding party objects to this request on the basis that it is overbroad, in that it seeks documents including privileged and confidential documents that are protected by the attorney-client privilege and the attorney work product privilege.

> Responding party further objects to this request on the basis that it may include documents produced by plaintiffs in the course of discovery, and as such are equally available to plaintiffs. Consistent with and without waiving the foregoing objections, responding party will produce all non-privileged documents responsive to this request, exclusive of those produced by plaintiffs in the course of discovery, to the extent said responsive documents exist.

The above response is deficient because it fails to satisfy the requirements of Federal Rule of Civil Procedure 34(b)(2)(B). Defendant must state whether the documents exist and cannot hide behind the artifice of offering to "produce all non-privileged documents responsive to this request, exclusive of those produced by plaintiffs in the course of discovery, to the extent said responsive documents exist."

Further, Defendant's "overbroad" objection is specious given that the requested documents all relate to Plaintiffs their property located at 2511 Park Road.

Finally, Defendant has failed to produce a privilege log even though Defendant appears to make a privilege objection. Again, Defendant must set forth a straightforward objection

asserting any privileges that complies with Federal Rule of Civil Procedure 26(b)(5)(A), entitled "Claiming Privilege or Protecting Trial-Preparation Material", which provides as follows:

> When a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must:
> (i) expressly make the claim; and
> (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed -- and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.

Defendant's failure to produce a privilege log is particularly troubling because Defendant recently produced a copy of an email that states in pertinent part: "ATTORNEY-CLIENT CONFIDENTIAL." (See Exhibit W to June 3, 2008 Transcript of Deposition of Plaintiff Tracy Toschi.) It appears that Defendant is willing to waive the privilege as to documents that Defendant believes support its defenses. Obviously, such manipulation of the attorney-client privilege or any other privileges is not permitted. In any event, a privilege log will "enable other parties to assess the claim."

DEFENDANT'S RESPONSE TO REQUEST FOR PRODUCTION NUMBERS 123:

In addition to Defendant's boilerplate response, Defendant adds the following objection:

> Responding party also objects on the basis that their [sic] maybe [sic] recordings made during the course of internal affairs investigation to which plaintiffs are not entitled. As such, these recordings are privileged and will not be produced in the absence of a court order.

Defendant's objection fails to comply with *Kelly v. City of San Jose*, 114 F.R.D. 653 (1987) as set forth in greater detail above. Defendant failed to comply with the procedural requirements of *Kelly*; therefore, Defendant has waived its objection based upon the "official information privilege."

DEFENDANT'S RESPONSE TO REQUEST FOR PRODUCTION NUMBERS 124-131:

Defendant asserts the following boilerplate response to each of the above discovery requests:

> Respondent objects to this request as not relevant and overbroad. The County further objects to this request as calling for documents protected by the Official Information Privilege, this Peace Officer's rights to privacy under the United States Constitution and the California Constitution, the right to privacy in personnel files, Cal. Penal Code sections 832.7 and 832.8 and Cal. Evid. Code section 1043.

Defendant's "not relevant" and "overbroad" objections are specious given that the requested documents all relate to the actions of two San Mateo County Sheriff's Office employees -- Deputy Weidner and Sergeant Dallimonti -- both of whom are defendants and both of whom are accused of violating Plaintiffs' civil rights and conspiring to violated Plaintiffs' civil rights.

Further, Defendant's objection fails to comply with *Kelly v. City of San Jose*, 114 F.R.D. 653 (1987) as set forth in greater detail above. Defendant failed to comply with the procedural requirements of *Kelly*; therefore, Defendant has waived its objection based upon the "official information privilege."

Finally, Defendant has failed to produce a privilege log even though Defendant appears to make a privilege objection. Again, Defendant must set forth a straightforward objection asserting any privileges that complies with Federal Rule of Civil Procedure 26(b)(5)(A), entitled "Claiming Privilege or Protecting Trial-Preparation Material", which provides as follows:

> When a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must:
> (i) expressly make the claim; and
> (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed – and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.

Defendant's failure to produce a privilege log is particularly troubling because Defendant recently produced a copy of an email that states in pertinent part: "ATTORNEY-CLIENT CONFIDENTIAL." (See Exhibit W to June 3, 2008 Transcript of Deposition of Plaintiff Tracy Toschi.) It appears that Defendant is willing to waive the privilege as to documents that Defendant believes support its defenses. Obviously, such manipulation of the attorney-client privilege or any other privileges is not permitted. In any event, a privilege log will "enable other parties to assess the claim."

DEFENDANT'S RESPONSE TO REQUEST FOR PRODUCTION NUMBERS 132-133 and 136-137:

Defendant asserts the following boilerplate response to each of the above discovery requests:

> Responding party objects to this request on the basis that it is overbroad, in that it seeks documents including privileged and confidential documents that are protected by the attorney-client privilege and the attorney work product privilege.

> Responding party further objects to this request on the basis that it may include documents produced by plaintiffs in the course of discovery, and as such are equally available to plaintiffs. Consistent with and without waiving the foregoing objections, responding party will produce all non-privileged documents responsive to this request, exclusive of those produced by plaintiffs in the course of discovery, to the extent said responsive documents exist.

The above response is deficient because it fails to satisfy the requirements of Federal Rule of Civil Procedure 34(b)(2)(B). Defendant must state whether the documents exist and cannot hide behind the artifice of offering to "produce all non-privileged documents responsive to this request, exclusive of those produced by plaintiffs in the course of discovery, to the extent said responsive documents exist."

Further, Defendant's "overbroad" objection is specious given that the requested documents all relate to the Computer Assisted Dispatch relating to the September 24, 2006 incident involving Deputy Weidner and the Computer Assisted Dispatch relating to the August 2006 incident involving Deputy Gamble. In addition, Defendant's objection that this request "may include documents produced by plaintiffs in the course of discovery, and as such are equally available to plaintiffs" is not made in good faith. It defies credulity to assert that Plaintiffs already possessed the documents and audiotape relating to the County's Computer Assisted Dispatch and produced such documents and audiotape to the County.

Finally, Defendant has failed to produce a privilege log even though Defendant appears to make a privilege objection. Again, Defendant must set forth a straightforward objection asserting any privileges that complies with Federal Rule of Civil Procedure 26(b)(5)(A), entitled "Claiming Privilege or Protecting Trial-Preparation Material", which provides as follows:

> When a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must:
> (i) expressly make the claim; and
> (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed – and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.

Defendant's failure to produce a privilege log is particularly troubling because Defendant recently produced a copy of an email that states in pertinent part: "ATTORNEY-CLIENT CONFIDENTIAL." (See Exhibit W to June 3, 2008 Transcript of Deposition of Plaintiff Tracy Toschi.) It appears that Defendant is willing to waive the privilege as to documents that Defendant believes support its defenses. Obviously, such manipulation of the attorney-client privilege or any other privileges is not permitted. In any event, a privilege log will "enable other parties to assess the claim."

## DEFENDANT'S RESPONSE TO REQUEST FOR PRODUCTION NUMBERS 134-135 and 138-139:

Defendant asserts the following boilerplate response to each of the above discovery requests:

> Responding party objects to this request on the basis that it is overbroad, in that it seeks documents including privileged and confidential documents that are protected by the attorney-client privilege and the attorney work product privilege.
>
> Responding party further objects to this request on the basis that it may include documents produced by plaintiffs in the course of discovery, and as such are equally available to plaintiffs. Consistent with and without waiving the foregoing objections, responding party will produce all non-privileged documents responsive to this request, exclusive of those produced by plaintiffs in the course of discovery, to the extent said responsive documents exist.

The above response is deficient because it fails to satisfy the requirements of Federal Rule of Civil Procedure 34(b)(2)(B). Defendant must state whether the documents exist and cannot hide behind the artifice of offering to "produce all non-privileged documents responsive to this request, exclusive of those produced by plaintiffs in the course of discovery, to the extent said responsive documents exist."

Further, Defendant's "overbroad" objection is specious given that the requested documents all relate to issues set forth in the Complaint.

Finally, Defendant has failed to produce a privilege log even though Defendant appears to make a privilege objection. Again, Defendant must set forth a straightforward objection asserting any privileges that complies with Federal Rule of Civil Procedure 26(b)(5)(A), entitled "Claiming Privilege or Protecting Trial-Preparation Material", which provides as follows:

> When a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must:
> (i) expressly make the claim; and
> (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed – and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.

Defendant's failure to produce a privilege log is particularly troubling because Defendant recently produced a copy of an email that states in pertinent part: "ATTORNEY-CLIENT CONFIDENTIAL." (See Exhibit W to June 3, 2008 Transcript of Deposition of Plaintiff Tracy Toschi.) It appears that Defendant is willing to waive the privilege as to documents that Defendant believes support its defenses. Obviously, such manipulation of the attorney-client

Case 3:07-cv-03625-MMC   Document 70-10   Filed 09/04/2008   Page 11 of 20

V. Raymond Swope, et al.
August 15, 2008
Page 10 of 18

privilege or any other privileges is not permitted. In any event, a privilege log will "enable other parties to assess the claim."

DEFENDANT'S RESPONSE TO REQUEST FOR PRODUCTION NUMBERS 140-151:

Defendant asserts the following boilerplate response to each of the above discovery requests:

> Respondent objects to this request to the extent that it calls for documents protected by the attorney-client privilege and the attorney work product privilege. Responding party further objects on the basis that it is burdensome, oppressive and duplicative, in that some or all of the requested documents have been previously produced by responding party during the course of discovery and as such are equally available to plaintiffs. Without waiving the foregoing objections, responding party will comply with this request by producing all non-privileged documents responsive to this request.

The above response is deficient because it fails to satisfy the requirements of Federal Rule of Civil Procedure 34(b)(2)(B). Defendant must state whether the documents exist and cannot hide behind the artifice that Defendant "will comply with this request by producing all non-privileged documents responsive to this request."

Further, Defendant's objections that this request is "burdensome, oppressive and duplicative" is specious given that the requested documents all relate to emails sent by various employees of Defendant relating to issues set forth in the Complaint.

Finally, Defendant has failed to produce a privilege log even though Defendant appears to make a privilege objection. Again, Defendant must set forth a straightforward objection asserting any privileges that complies with Federal Rule of Civil Procedure 26(b)(5)(A), entitled "Claiming Privilege or Protecting Trial-Preparation Material", which provides as follows:

> When a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must:
> (i) expressly make the claim; and
> (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed – and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.

Defendant's failure to produce a privilege log is particularly troubling because Defendant recently produced a copy of an email that states in pertinent part: "ATTORNEY-CLIENT CONFIDENTIAL." (See Exhibit W to June 3, 2008 Transcript of Deposition of Plaintiff Tracy Toschi.) It appears that Defendant is willing to waive the privilege as to documents that Defendant believes support its defenses. Obviously, such manipulation of the attorney-client

privilege or any other privileges is not permitted. In any event, a privilege log will "enable other parties to assess the claim."

### DEFENDANT'S RESPONSE TO REQUEST FOR PRODUCTION NUMBERS 152-153:

Defendant asserts the following boilerplate response to each of the above discovery requests:

> Responding party objects to this request on the basis that it is overbroad, in that it seeks documents including privileged and confidential documents that are protected by the attorney-client privilege and the attorney work product privilege.
>
> Responding party further objects to this request on the basis that it may include documents produced by plaintiffs in the course of discovery, and as such are equally available to plaintiffs. Consistent with and without waiving the foregoing objections, responding party will produce all non-privileged documents responsive to this request, exclusive of those produced by plaintiffs in the course of discovery, to the extent said responsive documents exist.

The above response is deficient because it fails to satisfy the requirements of Federal Rule of Civil Procedure 34(b)(2)(B). Defendant must state whether the documents exist and cannot hide behind the artifice of offering to "produce all non-privileged documents responsive to this request, exclusive of those produced by plaintiffs in the course of discovery, to the extent said responsive documents exist."

Further, Defendant's "overbroad" objection is specious given that the requested documents all relate to the construction and maintenance of the asphalt swale at issue.

Finally, Defendant has failed to produce a privilege log even though Defendant appears to make a privilege objection. Again, Defendant must set forth a straightforward objection asserting any privileges that complies with Federal Rule of Civil Procedure 26(b)(5)(A), entitled "Claiming Privilege or Protecting Trial-Preparation Material", which provides as follows:

> When a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must:
> (i) expressly make the claim; and
> (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed – and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.

Defendant's failure to produce a privilege log is particularly troubling because Defendant recently produced a copy of an email that states in pertinent part: "ATTORNEY-CLIENT CONFIDENTIAL." (See Exhibit W to June 3, 2008 Transcript of Deposition of Plaintiff Tracy

Toschi.) It appears that Defendant is willing to waive the privilege as to documents that Defendant believes support its defenses. Obviously, such manipulation of the attorney-client privilege or any other privileges is not permitted. In any event, a privilege log will "enable other parties to assess the claim."

### DEFENDANT'S RESPONSE TO REQUEST FOR PRODUCTION NUMBERS 154:

Defendant asserts the following boilerplate response to the above discovery request:

> Respondent objects to this request to the extent that it calls for documents protected by the attorney-client privilege and the attorney work product privilege. Responding party further objects on the basis that it is burdensome, oppressive and duplicative, in that some or all of the requested documents have been previously produced by responding party during the course of discovery and as such are equally available to plaintiffs. Without waiving the foregoing objections, responding party will comply with this request by producing all non-privileged documents responsive to this request.

The above response is deficient because it fails to satisfy the requirements of Federal Rule of Civil Procedure 34(b)(2)(B). Defendant must state whether the documents exist and cannot hide behind the artifice that Defendant "will comply with this request by producing all non-privileged documents responsive to this request."

Further, Defendant's objections that this request is "burdensome, oppressive and duplicative" is specious given that the requested documents the notebook allegedly maintained by Defendant Mark Marelich, upon which Defendant relies in attempting to refute some of Plaintiff's claims.

Finally, Defendant has failed to produce a privilege log even though Defendant appears to make a privilege objection. Again, Defendant must set forth a straightforward objection asserting any privileges that complies with Federal Rule of Civil Procedure 26(b)(5)(A), entitled "Claiming Privilege or Protecting Trial-Preparation Material", which provides as follows:

> When a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must:
> (i) expressly make the claim; and
> (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed – and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.

Defendant's failure to produce a privilege log is particularly troubling because Defendant recently produced a copy of an email that states in pertinent part: "ATTORNEY-CLIENT CONFIDENTIAL." (See Exhibit W to June 3, 2008 Transcript of Deposition of Plaintiff Tracy Toschi.) It appears that Defendant is willing to waive the privilege as to documents that

Defendant believes support its defenses. Obviously, such manipulation of the attorney-client privilege or any other privileges is not permitted. In any event, a privilege log will "enable other parties to assess the claim."

## DEFENDANT'S RESPONSE TO REQUEST FOR PRODUCTION NUMBERS 155-159:

Defendant asserts the following boilerplate response to each of the above discovery requests:

> Responding party objects to this request on the basis that it is overbroad, in that it seeks documents including privileged and confidential documents that are protected by the attorney-client privilege and the attorney work product privilege. Without waiving the foregoing objection, responding party will comply with this request by producing all non-privileged documents responsive to this request for inspection and copying at the San Mateo County Department of Public Works, under supervision by a paralegal or attorney for the respondent, at a mutually agreeable time, to the extent the requested documents exist.

The above response is deficient because it fails to satisfy the requirements of Federal Rule of Civil Procedure 34(b)(2)(B). Defendant must state whether the documents exist and cannot hide behind the artifice of offering to produce " all non-privileged documents responsive to this request for inspection and copying at the San Mateo County Department of Public Works, under supervision by a paralegal or attorney for the respondent, at a mutually agreeable time, to the extent the requested documents exist."

Further, Defendant's "overbroad" objection is specious given that the requested documents all relate to permits issued by Defendant to Plaintiffs and Plaintiffs' neighbors at issue.

Finally, Defendant has failed to produce a privilege log even though Defendant appears to make a privilege objection. Again, Defendant must set forth a straightforward objection asserting any privileges that complies with Federal Rule of Civil Procedure 26(b)(5)(A), entitled "Claiming Privilege or Protecting Trial-Preparation Material", which provides as follows:

> When a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must:
> (i) expressly make the claim; and
> (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed – and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.

Defendant's failure to produce a privilege log is particularly troubling because Defendant recently produced a copy of an email that states in pertinent part: "ATTORNEY-CLIENT CONFIDENTIAL." (See Exhibit W to June 3, 2008 Transcript of Deposition of Plaintiff Tracy

Toschi.) It appears that Defendant is willing to waive the privilege as to documents that Defendant believes support its defenses. Obviously, such manipulation of the attorney-client privilege or any other privileges is not permitted. In any event, a privilege log will "enable other parties to assess the claim."

DEFENDANT'S RESPONSE TO REQUEST FOR PRODUCTION NUMBERS 160:

Defendant asserts the following response to the above discovery request:

Responding party objects to this request on the basis that it does not generally have custody and control of documents associated with and generated by work performed by the City of Redwood City. Such documents are within the care, custody and control of the City of Redwood City. Without waiving the foregoing objection, Responding party will comply with the request to the extent such documents are within the care, custody and control of the County.

The above response is deficient because it fails to satisfy the requirements of Federal Rule of Civil Procedure 34(b)(2)(B). Defendant must state whether the documents exist and cannot hide behind the artifice that Defendant "will comply with this request to the extent such documents are within the care, custody and control of the County."

DEFENDANT'S RESPONSE TO REQUEST FOR PRODUCTION NUMBERS 161:

Defendant asserts the following response to the above discovery request: "Responding party will comply with this request." To date, Defendant has not produced responsive documents.

DEFENDANT'S RESPONSE TO REQUEST FOR PRODUCTION NUMBERS 162:

Defendant asserts the following response to the above discovery request:

The County objects to this request as vague, unintelligible, overbroad, not likely to lead to the discovery of relevant evidence, oppressive and burdensome. The County will not produce such documents. Without waiving any of the foregoing objections, however, the County alleges that the County ordinances, and many County Rules may be found on the County's website.

The above response is deficient because it fails to satisfy the requirements of Federal Rule of Civil Procedure 34(b)(2)(B). Defendant must state whether the documents exist and cannot hide behind the artifice that "the County alleges that the County ordinances, and many County Rules may be found on the County's website."

DEFENDANT'S RESPONSE TO REQUEST FOR PRODUCTION NUMBERS 163:

Defendant asserts the following boilerplate response to the above discovery request:

Responding party objects to this request on the basis that it is overbroad, in that it seeks documents including privileged and confidential documents that are protected by the attorney-client privilege and the attorney work product privilege. Without waiving the foregoing objection, responding party will comply with this request by producing all non-privileged documents responsive to this request for inspection and copying at the San Mateo County Department of Public Works, under supervision by a paralegal or attorney for the respondent, at a mutually agreeable time, to the extent the requested documents exist.

The above response is deficient because it fails to satisfy the requirements of Federal Rule of Civil Procedure 34(b)(2)(B). Defendant must state whether the documents exist and cannot hide behind the artifice of offering to produce " all non-privileged documents responsive to this request for inspection and copying at the San Mateo County Department of Public Works, under supervision by a paralegal or attorney for the respondent, at a mutually agreeable time, to the extent the requested documents exist."

Further, Defendant's "overbroad" objection is specious given that the requested documents all relate to permits issued by Defendant to Plaintiffs and Plaintiffs' neighbors at issue.

Finally, Defendant has failed to produce a privilege log even though Defendant appears to make a privilege objection. Again, Defendant must set forth a straightforward objection asserting any privileges that complies with Federal Rule of Civil Procedure 26(b)(5)(A), entitled "Claiming Privilege or Protecting Trial-Preparation Material", which provides as follows:

When a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must:
(i) expressly make the claim; and
(ii) describe the nature of the documents, communications, or tangible things not produced or disclosed – and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.

Defendant's failure to produce a privilege log is particularly troubling because Defendant recently produced a copy of an email that states in pertinent part: "ATTORNEY-CLIENT CONFIDENTIAL." (See Exhibit W to June 3, 2008 Transcript of Deposition of Plaintiff Tracy Toschi.) It appears that Defendant is willing to waive the privilege as to documents that Defendant believes support its defenses. Obviously, such manipulation of the attorney-client privilege or any other privileges is not permitted. In any event, a privilege log will "enable other parties to assess the claim."

DEFENDANT'S RESPONSE TO REQUEST FOR PRODUCTION NUMBERS 164-166:

Defendant asserts the following boilerplate response to each of the above discovery requests:

>Respondent objects to this request to the extent that it calls for documents protected by the attorney-client privilege and the attorney work product privilege. Responding party further objects on the basis that it is burdensome, oppressive and duplicative, in that some or all of the requested documents have been previously produced by responding party during the course of discovery and as such are equally available to plaintiffs. Without waiving the foregoing objections, responding party will comply with this request by producing all non-privileged documents responsive to this request.

The above response is deficient because it fails to satisfy the requirements of Federal Rule of Civil Procedure 34(b)(2)(B). Defendant must state whether the documents exist and cannot hide behind the artifice that Defendant "will comply with this request by producing all non-privileged documents responsive to this request."

Further, Defendant's objections that this request is "burdensome, oppressive and duplicative" is specious given that the requested documents all relate to Defendant's refusal to approve a permit for a deer fence in retaliation for Plaintiffs' assertion of their various rights and specific emails sent by Defendant's employee Lisa Ekers relating to issues set forth in the Complaint.

Finally, Defendant has failed to produce a privilege log even though Defendant appears to make a privilege objection. Again, Defendant must set forth a straightforward objection asserting any privileges that complies with Federal Rule of Civil Procedure 26(b)(5)(A), entitled "Claiming Privilege or Protecting Trial-Preparation Material", which provides as follows:

>When a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must:
>(i) expressly make the claim; and
>(ii) describe the nature of the documents, communications, or tangible things not produced or disclosed – and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.

Defendant's failure to produce a privilege log is particularly troubling because Defendant recently produced a copy of an email that states in pertinent part: "ATTORNEY-CLIENT CONFIDENTIAL." (See Exhibit W to June 3, 2008 Transcript of Deposition of Plaintiff Tracy Toschi.) It appears that Defendant is willing to waive the privilege as to documents that Defendant believes support its defenses. Obviously, such manipulation of the attorney-client privilege or any other privileges is not permitted. In any event, a privilege log will "enable other parties to assess the claim."

<u>DEFENDANT'S RESPONSE TO REQUEST FOR PRODUCTION NUMBERS 167-170</u>:

Defendant asserts the following boilerplate response to each of the above discovery requests:

    Responding party objects to this request on the basis that it is overbroad, in that it seeks documents including privileged and confidential documents that are protected by the attorney-client privilege and the attorney work product privilege.

    Responding party further objects to this request on the basis that it may include documents produced by plaintiffs in the course of discovery, and as such are equally available to plaintiffs. Consistent with and without waiving the foregoing objections, responding party will produce all non-privileged documents responsive to this request, exclusive of those produced by plaintiffs in the course of discovery, to the extent said responsive documents exist.

  The above response is deficient because it fails to satisfy the requirements of Federal Rule of Civil Procedure 34(b)(2)(B). Defendant must state whether the documents exist and cannot hide behind the artifice of offering to "produce all non-privileged documents responsive to this request, exclusive of those produced by plaintiffs in the course of discovery, to the extent said responsive documents exist."

  Further, Defendant's "overbroad" objection is specious given that the requested documents all relate to photographs taken by Defendant's employees and the "Encroachment File" maintained by Defendant's employee Lisa Ekers.

  Finally, Defendant has failed to produce a privilege log even though Defendant appears to make a privilege objection. Again, Defendant must set forth a straightforward objection asserting any privileges that complies with Federal Rule of Civil Procedure 26(b)(5)(A), entitled "Claiming Privilege or Protecting Trial-Preparation Material", which provides as follows:

    When a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must:
    (i) expressly make the claim; and
    (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed – and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.

  Defendant's failure to produce a privilege log is particularly troubling because Defendant recently produced a copy of an email that states in pertinent part: "ATTORNEY-CLIENT CONFIDENTIAL." (See Exhibit W to June 3, 2008 Transcript of Deposition of Plaintiff Tracy Toschi.) It appears that Defendant is willing to waive the privilege as to documents that Defendant believes support its defenses. Obviously, such manipulation of the attorney-client privilege or any other privileges is not permitted. In any event, a privilege log will "enable other parties to assess the claim."

     In sum, discovery is not a game in which Plaintiffs must guess whether any further responsive documents exist or whether Defendant is withholding documents based upon an assertion of a privilege. We trust that it will not take a motion to compel in order to obtain proper responses from Defendant.

                                                 Very truly yours,

                                                 Brian Gearinger

cc:    John Houston Scott, Esq. (via U.S. Mail)

```
Transaction Report

Send
Transaction(s) completed

No.  TX Date/Time     Destination                    Duration P.#    Result      Mode
833  AUG-15  15:51    650 363 4034                   0°02'51" 019    OK          N    ECM
```



# FACSIMILE COVER SHEET

Date: August 15, 2008

To: V. Raymond Swope III, Esq.
    Deputy County Counsel

Addressee's fax number: (650) 363-4034

From: Brian Gearinger

Re: *Michael Toschi and Tracy Toschi v. County of San Mateo, et al.*
    United States District Court Case Number C 07-3625
    Trial Date: **May 11, 2009**

Number of pages (including this cover sheet): 19

Message: **Please see the attached August 15, 2008 correspondence regarding Defendant's Responses to Request for Production of Documents, Set Number Two.**

PLEASE NOTE: The information contained in this facsimile transmission is intended for the stated recipient of the transmission only and may contain information that is confidential, privileged or otherwise protected from disclosure under applicable law. If the reader of this message is not the intended recipient or the intended recipient's agent, you are hereby notified that any dissemination, distribution or copying of the information contained in this facsimile transmission is prohibited. You are further asked to notify us of the error as soon as possible at the telephone number shown below and to return the facsimile documents to us immediately by mail at the address shown below. Thank you for your cooperation.