# EXHIBIT J



**COUNTY COUNSEL**
MICHAEL P. MURPHY

**CHIEF DEPUTIES**
JOHN C. BEIERS
DEBORAH PENNY BENNETT
BRENDA B. CARLSON

# COUNTY COUNSEL
### COUNTY OF SAN MATEO
HALL OF JUSTICE AND RECORDS · 6TH FLOOR
400 COUNTY CENTER · REDWOOD CITY, CA 94063-1662
TELEPHONE: (650) 363-4250  FACSIMILE: (650) 363-4034

**DEPUTIES**
KATHRYN E. ALBERTI
REBECCA M. ARCHER
AIMEE B. ARMSBY
CLAIRE A. CUNNINGHAM
PETER K. FINCK
TIMOTHY J. FOX
PORTOR GOLTZ
JUDITH A. HOLIBER
DAVID A. LEVY
GLENN M. LEVY
KIMBERLY A. MARLOW
JOHN D. NIBBELIN
PAUL A. OKADA
DAVID A. SILBERMAN
WILLIAM E. SMITH
MIRUNI SOOSAIPILLAI
V. RAYMOND SWOPE III
LEE A. THOMPSON
EUGENE WHITLOCK
CAROL L. WOODWARD

*Please respond to: (650) 363-4759*

August 21, 2008

VIA FACSIMILE AND U.S. MAIL

Brian Gearinger
Gearinger Law Group
825 Van Ness Avenue, 4th Floor
San Francisco, CA 94109-7837

    Re:    *Toschi, et al.v. County of San Mateo, et al.*

Dear Mr. Gearinger:

    I am in receipt of your meet and confer letter dated August 15, 2008 regarding Defendant County of San Mateo's Response to Plaintiffs' Request for Production of Documents, Set Number Two. I have also received your three other letters dated August 12, 15, and 18, 2008.

    First, it is important for you to know that I was away on vacation from August 10 through 15, 2008, and prepared for a hearing brief on August 16, 17 and 18. I underwent foot surgery on August 19, 2008, and I returned, prematurely, on August 20, 2008 to complete a briefing for a hearing on August 25, 2008, and to prepare for a hearing on a writ of administrative mandamus on August 21, 2008. I appeared this morning, August 21, 2008, on the writ matter, and it has been continued to September 5, 2008. So, this is my first opportunity to respond to your correspondence. I apologize for my unavailability. However, given the foregoing events, I am not able to comply with your artificial deadline of August 22, 2008 concerning Request for Production, Set Three, which I will address under separate cover.

    You first mention that: "Plaintiffs simply want Defendant to serve proper responses that comply with Federal Rule of Civil Procedure Rule 34 as well as produce and responsive documents. (To date, Defendant has not produced any responsive document.)"

    Federal Rules of Civil Procedure 34(b)(2)(B) provides that "the response must either state that inspection and related activities will be permitted as requested or state an objection to the request, including the reasons." One can object to a request in part, and permit inspection of the rest. (Federal Rules of Civil Procedure 34(b)(2)(C).

    With respect to detailed responses, Federal Rules of Civil Procedure 34(b)(2)(E)(i) states that "[a] party must produce documents as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request…."

Brian Gearinger
August 21, 2008
Page 2


      We have complied with Rule 34(b) by stating that we would produce responsive documents to each request, and that we would not produce privileged and confidential documents protected by the attorney-client privilege, and the attorney work product doctrine. There are in excess of 10,000 documents responsive to the 170 requests set forth in Plaintiffs' Request for Production of Documents, Set Two. Because it is virtually impossible to categorize them by request, we have instead copied them, Bates stamped them, and offered them for inspection "as they are kept in the usual course of business." We offered these documents for your review two months ago, and you cancelled your inspection date because you believed the written responses were inadequate.

      If there is an option to "produce documents as they are kept in the usual course of business" as opposed to organizing and labeling the documents "to correspond to the categories in the request," it logically follows that the written responses should reflect these same requirements. We have stated that we would produce documents responsive to your requests, and all you need to do is to come to our office to review and copy them.

      We have prepared a privilege log for those documents which are communications between our clients, and our office, and this log will also be available for your review. With respect to the "overbreadth" objections, the scope of the request may include the subject matter of my confidential communications to insurance carriers or litigation strategy, reports, letters, memoranda and the like. You are not entitled to these documents because they are privileged.

      The court will not order this office to organize and label 10,000 documents to correspond to the categories of each request. It is legally sufficient to respond and produce these documents as they are kept in the usual course of business. These documents have been copied, paginated and available for your review for over two months. Please call me again to arrange for inspection and copying of the documents responsive to your requests.

                      Sincerely,

                        MICHAEL P. MURPHY, COUNTY COUNSEL

                        By: _____
                            V. Raymond Swope III, Deputy County Counsel

MPM/VRS/al


cc:    John Houston Scott, Esq.
        Lisa Jeong Cummins, Esq.
        Carol L. Woodward, Deputy County Counsel

L:\LITIGATE\T_CASES\Toschi\Correspondence\Ltr6 Letter to Gearinger re August letters.doc