IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL TOSCHI, et al., | No. C-07-3625 MMC |
| Plaintiffs, | **ORDER AFFORDING DEFENDANTS OPPORTUNITY TO SUPPLEMENT REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANTS' APPLICATION FOR EXTENSION OF TIME** |
| v. | |
| COUNTY OF SAN MATEO, et al., | |
| Defendants. / | |

Before the Court is the "Ex Parte Application for an Order Extending Time To Disclose Rebuttal Experts and To Provide Rebuttal Expert Reports" pursuant to Civil Local 6-3, filed November 14, 2008 by defendants County of San Mateo, Mark Marelich, Joe Costa, and David Weidner (collectively, "County defendants"), by which said defendants seek an extension, to December 5, 2008, of the deadline to disclose a rebuttal expert on the issue of damages. Defendants Don Dallimonti and Rhonda Dallimonti have joined in the application. Plaintiffs have filed opposition, and County defendants have filed a reply.[1]

Having read and considered the papers filed in support of and in opposition to the application, the Court finds the showing made to date by defendants is insufficient to

---

[1] The reply was not authorized. See Civ. L.R. 6-3(c) (providing for motion and opposition only). The Court will, however, allow the filing. See Civ. L.R. 6-3(d) (providing "[a]fter receiving a motion to enlarge or shorten time and any opposition, the Judge may . . . schedule the matter for additional briefing").

demonstrate good cause for the relief requested.  Independent of any comparison with plaintiffs' ability to meet the deadline under consideration, it would appear defendants have had sufficient time to disclose a rebuttal expert by that date.

To afford defendants an opportunity to make a more particularized showing, however, the Court will allow defendants to supplement their reply, both as to their claimed inability to disclose an expert in timely fashion and as to any hardship, or lack thereof, suffered by plaintiffs thereby.  See Fed. R. Civ. P. 37(c)(1) (providing where party fails to make disclosure as ordered under Rule 26(a), party precluded from using such evidence "unless the failure was substantially justified or is harmless"); Yeti by Molly, Ltd. v. Deckers Outdoor Corp., 259 F.3d 1101, 1107 (9th Cir. 2001) (holding, under Rule 37(c)(1), "the burden is on the party facing sanctions to prove harmlessness").

Any such supplement to defendants' reply shall be filed no later than December 1, 2008, and shall not exceed five pages in length, independent of any declarations and/or exhibits.

**IT IS SO ORDERED.**

Dated:  November 25, 2008

_____
MAXINE M. CHESNEY
United States District Judge