IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL TOSCHI, et al., | No. C-07-3625 MMC |
| Plaintiffs, | **ORDER GRANTING DEFENDANTS' APPLICATION FOR EXTENSION OF TIME** |
| v. | |
| COUNTY OF SAN MATEO, et al., | |
| Defendants.                                  / | |

  Before the Court is the "Ex Parte Application for an Order Extending Time To Disclose Rebuttal Experts and To Provide Rebuttal Expert Reports," filed November 14, 2008 by defendants County of San Mateo, Mark Marelich, Joe Costa, and David Weidner (collectively, "County defendants"), by which said defendants seek an extension, to December 5, 2008, of the deadline to disclose a rebuttal expert on the issue of damages. Defendants Don Dallimonti and Rhonda Dallimonti have joined in the application. Plaintiffs have filed opposition, and County defendants have filed a reply and a supplement thereto. Having read and considered the papers filed in support of and in opposition to the application, the Court finds defendants have demonstrated good cause for the relief sought.

  In particular, defendants have provided an explanation sufficient to show their failure to timely disclose a rebuttal expert on the issue of damages was substantially justified in light of the difficulties they encountered in securing a qualified expert (see Swope Decl.

¶¶ 2-6) and, further, that plaintiffs have not been and will not be prejudiced by the timing of such disclosure, in light of the trial date of May 11, 2009, the dispositive motions filing deadline of January 9, 2009, and the parties' having agreed to stipulate to an extension of the expert discovery cutoff beyond December 5, 2008 (see Swope Decl. ¶ 9).  See Fed. R. Civ. P. 37(c)(1) (providing where party fails to make disclosure as ordered under Rule 26(a), party precluded from using such evidence "unless the failure was substantially justified or is harmless"); Yeti by Molly, Ltd. v. Deckers Outdoor Corp., 259 F.3d 1101, 1107 (9th Cir. 2001) (holding, under Rule 37(c)(1), "the burden is on the party facing sanctions to prove harmlessness"); see also Galentine v. Holland Am. Line-Westours, Inc., 333 F. Supp. 2d 991, 994 (W.D. Wash. 2004) (holding prejudice resulting from failure to timely disclose expert "not so severe as to warrant exclusion" of expert's testimony where disclosure made 11 days after deadline and more than three months prior to trial, despite discovery cutoff and dispositive motions filing deadline having passed).

Accordingly, the application is hereby GRANTED; defendants shall disclose their rebuttal expert on the issue of damages no later than December 5, 2008.

**IT IS SO ORDERED.**

Dated:  December 3, 2008

_____
MAXINE M. CHESNEY
United States District Judge

2