IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL TOSCHI, et al., | No. C-07-3625 MMC |
| Plaintiffs, | **ORDER GRANTING IN PART AND DENYING IN PART DALLIMONTI DEFENDANTS' MOTION FOR SUMMARY JUDGMENT; DENYING PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT** |
| v. | |
| COUNTY OF SAN MATEO, et al., | |
| Defendants. | |

Before the Court are plaintiffs Michael Toschi and Tracy Toschi's (collectively, "Toschis") "Motion for Partial Summary Judgment as to Defendant Rhonda Dallimonti's Violation of 42 U.S.C. § 1983," filed January 16, 2009, and defendants Don Dallimonti and Rhonda Dallimonti's (collectively, "Dallimontis") "Motion for Summary Judgment," filed January 30, 2009. Having read and considered the papers filed in support of and in opposition to each motion and the arguments of counsel at the March 6, 2009 hearing, the Court rules as follows.

**DISCUSSION**

**A.   Second Claim for Relief (Conspiracy to Retaliate in Violation of the First Amendment)[1]**

In their First Amended Complaint ("FAC"), the Toschis allege the Dallimontis

---

[1] The only claims alleged against the Dallimontis are the Toschis' Second, Fifth, and Fifteenth Claims for Relief.

conspired with the County of San Mateo ("County") and County employees Mark Marelich ("Marelich"), Joe Costa ("Costa"), and David Weidner ("Weidner") (collectively, "County defendants") to retaliate against the Toschis for the Toschis' having complained to the County Sheriff's Office about Don Dallimonti, an employee of said Sheriff's Office.  (See FAC ¶ 60.)  The Toschis' conspiracy to retaliate claim against the Dallimontis is based on an asserted "conspiracy with County DPW [Department of Public Works] Director Neil Cullen, DPW employee Joe Costa and DPW employee Mark Marelich to remove the dirt berm protecting the Toschis' property from storm run-off water and to create a 'gap' on December 4, 2006 . . . [and] a conspiracy with the County to remove sandbags protecting the Toschis' property to 'get even' with the Toschis shortly after December 4, 2006."  (See Pls.' Opp'n to Dallimontis' Mot. Summ. J., at 1:5-9.)  The Dallimontis have moved for summary judgment as to both alleged instances of retaliatory conduct; the Toschis have moved for summary judgment only as to Rhonda Dallimonti's liability in connection with the alleged retaliatory removal of the Toschis' sandbags.

**1.     The Dallimontis' Motion**

"A civil conspiracy is a combination of two or more persons who, by some concerted action, intend to accomplish some unlawful objective for the purpose of harming another which results in damage."  See Vieux v. E. Bay Reg'l Park Dist., 906 F.2d 1330, 1343 (9th Cir. 1990) (internal quotation and citation omitted).  "In order to prove a civil conspiracy, the parties . . . must have reached a unity of purpose or a common design and understanding, or a meeting of the minds in an unlawful arrangement."  Id. (internal quotation and citation omitted).

The Dallimontis argue the Toschis have no evidence to support a finding that there was a meeting of the minds between the Dallimontis and any County employee in connection with the removal of the Toschis' berm and the re-construction of the asphalt swale on December 4, 2006 and the subsequent removal of the Toschis' sandbags.  The Court disagrees.

As noted in the Court's order with respect to the County defendants' motion for

1 summary adjudication and the Toschis' motion for partial summary judgment against the
2 County, filed concurrently herewith, there are triable issues as to whether the governmental
3 actions at issue, which were taken by employees of the County Department of Public
4 Works ("DPW"), constituted unlawful retaliation in violation of the First Amendment.  (See
5 Order Denying Plaintiffs' Motion for Partial Summary Judgment as to County; Granting in
6 Part and Denying in Part County Defendants' Motion for Summary Adjudication of Claims
7 and Issues ("Order Re: County Motions") at 3-5.)[2]  The Toschis' alleged First Amendment
8 activity was not directed at employees of the DPW, however, but, rather, was directed at
9 Don Dallimonti and Weidner,[3] both of whom are employees of the County Sheriff's Office,
10 and consisted of complaints to the Sheriff's Office about those two individuals along with an
11 application for a Temporary Restraining Order ("TRO") against the Dallimontis.  (See id. at
12 4-5.)  As a result of the issuance of the TRO, Rhonda Dallimonti was "embarrassed" and
13 Don Dallimonti had his guns taken away from him.  (See Decl. John Houston Scott in Supp.
14 Pls.' Mot. Ex. H ("Deposition of Rhonda Dallimonti") at 98:12-16;  Decl. John Houston Scott
15 in Supp. Pls.' Opp'n Ex. K ("Daily Notes of Rhonda Dallimonti") at unnumbered 3.)
16 Consequently, it was the Dallimontis, not the DPW, who suffered the adverse effects of
17 Toschis' protected activity and thus arguably had a motive to retaliate against the Toschis.
18      "[A] showing that the alleged conspirators have committed acts that are unlikely to
19 have been undertaken without an agreement may allow a jury to infer the existence of a
20 conspiracy."  See Mendocino Envtl. Ctr. v. Mendocino County, 192 F.3d 1283, 1301 (9th
21 Cir. 1999) (internal quotation and citation omitted).  Here, there is no evidence in the record
22 as to why the Toschis' complaints against and resulting adverse consequences to the
23 Dallimontis would have caused anyone at the DPW to retaliate against the Toschis in the

---

[2] As set forth in the Court's Order Re: County Motions, the Toschis have submitted sufficient evidence that the removal of the Toschis' berm and trees was a retaliatory act, and the County defendants have failed to show the reconstruction of the asphalt swale and the removal of the Toschis' sandbags were not retaliatory acts.

[3] As discussed in the Court's Order Re: County Motions, the Toschis do not contend Weidner was part of the above-referenced conspiracy.  (See Order Re: County Motions at 6.)

3

absence of some agreement with the Dallimontis. Consequently, an inference that such an agreement existed is permissible, see id., and particularly in light of the DPW's knowledge of the dispute between the Toschis and the Dallimontis,[4] Rhonda Dallimonti's repeated efforts, subsequent to the Toschis' complaint, to have the berm removed,[5] and her conceded desire to "get back" at the Toschis.[6]

The cases on which the Dallimontis rely are distinguishable. In each such case, (a) there was no underlying wrongful act on which a conspiracy could be premised, see Vieux, 906 F.2d at 1343 (finding county "legally acquired" subject property); Christian Gospel Church, Inc. v. City & County of San Francisco, 896 F.2d 1221, 1226 (9th Cir. 1990) (finding no violation of plaintiff's civil rights and hence "there can be no cause of action for [ ] conspiring"); Mann v. Mack, 155 Cal. App. 3d 666, 674-75 (1984) (finding subject arrest supported by probable cause); County of Butte v. Bach, 172 Cal. App. 3d 848, 867 (1985) (finding "no showing of discriminatory zoning"), or (b) there was no evidence that the private party effectively influenced the state actor, see Arnold v. Int'l Bus. Mach. Corp., 537 F.2d 1350, 1357-58 (9th Cir. 1981) (noting that although investigation was begun based on corporation's report of theft, corporation did not point to plaintiff as suspect and considered him "merely a possible source of information"); Jones v. Pore, Civ. No. 06-3096-PA, 2006 U.S. Dist. LEXIS 47175, at *7-*8 (D. Or. June 26, 2007) (noting

---

[4] (See Decl. Michael Toschi in Supp. Pls.' Opp'n Ex. B (Letter from Neil Cullen ("Cullen"), former director of County DPW, to Michael Toschi, dated September 26, 2006, informing Toschi that Toschis' investigator had remarked "that the planting of plants on the berm was an issue between you and [ ] a property owner on the opposite side of the street").)

[5] (See Daily Notes of Rhonda Dallimonti at unnumbered 2 (reflecting Rhonda Dallimonti's meeting with Cullen, at which Rhonda Dallimonti encouraged Cullen to remove berm); id. at unnumbered 3 (reflecting Rhonda Dallimonti's hand delivery of complaint about berm to County Board of Supervisors on date TRO issued, September 27, 2006); id. at unnumbered 5 (reflecting several calls in November 2006 by Rhonda Dallimonti to office of County Supervisor Rich Gordon, each concerning removal of berm).)

[6] (See Deposition of Rhonda Dallimonti at 167:4-9 (conceding Rhonda Dallimonti wanted sandbags removed as her "way of getting back" at Toschis)); see also United Steelworkers of Am. v. Phelps Dodge Corp., 865 F.2d 1539, 1546 (9th Cir. 1989) (en banc) (holding statement from which defendant corporation's "intent to punish" plaintiff could be inferred was sufficient to support inference defendant was participant in conspiracy).

4

1  "[p]laintiff alleges several incidents in which one or more of the [private party] defendants
2  reported a crime but no arrest was made"), or (c) there was no evidence suggesting the
3  county's action was selective or retaliatory in nature or that the individual defendant had a
4  reason to make a complaint other than for the reason given, see Evers v. County of Custer,
5  745 F.2d 1196, 1198, 1203-04 (9th Cir. 1984) (finding where plaintiff's claimed property
6  interest was in dispute, county "may have violated" plaintiff's right to due process by
7  declaring subject road public without giving plaintiff notice and opportunity to be heard;
8  finding no conspiracy between county and individual defendant and noting "many people
9  were upset about [plaintiff's] closing of the road").

   Accordingly, to the extent the Dallimontis seek summary judgment on the Toschis'
   Second Claim for Relief, the Dallimontis' motion will be denied.

### 2. The Toschis' Motion

   The Toschis' motion, as noted, is brought only against Rhonda Dallimonti and only in connection with the alleged retaliatory removal of the Toschis' sandbags.

   "[T]o recover under a § 1983 conspiracy theory, a plaintiff must plead and prove not only a conspiracy, but also an actual deprivation of rights; pleading and proof of one without the other will be insufficient." See Dixon v. City of Lawton, 898 F.2d 1443, 1449 (10th Cir. 1990); see also Dooley v. Reiss, 736 F.2d 1392, 1395 (9th Cir. 1984) (holding "[t]he absence of an actual deprivation implies that plaintiffs also failed to state a section 1983 claim based on the alleged conspiracy"). Here, the Toschis have not argued, let alone presented sufficient evidence to support a finding, that they are entitled to summary judgment on any portion of their First Claim for Relief, by which they allege, inter alia, that the removal of their sandbags by County employees constituted unlawful retaliation. Because the Toschis have not shown they suffered a deprivation of their constitutional rights by such removal, their motion for partial summary judgment against Rhonda Dallimonti necessarily fails.

   Accordingly, the Toschis' motion will be denied.

//

**B.     Fifth Claim for Relief (Conspiracy to Cause Unlawful Detention in Violation of the Fourth and Fourteenth Amendments)**

In their FAC, the Toschis allege the Dallimontis conspired with the County defendants to unlawfully detain Michael Toschi. (See FAC ¶¶ 69-70.) As noted in the Court's Order Re: County Motions, however, any detention of Toschi by Weidner was not unlawful. (See Order Re: County Motions at 10-11.) Consequently, the Toschis cannot show an agreement by which the Dallimontis and Weidner "intend[ed] to accomplish some unlawful objective." See Vieux, 906 F.2d at 1343.

Accordingly, to the extent the Dallimontis seek summary judgment on the Toschis' Fifth Claim for Relief, the Dallimontis' motion will be granted.

**C.     Fifteenth Claim for Relief (Negligent Infliction of Emotional Distress)**

In their opposition to the Dallimontis' motion, the Toschis do not oppose the entry of summary judgment in favor of the Dallimontis with respect to the Toschis' claim for negligent infliction of emotional distress. (See Pls.' Opp'n to Dallimontis' Mot. Summ. J., at 19.) Accordingly, the Court will enter summary judgment in favor of the Dallimontis on such claim.

**CONCLUSION**

For the reasons stated above:

1. The Dallimontis' motion for summary judgment is hereby GRANTED to the extent the Dallimontis seek summary judgment on the Toschis' Fifth and Fifteenth Claims for Relief, and in all other respects, is hereby DENIED.

2. The Toschis' motion for partial summary judgment is hereby DENIED.

**IT IS SO ORDERED.**

Dated: April 13, 2009

_____
MAXINE M. CHESNEY
United States District Judge

6